# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

HOOPA VALLEY TRIBE ,

           Plaintiff(s),

           v.

UNITED STATES BUREAU OF
RECLAMATION , ET AL. ,

           Defendant(s).

———————————————————/

NO. **1:20–CV–01814–NONE–EPG**

## STANDING ORDER

## I. LAW AND MOTION

**A.**    <u>Calendar</u>

     Civil motions may be set any Monday through Thursday, commencing at 9:30 a.m. in Courtroom 4, located on the seventh floor.  It is not necessary to clear a date prior to scheduling a civil motion. However, so long as the "Standing Order in Light of Judicial Emergency in the Eastern District of California" is in effect, civil motions will be deemed submitted on the record and the briefs pursuant to Local Rule 230(g).  This means that the date chosen for hearing will serve <u>only</u> to set the deadlines for opposition and reply briefs pursuant to Local Rule 230(c)–(d).  In the rare case in which the court deems a hearing is needed on a civil motion, the court will re–set the hearing by minute order as its calendar permits.  The parties are required to comply with Local Rule 230 and all other applicable rules and notice requirements with respect to motions.

/////

**A.** **Briefing**

Unless prior leave of Court is obtained, all moving and opposition briefs or legal memoranda in civil cases shall not exceed 25 pages. Reply briefs filed by moving parties shall not exceed 10 pages. Only for good cause shown will the court grant an application to extend these page limitations. Briefs that exceed the page limitations or are sought to be filed without leave of court may not be considered. Finally, no supplemental briefs shall be filed without prior leave of court.[1]

## II. MEET AND CONFER REQUIREMENT

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre−filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non−substantive matters during the meet and confer process so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the court. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a very brief summary of meet and confer efforts.**

## III. COURTESY COPIES

Counsel are ordered to deliver to the Clerk's Office clearly marked courtesy copies of all electronically filed documents that exceed twenty−five (25) pages and conformed courtesy copies of all manually filed documents. *See* Local Rule 133(f). The parties need not provide courtesy copies of answers or shorter pleadings. The sender shall notify any delivery service that the signature of the recipient is not required.

## IV. PROPOSED ORDERS

Submission of proposed orders is not required for motions to dismiss or motions for summary judgment, unless the court specifically orders otherwise. However, the parties are required to submit proposed consent decrees and/or proposed findings of fact, where such documents are relevant. Where required, proposed orders shall be submitted in compliance with Local Rule 137(b) and e−mailed in Microsoft Word format to noneorders@caed.uscourts.gov.

/////

---

[2] Font must be in Times New Roman and no less than 12. Footnotes shall be in typeface no more more than one size smaller than text size.

## V.  EX PARTE APPLICATIONS

Ex parte applications typically are not heard, but are taken under submission for decision on the papers by the court unless otherwise notified.  The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made.  In addition, the document(s) must indicate whether or not an opposition will be filed.  The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

## VI.  TROS AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 230.  The court typically will not rule on any application for such relief for at least twenty–four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

## VII.  SEALING AND PROTECTIVE ORDERS

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

## VIII.  FINAL PRETRIAL CONFERENCES

The parties are required to submit a Joint Pretrial statement.  That Joint Pretrial statement must be filed seven days before the Final Pretrial Conference hearing date and be e–mailed as a Word document to: noneorders@caed.uscourts.gov.

/////

# IX.  TELEPHONIC APPEARANCES

Telephonic appearances are encouraged.  If any party wishes to appear by telephone, that party should consult with the other parties to determine if others wish to appear by telephone.  Then, one party shall e−mail imunoz@caed.uscourts.gov in order to notify the court. Thereafter, the parties shall arrange to conference with one another before initiating a single call to the Court at (559) 499−5680 prior to the noticed hearing time.

# X.  NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

DATED:    December 23, 2020

**DALE A. DROZD**
U.S. DISTRICT COURT JUDGE