JEAN E. WILLIAMS, Acting Assistant Attorney General
Environment & Natural Resources Division
JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
 jeffrey.thomas2 @usdoj.gov
*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.<br><br>　　　Defendants. | Case No. 1:20−cv−01814−DAD-EPG |

### FEDERAL DEFENDANTS' UNOPPOSED MOTION TO STAY

On March 4, 2021, the Court entered a Minute Order requiring the United States to notify the Court "whether or not it wishes to continue to pursue its motion to dismiss," in light of the recent change of administration. In response, the Federal Defendants respectfully request a 60-day stay to give the new Administration sufficient time to review this lawsuit and determine whether to re-notice the pending motion to dismiss.

### BACKGROUND

In 2016 Congress passed the Water Infrastructure Improvements for the Nation Act ("WIIN Act") to, among other things, allow CVP water contractors to prepay CVP-related

construction debts they owed to the United States. Pub. L. No. 114-322, § 4011(a), 130 Stat. 1628, 1878 (2016).  Since the WIIN Act was passed, 79 out of approximately 198 eligible CVP water contractors have requested contract conversions. Declaration of Lisa M. Holm, March 11, 2021 ¶ 5 ("Holm Decl."), attached as Exhibit A.  The Federal Defendants have already converted 67 contracts, and 22 more are currently being negotiated.[1]  *Id.* ¶ 6.  In response to the WIIN Act contract conversions, the Hoopa Valley Tribe (hereinafter, "Plaintiff") filed this lawsuit.

In its Complaint, Plaintiff claims that "Reclamation violated and is violating Section 3404(c)(2) of the [Central Valley Project Improvement Act] ("CVPIA") and the [Administrative Procedures Act] ("APA") by executing or otherwise approving the conversion of CVP renewal contracts into permanent water service contracts without expressly incorporating all requirements imposed by existing law. . . .".  *Hoopa Valley*, Compl. ¶ 98, ECF No. 1.  Plaintiff further claims that "Reclamation's execution and/or approval of the conversion of CVP renewal contracts into permanent water service contracts constitutes a major federal action," and that "Reclamation has a duty under [the National Environmental Policy Act] ("NEPA") to prepare an EIS or an EA before approving conversion of the contracts."  *Id.* at ¶ 102.  Plaintiff seeks a judicial declaration invalidating the WIIN Act contracts, an injunction precluding the Federal Defendants from converting additional contracts, and their attorneys' fees and costs.

In response to Plaintiff's Complaint, the Federal Defendants moved to dismiss Plaintiff's CVPIA claim and to require the joinder of absent CVP water contractors.  In a related case, the Court already granted a virtually identical motion to join the absent water contractor, *see Center for Biological Diversity v. United States Bureau of Reclamation*, No. 1:20-cv-00706-DAD-EPG,

---

[1] The Federal Defendants do not anticipate executing any additional converted contracts during the next 60 days.

ECF No. 23; however, that issue along with the motion to dismiss Plaintiff's CVPIA claim is still pending in this case.

## DISCUSSION

A district court has discretion to stay litigation pursuant to its inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). When reviewing a stay request, courts generally consider five factors:

1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

2) the burden which any particular aspect of the proceedings may impose on defendants;

3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

4) the interests of persons not parties to the civil litigation; and

5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). The factors weigh in favor of a short stay here.

With the recent change in Administration, the Federal Defendants have received multiple requests for litigation stays from various parties so that the incoming Administration can review pending litigation. This case is no different. Plaintiff sent a letter to the Secretary-Designate of the Department of the Interior requesting a stay and does not oppose the relief sought in this

Motion.² A brief stay will allow the incoming Administration, which is not fully staffed and is currently analyzing many other cases, to review this important case (and its companion cases). The 60 days will allow Federal Defendants to provide the Court with a firm answer as to whether the Court should move forward with deciding Federal Defendants' motion to dismiss.

It is also worth noting that the United States will likely move to stay two closely related cases for the same reasons: *North Coast Rivers Alliance v. United States Department of the Interior*, No. 1:16-cv-00307-DAD-SKO (hereinafter, "*North Coast*") and *Center for Biological Diversity v. United States Bureau of Reclamation*, No. 1:20-cv-00706-DAD-EPG (hereinafter, "*CBD*"). The United States ultimately plans to move to consolidate *Hoopa Valley*, *North Coast* and *CBD* after the stay ends, assuming the stay is granted.

For the reasons discussed above, the United States believes that no party will be prejudiced if the Court grants a short stay. Therefore, the United States respectfully requests that the Court grant a 60-day stay of these proceedings.

Dated: March 12, 2021

                                                Respectfully submitted,

                                                JEAN E. WILLIAMS
                                                Acting Assistant Attorney General
                                                United States Department of Justice
                                                Environment & Natural Resources Division

                                                */s/ J. Scott Thomas*
                                                JEFFREY SCOTT THOMAS
                                                Trial Attorney
                                                U.S. Department of Justice
                                                *Counsel of Record for the Federal Defendants*

---

² Federal Defendants' counsel conferred with Plaintiff's counsel on March 11, 2021, and Plaintiff does not oppose a 60-day stay.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2021, I electronically filed the foregoing document and its attachment with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all parties.

                                    */s/ J. Scott Thomas*
                                    JEFFREY SCOTT THOMAS