UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.<br><br>          Defendants. | Case No. 1:20−cv−01814−DAD-EPG |

# [PROPOSED] ORDER GRANTING FEDERAL DEFENDANTS' UNOPPOSED MOTION TO STAY

The matter is before the Court on the Federal Defendants' Unopposed Motion to Stay. This Court, in its sole discretion, can stay this litigation pursuant to its inherent power to control its own docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When reviewing a stay request, courts generally consider five factors:

   1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

   2) the burden which any particular aspect of the proceedings may impose on defendants;

   3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

   4) the interests of persons not parties to the civil litigation; and

   5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).  Apply these factors to this case, a stay is appropriate.  Because a stay is "efficient for [the Court's own docket]" and

is "the fairest course for the parties," *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983), the Federal Defendants' requested relief will be granted.

Accordingly, it is hereby **ORDERED** that:

1. The Federal Defendants' Unopposed Motion to Stay is **GRANTED**;

2. This matter is **STAYED** for a period of 60-days;

3. The Federal Defendants shall file a status report on **May 12, 2021**, informing the Court whether it wishes to proceed with its Motion to Dismiss, or whether it needs additional time under the stay.

**IT IS SO ORDERED**.

Date: _____          _____

**UNITED STATES DISTRICT JUDGE**