1   CYNTHIA J. LARSEN (SBN 123994)
    clarsen@orrick.com
2   JUSTIN GIOVANNETTONE (SBN 293794)
    jgiovannettone@orrick.com
3   MARK C. SMITH (SBN 319003)
    mark.smith@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, CA  95814-4497
    Telephone:    +1 916 447 9200
6   Facsimile:    +1 916 329 4900

7   Attorneys for Proposed Intervenor-Defendant
    Westlands Water District
8

9                   UNITED STATES DISTRICT COURT

10

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12                        FRESNO DIVISION

13

14

15   HOOPA VALLEY TRIBE,                    Case No. 1:20-cv-01814-DAD-EPG

16                 Plaintiff,               **WESTLANDS WATER DISTRICT'S
                                            NOTICE OF MOTION, MOTION, AND
17        v.                                MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
18   UNITED STATES BUREAU OF                MOTION TO INTERVENE AS
     RECLAMATION; DAVID BERNHARDT, in       DEFENDANTS**
19   his official capacity as Secretary of the Interior;
     BRENDA BURMAN, in her official capacity   Hearing Date:     June 15, 2021
20   as Commissioner of the United States Bureau   Time:         9:30 a.m.
     of Reclamation; ERNEST CONANT, in his     Courtroom:        5 – 7th Floor, Fresno
21   official capacity as U.S. Bureau of Reclamation   Judge:     Hon. Dale A. Drozd
     California-Great Basin Regional Director; and
22   UNITED STATES DEPARTMENT OF THE           Trial Date:       None
     INTERIOR,                                 Date Action Filed: August 13, 2020
23
                  Defendants.
24

25

26

27

28

4136-6461-4956

1

## NOTICE OF MOTION AND MOTION TO INTERVENE

2 TO THE COURT AND ALL PARTIES HEREIN:

3          PLEASE TAKE NOTICE THAT on June 15, 2021 at 9:30 a.m. in Courtroom 5, before

4 Judge Dale A. Drozd, Westlands Water District ("Westlands" or "Intervenor") will, and hereby

5 does, move the Court for an order allowing it to intervene as of right or, alternatively,

6 permissively, in the above entitled action as a defendant.

7          Westlands is already a party in one case related to this action, *North Coast River Alliance,*

8 *et al. v. Bernhardt, et al.,* E.D. Cal., No. 1:16-cv-00307-DAD-SKO ("*NCRA*"), and the Court has

9 recently granted Federal Defendants' motion to compel joinder of required parties, including

10 Westlands, in another, *Center for Biological Diversity, et al. v. Bernhardt, et al.*, E.D. Cal., No.

11 1:20-cv-00706-DAD-EPG ("*CBD*").  *See* Order Granting Motion to Compel Joinder of Absent

12 Contractors and Granting Unopposed Motion to Amend, Feb. 16, 2021, *CBD* ECF No. 23 ("*CBD*

13 Order").  In addition, the motion to dismiss in this case that Federal Defendants filed in the

14 Northern District before this case was transferred to the Eastern District argued that water

15 contractors such as Westlands are required parties in this case.  ECF No. 19.  On March 12, 2021,

16 in response to this Court's March 4, 2021 Minute Order, ECF No. 46, Federal Defendants filed an

17 unopposed motion to stay this case for 60 days to give the new administration time to review this

18 lawsuit and determine whether to re-notice the pending motion to dismiss.  ECF No. 47.  The

19 Court granted on March 15, 2021, staying this case for 60 days.  ECF No. 48.  Westlands now

20 moves to intervene in this case in order to comply with the direction in the Court's March 4th

21 Minute Order that Westlands refile its motion to intervene (which was also initially filed in the

22 Northern District before this case was transferred, ECF No. 31), and ensure Westlands is able to

23 participate in this case, along with the other related cases noted above, in order to protect its

24 interests.[1]

25

26

27

28

---

[1] In the event other water districts whose contracts may be affected by this lawsuit are deemed parties required to be joined under Rule 19, this motion may be mooted. Whether Westlands is granted intervention or, alternatively, is deemed a required party, its interests in protecting its rights in this proceeding are the same.

1    Westlands' motion to intervene as of right as a defendant is made pursuant to Federal Rule

2    of Civil Procedure 24(a) upon the ground that Westlands, as a party to water contracts that

3    Plaintiff seeks to invalidate in this action, claims an interest relating to the property or transaction

4    that is the subject matter of this action, and is so situated that disposing of the action may as a

5    practical matter impair or impede its ability to protect its interest, which is not adequately

6    protected by existing parties.  Alternatively, this motion is made pursuant to Rule 24(b) upon the

7    ground that Westlands has a claim or defense that shares with the main action a common question

8    of law or fact.

