JEAN E. WILLIAMS, Acting Assistant Attorney General
Environment & Natural Resources Division
JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
jeffrey.thomas2 @usdoj.gov
*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; BRENDA BURMAN, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Case No. 1:20−cv−01814−DAD-EPG |

## **MOTION TO CONSOLIDATE**

The United States respectfully moves this Court to consolidate this case with two closely related cases: *North Coast Rivers Alliance v. United States Department of the Interior*, No. 1:16-cv-00307-DAD-SKO (hereinafter, "*N. Coast*") and *Center for Biological Diversity v. United*

*States Bureau of Reclamation*, No. 1:20-cv-00706-DAD-EPG (hereinafter, "*CBD*").[1]  The Court already *sua sponte* related the three cases, noting they "involve overlapping parties, properties, claims, events and/or questions of fact or law," and that "assignment of the actions to the same district judge and magistrate judge will promote convenience, efficiency and economy for the court and parties."  *Hoopa Valley*, No. 1:20−cv−01814−DAD-EPG, Order Relating Cases and Reassigning District Judge, ECF No. 37, December 29, 2020.   By consolidating the cases, the Court can further promote convenience, efficiency and economy without prejudicing any party.

## I.     BACKGROUND

In 2016 Congress passed the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, § 4011 (2016) ("WIIN Act") to, among other things, allow Central Valley Project ("CVP") water contractors to prepay CVP-related construction debts they owed to the United States, something that was previously not allowed. Pub. L. No. 114-322, § 4011(a), 130 Stat. 1628, 1878 (2016).  To facilitate accelerated repayment of debts, Congress requires the Secretary of Interior (the "Secretary"), upon the request of any water contractor, to convert existing water service and repayment contracts into prepayment contracts.  Since the WIIN Act was passed, 80 out of approximately 198 CVP water contractors who have contracts eligible for conversion have requested conversions. Declaration of Lisa M. Holm, May 17, 2021 ¶ 5 ("Holm Decl."), attached as Exhibit A.  The Federal Defendants have already converted 68 contracts as required by the WIIN Act, and 22 more are in the process of being converted. *Id.* ¶ 6.  In response to the conversion of these prepayment contracts, Plaintiffs bring a number of closely-related claims in the three cases.

---

[1] The Federal Defendants have also filed motions to consolidate in the *N. Coast* and *CBD* cases.

A. *N. Coast*

Plaintiffs North Coast Rivers Alliance, California Sportfishing Protection Alliance, Pacific Coast Federation of Fishermen's Associations, San Francisco Crab Boat Owners Association, Inc., and Institute for Fisheries Resources (collectively, "N. Coast Plaintiffs") originally challenged the National Environmental Policy Act ("NEPA") analysis for the renewal of six interim water service contracts in their 2016 Complaint and First Amended Complaint. Following the conversions of these interim water service contracts into permanent prepayment contracts as required by the WIIN Act,[2] the N. Coast Plaintiffs amended their complaint seeking the invalidation of certain prepayment contracts. The N. Coast Plaintiff now claims that the Federal Defendants violated NEPA and the Administrative Procedures Act ("APA") by failing to prepare an Environmental Impact Statement ("EIS") before converting the contracts as required by the WIIN Act. Additionally, they allege that the Federal Defendants violated the Central Valley Project Improvement Act ("CVPIA") and the APA by failing to prepare an EIS before converting the contracts; that Federal Defendants' approval of the prepayment contracts was improper because certain CVP contractors did not first obtain a state court validation of the contracts; that Federal Defendants violated certain procedural regulations related to public review of the draft prepayment contracts; and that certain prepayment contracts exceed acreage limitations, violate irrigation suitability requirements, and fail to comply with water quality standards under federal law. Like the Plaintiffs in *CBD* and *Hoopa Valley*, the N. Coast Plaintiffs seek a judicial declaration invalidating the converted WIIN Act contracts, an injunction

---

[2] We use the term "prepayment contract" to describe contracts converted under the WIIN Act, as distinguished from more traditional 9(c)(1) and 9(d) "repayment" and 9(c)(2) and 9(e) "water service" contracts, 43 U.S.C. § 485h (c), (d) & (e).

precluding the Federal Defendants from converting additional contracts, and their attorneys' fees and costs.

There are currently two fully-briefed motions pending in *N. Coast*: (i) the Federal Defendants' Motion to Dismiss as Moot Plaintiffs' NEPA claim related to the interim water service contracts, and (ii) the Intervenors' Motion to Dismiss as Moot Plaintiffs' claim related to the interim water service contracts and to Compel Joinder of Absent Water Contractors. *See* ECF Nos. 130, 131.  The Court stayed the case until May 12, 2021.   No amended scheduling order has been entered to address Plaintiffs' new claims regarding the validity of the WIIN Act conversions, and no Rule 16 conference has been held to set a schedule for addressing these claims.

