JEAN E. WILLIAMS, Acting Assistant Attorney General
Environment & Natural Resources Division
JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
jeffrey.thomas2 @usdoj.gov
*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; BRENDA BURMAN, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Case No. 1:20−cv−01814−DAD-EPG |

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

This Court has broad discretion to consolidate factually and legally similar cases where any risk of delay, confusion, or prejudice is outweighed by gains in judicial efficiency and consistency. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). Because the three WIIN Act cases – this case, *North Coast Rivers Alliance v. United States Department of the*

*Interior*, No. 1:16-cv-00307-DAD-SKO (hereinafter, "North Coast"), and *Center for Biological Diversity v. United States Bureau of Reclamation*, No. 1:20-cv-00706-DAD-EPG (hereinafter, "CBD") – turn on a predominant legal question and similar factual records, judicial efficiency and consistency will be gained through consolidation with minimal prejudice to the parties.

The Hoopa Valley Tribe ("Hoopa" or "Tribe"), the North Coast plaintiffs, and the CBD plaintiffs all challenge the same discrete agency action – the conversion of water service contracts under the WIIN Act. In all three cases plaintiffs claim that the converted contracts must be invalidated, arguing that the Federal Defendants were required to prepare an Environmental Impact Statement or Environmental Assessment under NEPA and failed to do so. All three cases also raise other procedural issues to attack the WIIN Act contracts, including Hoopa's argument that the Federal Defendants violated Section 3404(c)(2) of the CVPIA by failing to expressly incorporate specific federal statutes into the WIIN Act contracts. Regardless of the ways in which plaintiffs have chosen to attack the WIIN Act conversions, the central determinations in all three cases are whether the conversions were mandatory under the WIIN Act and to what extent the Secretary of the Interior had discretion when negotiating the conversions.

Hoopa's primary opposition to consolidation is based on their misguided belief that their claims are somehow distinct from the claims in *North Coast* and *CBD*. In support of their argument that their claims are dissimilar, Hoopa cites the United States' trust obligation to the Tribe and a series of other federal laws that the Tribe believes protect their interests, including: Trinity River Division Central Valley Project Act, Pub. L. No. 84-386, 69 Stat. 719 (1955); the Trinity River Basin Fish and Wildlife Management Act, Pub. L. No. 98-541, 98 Stat. 2721 (1984); Trinity River Basin Fish and Wildlife Management Reauth. Act of 1995, Pub. L. 104-

143, 110 Stat. 1338 (1996); and CVPIA § 3406(b)(23).  Hoopa argues that the Federal Defendants have substantively violated these provisions of federal law and that their case is therefore distinct from the "purely procedural claims" raised by the *North Coast* and *CBD* plaintiffs.  P's Opp. to Consolidation, ECF No. 58 at 1.

Hoopa's argument has many problems, but the most obvious one is that Hoopa's Complaint does not plead any substantive violation of federal law.  Hoopa's two-count Complaint raises the same sort of procedural attacks on the converted contracts that are present in *North Coast* and *CBD*.[1]  Hoopa cannot constructively amend its Complaint through an opposition brief to state substantive violations of other provisions of federal law.  *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition.").  But even if Hoopa sought leave to amend its Complaint to state substantive violations of the CVPIA or the 1955, 1984, and 1996 Acts, it is wholly unclear what facts Hoopa would rely upon in support of those substantive allegations or how those substantive allegations possibly relate to the discrete agency action at issue here: the conversion of water service contracts under the WIIN Act.  Despite Hoopa's protestations otherwise, it is abundantly clear that their claims, as currently pleaded, are the same or are similar to the claims in *North Coast* and *CBD*.

In addition to its flawed argument that the three related WIIN Act cases are dissimilar, Hoopa also argues it will be prejudiced by consolidation.  Specifically, Hoopa claims that

---

[1] *See* Hoopa's Compl., ECF. No. 1 ¶ 98 ("Reclamation violated and is violating Section 3404(c)(2) of the CVPIA and the APA by executing or otherwise approving the conversion of CVP renewal contracts into permanent water service contracts without expressly incorporating all requirements imposed by existing law."); *id.* ¶ 106 ("Reclamation's failure to comply with NEPA prior to its execution and/or approval of the contract conversions constitutes arbitrary and capricious agency action, is an abuse of discretion, and is contrary to law and procedures required by law and are reviewable in this Court under the APA.").

consolidating this matter with *North Coast* and *CBD* will "<u>slow</u> the adjudication of [Hoopa's] substantive claims." ECF No. 58 at 6 (emphasis added). Hoopa's argument that it will be prejudiced by slowing this adjudication is undermined by its own previous positions in this litigation. For example, Hoopa has repeatedly and vigorously asked the Federal Defendants to stay this litigation, something the Federal Defendants have opposed. Hoopa now suggests, in a reversal of its previous stance, that speed is of the utmost importance and that they will be prejudiced by delay. Hoopa cannot have it both ways. Moreover, the Federal Defendants believe Hoopa's assertions of delay are exaggerated. Hoopa is correct that the Court has already ruled on a motion to dismiss in *CBD* and that the Federal Defendants have filed an answer in that case. Hoopa is also correct that there are still pending motions to dismiss in this case and *North Coast*. However, none of the parties in any of the cases have attended a pretrial scheduling conference and there are currently no deadlines to file the administrative record. At any moment this Court could resolve the pending motions in this case and *North Coast* and the Federal Defendants could expeditiously file answers. Nothing currently suggests that any one of these cases is so much more advanced than the others that consolidation would result in delay.

Despite Hoopa's lengthy opposition – which is predominantly a preview of their merits arguments – the Court should exercise its broad discretion to consolidate the three related WIIN Act cases. All three cases involve the same core question about the extent of the Federal Defendants' discretion under the WIIN Act, and efficiency will be gained by addressing this question once, rather than three times. Moreover, rather than prejudicing the plaintiffs, consolidation will promote fairness by ensuring that all of the parties will have an opportunity to address the predominant question at the same time. Thus, consolidation will likely help Hoopa rather than prejudicing it.

For these reasons and those more fully articulated in the Motion to Consolidate, the Federal Defendants request that the Court exercise its broad discretion to consolidate the three WIIN Act cases.

DATED: July 6, 2021.

        Respectfully submitted,

        JEAN E. WILLIAMS, Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ J. Scott Thomas*
        JEFFREY SCOTT THOMAS
        Trial Attorney
        U.S. Department of Justice
        *Counsel of Record for the Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2021, I electronically filed the foregoing document and its attachment with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all parties.

*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS