EXHIBIT 15

# Reclamation Manual
Policy

| | |
|---|---|
| **Subject**: | Indian Policy of the Bureau of Reclamation |
| **Purpose**: | The purpose of this Policy is to provide an integrated framework for Reclamation to comply with applicable law and policy pertaining to working with Indian tribes.  The benefit is to aid Reclamation to appropriately consider and interact with Indian tribes when executing Reclamation's mission. |
| **Authority**: | See Appendix A |
| **Approving Official**: | Commissioner |
| **Contact**: | Native American and International Affairs Office (NAIAO) (96-43000) |

1. **Introduction.**  The United States has a unique legal and political relationship with Indian tribes as provided for in the Constitution, treaties, and other Federal laws and policies. Aspects of this relationship include, but are not limited to, the Federal trust responsibility and government-to-government relationship. Indian tribes have a critical need for water and water resource infrastructure.  This Reclamation Manual (RM) Policy affirms Reclamation's commitment to comply with the laws and policies that define this special relationship with Indian tribes and is intended to ensure that tribes have the opportunity to participate in the Reclamation Program.

2. **Applicability.**  This Policy applies to all Reclamation employees whose duties, responsibilities, and activities have the potential to affect Indian tribes and their members.

3. **Policy.**  Reclamation will carry out its programs and projects in compliance with the letter and the spirit of laws and policies relating to Indians; acknowledge and affirm the special relationship between the United States and Indian tribes; and, as appropriate, actively seek partnerships with Indian tribes to ensure that tribes have the opportunity to participate fully in the Reclamation Program as tribes develop, manage, and protect their water and related resources. The Policy must be integrated into all Reclamation processes and activities, including but not limited to operations, planning, and compliance with environmental and cultural resources requirements.

4. **Program Administration or Management**.

   A. **The Commissioner** will promote and maintain Reclamation's Native American Program and ensure that Reclamation upholds all of its responsibilities to Indian tribes (see section 5 A-L).

   B. **The Program Manager, NAIAO - Operations Directorate Reclamation** will:

      (1)  establish and manage Reclamation's Native American Affairs Program;

# Reclamation Manual
Policy

 (2) provide policy guidance and recommendations for Reclamation's Native American Program that are consistent with applicable laws and policies and reflect the Administration's priorities;

 (3) provide guidance and program support to Reclamation representatives on Federal Indian water rights settlement assessment, negotiation, and implementation teams, including technical support in furtherance of settlement activities;

 (4) lead and oversee Reclamation-wide implementation of the Indian Self-Determination Act (Title I of Pub. L. 93-638, as amended, 25 USC 5301 et seq. (formerly 25 USC 450 et seq.) and the Tribal Self-Governance Act (Title IV of Pub. L. 93-638, as amended, 25 USC 5361-5368 (formerly 25 USC 458aa to 458hh)[1];

 (5) provide guidance and program support to the regions to implement the Native American Affairs Technical Assistance to Tribes Program;

 (6) provide training to Reclamation managers and employees for the purpose of improving Reclamation's effectiveness in working with Indian tribes;

 (7) coordinate with the Department and other governmental entities on various initiatives pertaining to Indian tribes and having Reclamation-wide implications;

 (8) analyze, review, and comment on proposed laws and policies pertaining to Indian issues that have Reclamation-wide implications;

 (9) maintain a qualified professional staff to analyze Indian related issues and communicate the implications to others within and external to Reclamation, provide guidance on the application of applicable laws and policies to Reclamation, and perform other administrative requirements related to working with Indian tribes; and

 (10) seek funding at the appropriate level for the Native American Affairs Program.

C. **Deputy Commissioners, Directors, and Regional Directors[2] will:**

---

[1]Both of these titles are part of the Indian Self-Determination and Education Assistance Act (Pub. L. 93-638, as amended).

[2] Regional Directors; Director, Information Resources; Director, Dam Safety and Infrastructure; Director, Program and Budget; Director, Policy and Programs; Director, Management Services Office; Director, Technical Service Center; Chief Engineer; Senior Advisor, Hydropower; Science Advisor; Senior Advisor, Design, Estimating, Construction Oversight / Dam Safety Officer.

