EXHIBIT 21

# Westlands Water District

3130 N. Fresno Street, P.O. Box 6056, Fresno, California 93703-6056, (559) 224-1523, FAX (559) 241-6277

May 26, 2020

**VIA ELECTRONIC MAIL ONLY**

Ernest Conant, Regional Director
Interior Region 10: California-Great Basin
Bureau of Reclamation
2800 Cottage Way, MP-100
Sacramento CA 95825
E-Mail: EConant@USBR.Gov

Re:  Contract Between the United States and Westlands Water District San Luis Unit and Delta Division and Facilities Repayment, Contract No. 14-06-200-495A-IR1-P

Dear Mr. Conant:

On October 15, 2019, at a regular meeting, the Board of Directors ("Board") of Westlands Water District ("District") adopted Resolution No. 119-19, through which the Board authorized the District's President to execute the Contract Between the United States and Westlands Water District San Luis Unit and Delta Division and Facilities Repayment, Contract No. 14-06-200-495A-IR1-P ("Repayment Contract"). As you are aware, Article 46 of the Repayment Contract provides that the Repayment Contract shall not be binding on the United States until the District secures a final decree confirming the proceedings on the part of the District for the authorization of the execution of the Repayment Contract.

The District filed an action to obtain this decree on October 25, 2019, but for multiple reasons, the Court was not able to validate the District's proceedings prior to the Court closing for judicial business in response to the COVID-19 pandemic and the proclamations of emergency by Governor Gavin Newsom. The Court has announced it will remain closed until May 29, 2020; therefore, the District will not be able to obtain a validation judgment prior to the Repayment Contract's effective date, June 1, 2020.

The proceedings on the part of the District to authorize execution of the Repayment Contract complied with the law, and no one has initiated legal action to challenge the lawfulness of those proceedings. The meeting of the District's Board – the proceedings – at which the Board authorized execution of the Repayment Contract were properly noticed, open to the public, and afforded the public an opportunity to comment, in full compliance with the Brown Act, California Government Code sections 54950 *et seq*. No member of the public complained about the District's compliance with the Brown Act, either prior to or at the October 15, 2019, meeting at which the Board adopted Resolution No. 119-19. Nor has anyone requested that the District take

Ernest Conant, Regional Director
Interior Region 10: California-Great Basin
Bureau of Reclamation
Page 2

action to correct an asserted violation of the Brown Act, and therefore, a Brown Act challenge would be generally barred at this time. (California Government Code § 54960.1).

Through Resolution No. 119-19, the District Board found that execution of the Repayment Contract was statutorily and categorically exempt from compliance with the California Environmental Quality Act ("CEQA"), and no member of the public commented on these findings prior to adoption of Resolution No. 119-19. On October 17, 2019, the District filed notices of exemption with the State Clearinghouse. No person or entity filed a CEQA action against the District within the statute of limitations, which expired on November 21, 2020. (Public Resources Code § 21167).

Under California's "reverse validation" statute, any action seeking to challenge the District's proceedings to authorize execution of the Repayment Contract would be barred by the 60-day statute of limitations in California Code of Civil Procedure sections 860 and 863. (*California Commerce Casino, Inc. v. Schwarzenegger*, 146 Cal.App.4th 1406, 1420 (2007)). Moreover, there is a history of nearly 60 years between the United States and the District, which reflects the District's ability and commitment to satisfy its contractual obligations to the United States. For these reasons it appears that the United States' interest served by the requirement for a validation judgment have largely been satisfied.

The purpose of this letter is to request that you confirm the District's understanding that its inability to obtain a validation judgment does not render the Repayment Contract void. Indeed, the United States Court of Appeals for the Eighth Circuit addressed this issue in *Concerned Irrigators v. Belle Fourche Irrigation Dist.*, 235 F.3d 1139 (8th Cir., 2001):

> Federal law gives the United States authority to enter into repayment contracts with irrigation districts, but specifies that these contracts are not "binding on the United States until the proceedings on the part of the district for the authorization of the execution of the contract with the United States shall have been confirmed by decree of a court of competent jurisdiction, or pending appellate action if ground for appeal be laid." 43 U.S.C. § 511 (1994). Even if the United States is not bound by the … contract because it was not judicially confirmed, the contract is not necessarily invalid. Cf. Restatement (Second) of Contracts § 7 & cmt. a (1979) (where a party has the power to avoid the legal relations created by a contract, that contract is voidable but not void). There is no evidence that the United States has ever attempted to escape any obligation created by the contract. The lack of judicial confirmation does not invalidate the … contract.

(*Id.* at 1144.)

The District intends to diligently prosecute its validation action upon the reopening of the California courts, and the District is confident it will obtain a final decree confirming the proceedings on its part for the authorization of the execution of the Repayment Contract. However, like the circumstances considered by the Court of Appeals in *Concerned Irrigators*, it is the District's understanding the Repayment Contract will control the rights and obligations of the United States

Ernest Conant, Regional Director
Interior Region 10: California-Great Basin
Bureau of Reclamation
Page 3


and the District after its effective date, June 1, 2020, notwithstanding the District inability to obtain a final decree confirming its proceedings to authorize the execution of this Repayment Contract.

In addition, because many other Central Valley Project contractors that converted their agricultural water service contracts to repayment contracts are likely facing the same challenges in obtaining a final decree confirming their proceedings to authorize the execution of their repayment contracts, Reclamation may want to confirm that their repayment contracts will control the rights and obligations of the United States and the contractors notwithstanding their failure to obtain a validation judgment.

If you have questions concerning this request, please contact me at your convenience.

Very truly yours,

*Thomas W. Birmingham*

Thomas W. Birmingham
General Manager


cc:   Amy Aufdemberge, Assistant Regional Solicitor