CYNTHIA J. LARSEN (SBN 123994)
clarsen@orrick.com
JUSTIN GIOVANNETTONE (SBN 293794)
jgiovannettone@orrick.com
MARK C. SMITH (SBN 319003)
mark.smith@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

Attorneys for Proposed Intervenor-Defendant
Westlands Water District

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>              Plaintiff,<br><br>   v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; BRENDA BURMAN, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>              Defendants. | Case No. 1:20-cv-01814-JLT-EPG<br><br>**WESTLANDS WATER DISTRICT'S NOTICE OF MOTION AND MOTION TO INTERVENE AS DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: December 23, 2022[1]<br>Time: 9:00 a.m.<br>Courtroom: 4 – 7th Floor, Fresno<br>Judge: Hon. Jennifer L. Thurston<br><br>Trial Date: None<br>Action Filed: August 13, 2020 |

---

[1] Westlands Water District recognizes that due to the ongoing lack of judicial resources, the Court is routinely taking motions under submission without oral argument. Westlands believes no oral argument is necessary for the Court's decision on this motion.

**NOTICE OF MOTION AND MOTION TO INTERVENE**

TO THE COURT AND ALL PARTIES HEREIN:

PLEASE TAKE NOTICE THAT on December 23, 2022 at 9:00 a.m. in Courtroom 4, before Judge Jennifer L. Thurston, Westlands Water District ("Westlands" or "Intervenor") will, and hereby does, re-notice its motion for an order allowing it to intervene as of right or, in the alternative, permissively, as a defendant in the above-entitled action.[2]

Westlands moved to intervene almost two years ago. Westlands now respectfully requests that its right to intervene be recognized without delay so that it can protect its legal interests in contracts that Plaintiff has expressly attacked in this lawsuit. Westlands is already a defendant in two cases related to this action, where the plaintiffs, like Plaintiff here, seek to invalidate contracts between the United States Bureau of Reclamation ("Reclamation") and Central Valley Project ("CVP") water contractors, including Westlands. *North Coast River Alliance, et al. v. Bernhardt, et al.,* E.D. Cal., No. 1:16-cv-00307-JLT-EPG ("*NCRA*"); *Center for Biological Diversity, et al. v. Bernhardt, et al.*, E.D. Cal., No. 1:20-cv-00706- JLT-EPG ("*CBD*"). The Court has already ruled in both of those cases that Westlands and other CVP water contractors whose contracts those plaintiffs seek to invalidate are necessary parties. *See NCRA*, Order Granting Motion to Compel Joinder of Absent Contractors, ECF No. 151, at 7-16; *CBD*, Order Granting Motion to Compel Joinder of Absent Contractors, ECF No. 23, at 3-12. For the same reasons the Court ordered joinder of CVP water contractors in those cases, Westlands should be granted intervention here.

---

[2] Westlands first moved to intervene in this action on December 14, 2020, when the case was still assigned to the Northern District of California. ECF No. 31. That intervention motion was not ruled upon before the case was transferred to this district. ECF No. 50. Westlands re-noticed its motion to intervene after the case was transferred. ECF No. 50. The existing parties did not oppose Westlands' intervention motion, ECF Nos. 56 and 57, but it was not ruled upon by the Court due to the ensuing 16-month stay of this action. After the stay was lifted, Westlands re-noticed its motion to intervene on August 24, 2022. ECF No. 92. Pursuant to the Court's September 6, 2022 Order, the re-noticed motion was stayed pending resolution of Plaintiff's intention to file an amended complaint. ECF No 96. On October 31, 2022, Plaintiff filed its amended complaint. ECF No. 97. Accordingly, Westlands is re-noticing its motion to intervene, which has been updated to address new allegations in Plaintiff's amended complaint.

Westlands' motion to intervene as of right is made pursuant to Federal Rule of Civil Procedure 24(a)[3] upon the ground that Westlands, as a party to water contracts that Plaintiff seeks to invalidate in this action, claims an interest relating to the property or transaction that is the subject matter of this action, and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest, which is not adequately represented by existing parties. Alternatively, this motion is made pursuant to Rule 24(b) upon the ground that Westlands has a claim or defense that shares with the main action a common question of law or fact.

This motion is based on this notice and motion, the accompanying memorandum, any subsequently filed supplemental memorandum and accompanying papers, and the pleadings, records and files in this action and such other matters as the Court may consider.

