Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:	206-386-5200
Fax:	206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>  Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO WESTLANDS WATER DISTRICT'S MOTION TO INTERVENE AS DEFENDANT<br><br>Hearing Date: December 23, 2022[1]<br>Time:     9:00 AM<br>Courtroom:    4 – 7th Floor, Fresno<br>Judge:     Hon. Jennifer L. Thurston<br><br>Trial Date: None<br>Action Filed: August 13, 2020 |

---

[1] On September 6, 2022, the Court set a briefing schedule relating to Westlands' motion to intervene, providing that responses to Westlands' motion to intervene are due 21 days after Westlands filed its motion, with Westlands' reply due 14 days after responses. ECF Dkt. #96. Westlands filed its motion to intervene on November 18, 2022; thus, pursuant to the Court's order (ECF Dkt. #96), responses are due December 9, 2022, and Westlands' reply is due December 23, 2022. Given this briefing schedule, it appears that the noting date of December 23, 2022, is in error and should be moved to a date no earlier than January 3, 2023.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - i

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| | A. Hoopa's Complaint. | 2 |
| | B. Relevant Procedural History re Westlands Intervention | 4 |
| III. | INTERVENTION STANDARDS | 5 |
| IV. | ARGUMENT | 7 |
| | A. The Court Should Deny Intervention of Right. Westlands Lacks a Sufficient Legally Protectable Interest Relating to this Action Because It Lacks Binding or Enforceable Contract Rights: Westlands' WIIN Act Contract Was Denied the Validation Required by Law and the WIIN Act Authorization Has Now Expired. | 7 |
| | 1. Westlands Lacks Enforceable Contract Rights Under Its WIIN Act Contract, Which Has Been Denied the Validation Required by Law. | 7 |
| | 2. Westlands Cannot Cure the Deficiencies in its WIIN Act Contract Because the WIIN Act Authorization Has Now Expired. | 11 |
| | 3. The Federal Defendants Adequately Represent Westlands In This Case. | 13 |
| | B. The Court Should Also Deny Permissive Intervention. | 13 |
| | C. Westlands Has Failed to Comply With FRCP 24(c). | 14 |
| V. | CONCLUSION | 15 |

**TABLE OF AUTHORITIES**

**Cases**

*Arakaki v. Cayetano*
　324 F.3d 1078 (9th Cir. 2003) .................................................................................. 13

*Barcellos & Wolfsen, Inc. v. Westlands Water Dist*
　491 F. Supp. 263, 265 n.1 (E.D. Cal. 1980) ............................................................. 12

*Center for Biological Diversity v. U.S. Bureau of Reclamation*
　2021 U.S. Dist. LEXIS 28671 (E.D. Cal., Feb. 16, 2021) ("CBD") ........................ 11

*Central Arizona Irrigation & Drainage Dist. v. Lujan*
　764 F. Supp. 582, (D. Ariz. 1991) ............................................................................ 12

*Coast Rivers All. v. United States DOI*
　2021 U.S. Dist. LEXIS 211046 (E.D. Cal., Nov. 1, 2021) ("NCRA") .................... 11

*Donnelly v. Glickman*
　159 F.3d 405, (9th Cir. 1998) ......................................................................... 11, 12, 14

*Peggy v. Schwarzenegger*
　630 F.3d 898, (9th Cir. 2011) ..................................................................................... 6

*Ranchers Cattlemen Legal Fund v. USDA*
　143 Fed. Appx. 751 (9th Cir. 2005) .......................................................................... 13

*Smith v. L.A. Unified Sch. Dist*
　822 F.3d 1065 (9th Cir. 2016) ..................................................................................... 6

*Southwest Ctr. for Biological Diversity v. Berg*
　268 F.3d 810, (9th Cir. 2001) ................................................................................ 7, 14

*Westlands Water District v. All Persons Interested*
　Case No. 19CECG03887, Fresno County Sup. Ct. Judgment (March 15, 2022) ...... 1

*Wilderness Soc. v. U.S. Forest Service*
　630 F.3d 1173 (9th Cir. 2011) ..................................................................................... 6

**Statutes**

43 U.S.C. § 511 ................................................................................................... 1, 7, 9, 12

Central Valley Project Improvement Act ("CVPIA")
　Pub Law No. 102-575, § 3404-3406, (1992) ............................................... 2, 3, 4, 14

