EXHIBIT 5

 

## United States Department of the Interior

OFFICE OF THE SOLICITOR
WASHINGTON, D.C. 20240

July 9, 1984

**Memorandum**

**To:**      Regional Solicitor, Rocky Mountain Region

**From:**    Associate Solicitor, Energy and Resources
             sgd/Lawrence J. Jensen

**Subject:** Court Confirmation of Amendments to Repayment and
             Water Service Contracts

You requested my opinion about whether the Bureau of Reclamation
should continue to require judicial confirmation of amendments to
its contracts with irrigation districts.  The legal basis for the
Bureau's practice is section 1 of the Act of May 15, 1922, which
states in pertinent part:

> . . . that no contract with an irrigation district
> under this act shall be binding on the United States
> until the proceedings on the part of the district for
> the authorization of the execution of the contract with
> the United States shall have been confirmed by decree
> of a court of competent jurisdiction, or pending
> appellate action if ground for appeal be laid.

43 U.S.C. § 511 (1976).  Section 46 of the Omnibus Adjustment Act
of 1926 contains a similar requirement.  43 U.S.C. § 423e (1976).

My review leads me to agree with your general conclusion that
amendments which "substantially change" the terms of a contract
require court confirmation under the 1922 Act.  Other amendments
which merely adjust a contractual obligation, as specifically
allowed or directed by federal law, without changing or adding to
the obligation itself, may not require judicial confirmation.

Since your request is not made in the context of a particular
factual setting, my conclusions are general.  The Bureau must
continue to decide on a case-by-case basis whether 43 U.S.C. §
511 applies.

### Discussion

The Act of May 15, 1922 requires the judicial confirmation of
contracts with irrigation districts as a measure of protection
for the United States.[1]   This confirmation assures the validity

---
[1]   There are various state contract validation requirements as

C046

of the contract by making sure the irrigation district has complied with all state law requirements.  The proceeding does not settle questions of contract interpretation.  <u>See</u> <u>Ivanhoe Irrigation District v. McCracken</u>, 357 U.S. 275 (1958).

Since the United States is not a party to the confirmation proceeding, which is <u>in</u> <u>rem</u>, it is not bound by any part of the state court's decision.  However, Congress has required the proceeding to take place before the United States will be bound by the terms of the contract.  Solicitor's Opinion, 71 I.D. 496, 517-18 (1964); 43 U.S.C. § 511 (1976).

The Bureau of Reclamation has interpreted the court confirmation requirement of 43 U.S.C. § 511 to include certain types of amendments to contracts with irrigation districts.  An amendment which "substantially changes" the terms of a contracts requires judicial validation.  Memorandum from Regional Solicitor, Denver, to BOR Regional Director, Lower Missouri Region, Denver (September 21, 1973).  "Substantial changes" include the addition of new rights and obligations or the alteration of the original contract so thoroughly that in practical effect a different or separate contract results.  The Bureau has reasoned that an amendment which adds new rights and duties is a separate contractual obligation which must be judicially approved to protect the United States, as was true with the original agreement.

The court confirmation requirement functions to protect the United States as it contracts with entities whose powers are granted and defined under state law.  Considering this purpose, I believe the Bureau's practice of requiring validation of substantial amendments is authorized under the statute.  Changes made by the parties to a contract which call for additional rights and obligations create in practical effect a separate contract as to those new terms.  These new provisions must generally be declared valid by the appropriate state court.  The state court proceeding will assure that the irrigation district has the authority under state law to perform according to the amended contract.  Otherwise, under 43 U.S.C. § 511, the United States could not be bound by the terms of the amendment to perform any new obligation.

There are instances of contract amendment which do not generally require judicial confirmation.  Where the amendment is an adjustment of a prior contractual obligation, and does not change or add to the obligation substantially, or is provided for
_____

well, which as a rule allow or require confirmation when new financial obligations are assumed by an irrigation district created under state law.  These state requirements have no bearing on whether federal Reclamation law requires court confirmation.  43 U.S.C. §§ 423e and 511 both require state court confirmation before the United States will be bound.

expressly elsewhere under federal law, 43 U.S.C. § 511 does not apply.  For example, the lengthening of the repayment period in certain construction repayment contracts was authorized for a time under the Reclamation Projects Act of 1939.  43 U.S.C. § 485b (1976).  Such an amendment, achievable in the Secretary's discretion, did not require a new state confirmation proceeding unless coupled with other, substantial changes.

Section 203(a)(3) of the Reclamation Reform Act (RRA) is another example of a statute authorizing contract amendments, which under some circumstances will not require court confirmation.  Section 203(a)(3) provides for amendment of existing contracts to conform with the Act's new requirements.  Where such amendments do not involve the assumption by districts of major additional financial or other obligations, the Bureau may not generally require judicial validation.  Pub. L. 97-293, § 203(a)(3), 96 Stat. 1264 (1982) (to be codified as 43 U.S.C. § 390cc(3)).  In some cases, however, where legal challenges are likely or where confirmation would be otherwise prudent because of the substantial changes effected by an amendment to conform to the RRA, the Bureau should require court validation.  As I have stated previously, "substantial change" is the key, and the Bureau will continue to decide on a case-by-case basis whether confirmation is mandated in accordance with Reclamation law.[2/]

Conclusion

Where contract amendments substantially change or add to an original agreement, the interests of the United States are served by requiring validation by a state court.  This declaration of validity protects what frequently involves the investment by the government of millions of dollars in public funds.  The validity of the amendment is assured before expenditures begin.  It is, therefore, reasonable to conclude that 43 U.S.C. § 511 requires the judicial validation of these amendments before they become binding on the United States.

---

[2/]   Section 203(a)(2) of the RRA provides that amendments to contracts which confer "supplemental and additional benefits" on amending districts will subject them to the discretionary provisions of the Act (sections 203-209).  "Supplemental and additional benefits" and "substantial changes" are not synonymous expressions and should not be confused.  For instance, there may be cases where contract amendments will constitute "supplemental and additional benefits" for RRA purposes, but will not be deemed "substantial changes" which call for court confirmation.