TODD KIM, Assistant Attorney General
Environment & Natural Resources Division

JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
 jeffrey.thomas2 @usdoj.gov
*Attorney for Federal Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in his official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>　　　Defendants. | Case No. 1:20−cv−01814−JLT-EPG |

## MOTION FOR EXTENSION OF TIME

On November 8, 2022, the Court entered an order requiring Defendants to file their answer or motion to dismiss by December 30, 2022. ECF No. 101. While Defendants expected to be able to meet the proposed December 30th deadline, a number of circumstances necessitate the need to request a two week extension. Lead counsel for the Defendants was in trial in

November, has had several other pressing litigation deadlines, and is having to schedule around internal review during the holidays.  Therefore, the United States respectfully requests a 2-week extension.

Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time ... with or without motion or notice ... if a request is made, before the original time or its extension expires."  A district court abuses its discretion if it denies a party's timely motion to extend time where the party "demonstrate[s] the 'good cause' required by Rule 6," and where "there [is] no reason to believe that [the party] was acting in bad faith or [is] misrepresenting his reasons for asking for the extension."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010).  Here, Defendants can satisfy Rule 6(b)'s "non-rigorous standard," because defense counsel has been working diligently and there is no bad faith.  *Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*, No. 11-CV-298 JLS NLS, 2011 WL 4102224, at *1 (S.D. Cal. Sept. 14, 2011); *see also Michaud v. Baker*, No. 317CV00718MMDCBC, 2019 WL 1292679, at *1 (D. Nev. Mar. 20, 2019) ("[T]he practicalities of life (such as an attorney's conflicting professional engagements or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline.")

In this case, Plaintiff's Amended Complaint raises eight new claims on varied and complex subjects.  Given Plaintiff's numerous and complex claims, defense counsel has spent several weeks researching statutes, regulations, and case law and drafting a responsive pleading.[1]  Defense counsel has also had numerous other competing claims on his professional time, including post-trial briefing in another case and the specter of a temporary restraining order

---

[1] The undersigned counsel can attest that he has worked weekends and late evenings on this responsive pleading.

being filed in this case. Moreover, given the nature of Plaintiff's claims and the high-profile nature of this case, additional review at both the Department of the Interior and the Department of Justice is required. Because of the various levels of review that must be completed and the intervening holidays, defense counsel does not believe that Defendants can file their responsive pleading by December 30, 2022.

Accordingly, Defendants respectfully request that the Court grant this motion for extension of time and give Defendants until January 13, 2023, to file their responsive pleading. If the Court grants Defendants' request, Defendants also ask that the response and reply deadlines also be extended by fourteen days.

Counsel for the United States contacted Plaintiff's lawyers by email on two occasions – once yesterday and once again today – about the relief sought in this motion. Counsel for the United States also called Plaintiff's counsel and did not receive an answer on whether Plaintiff opposes an extension. Because counsel for the United States has not received an answer on Plaintiff's position, counsel cannot represent whether Plaintiff is opposed or unopposed to the relief requested herein.

Dated: December 14, 2022

                                        Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General

                                        */s/ J. Scott Thomas*
                                        JEFFREY SCOTT THOMAS
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, I electronically filed the **MOTION FOR EXTENSION OF TIME** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS