Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:    206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | Civ. No. 1:20-cv-1814-JLT-EPG |
| Plaintiff, | |
| v. | DECLARATION OF JOE DAVIS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR | Date:  January 20, 2023<br>Time:   9:00 AM<br>Courtroom: 4 – 7th floor, Fresno<br>Hon. Jennifer L. Thurston |
| Defendants. | |

DECLARATION OF JOE DAVIS RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 1

I, Joe Davis state and declare as follows:

1. I am a member of the Hoopa Valley Tribe and currently serve as Chairman of the Hoopa Valley Tribal Council, the governing body of the Hoopa Valley Tribe.

2. I have served as Chairman since June 2021.

3. Prior to serving as Chairman, I served as a Council-member of the Hoopa Valley Tribal Council since 2019.

4. The Trinity River, a tributary to the Klamath River, flows through the Hoopa Valley Reservation.

5. Since time immemorial, the fishery resources of the Trinity and Klamath rivers have been the mainstay of the life and culture of the Hoopa Valley Tribe and its members. The subsistence, culture, and economy of the Hoopa Valley Tribe are dependent upon the continued health of the Trinity and Klamath river's water and fishery resources.

6. The Hoopa Valley Reservation was set aside and reserved for the Hoopa Valley Tribe by the United States government in 1864 as a permanent homeland for Hoopa people.

7. The Hoopa Valley Reservation was determined to be a suitable homeland for two principal reasons. First, the reservation was established in the heart of the Tribe's aboriginal lands, lands the Hupa people had occupied since time immemorial. Second, the reservation set aside sufficient resources of the Trinity and Klamath rivers for the Hupa people to be self-sufficient and achieve a moderate living based on fish.

8. Protection of the resources of the Trinity and Klamath river is a sovereign priority of the Hoopa Valley Tribe. These resources are critical to Hupa people. The Hoopa Tribe expends significant financial and human resources each year to work to protect these resources.

9. Under federal law, the Hoopa Valley Tribe holds reserved fishing rights in the Trinity and Klamath rivers. The Tribe's members rely on those reserved rights to engage in fishing in the Trinity and Klamath rivers for subsistence, ceremonial, and economic needs.

10. The development and operation of the Trinity River Division of the Central Valley Project, authorized by Congress in 1955, has devastated Trinity River fish and water resources.

11. On December 19, 2000, Secretary of the Interior Bruce Babbitt and Hoopa gathered at a sacred location in Hoopa's homeland on the banks of the Trinity River and signed the Trinity River Record of Decision (ROD). A generation of Hoopa leaders had worked to reach that agreement, which included a program based on the best available scientific information to meet the federal trust responsibility to restore and maintain Hoopa's fishery.

12. Pursuant to the enhanced sovereignty delegated to Hoopa in CVPIA section 3406(b)(23), Hoopa concurred in the recommended flows and operating criteria and procedures in the ROD, which were based on the Trinity River Flow Study prepared and completed by Hoopa and federal scientists.

13. In 2021, Hoopa learned of a proposed Trinity River Winter Flow Variability (WFV) Project that would reallocate and repurpose significant amounts of water for use in winter months.

14. Hoopa repeatedly advised officials of the Department of the Interior, Bureau of Reclamation, and TRRP of its objection and non-concurrence with the WFV Project. An example is the June 2021 letter from Hoopa's previous Chairman, Byron Nelson, Jr., a true and correct copy of which is attached hereto as Exhibit 1.

15. Hoopa has expressed its concern that the WFV Project has not been subject to sufficient scientific review and that the restoration goals and objectives of the ROD will be significantly undermined by depriving the river of allocated water in Spring and Summer.

16. On behalf of Hoopa, I wrote to Secretary of the Interior Deb Haaland on October 21, 2021, informing the Secretary that Hoopa does not concur in the WFV Project. That letter again explained that additional scientific review was necessary prior to any decision, or possible

Hoopa concurrence, on the re-allocation of flows in conflict with the ROD. A true and correct copy of the October 21, 2021, letter is attached as Exhibit 2.

17. The WFV Project was pulled from consideration for the 2022 water year, but it was again proposed for implementation in the 2023 water year.

18. On October 4, 2022, on behalf of Hoopa, I wrote to Assistant Secretary of Indian Affairs Brian Newland explaining again Hoopa's concerns with the WFV Project and Hoopa's right of concurrence. This letter followed a meeting between the Hoopa Tribal Council and Assistant Secretary Newland. A true and correct copy of the October 4, 2022 letter is attached as Exhibit 3.

19. On December 7, 2022, the Trinity Management Council voted in favor of the WFV Project. Following that meeting, I again contacted Secretary Haaland by letter dated December 9, 2022 asking her to intervene to stop the WFV Project in the absence of Hoopa concurrence. I informed Secretary Haaland that Hoopa would be forced to seek a temporary restraining order and preliminary injunction if the WFV Project was not stopped. A true and correct copy of the December 9, 2022 letter is attached as Exhibit 4.

20. These letters, attached to this declaration, are not the sum total of my efforts as Chairman to inform the federal agencies and decision-makers of Hoopa's objections to the WFV Project and the need to obtain Hoopa concurrence prior to changing the ROD flows in this manner. I have had other conversations and correspondence with federal officials on this topic. For example, on December 12, I met virtually with Interior representatives again expressing Hoopa's non-concurrence and asking Interior to not implement the WFV Project.

21. Following a communication from federal attorneys received December 13, 2022, I again wrote to Secretary Haaland on December 14, 2022 asking her to confirm Hoopa concurrence rights and reject the WVF Project no later than 5:00 PM (EST) on December 15, 2022. A true and correct copy of the December 14, 2022 correspondence is attached as Exhibit 5. This correspondence was also provided to the federal attorneys.

DECLARATION OF JOE DAVIS RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 4

22. Time is of the essence. An injunction is necessary as soon as possible in order to stop the federal government from releasing substantial amounts of water down the river pursuant to the WFV Project.

23. Nothing less than Hoopa sovereignty is at stake. Congress identified the Hoopa Valley Tribe by name in CVPIA section 3406(b)(23). Congress incorporated federal trust responsibilities into that statute. Congress delegated enhanced sovereignty to Hoopa to ensure that the responsible federal agencies would implement the recommendations approved by Hoopa.

24. It would make a mockery of the concurrence requirement and Hoopa sovereignty if the federal agencies were now allowed to unilaterally modify the flows that Hoopa concurred in, pursuant to the delegation of sovereignty in section 3406(b)(23).

25. Hoopa has a sovereign right, delegated by Congress, to concur before modifications like those proposed in the WFV Project are made to the recommended flows and operating criteria. If the WFV Project is allowed to go forward in the absence of Hoopa's concurrence, this will cause irreparable harm to Hoopa – both in terms of its sovereignty and in terms of damage to the river and its fishery. Once the water is released down the river, it will be lost forever – and will no longer be available for its intended uses later in the water year.

26. Absent a preliminary injunction, the harm to Hoopa will not be able to be undone. Federal agencies will have ignored Hoopa's concurrence right and will proceed to implement the winter flows.

27. On behalf of Hoopa people, I urge the Court to preserve the status quo, protect Hoopa sovereignty, protect the Trinity River, and issue the requested preliminary injunction to prevent irreparable harm to Hoopa, its people, and its trust resources.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DECLARATION OF JOE DAVIS RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 5

DATED this 16th day of December, 2022.

_____
Joe Davis, Chairman

DECLARATION OF JOE DAVIS RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                 */s/ Thane D. Somerville*
                                                 Thane D. Somerville

DECLARATION OF JOE DAVIS RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 7