9    This motion is based on this notice; the accompanying memorandum in support of this

10    motion; any subsequently filed supplemental memorandum and accompanying papers; and the

11    pleadings, records and files in this action and such other matters as the Court may consider.

12    The undersigned counsel, Cynthia J. Larsen, certifies that pursuant to this Court's

13    Standing Order, she conferred with counsel for Plaintiff and Federal Defendants.  Plaintiff has not

14    yet reached a determination concerning its position on the motion.  Federal Defendants do not

15    oppose the motion.

16    ////

17    ////

18    ////

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28

4136-6461-4956

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 2

III.  ARGUMENT ................................................................................................................. 4

    A.  Westlands Is Entitled To Intervene As A Matter Of Right Under Rule 24(A)(2)................................................................................................................. 4

        1.  Westlands' Motion To Intervene Is Timely ................................................. 5

        2.  Westlands Has An Interest Relating To The Property Or Transaction Which Is The Subject Of The Action.................................... 5

            a.  Westlands Has A Protectable Interest Sufficient To Warrant Inclusion In This Action........................................ 5

            b.  Westlands Is A Necessary Party Under Rule 19(a) And Thus Should Be Permitted To Intervene.................................. 7

        3.  Westlands' Interests May Be Impaired Or Impeded If Intervention Is Not Permitted .......................................................... 8

        4.  Westlands' Interests Are Not Adequately Represented In The Present Lawsuit ........................................................................ 9

    B.  In The Alternative, The Court Should Allow Westlands To Intervene Under Rule 24(b)............................................................................................... 12

IV.  CONCLUSION ............................................................................................................ 13

4136-6461-4956

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alabama v. United States Army Corps of Engineers*,
   229 F.R.D. 669 (N.D. Ala. 2005) ...................................................................................... 11, 12

*Center for Biological Diversity, et al. v. Bernhardt, et al.*,
   E.D. Cal., No. 1:20-cv-00706-DAD-EPG .............................................................................. 1

*Dawavendawa v. Salt River Project Agric. Improvement & Power Dist.*,
   276 F.3d 1150 (9th Cir. 2002) .............................................................................................. 7

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ................................................................................................ 5

*Fed. Sav. and Loans Ins. Corp. v. Falls Chase Special Taxing Dist.*,
   983 F.2d 211 (11th Cir. 1993) ............................................................................................... 4

*Kleissler v. United States Forest Service*,
   157 F.3d 964 (3rd Cir. 1998) ........................................................................................... 6, 11

*Natural Resources Defense Council v. Kempthorne*,
   539 F. Supp. 2d 1155 (E.D. Cal. 2008) ......................................................................... *passim*

*Nikon Corp. v. ASM Lithography*,
   222 F.R.D. 647 (N.D. Cal. 2004) .......................................................................................... 5

*North Coast Rivers Alliance, et al. v. North Coast River Alliance, et al. v.*
   *Bernhardt, et al.*,
   E.D. Cal., No. 1:16-cv-00307-DAD-SKO ............................................................................. 1

*Northwest Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir. 1996) ......................................................................................... 4, 5, 12

*Shermoen v. United States*,
   982 F.2d 1312 (9th Cir. 1992) ............................................................................................ 10

*Sierra Club v. United States Environmental Protection Agency*,
   995 F.2d 1478 (9th Cir. 1993) .............................................................................................. 9

*Smith v. Pangilinan*,
   651 F.2d 1320 (9th Cir. 1981) .............................................................................................. 5

*Southwest Ctr. for Biological Diversity v. Babbitt*,
   150 F.3d 1152 (9th Cir. 1998) ............................................................................................ 10

*Southwest Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ........................................................................... 6

*Trbovich v. United Mine Workers of America*,
   404 U.S. 528 (1972) ................................................................................. 9, 10

*Tweedle v. State Farm Fire & Cas. Co.*,
   527 F.3d 664 (8th Cir. 2008) ........................................................................... 4

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) ........................................................................... 5

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ........................................................................... 6

*Waller v. Financial Corp. of America*,
   828 F.2d 579 (9th Cir. 1987) ........................................................................... 4

*Wilderness Society v. United States Forest Service*,
   630 F.3d 1173 (9th Cir. 2011) .................................................................. 4, 5, 6

*Yniguez v. Arizona*,
   939 F.2d 727 (9th Cir. 1991) ........................................................................... 9