 B.  *CBD*

On May 20, 2020, Center for Biological Diversity, Restore the Delta, and Planning and Conservation League (collectively, "CBD Plaintiffs") filed their Complaint in this Court, asserting that the Federal Defendants violated NEPA.  On April 2, 2021 The CBD Plaintiffs filed their First Amended and Supplemental Complaint which added allegations that the Federal Defendants violated the Endangered Species Act ("ESA") and named numerous contractors as defendants.  Plaintiffs claim the Federal Defendants were not permitted to convert water service contracts under the WIIN Act without first preparing an EIS or Environmental Assessment ("EA") and that the Federal Defendants were required to engage in consultation or seek the concurrence of the United States Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") before approving the WIIN Act contract conversions.  The CBD Plaintiffs ask that the converted contracts be invalidated, that the Federal Defendants be enjoined

from converting additional contracts until the government complies with NEPA and the ESA, and that they be awarded their litigation costs and attorneys' fees.

This Court's April 12th Order requires the United States to file a responsive pleading by June 11, 2021. Additionally, Magistrate Judge Grosjean has set a scheduling conference for June 23, 2021.

### C. *Hoopa Valley*

Like the N. Coast and CBD Plaintiffs, the Hoopa Valley Tribe ("Tribe") have sued the Federal Defendants seeking a judicial declaration invalidating the WIIN Act contracts, an injunction precluding the Federal Defendants from converting additional contracts, and an award of their attorneys' fees and costs. The Tribe claims the Federal Defendants violated the CVPIA and NEPA when converting water service and repayment contracts into prepayment contracts. The Federal Defendants have moved to dismiss the Tribe's CVPIA claim and, like in *CBD* and *N. Coast*, have also moved to require the joinder of absent CVP water contractors. The fully-briefed Motion to Dismiss and to Require the Joinder of Absent Contractors is still pending following a brief stay.[3] No scheduling order has been entered, and a Rule 16 conference has not been scheduled.

Moreover, the Federal Defendants successfully moved to transfer this case from the Northern District to the Eastern District so that it could be consolidated with *N. Coast* and *CBD*. When transferring this case, Judge Seeborg recognized that judicial efficiencies would be gained by having one judge decide *Hoopa Valley*, *CBD*, and *North Coast*. Additionally, after the

---

[3] The joinder issue in Hoopa Valley is the same as the joinder issue the Court has already ruled on in the CBD case.

transfer this Court entered an order relating this case to several others currently pending in the Eastern District, including *N. Coast* and *CBD*.

## II. LEGAL STANDARD

This Court possesses broad discretion under Federal Rule of Civil Procedure 42(a)[4] to consolidate cases. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions. . . .").[5] For cases to be consolidated they must share common questions of law or fact. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). Consolidation is appropriate where gains in judicial efficiency and consistency outweigh any risk of delay, confusion, or prejudice that might result. *Id.; see also Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007) (the Court must "weigh[ ] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

## III. ARGUMENT

The Court should grant Federal Defendants' Motion to Consolidate because consolidation will save the Court time and effort managing these closely related cases, and because there is no risk of delay, confusion or prejudice.

---

[4] The purpose of Rule 42(a) is to enhance trial court efficiency, avoid unnecessary duplication of evidence and procedures, and to avoid the substantial danger of inconsistent adjudications. *See E.E.O.C. v. HBE Corp*, 135 F.3d. 543, 551 (8th Cir. 1998).

[5] The Court's discretion is particularly broad where, as here, the cases are all in the same District. *See Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989).

### A. The Court should consolidate *N. Coast*, *CBD*, and *Hoopa Valley* because they share common parties, questions of law, and facts.

When deciding whether to consolidate cases, the 'threshold issue is whether the two proceedings involve a common party and common issues of fact or law.". *See Pierce v. San Diego Unified Port Dist.*, No. 03CV 172 IEG(AJB), 2006 WL 8440784, at *2 (S.D. Cal. Mar. 13, 2006)quoting *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989)).  That standard is met here because the three cases have common parties, involve an overlapping factual record, and share similar legal issues.

First, although the cases have different plaintiffs, the Federal Defendants are defending all three cases.  Moreover, it is likely that overlapping CVP contractors will also be joined in all three cases.[6]  The Court has already ruled in *CBD* that CVP contractors are necessary parties and must be joined if the plaintiffs seek to invalidate their contracts.  If the Court grants similar pending joinder motions in *N. Coast* and *Hoopa*, the CVP contractors will also be joined in those cases.  Therefore, the three cases presently share common parties and are likely to have additional common parties.