# Reclamation Manual
Policy

---

    (1)    Ensure compliance with and implementation of applicable laws and policies pertaining to Indian tribes;

    (2)    Ensure that employees and managers who interact with Indian tribes or who work on matters potentially affecting them have the knowledge, skills, ability and funding to work effectively with tribes and ensure that tribal interests are appropriately considered. These positions are responsible for ensuring that Reclamation fully meets the federal responsibilities to Indian tribes.

    (3)    In addition to the responsibilities identified above, all Directors and Regional Directors also are responsible for:

        (a)    Assigning Native American Program management responsibilities to appropriate qualified employees; and

        (b)    Seeking funding at the appropriate level to ensure Native American Program accomplishment within their areas of responsibility.

5.    **Overarching Principles and Requirements - Working With Tribal Nations.** All Reclamation employees whose duties, responsibilities, and activities have the potential to affect Indian tribes and their members must take into account the following principles, requirements and processes that support the federal-tribal relationship:

    A.    **Government-to-Government.**  In recognition of the inherent powers of tribal sovereignty and self-government, Reclamation will respect the special legal and political relationship between the United States government and Indian tribes and implement its activities in a manner consistent with this special relationship.

    B.    **Consultation.**  Reclamation will pursue meaningful and proactive consultation, consistent with applicable laws and policy, with Indian tribal governments on matters of mutual interest, including but not limited to the protection of Indian trust assets, Indian sacred sites, and Indian cultural resources.  Reclamation will work with interested tribal governments to negotiate protocols about mutually agreed-upon principles and procedures for conducting consultation, maintaining government-to-government relationships, and entering into partnerships and collaborative efforts. Additional information about consultation can be found in Reclamation's *Protocol Guidelines: Consulting with Indian Tribal* Governments.  This guidance is posted on Reclamation's internet site at
http://www.usbr.gov/native/policy/protocol_guidelines.pdf

    C.    **Trust Responsibility.**  Reclamation supports the Department's trust responsibility policy and will discharge, without limitation, the Secretary's Indian trust responsibility with a high degree of skill, care, and loyalty.  See 303 DM 2, Principles for Managing Indian Trust Assets.

---

(499) 07/24/2014    Page 3
NEW RELEASE
(Minor revisions approved 06/16/2016, 06/25/2018, 09/24/2020)

# Reclamation Manual
Policy

---

D. **Indian Trust Asset Protection.**  Reclamation will carry out its activities in a manner that protects Indian trust assets and avoids adverse impacts when possible.  When Reclamation cannot avoid such adverse impacts, it will provide appropriate mitigation or compensation.

E. **Water Rights.**  Reclamation will actively support and participate in the Department's Indian water rights negotiation and implementation activities (See 109 DM 1, Section 1.3.(E)(2)), as it works to resolve the water rights claims of Indian tribes through negotiated settlements, if feasible, rather than litigation.

F. **Tribal Trust and the Endangered Species Act.**  Reclamation will implement the Endangered Species Act (Pub. L. 93-205) in a manner that respects the exercise of tribal sovereignty over the management of Indian lands and tribal trust resources. Also see ENV P04 for consultations related to Endangered Species Act.

G. **Self-Determination and Self-Governance.**

   (1) Reclamation supports national policies of self-determination and self-governance for Indian tribes, and will seek and embrace opportunities to work with interested Indian tribes under the applicable parts of the Indian Self-Determination and Education Assistance Act (Pub. L. 93-638, as amended).