The undersigned counsel certifies that she has made efforts to meet and confer with counsel for the existing parties to discuss the substance of this motion and any potential resolution. Counsel for Defendants indicated they will not oppose this motion. Counsel for Plaintiff indicated it will oppose the motion.

Respectfully submitted,

Dated: November 18, 2022

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:         */s/ Cynthia J. Larsen*
               CYNTHIA J. LARSEN
     Attorneys for Westlands Water District

---

[3] All further Rule references are to the Federal Rules of Civil Procedure, unless otherwise indicated.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 7
II. BACKGROUND .................................................................................................... 8
III. ARGUMENT ........................................................................................................ 10
    A. Westlands Is Entitled To Intervene As A Matter Of Right Under Rule 24(A)(2) ............................................................................................... 11
        1. Westlands' Motion To Intervene Is Timely ............................................. 11
        2. Westlands Has A "Significant Protectable" Interest Relating To The Property Or Transaction Which Is The Subject Of The Action ................ 12
        3. Westlands' Interests May Be Impaired Or Impeded If Intervention Is Not Permitted ........................................................................................ 15
        4. Westlands' Interests Are Not Adequately Represented In The Present Lawsuit .................................................................................... 17
    B. In The Alternative, The Court Should Allow Permissive Intervention by Westlands Under Rule 24(b) ................................................................. 19
IV. CONCLUSION ..................................................................................................... 19

-4-

Case No. 1:20-cv-01814-JLT-EPG
Notice of Mot., Mot., and Memo. P&A
ISO Mot. To Intervene

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Center for Biological Diversity, et al. v. Bernhardt, et al.*,
  E.D. Cal., No. 1:20-cv-00706- JLT-EPG ................................................................... *passim*

*Concerned Irrigators v. Belle Fourche Irrigation District*,
  235 F.3d 1139 (8th Cir. 2001) .................................................................................. 15

*Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*,
  276 F.3d 1150 (9th Cir. 2002) ............................................................................ 15, 16

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) .................................................................................... 13

*Fed. Sav. and Loans Ins. Corp. v. Falls Chase Special Taxing Dist.*,
  983 F.2d 211 (11th Cir. 1993) .................................................................................. 11

*Kleissler v. United States Forest Service*,
  157 F.3d 964 (3rd Cir. 1998) .................................................................................... 14

*Natural Resources Defense Council v. Kempthorne*,
  539 F. Supp. 2d 1155 (E.D. Cal. 2008) ........................................................ 16, 18, 19

*Nikon Corp. v. ASM Lithography*,
  222 F.R.D. 647 (N.D. Cal. 2004) ............................................................................. 13

*North Coast River Alliance, et al. v. Bernhardt, et al.*,
  E.D. Cal., No. 1:16-cv-00307-JLT-EPG .................................................................. *passim*

*Northwest Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ................................................................................ 12, 19

*Shermoen v. United States*,
  982 F.2d 1312 (9th Cir. 1992) .................................................................................. 18

*Sierra Club v. United States Environmental Protection Agency*,
  995 F.2d 1478 (9th Cir. 1993) .................................................................................. 17

*Smith v. Pangilinan*,
  651 F.2d 1320 (9th Cir. 1981) .................................................................................. 13

*Southwest Ctr. for Biological Diversity v. Babbitt*,
  150 F.3d 1152 (9th Cir. 1998) .................................................................................. 18

*Southwest Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ................................................................... 14, 17, 18, 19

*Trbovich v. United Mine Workers of America*,
  404 U.S. 528 (1972) .................................................................................... 17, 18, 19

*Tweedle v. State Farm Fire & Cas. Co.*,
  527 F.3d 664 (8th Cir. 2008) ................................................................................. 11

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) ........................................................................... 12, 13

*United States v. City of Los Angeles*,
  288 F.3d 391 (9th Cir. 2002) ................................................................................. 14

*Waller v. Financial Corp. of America*,
  828 F.2d 579 (9th Cir. 1987) ................................................................................. 11

*Wilderness Society v. United States Forest Service*,
  630 F.3d 1173 (9th Cir. 2011) ..................................................................... 12, 13, 14

*Yniguez v. Arizona*,
  939 F.2d 727 (9th Cir. 1991) ................................................................................. 17