National Environmental Policy Act ("NEPA") ............................................................ 3, 4

Omnibus Adjustment Act of 1926
　§46, 43 U.S.C. §423e ................................................................................................. 8

Public Law 114-322
　130 Stat. 1628, §4013 (December 16, 2016) ......................................................... 2, 7

**Other Authorities**

Moore's Federal Practice
 § 24.03 (3d. ed, 2018) ........................................................................................................ 11

**Rules**

California Code of Civil Procedure
 § 870, (a) ............................................................................................................................ 12

Federal Rules of Civil Procedure (FRCP)
 Rule 24 ........................................................................................................................ passim

## I. INTRODUCTION

Plaintiff Hoopa Valley Tribe hereby responds in opposition to Westlands Water District's (Westlands) Motion to Intervene as Defendant. ECF Dkt. #102.[2] Westlands is not entitled to intervene in this litigation pursuant to Federal Rule of Civil Procedure (FRCP) 24 because Westlands lacks binding or enforceable WIIN Act contract rights or other legally protected interests that could be impaired by this litigation.

Westlands bases its claim of intervention on purported rights in a WIIN Act contract (14-06-200-495A-IR1-P) with the Defendant United States Bureau of Reclamation (Reclamation) executed on February 28, 2020. However, Westlands' motion fails to report a series of judicial decisions in Fresno County Superior Court, dating from February 27, 2020, through final judgment on March 15, 2022, that repeatedly denied validation of Westlands' WIIN Act contract. The Court, in these decisions, denied validation due to fundamental deficiencies in the contract that prevented validation under California state law. *See* ECF Dkt #105-1 (*Westlands Water District v. All Persons Interested*, Case No. 19CECG03887, Judgment (March 15, 2022); Order (October 27, 2021)) (attached as Exhibit 1 to Declaration of Thane Somerville).

This affirmative denial of validation through state court judgment that, among other things, found the contract violated laws to protect the public interest, renders Westlands' WIIN Act contract non-binding and unenforceable against the United States. 43 U.S.C. § 511. Reclamation cannot cure the deficiencies in Westlands' WIIN Act contract through re-negotiation or amendment because the WIIN Act and Reclamation's conditional authorization to

---

[2] Hoopa previously filed a non-opposition (ECF Dkt. #56) to Westlands' first intervention motion, which was based on Hoopa's original complaint, before the Court administratively terminated that prior motion (ECF Dkt. #79). At that time, Hoopa was not fully apprised of the facts and legal developments bearing on intervention that Hoopa addresses in this opposition. Accordingly, Hoopa has changed its position to one of opposition to Westlands' current intervention motion, which addresses Hoopa's claims in its First Amended and Supplemental Complaint.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 1

make permanent repayment contracts expired on December 16, 2021. Public Law 114-322, 130 Stat. 1628, Section 4013 (December 16, 2016) (stating that Subtitle J of the WIIN Act, re California Water, would expire five years after its enactment). Reclamation denied Hoopa's repeated requests that Reclamation void and amend the contracts to conform with federal law prior to expiration of the WIIN Act. ECF Dkt ## 105-2; 105-3 (Declaration of Thane Somerville, Exhs. 2, 3).

Westlands lacks sufficient legally protectable rights or interests to support intervention in this litigation, in which Plaintiff challenges the United States' administrative approval of various permanent contracts pursuant to the WIIN Act. Here, Westlands' contract is not just *un*validated – rather, it has been affirmatively *denied* validation by multiple decisions and a final judgment of the California state court. *See* ECF Dkt. #105-1. Due to the decisions and final judgment denying validation and the expiration of WIIN Act authority, Westlands lacks a binding, enforceable contract with the United States pursuant to the WIIN Act. Thus, Westlands lacks legally protectable interests that could be impaired by this litigation and its motion to intervene must be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Hoopa's Complaint.