**Statutes**

Act of August 4, 1939 (53 Stat. 1195) ................................................................ 2, 9

Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.* ................................. 1, 2

Central Valley Project Improvement Act, Pub. L. No. 102-575, 106 Stat. 4600 ........................ 2

Endangered Species Act ........................................................................................ 6, 8

National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.* ..................... 1, 2, 5, 6

Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-
   322, 130 Stat. 1628 (2016) ("Repayment Contracts") ...................................... *passim*

**Other Authorities**

Bureau of Reclamation Website, "Conversion Contracts," *available at*
   https://www.usbr.gov/mp/wiin-act/negotiated-conversion-contracts.html (last
   visited Dec. 14, 2020) .................................................................................... 3

Fed. R. Civ. P. 24 ....................................................................................... *passim*

Fed. R. Civ. P. 19 ............................................................................................. 7

1

## I.    **INTRODUCTION**

Westlands submits this memorandum in support of its motion to intervene as of right in this action as a defendant pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.[2]  This lawsuit seeks to invalidate repayment contracts the Bureau of Reclamation ("Reclamation" or "Bureau") entered as directed by and pursuant to the Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-322, 130 Stat. 1628 (2016) ("Repayment Contracts"). Several of the repayment contracts are held by Westlands.[3]  Invalidating Westlands' Repayment Contracts would not only directly impair Westlands' legally protected interests in its Repayment Contracts, but this case is also substantially similar to two other cases currently pending before this Court that challenge the same contracts on nearly identical grounds.  Westlands is already a party to one of these cases, *North Coast River Alliance, et al. v. Bernhardt, et al.,* E.D. Cal., No. 1:16-cv-00307-DAD-SKO ("*NCRA*"), and the Court has recently granted a motion to compel joinder of required parties, including Westlands, in the other, *Center for Biological Diversity, et al. v. Bernhardt, et al.*, E.D. Cal., No. 1:20-cv-00706-DAD-EPG ("*CBD*").  Order Granting Motion to Compel Joinder of Absent Contractors and Granting Unopposed Motion to Amend, Feb. 16, 2021, *CBD* ECF No. 23.  Plaintiff's Second Claim for Relief, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq*., are virtually identical to the NEPA and APA claims by plaintiffs in the already related *NCRA* and *CBD* cases.  *See* Notice of Related Case, ECF No. 10.

This lawsuit by the Hoopa Valley Tribe ("Plaintiff") seeks both declaratory and injunctive relief against defendants Reclamation, David Bernhardt,[4] in his official capacity as Secretary of the Interior, Brenda Burman, in her official capacity as Commissioner of the United States

---

[2] All further Rule references are to the Federal Rules of Civil Procedure, unless otherwise indicated.

[3] The contracts that Plaintiff challenges in this lawsuit and that Westlands seeks to protect include Repayment Contracts of both Westlands and Westlands Water Distribution Districts No. 1 and 2.  For purposes of this motion, these contracts are referred to as "Westlands' Repayment Contracts" or "Repayment Contracts."

[4] Defendant Bernhardt resigned as Secretary of the Interior on January 20, 2021; his replacement, Rep. Deb Haaland, is pending Senate confirmation.

4136-6461-4956

1   Bureau of Reclamation, Ernest Conant, in his official capacity as U.S. Bureau of Reclamation

2   California-Great Basin Regional Director, and United States Department of the Interior

3   (collectively, "Federal Defendants").  Plaintiff's Complaint asks the Court, in part, for "an order

4   and judgment setting aside, declaring invalid, and rescinding Reclamation's conversion of

5   certain" interim renewal contracts into Repayment Contracts, "including but not limited to

6   [Westlands'] Contract No. 14-06-200-495A-IR1-P [ ] due to Reclamation's failure to comply

7   with" the Central Valley Project Improvement Act, Pub. L. No. 102-575, 106 Stat. 4600

8   ("CVPIA"), NEPA, and the APA  Complaint ("Compl."), ECF No. 1, ¶ 2.[5]

9         Westlands files this motion to protect its contractual interests placed directly at issue by

10   Plaintiffs' substantive claims.  As a contracting party with Reclamation under the Repayment

11   Contracts, which Plaintiff challenges in this action, Westlands "claim[s] an interest relating to the

12   property or transaction that is the subject of the action" under Rule 24.  Moreover, any disposition

13   of the action in Westlands' absence would impair Westlands' ability to protect its interests.

14   Finally, Westlands' interests, like the interests of the other absent CVP water contractors, are not

15   and indeed cannot be fully represented by Federal Defendants.  *See* Fed. R. Civ. P. 24(a)(2).