Second, the cases share common facts because the Plaintiffs in all three cases seek to invalidate converted prepayment contracts and seek injunctions to stop additional conversions. As noted above, the Federal Defendants have already converted 68 contracts as required by the WIIN Act, and 22 more are in the process of being converted.  *See* Holm Decl. ¶ 6.  The administrative record will likely be identical, or at least substantially similar, in all three cases. Because overlapping documents and agency decisions are at issue in all three cases, *N. Coast*, *CBD* and *Hoopa Valley* clearly share common facts.

---

[6] Certain CVP contractors are already parties in two of the cases (Westlands, for example, is a party in N. Coast and CBD and has filed a motion to intervene in Hoopa Valley).

Third, there is substantial commonality and overlap between the Plaintiffs' legal claims. All of the Plaintiffs argue that the Federal Defendants violated NEPA by converting water service and repayment contracts into prepayment contracts under the WIIN Act without preparing an EIS or EA. Thus, all three cases have identical NEPA claims. Additionally, the Tribe and N. Coast Plaintiffs claim Federal Defendants violated the CVPIA. Although the Plaintiffs will likely make some claim-specific sub-arguments, the main thrust of all three cases is the same—whether the WIIN Act conversions were lawful. Therefore, the other legal claims will turn on similar arguments.

Because *N. Coast*, *CBD*, and *Hoopa Valley* all involve the same Federal Defendants, a similar record, and common legal issues, consolidation is appropriate.

### B. Consolidating *N. Coast*, *CBD*, and *Hoopa Valley* will promote judicial efficiency and consistency and there is no risk of delay, prejudice or confusion

Because Rule 42(a)'s threshold question of legal and factual commonality is satisfied here, the Court must proceed to "balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Hanks v. Briad Rest. Grp.*, LLC, No. 214CV00786GMNPAL, 2017 WL 1650024, at *1 (D. Nev. May 1, 2017). As part of this inquiry, the Court may consider several factors, including: (i) whether consolidation will avoid duplicative effort by the Court and the attorneys; (ii) whether the addition of varying parties and legal claims will confuse the trier of fact; and (iii) whether the cases are in different stages of litigation. *See Turney v. Atencio*, No. 1:18-CV-00001-BLW, 2019 WL 254238, at *1 (D. Idaho Jan. 17, 2019) (citing 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006)); *Rollolazo v. BMW of N. Am., LLC*, No. CV1600966BROSSX, 2016 WL 9173465, at *3 (C.D. Cal. Sept. 15, 2016).

Here, judicial and party efficiency will undoubtedly be gained by consolidating these three cases. First, by entering one scheduling order that governs all three cases, consolidation eases the Court's and the parties' managerial and administrative burdens.[7] For example, if there are any disputes regarding the scope of the administrative record, those disputes can be addressed by one comprehensive set of briefing rather than three distinct sets of briefs. Second, consolidation allows the parties to coordinate their efforts, saving time and expense on both sides. And finally, with consolidated cases, the parties can take a comprehensive approach and file the administrative record once (instead of thrice) and can file omnibus motions for summary judgment rather than piece-meal, case-specific motions. For all these reasons, and others, consolidation will result in efficiencies.

Further, the gained efficiencies will not result in any confusion because this case will be resolved by the Court after its review of the administrative record. Therefore, this is not a case where the combination of multiple parties and claims could potentially confuse a jury. The risk of confusion is simply a non-factor.

And finally, there is no risk of delay or prejudice because all of the cases are essentially at the same stage. No scheduling order has been entered in any of the cases and there is currently no deadline to file the administrative record or dispositive motions. Because the cases are at virtually identical stages of litigation, consolidation runs no risk of harm to the parties. Moreover, the parties' independence, including their unique litigation strategies, will not suffer from consolidation. *See Hall v. Hall*, 138 S. Ct. 1118, 1128, 200 L. Ed. 2d 399 (2018) ("as of 1933 and the *Johnson* case of that year, it was well settled that consolidation in the federal courts did not merge the separate cases into a single action" quoting G. Virden, *Consolidation Under*

---

[7] For example, Judge Grosjean can schedule and hold one Rule 16 conference instead of three.

*Rule 42 of the Federal Rules of Civil Procedure*, in 141 F.R.D. 169, 173–174 (1992)).  The parties will still be able to advocate independently for their positions by filing their own pleadings and the Court will enter distinct judgments.  *Id.*  Consolidation is merely a tool to assist the Court and the parties with the management of related cases.

## IV. CONCLUSION

Under these circumstances – where judicial efficiency can be gained and there is no risk of confusion, prejudice or delay – consolidation should be ordered.  The United States respectfully requests that this Court consolidate *N. Coast*, *CBD*, and *Hoopa Valley*.

DATED: May 24, 2021.

Respectfully submitted,

JEAN E. WILLIAMS, Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division


*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS
Trial Attorney
U.S. Department of Justice
*Counsel of Record for the Federal Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2021, I electronically filed the foregoing document and its attachment with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all parties.

                                                   */s/ J. Scott Thomas*
                                                   JEFFREY SCOTT THOMAS