   (2) Reclamation will execute and administer its P.L. 93-638 contracts and annual funding agreements in accordance with Reclamation Manual Directive and Standard, *Requirements for Execution and Administration of Indian Self-Determination and Education Assistance Act (Pub. L. 93-638, as amended) Contracts and Annual Funding Agreements (AFAs)* (NIA 10-01); and Reclamation's "Best Practices Handbook for Implementation of the Indian Self-Determination and Education Assistance Act (Public Law 93-638)," dated June 2019, and in a manner which follows these overall goals and objectives:

      a) Ensure the full spirit and intent of P.L. 93-638 is fulfilled;

      b) Fulfill Reclamation's trust responsibilities to tribes;

      c) Support the government-to-government relationship;

      d) Recognize that P.L. 93-638 contracts and funding agreements are not procurement contracts;

      e) Execute actions in a timely, cost effective and efficient manner;

      f) Ensure that processes add value to the quality, content, and compliance with statutory and regulatory requirements of P.L. 93-638 contracts and annual funding agreements;

---

# Reclamation Manual
Policy

      g)    Ensure that Federal fiduciary responsibilities are met.

    H.   **Culture and Cultural Values.**  Reclamation will respect Indian cultures and tribal values.

    I.   **Indian Sacred Sites.**  Reclamation will manage Federal lands under its jurisdiction to accommodate access to and ceremonial use of Indian sacred sites by Indian religious practitioners and avoid adversely affecting the physical integrity of such sacred sites. These actions will be carried out to the extent practicable, permitted by law, and not clearly inconsistent with essential bureau functions. Also see LND P01.

    J.   **Human Remains and Cultural Items.**  Reclamation will treat Native American human remains and cultural items with dignity and respect, and consult with Indian tribes with the goal of developing mutually agreed-upon avoidance, treatment, and repatriation or disposition processes. Also see LND P01 and LND 02-01 for further detail concerning Reclamation cultural resources management.

    K.   **Cultural Resources.**  Reclamation recognizes that certain cultural resources can have special importance to Indian tribes and will seek to work with tribes to avoid adversely affecting cultural resources identified by tribes as important, and to determine appropriate mitigation measures when such effects cannot be avoided.

    L.   **Opportunities to Work Together.**  Reclamation will seek to provide assistance, through partnerships, to Indian tribes to increase opportunities for tribes to develop, manage, and protect their water and related resources.  Reclamation will seek to identify and remove impediments to tribal participation in the Reclamation Program, and ensure that Indian tribes have the opportunity to learn about, participate fully in, and receive the benefits of the Reclamation Program. Also see LND P01 and LND 02-01 for further detail concerning Reclamation cultural resources management.

6.   **Definitions.**

    A.   **Cultural Items.** Native American human remains, funerary objects, sacred objects, and objects of cultural patrimony. (25 USC 3001).  See also LND P01.

    B.   **Cultural Resources.**  Any prehistoric or historic district, site, building, structure, object, cultural landscape, sacred site, and traditional cultural property.  See LND P01.

    C.   **Indian.**  A person who is a member of an Indian tribe.

    D.   **Indian Sacred Sites.**  Any specific, discrete, narrowly delineated location on Federal land that is identified by an Indian tribe, or Indian individual determined to be an appropriately authoritative representative of an Indian religion, as sacred by virtue of

(499) 07/24/2014                                      Page 5
NEW RELEASE
(Minor revisions approved 06/16/2016, 06/25/2018, 09/24/2020)

# Reclamation Manual

Policy

its established religious significance to, or ceremonial use by, an Indian religion; provided that the tribe or appropriately authoritative representative of an Indian religion has informed the agency of the existence of such a site.  Executive Order (EO) 13007, Section 1(b)(iii).

E.  **Indian Tribe or Tribe.**  An Indian or Alaska Native tribe, band, nation, pueblo, village or community recognized pursuant to the Federally Recognized Indian Tribe List Act of 1994, 25 USC 479a.  The terms also mean any Indian tribe, band, nation, or other organized group or community, including any Alaska Native village or regional or village corporation as defined in or established pursuant to the Alaska Native Claims Settlement Act (85 Stat. 688, 43 USC 1601 et seq.), which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians [25 USC 450b(e)].[3]

F.  **Indian Trust Assets or Trust Resources.**  A legal interest in land, water, minerals, funds, rights, or other property that have been reserved by or granted to Indian tribes or Indian individuals by treaties, statutes, and EOs and held by the United States in trust for an Indian tribe or Indian individual, or held by an Indian tribe or Indian individual subject to a restriction on alienation imposed by the United States.  These legal interests, which may include ownership or the use interests, are sometimes further interpreted through court decisions and regulations.[4]

G.  **Indian Trust Responsibility or Trust Responsibility.**  The United States' obligation to protect and maintain Indian trust assets or trust resources.  This responsibility requires Reclamation to take actions reasonably necessary under applicable laws and policies to protect Indian trust assets or trust resources.