**Statutes**

5 U.S.C. § 501 ................................................................................................................ 8

42 U.S.C. § 4321 ........................................................................................................... 8

Administrative Procedure Act ...................................................................................... 8

Endangered Species Act ........................................................................................ 14, 16

National Environmental Policy Act ............................................................... 8, 13, 14, 15

Pub. L. No. 114-322, 130 Stat. 1628 (2016) ................................................................ 8

Reclamation Reform Act of 1982, § 213 ................................................................. 9, 10

Water Infrastructure Improvements for the Nation Act ................................ 8, 9, 10, 15

**Other Authorities**

Bureau of Reclamation Website, "Conversion Contracts," Contract No. 14-06-200-
  7823J-LTR1-P, https://www.usbr.gov/mp/wiin-act/negotiated-conversion-
  contracts.html ....................................................................................................... 10

Fed. R. Civ. P. 15 ........................................................................................................ 11

Fed. R. Civ. P. 19 ......................................................................................... 15, 16, 17

Fed. R. Civ. P. 24 ................................................................................................ *passim*

I.      **<u>INTRODUCTION</u>**

Westlands is entitled under Rule 24(a) of the Federal Rules of Civil Procedure to intervene as of right in this lawsuit because this suit seeks to invalidate repayment contracts between the United States and Westlands, which were negotiated by Westlands and Reclamation pursuant to the Water Infrastructure Improvements for the Nation ("WIIN") Act, Pub. L. No. 114-322, 130 Stat. 1628 (2016) ("Repayment Contracts").[4]  There can be no question that the resolution of Plaintiff's claims without Westlands' full participation as a party would "impair or impede [Westlands'] ability to protect its interests" in those contracts and that the existing defendants cannot adequately protect Westlands' contractual interests.  *See* FED. R. CIV. P. 24 (a)(2).  As a result of this, Westlands and other CVP contractors have been held to be necessary parties in two related Eastern District of California lawsuits that challenge the same contracts on grounds nearly identical to those raised in this action.  *NCRA*, ECF No. 151, at 7-16; *CBD*, ECF No. 23, at 3-12.  For purposes of the intervention analysis, these related cases are indistinguishable from the present action and directly support Westlands' intervention here.

Specifically, in its First Amended and Supplemental Complaint ("FASC"), Plaintiff seeks both declaratory and injunctive relief against defendants Reclamation, Secretary of the Interior Debra Haaland, Reclamation Commissioner Maria Touton, Reclamation's California-Great Basin Regional Director Ernest Conant, and the United States Department of the Interior (collectively, "Federal Defendants").  The FASC's Second Claim for Relief, which remains essentially unchanged from the original complaint, alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq*.  This claim is virtually identical to the NEPA and APA claims filed by plaintiffs in the related *NCRA* and *CBD* cases.  *See* Notice of Related Case, ECF No. 10.  As in the *NCRA* and *CBD* cases, Plaintiff seeks, through this Claim and others, an order to "[v]acate, set aside, rescind, and nullify" the repayment contracts, including Westlands' Repayment Contracts.

---

[4] In addition to the contract between Reclamation and Westlands identified in Plaintiff's amended complaint (14-06-200-495A-IR1-P), Westlands is a party to another repayment contract with Reclamation involving a partial assignment of water rights to Westlands from Oro Loma Water District (14-06-200-7823J-LTR1-P).

FASC, at 58 (Prayer for Relief), ¶ D. Thus, even prior to Plaintiff's FASC, which added eight new claims, Westlands had a substantial interest in the outcome of this action that it cannot protect without being made a party.

Westlands has waited two years for a ruling on its motion and its interest in this action is only heightened by the newly filed FASC. Plaintiff's new Sixth Claim for Relief expressly targets a specific Westlands contract, No. 14-06-200-495A- IR1-P, and seeks to have it declared "void and unenforceable." *Id.*, ¶ 137; *see also id.* at 58 (Prayer for Relief), ¶ E. Additionally, several of Plaintiff's other new claims seek to force Reclamation to levy additional costs on Westlands and other CVP contractors of "at least $350,872,120.00." *See* FASC, Third and Fourth Claims for Relief. Westlands has a clear interest in the adjudication of these and Plaintiff's other new claims added to the FASC. *See, e.g.,* Seventh Claim for Relief, ¶ 173 (seeking "a declaration that the Westlands' contract is not binding on the United States.").