Hoopa Valley Tribe filed this suit on August 13, 2020. ECF Dkt. #1. It filed its First Amended Complaint with written consent of Defendants on October 31, 2022. ECF Dkt. #97. The Tribe's claims are solely against officials and agencies of the United States. *Id.* Hoopa alleges that the United States violated federal law by approving and entering into certain permanent water contracts without complying with Section 3404(c)(2) of the Central Valley Project Improvement Act ("CVPIA"), Public Law 102-575 (1992), which requires Reclamation to incorporate in the contracts federal trust responsibilities owed exclusively to Hoopa, recognition of delegated sovereignty rights to Hoopa, and related fishery restoration cost reimbursement obligations, all of which are established in CVPIA section 3406(b)(23). ECF

Dkt. #97, pp. 36 - 39.  Hoopa also alleges that Reclamation executed the contracts without complying with the National Environmental Policy Act ("NEPA").  ECF Dkt. #97, pp. 36 - 39. Hoopa further alleges that the United States violated other provisions of federal law fundamental to protection of the Trinity River and Hoopa's interests therein.  ECF Dkt. #97, pp. 39 - 57. None of these claims challenge actions of the contractors; rather, they only allege unlawful conduct of United States agencies and officials.  The named federal Defendants are the only necessary defendants.

Hoopa Valley Tribe is a sovereign federally recognized Indian tribe.  The Trinity River is the Klamath River's largest tributary and flows through the Hoopa Valley Reservation.  It is the source of the fishery from which Hoopa has benefited since time immemorial.  The Trinity River Division (TRD) of the Central Valley Project (CVP), located in the Trinity River Basin, directly impacts Hoopa's property rights that are held in federal trust and expressly protected by federal laws including the Law of the Trinity River, a body of statutes, regulations, and administrative court decisions intended to protect Hoopa and Trinity River resources from TRD/CVP impacts.

By means of the TRD, the United States Bureau of Reclamation diverts water away from the Hoopa Valley Reservation out of the Klamath-Trinity Basin and as much as 400 miles south into the Central Valley.  The TRD is the only CVP facility that exports water to the Central Valley.  The diverted water would otherwise flow downstream through the Hoopa Valley Reservation.

The federal government has repeatedly acted through statute, regulation, and agency action to protect and enforce Hoopa's rights in the Trinity River fishery from the impacts of Reclamation's TRD/CVP out-of-basin diversions.  Section 3404(c)(2) of the CVPIA states: "Upon renewal of any long-term repayment or water service contract providing for the delivery of water from the Central Valley Project, the Secretary shall incorporate all requirements imposed by existing law, including provisions of this title, within such renewed contracts.  The Secretary shall also administer all existing, new, and renewed contracts in conformance with the

requirements and goals of this title." Hoopa alleges that the federal Defendants failed to comply with CVPIA section 3404(c)(2) and other federal laws in their recent approvals of permanent water contracts pursuant to the WIIN Act. Hoopa alleges that the Defendants unlawfully failed to incorporate into the permanent WIIN Act contracts the requirements of law that protect Hoopa and the Trinity River from impacts of the TRD and CVP. Hoopa does not contend that Reclamation is barred from making water contracts; rather, Hoopa contends that the permanent WIIN Act contracts challenged in this case must conform with law expressly protecting Hoopa interests in Trinity River resources identified in the CVPIA and other federal law.[3] Hoopa also challenges the United States' approvals of the contracts on other grounds including the failure to prepare any environmental review under NEPA.

**B. Relevant Procedural History re Westlands Intervention**

Westlands initially filed its motion to intervene on December 14, 2020, while this case was still assigned to the Northern District of California. ECF Dkt. #31. On March 17, 2021, following transfer to this judicial district, Westlands re-filed its motion to intervene. ECF Dkt. #50. Litigation was stayed from August 31, 2021 through July 26, 2022 to facilitate settlement discussions between Plaintiff and Defendants, which discussions ultimately did not result in settlement. While litigation was stayed, on February 2, 2022, the Court administratively terminated Westlands' pending motion to intervene, stating that Westlands "may re-notice the motion if the stay is lifted." ECF Dkt. #89. On August 24, 2022, Westlands re-noticed its previously filed motion to intervene. ECF Dkt. ## 92 (re-notice); #50 (prior intervention motion). Briefing on that motion was stayed pending the filing of the Tribe's amended complaint. ECF Dkt. #96. Following the Tribe's filing of its amended complaint (ECF Dkt. #97), Westlands has again moved to intervene. ECF Dkt. #102.

---

[3] This litigation challenges only the permanent contracts entered into pursuant to the WIIN Act and not Westlands' interim renewal contracts which continue to provide the contractual opportunity to receive water regardless of the validity or existence of the WIIN Act contracts.