16         Westlands satisfies all requirements for intervention and is a necessary party to this action.

17   Accordingly, Westlands respectfully requests that the Court grant its motion to intervene as of

18   right as a defendant in this action pursuant to Rule 24(a).  Alternatively, the Court should exercise

19   its discretion to allow permissive intervention of Westlands pursuant to Rule 24(b).

20   **II.    BACKGROUND**

21         Enacted in December 2016, the WIIN Act addressed a number of water infrastructure

22   issues across the country.  Most pertinent to this case, section 4011 of the WIIN Act directed that,

23   upon the request of any CVP water service contractor, "the Secretary of the Interior shall convert"

24   the contractor's water service contract to a repayment contract.[6]  Congress was clear that all CVP

25   ───────────────

[5] Reclamation has likewise entered into substantially similar repayment contracts with numerous other
26   water districts, municipalities, and industrial Central Valley Project ("CVP") water contractors.

[6] Congress directed Reclamation to include in each repayment contract a provision that requires the CVP
27   water contractors to prepay construction costs that otherwise would have been repaid to Reclamation over
an extended period of time.  *See* WIIN Act, § 4011(a).  Further, upon repayment of a contractor's
28   obligation for construction costs of the CVP, subsections (a) and (b) of section 213 of the Reclamation

4136-6461-4956

1   water service contracts converted shall "continue so long as the contractor pays applicable

2   charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat.

3   1195), and applicable law."  WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C).

4         In February 2020, Reclamation and Westlands finalized their agreement to enter into

5   Repayment Contracts with an effective date of June 1, 2020,[7] which converted Westlands' interim

6   renewal contracts into Repayment Contracts pursuant to the WIIN Act.  *See* Bureau of

7   Reclamation Website, "Conversion Contracts," *available at* https://www.usbr.gov/mp/wiin-

8   act/negotiated-conversion-contracts.html (last visited March 8, 2021).  As Reclamation continued

9   its effort to convert other water service contracts, Plaintiff filed this lawsuit seeking to enjoin

10  Reclamation's effort to enter into further repayment contracts and to rescind the repayment

11  contracts previously entered, including Westlands' Repayment Contracts.  *See* Compl., ¶ 2.

12        Federal Defendants thereafter filed a Motion to Transfer this action from the Northern

13  District to the Eastern District.  *See* Transfer Mot., ECF No. 14.  Federal Defendants later filed a

14  Motion to Dismiss Plaintiff's suit partially on the grounds that Plaintiff failed to join CVP water

15  contractors, who are necessary parties in this action.  *See* Mot. to Dismiss, ECF No. 19, at 16-18.

16  On December 21, 2020, the Northern District Court granted Federal Defendants' Motion to

17  Transfer, ECF No. 32, and this action was reassigned to this Court pursuant to an Order of

18  Related Cases on December 30, 2020.  ECF No. 37.  On March 4, 2021, the Court issued a

19  Minute Order, directing, in part, that Westlands re-notice this Motion to Intervene.  ECF No. 46.

20  On March 12, 2021, Federal Defendants moved unopposed to stay this case for 60 days to give

21  the new administration time to determine whether to re-notice the pending motion to dismiss,

22  ECF No. 47. The Court granted the motion, staying the case on March 15, 2021.  ECF No. 48.

23

24

---

25  Reform Act of 1982 (96 Stat. 1269) applies to lands within the contractor's service area, which in turn
provides relief from the acreage and full cost limitations of federal reclamation law.  *See* WIIN Act, §

26  4011(c)(1), Reclamation Reform Act of 1982, § 213.

[7] The Oro Loma Assignment Contract, which is partially assigned to Westlands, was executed in

27  September 2020, with and effective date of October 1, 2020.  *See* Bureau of Reclamation Website,
"Conversion Contracts," Contract No. 14-06-200-7823J-LTR1-P, *available at*

28  https://www.usbr.gov/mp/wiin-act/negotiated-conversion-contracts.html (last visited March 8, 2021).

CASE NO. 1:20-cv-01814-DAD-EPG
NOTICE OF MOT., MOT., AND MEMO. P&A
ISO MOT. TO INTERVENE

4136-6461-4956

1

### III.   **ARGUMENT**

2

Rule 24 of the Federal Rules of Civil Procedure governs intervention.  Rule 24

3

"traditionally has received a liberal construction in favor of applications for intervention."

4

*Waller v. Financial Corp. of America*, 828 F.2d 579, 582 (9th Cir. 1987) (citations omitted); *Fed.*

5

*Sav. and Loans Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir.