H.  **Law and Policy or Laws and Policies.**  The statutes, regulations, court opinions, EOs, Secretarial Orders, Executive Memoranda, policies, directives, and other pertinent procedural requirements for working with Indian tribes and their members which are applicable to Reclamation activities.

I.  **Native American Affairs Program.**  Program managed by the Program Manager, NAIAO.[5]

---

[3]In recent years, the Department has appeared to favor the "List Act" definition.  See for example Secretarial Order 3317 – Department of the Interior Policy on Consultation with Indian Tribes.  However, both definitions continue to be used within the Department and so are provided here.  For most Reclamation purposes, these definitions are functionally equivalent, with one sometimes favored over the other depending on the definition used in the associated law and policy.

[4]For most Reclamation purposes, the terms "Indian trust assets" and "trust resources" are functionally equivalent, with one sometimes favored over the other depending on the term used in the associated law and policy.

[5]The Native American Affairs Program is part of Reclamation's Native American Program.

NIA P10

# Reclamation Manual
Policy

---

J.  **Native American Affairs Technical Assistance to Tribes Program.**  The technical assistance provided to an Indian tribe that is funded by the Native American Affairs Program and implemented by the regions following guidance provided by the NAIAO.

K.  **Native American Program.**  All Reclamation projects, programs, and activities, or portions thereof, with the potential to benefit Federally recognized Indian tribes, regardless of the Reclamation program or project that they are otherwise associated with.

L.  **Reclamation Program.**  The activities authorized under the Reclamation Act of 1902 (32 Stat. 388, chapter 1093; 43 USC 371 et seq.) and Acts supplementary and amendatory thereof.

7.  **Review Period.**  The originating office will review this release every 4 years.

---

## RECLAMATION MANUAL TRANSMITTAL SHEET

| | |
|---|---|
| Effective Date:  **09/24/2020** | Release No.  **499** |

Ensure all employees needing this information are provided a copy of this release.

### Reclamation Manual Release Number and Subject

**NIA P10 Indian Policy of the Bureau of Reclamation**

### Summary of Changes

**I am requesting a permanent deviation from the requirements in RM Directive and Standards (D&S) Reclamation Manual Release Procedures (RCD 03-01) regarding paragraph 4 (Responsibilities) of NIA P10 (Attachment). The deviation request is specific to formatting requirements of the RM, and not a request for omitting any substance, policy or program information in NIA P10.**

**In 2014, Reclamation conducted tribal consultation on NIA P10. The responsibilities section of NIA P10 was an area of importance raised in tribal consultation and the language was developed by the Native American and International Affairs Office based on input provided from tribal consultation. Additionally, having the specific listing of responsibilities in the policy and identifying that those responsibilities are vested with Reclamation leadership, is important to tribes and was conveyed to Reclamation during the consultation. Given the importance to the tribes of clearly identifying roles and responsibilities, the Native American and International Affairs Office is requesting this permanent deviation in order to maintain the responsibilities section of NIA P10 as paragraph 4 in the policy.**

NOTE:  This Reclamation Manual release applies to all Reclamation employees.  When an exclusive bargaining unit exists, changes to this release may be subject to the provisions of collective bargaining agreements.

### Filing instructions

| Remove Sheets | Insert Sheets |
|---|---|
| **NIA P10 pp 1-6** | **NIA P10 pp 1-7** |
| **NIA P10 App A pp 1-2** | **NIA P10 App A pp 1-2** |

All Reclamation Manual releases are available at http://www.usbr.gov/recman/

| | |
|---|---|
| Filed by:  **Marciano Budel** | Date:  **09/24/2020** |