As a contracting party with Reclamation under contracts Plaintiff seeks to "[v]acate, set aside, rescind, and nullify," Westlands "claim[s] an interest relating to the property or transaction that is the subject of the action" under Rule 24. The disposition of the action in Westlands' absence would substantially impair Westlands' ability to protect its interests and these interests cannot be fully represented by Federal Defendants. *See* FED. R. CIV. P. 24(a)(2). Thus, Westlands satisfies all requirements for intervention as of right. Alternatively, the Court should exercise its discretion to allow permissive intervention of Westlands pursuant to Rule 24(b).

## II. BACKGROUND

Enacted in December 2016, the WIIN Act addressed a number of water infrastructure issues across the country. Most pertinent to this case, section 4011 of the WIIN Act directed that, upon the request of any water service contractor, "the Secretary of the Interior shall convert" the contractor's water service contract to a repayment contract.[5] Congress made clear that all CVP

---

[5] Congress directed Reclamation to include in each repayment contract a provision that requires the CVP water contractors to prepay construction costs that otherwise would have been repaid to Reclamation over an extended period of time. *See* WIIN Act, § 4011(a). Upon repayment of a contractor's obligation for construction costs of the CVP, subsections (a) and (b) of section 213 of the Reclamation Reform Act of 1982 (96 Stat. 1269) becomes applicable to lands within the

water service contracts so converted shall "continue so long as the contractor pays applicable charges, consistent with section 9(d) [and section 9(c)(1)] of the Act of August 4, 1939 (53 Stat. 1195), and applicable law." WIIN Act, §§ 4011(a)(2)(D), 4011(a)(3)(C).

In February 2020, Reclamation and Westlands executed its principal Repayment Contract, with an effective date of June 1, 2020,[6] which converted Westlands' interim renewal contract into a Repayment Contract pursuant to the WIIN Act. *See* Bureau of Reclamation Website, "Conversion Contracts," *available at* https://www.usbr.gov/mp/wiin-act/negotiated-conversion-contracts.html (last visited November 8, 2022). While Reclamation continued its effort to convert other water service contracts, Plaintiff filed this lawsuit seeking to enjoin Reclamation's effort to enter into further repayment contracts and to rescind the repayment contracts previously entered. *See* Compl., ECF No. 1, ¶ 2.

Following Plaintiff's institution of this lawsuit in August 2020, Federal Defendants filed a Motion to Transfer the action from the Northern District to the Eastern District, ECF No. 14, and a Motion to Dismiss, ECF No. 19. Federal Defendants' Motion to Dismiss argued, in part, that Plaintiff failed to join CVP water contractors, who are necessary parties in this action. *Id.*, at 16-18. Westlands moved to intervene in the action on December 14, 2020. Before Westlands' intervention motion was ruled upon, the Northern District Court granted Federal Defendants' Motion to Transfer, ECF No. 32, and the action was reassigned to this Court pursuant to an Order of Related Cases on December 30, 2020, ECF No. 37. Federal Defendant's Motion to Dismiss was never ruled upon. After it became clear that Plaintiff intended to amend its complaint, the parties agreed to propose a separate briefing schedule for a motion to dismiss the amended complaint. ECF No. 90, at 4.

---

contractor's service area, which in turn provides relief from the acreage and full cost limitations of federal reclamation law. *See* WIIN Act, § 4011(c)(1), Reclamation Reform Act of 1982, § 213.

[6] The Oro Loma Contract (14-06-200-7823J-LTR1-P) was executed in September 2020, with and effective date of October 1, 2020. *See* Bureau of Reclamation Website, "Conversion Contracts," Contract No. 14-06-200-7823J-LTR1-P, *available at* https://www.usbr.gov/mp/wiin-act/negotiated-conversion-contracts.html (last visited November 8, 2022).