In all of its intervention documents, Westlands fails to mention the critical facts and legal developments that negate Westlands' ability to intervene. These facts and legal developments include: (1) the Fresno County Superior Court's February 27, 2020, Tentative Ruling to deny validation of Westlands' contract; (2) the Superior Court's March 16, 2020, Order adopting the Tentative Ruling as the order of the Court; (3) the Superior Court's October 27, 2021, Order adopting October 26, 2021 Tentative Ruling to deny Westlands' renewed motion for a validation judgment; and (4) the Superior Court's March 15, 2022, order, judgment, and decree dismissing Westlands' complaint for validation judgment.[4] *See* ECF Dkt. #105-1 (containing referenced orders and judgment). In addition, Reclamation's authority to contract pursuant to the WIN Act expired on December 16, 2021. Due to these changed circumstances, Westlands' motion to intervene should be denied.[5]

### III. INTERVENTION STANDARDS

The Ninth Circuit has adopted a four-part test for determining whether an applicant can intervene as of right pursuant to FRCP 24(a)(2):

(1) the application for intervention must be timely;

(2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action;

(3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and

---

[4] Westlands filed an appeal on April 15, 2022, which remains pending. *Westlands Water District v. County of San Joaquin et al.*, 5th Appellate District, Case Number F083632 (CON/F084202). The judgment denying validation remains effective pending appeal.

[5] Westlands motion represents that "Counsel for [the federal] Defendants indicated they will not oppose this motion [for intervention]." ECF Dkt. #102, p. 3. Westlands subsequently reported that federal Defendants "take no position" on the motion. ECF Dkt. #103. However, given that Westlands' motion does not address the facts and legal developments that, in Hoopa's view, negate Westlands' ability to intervene, the Court should call on the federal Defendants to respond in writing as to their effect on the federal Defendants' views on what law, if any, supports Westlands' claim of a legally protected interest in this case that justifies intervention.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 5

(4) the applicant's interest must not be adequately represented by existing parties to the action. *Smith v. L.A. Unified Sch. Dist.*, 822 F.3d 1065, 1074 (9th Cir. 2016); *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). If a proposed intervenor fails to establish any one of these requirements, the motion to intervene as of right must be denied. *Peggy v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (burden is on applicant for intervention; applicant's failure to satisfy any requirement is fatal to intervention). Here, Westlands lacks a significantly protectable interest; thus, elements (2) and (3) of the FRCP 24(a) intervention test cited above are not met, defeating Westlands' motion. In addition, Westlands is adequately represented by the federal Defendants in this case.

Pursuant to FRCP 24(b), an applicant may be granted permissive intervention if the applicant establishes that the motion is timely and that the applicant's claim or defense and the main action have a common question of law or fact. If these criteria are met by the applicant, the court must exercise its discretion to consider whether intervention will unduly delay or prejudice the adjudication of rights of the original parties. FRCP 24(b). Westlands fails to satisfy the criteria for permissive intervention. At this point, given Westlands' failure to comply with FRCP 24(c) (as discussed below), there is no evidence of any claim or defense that Westlands may share with the main action. In addition, Westlands' intervention would delay and prejudice Hoopa's adjudication of its claims, which are solely against the United States.

FRCP 24(c) requires that a motion to intervene must be accompanied by a pleading that sets out the claim or defense for which intervention is sought. The failure to attach the required pleading is improper and creates prejudice by making it impossible for the court and parties to evaluate and respond to the alleged basis for intervention. Here, Westlands failed to file the required pleading under FRCP 24(c), which provides independent grounds to deny intervention

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 6

## IV. ARGUMENT

**A. The Court Should Deny Intervention of Right. Westlands Lacks a Sufficient Legally Protectable Interest Relating to this Action Because It Lacks Binding or Enforceable Contract Rights: Westlands' WIIN Act Contract Was Denied the Validation Required by Law and the WIIN Act Authorization Has Now Expired.**