6

1993); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("Rule 24

7

should be liberally construed with all doubts resolved in favor of the proposed intervenor.")

8

(citation omitted).  Rule 24(a) sets forth the requirements for intervention as of right:

9

> On timely motion, the court *must* permit anyone to intervene who … claims an interest

10

> relating to the property or transaction that is the subject of the action, and is so situated
> that disposing of the action may as a practical matter impair or impede the movant's

11

> ability to protect its interest, unless existing parties adequately represent that interest.

12

FED. R. CIV. P. 24(a)(2) (emphasis added).  Further, Rule 24(b) permits permissive intervention as

13

follows: "On timely motion, the court may permit anyone to intervene who … has a claim or

14

defense that shares with the main action a common question of law or fact."  FED. R. CIV. P.

15

24(b)(1)(B).  As explained below, Westlands satisfies the requirements of both Rule 24(a)(2) and

16

Rule 24(b)(1)(B).

17

### A.   **Westlands Is Entitled To Intervene As A Matter Of Right Under Rule 24(A)(2)**

18

19

Generally, motions to intervene as a matter of right pursuant to Rule 24(a)(2) are reviewed

20

according the following four-part test:

21

1) the motion must be timely;

22

2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

23

3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

24

4) the applicant's interest may be inadequately represented by the parties to the action.

25

*Wilderness Society v. United States Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011);

26

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

27

////

28

1

### 1.     Westlands' Motion To Intervene Is Timely

Westlands' motion to intervene is timely given the early stage of this proceeding, coupled with the complete lack of prejudice to other parties that will result from the proposed intervention.  "Timeliness is a flexible concept; its determination is left to the district court's discretion."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  In determining whether a motion to intervene is timely, courts weigh three factors: 1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay.  *Id.*

This case was filed on August 13, 2020, and no responsive pleadings have yet been filed, nor have any ruling been issued on Federal Defendants' Motion to Dismiss.[8]  Plaintiff can make no viable claim of prejudice based on the proposed intervention.  *See, e.g.*, *Nikon Corp. v. ASM Lithography*, 222 F.R.D. 647, 649 (N.D. Cal. 2004) ("The fact that Zeiss's intervention will cause very little (if any) prejudice to Nikon only supports a finding of timeliness").  Based on these factors, the Motion to Intervene is timely.

### 2.     Westlands Has An Interest Relating To The Property Or Transaction Which Is The Subject Of The Action

#### a.     Westlands Has A Protectable Interest Sufficient To Warrant Inclusion In This Action.

The focus of a Rule 24 inquiry is whether the intervenor has a "'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action."  *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981).  "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

The Ninth Circuit has held that intervention as of right under Rule 24(a) is available to both private parties and government entities in NEPA suits against a federal agency, reversing prior limitations on such intervention.  In *Wilderness Society v. United States Forest Service*, 630

---

[8] As noted above, on March 15, 2021, this Court order the case stayed for 60 days to give the new administration time to decide whether to refile the motion to dismiss. ECF No 47.

CASE NO. 1:20-CV-01814-DAD-EPG
NOTICE OF MOT., MOT., AND MEMO. P&A
ISO MOT. TO INTERVENE

4136-6461-4956

1    F.3d 1173 (9th Cir. 2011), the Ninth Circuit reversed the district court's denial of an application

2    by groups representing motorized vehicle users to intervene in a NEPA suit challenging the

3    Forest Service's adoption of a plan designating roads for motorized vehicle use.  Noting that it

4    "construe[s] the Rule 'broadly in favor of proposed intervenors,'" the Ninth Circuit remanded the

5    case for reconsideration in light of its ruling that intervention is available in NEPA suits.  *Id.* at

6    1179 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).  The

7    Ninth Circuit recognized "the very real possibility that private parties seeking to intervene in

8    NEPA cases may, in certain circumstances, demonstrate an interest 'protectable under some law,'

9    and a relationship between that interest and the claims at issue." *Wilderness Society*, 630 F.3d at

10   1179.

11          In defining what constitutes a "protectable interest," the Ninth Circuit has held that

12   "contract rights are traditionally protectable interests" sufficient to support intervention of right.

13   *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("*Southwest*").

14   In *Southwest*, an Endangered Species Act suit challenged the process by which federal agencies

15   entered into a contract with the City of San Diego, claiming that the federal agencies failed to

16   comply with statutory-mandated procedures prior to entering into a contract with a municipality.