On March 4, 2021, the Court issued a Minute Order directing, in part, that Westlands re-notice its Motion to Intervene (ECF No. 46), which it did on March 17, 2021 (ECF No. 50). The motion was unopposed. ECF Nos. 56 and 57. On March 12, 2021, Federal Defendants moved to stay this case to give the new administration time to determine whether to re-notice the pending motion to dismiss. ECF No. 47. The Court granted the motion, which Plaintiff did not oppose, staying the case on March 15, 2021. ECF No. 48. On February 2, 2022, the Court terminated Westlands' pending motion to intervene in light of the ongoing stay and stated that Westlands "may re-notice the motion if the stay is lifted." ECF No. 79. The Court granted four additional requests by the parties to continue the stay to allow the parties to engage in settlement discussions, ECF Nos. 73, 77, 81, 86, but the parties were unable to reach agreement. ECF No. 87. The Court lifted the stay on July 26, 2022. ECF No. 89.

On August 24, 2022, Westlands re-noticed its motion to intervene. ECF No. 92. On September 6, 2022, the Court stayed briefing on Westlands' re-noticed motion, stating in pertinent part: "If Plaintiff is granted leave to file an amended complaint, Westlands has 28 days from the order granting leave to file an amended complaint to file or re-notice its motion to intervene." ECF No 96 at 2. Plaintiff did not request leave to amend its complaint, but on October 31, 2022, filed the FASC and represented that it had obtained written consent from Federal Defendants to amend its complaint pursuant to Rule 15(a)(2).[7] ECF No. 97, at 1. This motion followed.

### III. ARGUMENT

Rule 24, which governs intervention, "traditionally has received a liberal construction in favor of applications for intervention." *Waller v. Financial Corp. of America*, 828 F.2d 579, 582 (9th Cir. 1987) (citations omitted); *Fed. Sav. and Loans Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("Rule 24 should be liberally construed with all doubts resolved in favor of

---

[7] Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

the proposed intervenor.") (citation omitted). Rule 24(a) sets forth the requirements for intervention as of right:

> On timely motion, the court *must* permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2) (emphasis added). Further, Rule 24(b) permits permissive intervention on timely notice to anyone with "a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). As explained below, Westlands satisfies the requirements of both Rule 24(a)(2) and Rule 24(b)(1)(B).

### A. Westlands Is Entitled To Intervene As A Matter Of Right Under Rule 24(A)(2)

Generally, motions to intervene as a matter of right pursuant to Rule 24(a)(2) are reviewed under the following four-part test:

1) the motion must be timely;
2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
4) the applicant's interest may be inadequately represented by the parties to the action.

*Wilderness Society v. United States Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011); *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). As explained below, Westlands clearly satisfies each element of the test.

### 1. Westlands' Motion To Intervene Is Timely

Westlands' motion to intervene is timely given the relatively early stage of this proceeding, the over-16 month stay of this case that delayed a ruling on Westlands' prior intervention motion, and the complete lack of prejudice to other parties from Westlands' proposed intervention. "Timeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). In determining whether a motion to intervene is timely, courts weigh three factors: (1) the stage of

the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Id.*

As noted, this case was filed on August 13, 2020, but was transferred from the Northern District to this district and then was stayed for over 16 months. Since the case was filed, Westlands has filed two motions to intervene, including its initial motion in the Northern District in December 2020 (ECF No. 31) and its second motion in this Court in March 2021 (ECF No. 50). Westlands filed a renewed notice of that motion in August 2022 (ECF No. 92). Thus, Westlands has diligently pursued intervention in this case and the extended period during which Westlands has remained a non-party is not based on any delay by Westlands. Further, no responsive pleadings have yet been filed. Therefore, Plaintiff can make no viable claim of prejudice based on the proposed intervention. *See, e.g.*, *Nikon Corp. v. ASM Lithography*, 222 F.R.D. 647, 649 (N.D. Cal. 2004) ("The fact that Zeiss's intervention will cause very little (if any) prejudice to Nikon only supports a finding of timeliness"). Based on these factors, the motion to intervene is timely.

### 2. Westlands Has A "Significant Protectable" Interest Relating To The Property Or Transaction Which Is The Subject Of The Action

The focus of a Rule 24 inquiry is whether the intervenor has a "'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). These requirements are clearly met by Westlands here.