Westlands asserts that it is entitled to intervene as a party defendant because "contract rights are traditionally protectable interests" sufficient to support intervention of right. ECF Dkt. #102, p. 13, citing *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). In fact, Westlands' entire argument supporting intervention is based on a theory that it has enforceable contract rights that could be affected in this litigation. Westlands' motion omits critical facts and legal developments that belie its claim of a protected interest in a WIIN Act Contract. Westlands lacks enforceable WIIN Act contract rights because the Fresno County Superior Court denied Westlands' request for validation of its WIIN Act contract, rendering it non-binding and unenforceable against the United States. *See* ECF Dkt. #105-1 (*Westlands Water District v. All Persons Interested*, Case No. 19CECG03887, Judgment (March 15, 2022); Minute Order (October 27, 2021)). Moreover, Westlands cannot now correct the deficiencies in its contract because the WIIN Act authorization expired on December 16, 2021. *See* Public Law 114-322, 130 Stat. 1628, Section 4013 (December 16, 2016) (stating that Subtitle J of the WIIN Act, re California Water, would expire five years after its enactment). Due to these facts and legal developments, Westlands lacks binding, enforceable contract rights related to this action and is thus not entitled to intervene because it lacks a legally protectable interest that could be impaired by this litigation.

        1. <u>Westlands Lacks Enforceable Contract Rights Under Its WIIN Act Contract, Which Has Been Denied the Validation Required by Law.</u>

Since May 1922, federal law has required that federal water contracts be validated by state court decree. 43 U.S.C. § 511. Absent such required validation, water contracts are not binding on the United States and are thus unenforceable. *Id.* "[N]o contract with an irrigation district under [Title 43, §§ 511-513] shall be binding on the United States until the proceedings

on the part of the district for the authorization of the execution of the contract with the United States shall have been confirmed by decree of a court of competent jurisdiction, or pending appellate action if ground for appeal be laid." *Id.*

Similarly, Section 46 of the Omnibus Adjustment Act of 1926, codified at 43 U.S.C. § 423e, similarly requires that: "No water shall be delivered upon the completion of any new [Reclamation] project or new division of a project until a contract or contracts in form approved by the Secretary of the Interior shall have been made with an irrigation district or irrigation districts organized under State law . . ., and the execution of said contract or contracts shall have been confirmed by a decree of a court of competent jurisdiction." 43 U.S.C. § 423e.

Here, consistent with these century old requirements of federal law, Article 47 of Westlands' WIIN Act Contract No. 14-06-200-495A-IR1-P expressly requires validation and confirms that lack of validation renders the contract unenforceable against the United States:

> "Promptly after the execution of this amended Contract, the Contractor will provide to the Contracting Officer a certified copy of a final decree of a court of competent jurisdiction in the State of California, confirming the proceedings on the part of the Contractor for the authorization of the execution of this amended Contract. *This amended Contract shall not be binding on the United States until the Contractor secures a final decree.*"

See ECF Dkt. # 105-4 Somerville Declaration, Exh. 4 (emphasis added). Nearly three years have passed since contract execution; Westlands has plainly failed to "promptly" provide the Contracting Officer with evidence of validation, as required by Article 47. In fact, validation has been affirmatively denied by the state court. ECF Dkt #105-1.

Congress requires validation to protect the public interest in the development and distribution of the nation's water resources and to ensure that water from federal facilities is only delivered to districts with judicially confirmed authority. As explained by the Office of the Solicitor of the Department of the Interior: "[t]he Act of May 15, 1922 requires the judicial confirmation of contracts with irrigation districts as a measure of protection for the United States. This confirmation assures the validity of the contract by making sure the irrigation

district has complied with all state law requirements. . . . *Congress has required the proceeding to take place before the United States will be bound by the terms of the contract*." Memorandum of the Office of the Solicitor (July 9, 1984), pp. 1-2, citing Solicitor's Opinion, 71 Interior Decisions 496, 517-18 (1964) and 43 U.S.C. § 511 (emphasis added). ECF Dkt. #105-5 (Declaration of Thane Somerville, Exh. 5).

In recognition of this settled law and practice, Westlands Water District on October 25, 2019, filed a Complaint for Validation Judgment in Fresno County Superior Court seeking a court judgment validating Westlands' proposed WIIN Act contract with the United States. On March 16, 2020, Fresno County Superior Court Judge Simpson denied Westlands' request for validation, ruling that Westlands WIIN Act contract could not be validated under California law. Judge Simpson found the contract deficient and unlawful because the contract's "absence of the actual final [repayment] amount and payment schedule render the proposed contract lacking in material terms and incomplete" and the "validation statutes do not encompass judicial approval of incomplete contracts." ECF Dkt. 105-1, p. 12 (March 16, 2020 Minute Order, Section 4)). The Court ruled that validation of Westlands' WIIN Act contract was not possible because "the requested finding of compliance with the Brown Act [California Government Code 54950 et seq.] cannot be made." ECF Dkt. #105-1, pp. 12-13 (March 16, 2020 Minute Order, Section 5)).