17   *Id.* at 816.  The court held that even private developers' status as third-party beneficiaries of the

18   contract was a protectable right and allowed the developers to intervene.  *Id.* at 822.

19          Other circuits likewise allow intervention of right by contractors in NEPA suits that

20   threaten their contracts.  In *Kleissler v. United States Forest Service*, 157 F.3d 964, 968 (3rd Cir.

21   1998), public interest groups alleged that the Forest Service failed to prepare an EIS pursuant to

22   NEPA before approving timber contracts with private loggers and sought, indirectly, to revoke

23   the contracts.  The Third Circuit allowed intervention of right by the contracting timber

24   companies, finding that the companies' contract rights gave them "direct and substantial interests

25   in a lawsuit aimed at halting logging."  *Id.* at 972.

26          In the present action, the Repayment Contracts between Westlands and Reclamation are

27   expressly at issue.  *See* Compl., ¶ 2; *see also* Compl. Exh. 2, ECF No. 1-2 (incorporating into the

28

CASE NO. 1:20-CV-01814-DAD-EPG
NOTICE OF MOT., MOT., AND MEMO. P&A
ISO MOT. TO INTERVENE

4136-6461-4956

Complaint fourteen (14) Repayment Contract conversions that were approved as of February 28, 2020, between Reclamation and absent CVP water contractors, six of which involve Westlands or its distribution districts as contracting parties).  Under these expressly challenged repayment contracts, Westlands is entitled to purchase up to nearly 1,200,000 acre-feet of water annually. *See* Compl. Exh. 2.  And Plaintiff has made clear in the Complaint its intention to (1) challenge in this action other Repayment Contracts which were approved on the same basis as Westlands' Repayment Contracts and (2) enjoin Reclamation's ability to enter into yet other repayment contracts.  Compl., ¶ 2.  Indeed, Plaintiff seeks an order, in part, setting aside and declaring invalid the repayment contracts, "including but not limited to" Westlands' Repayment Contracts, Compl., ¶ 2, and further pray for the Court to "[v]acate, set aside, rescind, and nullify all of Reclamation's contract conversions challenged herein."  Compl. at 31 (Prayer for Relief "D").

Thus Westlands' contractual rights, threatened by Plaintiff's potential injunction and prayer to invalidate and rescind the Repayment Contracts, constitute an interest that is "protectable" under Ninth Circuit precedent.

### b.   Westlands Is A Necessary Party Under Rule 19(a) And Thus Should Be Permitted To Intervene.

Westlands' right to intervene under Rule 24(a) is underscored by the fact that it is a necessary party to this action under Rule 19(a).  Under Rule 19(a) a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest . . . ."  Westlands must be joined because it holds contract rights that Plaintiff seeks to enjoin in this action.  When determining whether a non-party is a necessary party that should be joined, the Court must determine whether "the absent [party] claim[s] an interest relating to the subject matter of the action, and [are] so situated that disposing of this action in their absence may impair or impede their ability to protect such interest." *Natural Resources Defense Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1183 (E.D. Cal. 2008) ("*NRDC*").

4136-6461-4956

Westlands is a necessary party to this suit by virtue of its legally protected interest in its Repayment Contracts at issue. The Ninth Circuit considers it a "fundamental principle" that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." *Dawavendawa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002). *NRDC* reaffirmed this principle by holding that absent water contractors were necessary parties to a lawsuit challenging administrative compliance by Reclamation with the Endangered Species Act prior to entering into water supply contracts. There, the court noted that "it is well-settled that in an action to set aside a contract, all parties to the contract must be present." *NRDC*, 539 F. Supp. 2d at 1185.

Plaintiff's Complaint requests "an order and judgment setting aside, declaring invalid, and rescinding Reclamation's conversion of [the interim renewal contracts] into permanent [Repayment Contracts] . . . [and] further seeks an order enjoining Reclamation from converting or amending any additional CVP contracts that Reclamation is in the process of converting . . . ." Compl., ¶ 2. Accordingly, Westlands is a necessary party under *Dawavendawa* and *NRDC*.

Because Westlands is a necessary party to this action, its interest in this matter requires that the motion to intervene as of right be granted.