The Ninth Circuit has held that intervention as of right under Rule 24(a) is available to both private parties and government entities in NEPA suits against a federal agency, reversing prior limitations on such intervention. In *Wilderness Society v. United States Forest Service*, 630 F.3d 1173 (9th Cir. 2011), the Ninth Circuit reversed the district court's denial of an application

by groups representing motorized vehicle users to intervene in a NEPA suit challenging the Forest Service's adoption of a plan designating roads for motorized vehicle use. Noting that it "construe[s] the Rule 'broadly in favor of proposed intervenors,'" the Ninth Circuit remanded the case for reconsideration in light of its ruling that intervention is available in NEPA suits. *Id*. at 1179 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). The Ninth Circuit recognized "the very real possibility that private parties seeking to intervene in NEPA cases may, in certain circumstances, demonstrate an interest 'protectable under some law,' and a relationship between that interest and the claims at issue." *Wilderness Society*, 630 F.3d at 1179.

In defining what constitutes a "protectable interest," the Ninth Circuit has held that "contract rights are traditionally protectable interests" sufficient to support intervention of right. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("*Southwest*"). In *Southwest*, an Endangered Species Act suit challenged the process by which federal agencies entered into a contract with the City of San Diego, claiming that the federal agencies failed to comply with statutory-mandated procedures prior to entering into a contract with a municipality. *Id.* at 816. The court held that even private developers' status as third-party beneficiaries of the contract was a protectable right and allowed the developers to intervene. *Id.* at 822; *see also Kleissler v. United States Forest Service*, 157 F.3d 964, 972 (3rd Cir. 1998) (allowing intervention of right by the contracting timber companies because the companies' contract rights gave them "direct and substantial interests in a lawsuit aimed at halting logging.").

Here, Westlands has a "significant protectable interest" in the Repayment Contracts, which are expressly at issue in this case. *See* FASC, ¶ 3 ("Hoopa further seeks an order and judgment setting aside, declaring invalid, and rescinding Reclamation's conversions of time-limited [CVP] renewal contracts into permanent repayment contracts with water contractors (including but not limited to Westlands Water District Contract No. 14-06-200-495A-IR1-P).")). Under the challenged Repayment Contracts, Reclamation is obligated to make available to Westlands up to nearly 1,200,000 acre-feet of CVP water annually. *Id.*, ¶ 88 (noting that Contract

No. 14-06-200-495A-IRI-P entitles Westlands to 1,150,000 acre-feet per year); *see also id.*, Ex. 12, *CBD* Statement of Undisputed Facts (listing CVP contractors' entitlements to water under various repayment contracts). Further, as this Court found under its related Rule 19 analysis in the *CBD* and *NCRA* cases,

> the WIIN Act [repayment contracts] are "repayment" contracts that, unlike "water service" contracts, allow contractors to prepay the repayment obligation imposed by Reclamation law, which in turn can reduce annual payments to Reclamation; these contracts also provide significant opportunities for relief from certain other requirements of Reclamation law, including acreage limitations. 2021 WL 600952 [*CBD*, Order Granting Motion to Compel Joinder] at *6 (citing WIIN Act, Pub. L. No. 114-322 § 4011(a), (c)(1), 130 Stat. at 1878–80). These bargained-for terms are no less "fundamental" than the lease terms designed to ensure employment opportunities and income for Navajo Nation members at issue in *Dawavendewa* [*v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002)].

*NCRA*, Order Granting Motion to Compel Joinder, ECF No. 151, at 11. The significant protectable interest is reinforced by the new claims Plaintiff makes in the FASC. Through those new claims, Plaintiff seeks to force Reclamation to levy additional costs on Westlands and other CVP contractors of "at least $350,872,120.00." See FASC, Third and Fourth Claims for Relief. Westlands has a clear interest in the adjudication of these and Plaintiff's other new claims added to the FASC. *See, e.g.*, Seventh Claim for Relief, ¶ 173 (seeking "a declaration that the Westlands' contract is not binding on the United States.").

    The Court's conclusion in *NCRA* that Westlands and other CVP contractors have a "legally protected interest" is particularly apt here because, like Plaintiff in this case, the *NCRA* plaintiffs are challenging the very same contracts not only under the CVPIA, NEPA, and the APA, but also on grounds that the contracts have not been validated by a state court. The Court expressly rejected the *NCRA* plaintiffs' argument that CVP contractors whose contracts were not validated lacked a "legally protected interest" because the repayment contracts are allegedly not binding on Reclamation. *Id.* at 11-13 ("The holding in *Concerned Irrigators* [*v. Belle Fourche Irrigation District*, 235 F.3d 1139 (8th Cir. 2001)] therefore supports a finding that the WIIN Act [repayment contracts] can create legal rights even in the absence of judicial confirmation.")[8]

---

[8] The same argument was made, and rejected, in the *CBD* case. *CBD* ECF No. 23, at 8-10.