Westlands subsequently filed a renewed motion for validation judgment. Due to Judge Simpson's retirement, this renewed motion was heard by Judge Tharpe of the Fresno County Superior Court. But the conclusion was the same. Judge Tharpe denied Westlands' renewed motion for validation judgment because Judge Tharpe found no new or different facts, circumstances, or law that would justify renewal of Westlands' validation motion. ECF Dkt. #105-1, pp. 16-20 (October 27, 2021 Minute Order)). Judge Tharpe found:

> "[n]one of plaintiff's purportedly new facts support the motion for renewal. . . . As Judge Simpson held, the contract considered by the Board in October 2019 was only a proposed, incomplete contract, because it lacked key terms like the final repayment price and the dates on which repayments would be due. . . . It was also uncertain and incomplete because the resolution adopted by the Board

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 9

> allowed the President of the Board, its General Manager, and its General Counsel to modify the agreement's terms after it had been approved by the Board. . . . The Board's <u>subsequent</u> resolution that the final contract was consistent with its earlier resolution does not cure these deficiencies, and does not create the type of new facts and circumstances that would justify renewal or reconsideration of the prior order."

ECF Dkt. #105-1, p. 18 (October 27, 2021, Minute Order, p. 4). Once again denying validation, Judge Tharpe concluded:

> "As discussed above, Westlands has failed to show that the court should reconsider or reject Judge Simpson's reasoning here. Therefore, as the court has already found that the [Westlands] Board's decision to approve and execute the contract was not the proper subject of a validation action, [the court] cannot now grant validation as to any portion of the Board's decision. As a result, the court intends to deny the renewed motion for a validation judgment, in its entirety."

ECF Dkt. #105-1, p. 20 (October 27, 2021, Minute Order, p. 6).

On March 15, 2022, based on the Court's prior orders of March 16, 2020 and October 27, 2021, the Fresno County Superior Court entered final judgment against Westlands, ordering that: "Plaintiff's Complaint for Validation Judgment is DISMISSED" and that "Plaintiff shall take nothing by its Complaint." ECF Dkt. #105-1, pp 5-6 (March 15, 2022 Judgment). Thus, Westlands has not only failed to obtain required validation of its WIIN Act contract, but it has affirmatively requested and been affirmatively denied validation by the Fresno County Superior Court in a final judgment due to the inherent and uncured deficiencies in its WIIN Act Contract.[6]

While Westlands asserts in its intervention motion that contract rights are protectable interests for intervention purposes, none of the cases that Westlands relies upon in its intervention motion involve a situation where a proposed-intervenors' asserted contract rights are rendered unenforceable and non-binding in a separate legal action prior to, or at the time of, the

---

[6] Westlands' appeal of the judgment denying validation remains pending in the California Court of Appeals. To the extent that this Court wants to know the outcome of the state court appeal before ruling on Westlands' current intervention motion, Plaintiff would not object to the Court's deferring ruling on Westlands' intervention motion until after the state court appellate decision. For the Court's information, Briefs of Respondents in the state validation appeal are attached as Exhibits 6 and 7 to the Declaration of Thane Somerville (ECF Dkt #105-6; 105-7.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 10

intervention motion. Thus, the cases cited in Westlands' intervention motion are distinguishable and do not support its intervention here. For intervention analysis, a "protectable" interest means "legally protectable." Moore's Federal Practice 3d. ed, § 24.03[2][a], citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Westlands cites no authority to support its claim that a non-binding and unenforceable contract creates a legally protectable interest that can support intervention under FRCP 24(a). A non-binding, unenforceable contract is not "legally protectable" and thus cannot support intervention.