### 3.   Westlands' Interests May Be Impaired Or Impeded If Intervention Is Not Permitted

Westlands' interests would be impaired or impeded, as a practical matter, if this Court were to dispose of this action in Plaintiff's favor. If Reclamation's entry into contracts with Westlands, among others, is determined to be improper in this lawsuit, Westlands' ability to protect its interests and to defend the propriety of its contractual rights, at the trial or appellate level or in other actions, may well be foreclosed, as both a practical and legal matter. Plaintiff has asked the Court to enjoin Reclamation from "taking any action pursuant to the contract conversions." Compl. at 31 (Prayer for Relief "E"). If the Court makes such an order, the significant financial and statutory benefits conferred to Westlands under Repayment Contracts pursuant to the WIIN Act could be lost. For example, the WIIN Act recognizes that each CVP

4136-6461-4956

water contractor that converts to a repayment contract has a permanent right to water service "so long as the contractor pays applicable charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat. 1195), and applicable law." WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C). This contractual right under the Repayment Contract, as well as others, is threatened in this action. *See* n.5. Thus, there can be no question that disposition of this action without Westlands' involvement could severely impair or impede its interests.

The Ninth Circuit has held that disposition of a suit challenging the contract that is the source of an applicant's protectable interest would as a practical matter impair or impede the applicant's ability to protect its interest. In *Southwest*, a suit challenging the validity of the contract to which applicant developers were third-party beneficiaries, the court held that "for the projects […] in the pipeline for design and mitigation assurances and approval pursuant to the IA [Implementation Agreement], an invalidation of the IA would both legally and practically affect Applicants' interests." *Southwest*, 268 F.3d at 822 (noting that the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'") (internal citation omitted). Likewise, in *Sierra Club v. United States Environmental Protection Agency*, 995 F.2d 1478 (9th Cir. 1993), a suit seeking to modify the terms of a city's water treatment permits, the Ninth Circuit held that "the relief sought in Sierra Club's lawsuit would necessarily 'result in practical impairment of the [City's] interests.'" *Id.* at 1486 (quoting *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991)). In the same way that the suits in *Southwest* and *Sierra Club* threatened to impair or impede the applicants' interests in challenged contracts, so does the present Complaint threaten to impair Westlands' interests by challenging its Repayment Contracts.

## 4.   Westlands' Interests Are Not Adequately Represented In The Present Lawsuit

The Supreme Court has held that the inadequate representation requirement "is satisfied if the [proposed intervenor] shows that the representation of his interest '*may be*' inadequate" and that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine*

1   *Workers of America*, 404 U.S. 528, 538 n.10 (1972) (emphasis added).  As the Supreme Court

2   observed in *Trbovich*, federal agencies are invested with the obligation of protecting "vital public

3   interest[s]," in that case, free and democratic union elections.  *Id.* at 539.  In *Trbovich* the issue

4   was whether a union member's interest was adequately represented by the Secretary of Labor in a

5   suit by the Department of Labor challenging a union election.  The Supreme Court cited the

6   obligation of the agency to also protect the wide public interest.  As a result, the proposed private

7   party intervenor and the federal agency could not be assured of approaching the litigation in the

8   same way, because the federal agency's interest "transcends the narrower interest of the

9   complaining union member."  *Id.* (citation omitted).

10       The Ninth Circuit uses the following three step inquiry to determine if a non-party is

11   adequately represented by existing parties:

12       A non-party is adequately represented by existing parties if:  (1) the interests of the
         existing parties are such that they would undoubtedly make all of the non-party's
13       arguments; (2) the existing parties are capable of and willing to make such arguments; and
         (3) the non-party would offer no necessary element to the proceeding that existing parties
14       would neglect.

15   *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998) (citing

16   *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)).

17       Consistent with *Trbovich*, the Ninth Circuit explained in *Southwest* that the current

18   representation of parties should be determined to be inadequate under Rule 24 where the

19   applicants' interests and that of the existing defendants "may diverge," and "because of the

20   difference in interests, it is likely that Defendants will not advance the same arguments as

21   Applicants."  *Southwest*, 268 F.3d at 824.  Further describing how the federal government's

22   interests diverge from other interests, the *Southwest* court described how "the priorities of the

23   defending government agencies are not simply to confirm the Applicants' interests in the

24   [contracts]," but are instead to represent all the interests of the general public – which may, at

25   times, be adverse to those of the applicant.  *Id.* at 823.

26       In *NRDC*, a suit against a federal agency challenging water contracts to which the agency

27   was a party, the court concluded that:

28       [T]he Federal Defendants cannot adequately represent the interests of absent

4136-6461-4956

contractors because they represent the government and a broad set of interests that are not the same as public or private water contractors. […]  The Bureau is obligated to provide water under the contracts and to comply with the ESA at the same time.  The Bureau may decide that complying with the ESA requires it to not fulfill its obligations under its contracts with the absent contractors.  […]  The potential for the Federal Defendants' interests to conflict with the absent contractors' interests renders representation by existing parties inadequate.