Thus, Westlands' rights, directly threatened by Plaintiff's effort to "[v]acate, set aside, rescind, and nullify" the Repayment Contracts, constitute "significant protectable" interests under Ninth Circuit precedent.

### 3. Westlands' Interests May Be Impaired Or Impeded If Intervention Is Not Permitted

Westlands must be a party to this case in order to protect its interests because Plaintiff has asked the Court to rescind, nullify, and declare void Westlands' Repayment Contracts (among others), enjoin Federal Defendants from taking any action pursuant to the contracts, and allocate millions of dollars in costs to Westlands and other CVP contractors. FASC, at 58-59 (Prayer for Relief). If the Court grants Plaintiff any of its requested relief, Westlands could lose the significant benefits conferred to it under Repayment Contracts and suffer financial costs. If it is not a party to this suit, Westlands' ability to protect its interests, at the trial or appellate level, may well be foreclosed, as both a practical and legal matter.

The potential impairment of Westlands' interest was expressly recognized in *CBD* and *NCRA* in this Court analysis of the similarly worded standard for impaired or impeded interests under Rule 19.[9] Citing the unique benefits made available to CVP contractors under the Repayment Contracts, the Court in *CBD* explained that "the benefit of those bargained-for terms unique to a repayment contract could be 'grievously impaired' if, as a result of this case, the court were to 'set aside' those repayment contracts." *CBD,* ECF No. 23 at 10 (citing *Dawavendewa*, 276 F.3d at 1157); *see also NCRA*, ECF No. 151 at 14 (same). Since Plaintiff, like the plaintiffs in *CBD* and *NCRA*, also seeks to "set aside" (and vacate, rescind, nullify, and declare void) the Repayment Contracts, the same logic applies to support Westlands' intervention here.

Indeed, the Court in *CBD* and *NCRA* recognized the long line of Ninth Circuit cases that

---

[9] *Compare* Rule 19(a)(1) (requiring joinder of a person if "(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest . . . .") *with* Rule 24(a) (requiring intervention of right to a person who "(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. . . .").

"stand for the general principle that 'a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract'" *CBD*, ECF No. 23 at 5 (quoting *Dawavendewa*, 276 F.3d at 1157); *NCRA*, ECF No. 151 at 9 (quoting the same from *CBD*, ECF No. 23). Further, *Natural Resources Defense Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1183 (E.D. Cal. 2008) ("*Kempthorne*"), also cited by the Court in *CBD* and *NCRA*, reaffirmed this principle by holding that absent water contractors were necessary parties to a lawsuit challenging administrative compliance by Reclamation with the Endangered Species Act prior to entering into water supply contracts. *Kempthorne* noted that "it is well-settled that in an action to set aside a contract, all parties to the contract must be present." *Kempthorne*, 539 F. Supp. 2d at 1185.

Not surprisingly, Ninth Circuit law regarding impaired or impeded interests in the context of Rule 24 intervention is consistent with that of Rule 19 joinder. For instance, in *Southwest*, the court held that "for the projects […] in the pipeline for design and mitigation assurances and approval pursuant to the IA [Implementation Agreement], an invalidation of the IA would both legally and practically affect Applicants' interests." *Southwest*, 268 F.3d at 822 (observing that the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'") (internal citation omitted). Likewise, in *Sierra Club v. United States Environmental Protection Agency*, 995 F.2d 1478 (9th Cir. 1993), a suit seeking to modify the terms of a city's water treatment permits, the Ninth Circuit held that "the relief sought in Sierra Club's lawsuit would necessarily 'result in practical impairment of the [City's] interests.'" *Id*. at 1486 (quoting *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991)). In the same way that the suits in *Southwest* and *Sierra Club* threatened to impair or impede the applicants' interests in challenged contracts, so too does the FASC threaten to impair Westlands' interests by seeking to "[v]acate, set aside, rescind, and nullify" its Repayment Contracts.

Thus, exclusion of Westlands from this action "may as a practical matter impair or impede" its ability its interest in the Repayment Contracts.