Westlands also attempts to rely on the fact that it has been ordered joined as a defendant in two cases challenging the federal government's water contract approvals. *See N. Coast Rivers All. v. United States DOI*, 2021 U.S. Dist. LEXIS 211046 (E.D. Cal., Nov. 1, 2021) ("NCRA"); *Center for Biological Diversity v. U.S. Bureau of Reclamation*, 2021 U.S. Dist. LEXIS 28671 (E.D. Cal., Feb. 16, 2021) ("CBD"). However, the facts and legal developments addressed herein regarding Westlands' WIIN Act contract were not raised or at issue in those cases. Accordingly, those decisions cannot be a basis for Westlands' intervention in this case. Since those orders were issued, judgment has been entered against Westlands denying validation of its WIIN Act contract and the WIIN Act authorization has expired. Based upon all the facts, including those omitted by Westlands in its motion, Westlands has failed to establish a right to intervene. Westlands' motion to intervene must be denied.

      2. <u>Westlands Cannot Cure the Deficiencies in its WIIN Act Contract Because the WIIN Act Authorization Has Now Expired.</u>

The Fresno County Superior Court has entered judgment denying Westlands the required validation of its WIIN Act contract due to inherent and fundamental deficiencies in its contract that prevent validation under California state law. This affirmative denial of validation renders Westlands' WIIN Act contract invalid and unenforceable against the United States. *Central Arizona Irrigation & Drainage Dist. v. Lujan*, 764 F. Supp. 582, 593 (D. Ariz. 1991) ("Federal law requires that any contracts with the United States for the delivery of water from a

reclamation project will not be valid and binding on the federal government until after those contracts have been validated under the appropriate state proceedings."); *Barcellos & Wolfsen, Inc. v. Westlands Water Dist.*, 491 F. Supp. 263, 265 n.1 (E.D. Cal. 1980) (citing 43 U.S.C. § 511 for proposition that "no water shall be delivered pursuant to any contract entered into with an irrigation district until such contracts have been confirmed by a State court of competent jurisdiction").

Under California Code of Civil Procedure § 870, subsection (a), a final validation judgment is "binding and conclusive" as to "all matters therein adjudicated or which at that time could have been adjudicated. *See also Central Arizona Irrigation & Drainage Dist.*, 764 F. Supp. at 593-595 (final validation judgment was binding and res judicata against irrigation district, which barred subsequent suit by irrigation district regarding contract). Here, Westlands is affirmatively bound by the judgment that denies validation of its WIIN Act contract. *Id.*

In addition, Reclamation cannot cure the fundamental deficiencies in Westlands' WIIN Act contract through re-negotiation or amendment because the authorization to enter into permanent repayment contracts under the WIIN Act expired on December 16, 2021. Thus, Reclamation does not have authority to execute any new, revised, or amended WIIN Act contract with Westlands. Reclamation cannot now negotiate a valid or enforceable contract with Westlands pursuant to the WIIN Act because that legal authority has expired.

Westlands lacks the "legally protectable interest" that is required for intervention under FRCP 24(a)(2). *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("significant protectable interest" for purposes of intervention means "an interest that is protected under some law"). Here, Westlands purported interests in the WIIN Act contracts are expressly not supported or protected by any law; in fact, its interests are invalid and unenforceable under law and cannot support its intervention in this litigation.

### 3. The Federal Defendants Adequately Represent Westlands In This Case.

Because Westlands' WIIN Act contract is not binding or enforceable due to the denial of validation and expiration of the WIIN Act, Westlands has failed to meet multiple required elements of the intervention of right test. Intervention is also inappropriate because Westlands will be adequately represented by the federal Defendants in this proceeding. Westlands has the burden of proving inadequate representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003); *Ranchers Cattlemen Legal Fund v. USDA*, 143 Fed. Appx. 751, 754 (9th Cir. 2005). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy arises. . . . There is also an assumption of adequacy when the government and the applicant are on the same side. In the absence of a 'very compelling showing to the contrary,' it will be presumed that a [government defendant] adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086.

Here, Westlands is seeking to intervene on the same side as the United States and Westlands shares interests with the United States in defeating Plaintiff's suit. Westlands has not overcome the presumption of adequate representation. Westlands' principal argument regarding adequate representation is that the Court in the *CBD* and *NCRA* cases found that the United States was not a sufficiently adequate representative of Westlands. However, as noted above, both of those decisions do not account for the facts and legal developments that are unique to Westlands' WIIN Act contract. Lacking a binding, enforceable contract at issue in this case, any general interest that Westlands may have in this proceeding is adequately represented by the federal Defendants. The motion for intervention of right should be denied.