*NRDC*, 539 F. Supp. 2d at 1187-88.

Federal courts in other jurisdictions have also noted the different interests of a federal agency and other parties seeking intervention.  The Third Circuit concluded that "when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it," the presumption of a shared "ultimate objective" does not apply and the burden of showing inadequate representation "is comparatively light."  *Kleissler*, 157 F.3d at 972.  Noting that "the government represents numerous complex and conflicting interests" in environmental matters, the court found that "the straightforward business interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies.  [. . .]  Although it is unlikely that the intervenors' economic interest will change, it is not realistic to assume that the agency's programs will remain static or unaffected by unanticipated policy shifts."  *Id.* at 973-74 (internal citations omitted).

The Northern District of Alabama, in considering a municipal water board's application for intervention in a suit against a federal agency with the potential to affect municipal water supply, agreed with the logic of *Southwest* and *Kleissler* in finding that a municipal water district was not adequately represented by the State of Alabama.  *Alabama v. United States Army Corps of Engineers*, 229 F.R.D. 669 (N.D. Ala. 2005).  In *Alabama v. United States Army Corps of Engineers*, Montgomery's municipal water works board sought intervention in a suit by Alabama challenging the Corps' management of reservoirs upstream from Alabama.  *Id.*  Allowing the board's intervention as a matter of right, the court found that "[i]n contrast to Alabama's general representation of all its citizens' socially, economically, and politically diverse interests in water allocation, the Montgomery Water Works Board specifically desires to protect the quality and quantity of water available particularly to it and its customers."  *Id.* at 675.  Because the state's

4136-6461-4956

1   "political obligation to balance a wide range of competing interests in water from the [upstream

2   reservoirs] could well lead to a result in some degree detrimental to [the movant's] special

3   interests," the state was an inadequate representative of the board's interest and the board could

4   intervene as of right.  *Id.*

5          Just as the federal agencies in *Southwest, NRDC,* and *Kleissler* did not adequately

6   represent the interests of beneficiaries of federal contracts, and just as the state-wide entity in

7   *Alabama* did not adequately represent the interests of a municipal water district in its particular

8   water supply, here, the Federal Defendants do not adequately represent Westlands' interests as

9   beneficiaries of federal water supply contracts.  Whereas Westlands is devoted to a single goal,

10  *i.e.*, preserving its contractual rights under Repayment Contracts so it can continue to provide

11  CVP water to its water users, Federal Defendants are obligated to consider a multitude of factors,

12  including not only conflicting social and environmental interests but also the extent of each

13  agency's resources.  Moreover, given the inevitable leadership changes that occur repeatedly in

14  the executive branch of the federal government, there can be no assurance that the position of the

15  federal government in this litigation will be static or that Westlands can rely upon current or

16  future agency decision-makers to protect Westlands' contract rights.  Given the potential

17  divergence of their interests, it cannot be said that Federal Defendants will "undoubtedly" make

18  all the arguments that Westlands would make and thus the Ninth Circuit's criteria for adequate

19  representation by an existing party is not satisfied.  At a minimum, Federal Defendants'

20  representation "may be" inadequate to protect Westlands' interest and this intervention is proper.

21  Accordingly, Westlands' motion to intervene as of right should be granted.

22          **B.      In The Alternative, The Court Should Allow Westlands To Intervene Under
                      Rule 24(b)**

23

24          In the alternative, the Court should exercise its discretion to allow Westlands to intervene

25  pursuant to Rule 24(b)(1)(B).  Permissive intervention is appropriate where the intervenor has a

26  claim or defense that shares with the main action a common question of law or fact.  *See*

27  *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).  Here, there can be

28

no question that Westlands' defense of its Repayment Contracts shares common questions of law and fact with Plaintiff's claims to invalidate those same contracts.  In addition, Westlands' defense of its contracts shares common questions of law and fact with the Federal Defendants' defense in this action.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Westlands respectfully requests that the Court grant its motion to intervene as a defendant in this action.

Dated: March 17, 2021

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:           */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Westlands Water District

4136-6461-4956

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on March 17, 2021, I electronically filed WESTLANDS WATER

3

DISTRICT'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND

4

AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS with the

5

Clerk of Court using the ECF system, which will automatically send email notification to the

6

attorneys of record.

7

8

                              */s/ Cynthia J. Larsen*

                              CYNTHIA J. LARSEN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 1:20-CV-01814-DAD-EPG
NOTICE OF MOT., MOT., AND MEMO. P&A
ISO MOT. TO INTERVENE

4136-6461-4956