### 4. Westlands' Interests Are Not Adequately Represented In The Present Lawsuit

Federal Defendants cannot adequately represent Westlands' interests in the action. The Supreme Court has held that the inadequate representation requirement "is satisfied if the [proposed intervenor] shows that the representation of his interest '*may be*' inadequate" and that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). As the Supreme Court observed in *Trbovich*, federal agencies are invested with the obligation of protecting "vital public interest[s]," in that case, free and democratic union elections. *Id*. at 539. In *Trbovich*, the issue was whether a union member's interest was adequately represented by the Secretary of Labor in a suit by the Department of Labor challenging a union election. The Supreme Court cited the obligation of the agency to also protect the wider public interest. As a result, the proposed private party intervenor and the federal agency could not be assured of approaching the litigation in the same way, because the federal agency's interest "transcends the narrower interest of the complaining union member." *Id*. (citation omitted). The same is true here.

This Court easily concluded in *CBD* and *NCRA* that the potential impairment of the CVP contractors' interests in those actions could not be "adequately represented" by the existing defendants in those suits. *CBD*, ECF No. 23, at 11; *NCRA*, ECF No. 151, at 14-15. As the Court recognized, the Ninth Circuit uses the following three step inquiry to determine if a non-party is adequately represented by existing parties:

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998) (citing *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)).

Consistent with *Trbovich*, the Ninth Circuit explained in *Southwest* that the current representation of parties should be determined to be inadequate under Rule 24 where the applicants' interests and that of the existing defendants "may diverge," and "because of the difference in interests, it is likely that Defendants will not advance the same arguments as Applicants." *Southwest*, 268 F.3d at 824. Further describing how the federal government's interests diverge from other interests, the *Southwest* court described how "the priorities of the defending government agencies are not simply to confirm the Applicants' interests in the [contracts]," but are instead to represent all the interests of the general public – which may, at times, be adverse to those of the applicant. *Id*. at 823; *see also Kempthorne*, 539 F. Supp. 2d at 1187 ("[T]he Federal Defendants cannot adequately represent the interests of absent contractors because they represent the government and a broad set of interests that are not the same as public or private water contractors.")

Just as the federal agencies in *Trbovich, Southwest,* and *Kempthorne* did not adequately represent the interests of beneficiaries of federal contracts, and just as the Court found in *CBD NCRA* under circumstances that are indistinguishable from this case, Federal Defendants here cannot adequately represent Westlands' interests. Whereas Westlands is devoted to a single goal, *i.e.*, preserving its contractual rights under Repayment Contracts so it can continue to provide CVP water to its water users, Federal Defendants' interests are multi-faceted. Moreover, the Repayment Contracts that are the subject of Plaintiff's claims were the product of arms-length negotiations, and no one could reasonably assert that a party to a contract could be confident that the other party to that contract will adequately protect the first party's interest in an action like this one, where a third party is challenging the lawfulness or enforceability of the contract. Given the potential divergence of their interests, it cannot be said that Federal Defendants will "undoubtedly" make all the arguments that Westlands would make and thus the Ninth Circuit's criteria for adequate representation by an existing party is not satisfied. At best, Federal Defendants' representation "may be" adequate to protect Westlands' interest. According to Supreme Court precedent, this is not enough. *Trbovich*, 404 U.S. at 538 n.10.

Accordingly, Westlands' motion to intervene as of right should be granted.

### B. In The Alternative, The Court Should Allow Permissive Intervention by Westlands Under Rule 24(b)

In the alternative, the Court should exercise its discretion to allow Westlands to intervene pursuant to Rule 24(b)(1)(B). Permissive intervention is appropriate where the intervenor has a claim or defense that shares with the main action a common question of law or fact. *See Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Here, there can be no question that Westlands' defense of its Repayment Contracts shares common questions of law and fact with Plaintiff's claims to invalidate those same contracts. In addition, Westlands' defense of its contracts shares common questions of law and fact with the Federal Defendants' defense in this action.

## IV. CONCLUSION

For the foregoing reasons, Westlands respectfully requests that the Court grant its motion to intervene as a defendant in this action.

Dated: November 18, 2022

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Westlands Water District

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically filed WESTLANDS WATER DISTRICT'S NOTICE OF MOTION AND MOTION TO INTERVENE AS DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

                                            */s/ Cynthia J. Larsen*
                                            CYNTHIA J. LARSEN