**B. The Court Should Also Deny Permissive Intervention.**

In the alternative, Westlands seeks permissive intervention pursuant to FRCP 24(b). FRCP 24(b) allows for permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact." Here, however, it is not possible for the parties or the Court to determine whether Westlands has a claim or defense that shares a

common question of law or fact with the main action because Westlands has improperly failed to comply with FRCP 24(c) which requires that a motion to intervene must be accompanied by a pleading that sets out the claim or defense for which intervention is sought. Absent the required pleading, which is plainly required by FRCP 24(c), there is no basis to grant permissive intervention as Westlands has not made known what claims or defenses that it may have. The only basis for permissive intervention asserted in the text of Westlands motion is its interest in defending its contracts; but as explained above, Westlands' WIIN Act contract is not valid or enforceable due to the Fresno County Superior Court's judgment denying validation.

Granting Westlands permissive intervention would also prejudice Hoopa's adjudication of this suit. Hoopa's claims are solely against the United States, who stands as a fiduciary and trustee to the Tribe. Hoopa does not contend that Westlands is barred from having a water contract; rather, Hoopa claims only that the United States must demand and include the terms and conditions protective of Hoopa's interests in CVP water contracts as required by CVPIA Section 3404(c)(2) and the Law of the Trinity River. This suit solely involves a dispute between the United States and its trust beneficiary, the Hoopa Valley Tribe, regarding the United States' legal obligations. Hoopa would be prejudiced by Westlands' participation in this suit against the United States as Hoopa would be forced to defend and respond to multiple briefs and potentially other motions and filings on collateral issues presented by Westlands, despite their lacking an interest "under some law." *Glickman*, 159 F.3d at 409. The Court should deny Westlands request for permissive intervention.

**C. Westlands Has Failed to Comply With FRCP 24(c).**

FRCP 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." In this Circuit a movant is required to make "well-pleaded, nonconclusory allegations in the motion to intervene, the proposed . . . answer in intervention, and declarations supporting the motion." *Berg*, 268 F.3d at 820. Westlands has made conclusory allegations in its motion that

are unsupported by a well-pleaded proposed answer, administrative record or declarations. *Berg* states further:

> District courts may often be able to determine whether a prima facie case is made out by reference to the proposed intervenor's papers alone; however, we do not foreclose consideration of the pleadings and affidavits of opponents to intervention, nor do we preclude district courts from holding a hearing when necessary to resolve ambiguities or conflicts. *See* 7C Wright, Miller, & Kane, *supra,* § 1914 (2d ed. 1986) ("Ordinarily there will be a hearing on the motion, at least if there is objection to the intervention from any party, but a hearing is not required if it is clear from the face of the application that the motion must be denied.").

*Id.* Westlands' failure to accompany its motion with a pleading that sets out the claim or defense for which intervention is sought is improper and creates prejudice by making it impossible for the court and parties to evaluate and respond to the alleged basis for intervention. Westlands failure in this regard provides independent grounds to deny intervention.

## V. CONCLUSION

Due to the decisions denying validation of Westlands' WIIN Act contract and the December 16, 2021 expiration of the Federal Defendants' contracting authority under the WIIN Act, Westlands does not have a legally protectable interest that could support intervention in this litigation. Nor, given its lack of a binding or enforceable WIIN Act contract, does it have any interest that could be impaired by this litigation. And Westlands is adequately represented by the federal Defendants. Due to these material facts and legal developments, Westlands' current motion to intervene must be denied in its entirety.

DATED this 9th day of December, 2022.

        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

        */s/ Thane D. Somerville*
        Thane D. Somerville WSBA #31468
        Thomas P. Schlosser WSBA #06276
        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
        811 First Avenue, Suite 218
        Seattle, WA 98104
        Tel: 206-386-5200/Fax: 206-386-7322
        t.somerville@msaj.com
        t.schlosser@msaj.com
        Attorneys for Plaintiff Hoopa Valley Tribe

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                              */s/ Thane D. Somerville*
                                              Thane D. Somerville

PLAINTIFF'S RESPONSE IN OPPOSITION TO
WESTLANDS WATER DISTRICT'S
MOTION TO INTERVENE AS DEFENDANT - 1