EXHIBIT 2

# Hoopa Valley Tribal Council

**Hoopa Valley Tribe**
P.O. Box 1348 ~ Hoopa, California 95546 ~ Phone (530) 625-4211 ~ Fax (530) 625-4594



October 21, 2021

By Email: exsec@ios.doi.gov

The Honorable Deb Haaland
Secretary of the Interior
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

Re: **Trinity River Winter Flow Variability Project Draft Environmental Assessment CGB-EA-2021-51 (September 2021) U. S. Department of the Interior, Bureau of Reclamation**

Dear Secretary Haaland:

On behalf of the Hoopa Valley Tribe (Hoopa), I am writing to request that you suspend all administrative action on the referenced Bureau of Reclamation (Reclamation) Environmental Assessment (EA), including the October 21, 2021, deadline for public comment on the EA.

Reclamation's proposal as described in the EA would reallocate Trinity River water that is subject to a two-decade old agreement between Hoopa and your predecessor, Secretary Bruce Babbitt. A generation of Hoopa leaders had worked to reach that agreement, which included a program based on the best available scientific information to meet the federal trust responsibility to restore and maintain Hoopa's fishery. The fishery has been essential to Hoopa's culture, religion and economy since time immemorial.

On December 19, 2000, Secretary Babbitt and Hoopa gathered in Hoopa on the bank of the Trinity River and signed the Record of Decision (ROD) for the Trinity River Mainstem Fishery Restoration Final Environmental Impact Statement / Environmental Impact Report.

The need for the ROD resulted from Reclamation's construction and operation of the Central Valley Project's Trinity River Division (TRD) in the mid-20th Century. The TRD nearly destroyed the fishery.

Any change in the 2000 ROD, including reallocation of Trinity River water, requires Hoopa's concurrence pursuant to Section 3406(b)(23) of the Central Valley Project Improvement Act (CVPIA). Reclamation has never sought, let alone obtained Hoopa's concurrence in the proposal.

Reclamation's conduct in this matter is part of its ongoing pattern and practice to subordinate, ignore, or directly damage Hoopa's federal established property rights and sovereignty over its fishery resources in order to favor contractors for CVP water and power. As described in Hoopa's correspondence with you since your nomination to be Secretary, Reclamation's conduct grew so prejudicial that Hoopa concluded in August 2020 that it had no choice other than to sue the Department of Interior in order to hold Reclamation to account. Hoopa Valley Tribe v. U.S. Bureau of Reclamation, David Bernhardt, et al., No. 1:20-cv-01814-DAD-EPG (E.D. Calif.).

Hoopa appreciates your decision to direct your staff to stay the litigation and engage in settlement negotiation, which is underway. Similarly, Hoopa seeks your intervention to preempt a hastily assembled proposal by Reclamation to implement winter flow variability under the Trinity River Restoration Program (TRRP). Temporarily suspending effort on this EA now will allow time to complete six key steps necessary to meet the scientific standards of the Trinity ROD. These steps include: (1) finalize TRRP syntheses reports to provide the justification for any action, (2) complete the TRRP programmatic refinements process, (3) finalize our settlement of the aforementioned lawsuit to confirm Hoopa's concurrence authority, (4) allow time to frame testable hypotheses and experiments to test those hypotheses (i.e., adaptive management), (5) develop, scope and budget for studies necessary to monitor and test hypotheses on the effects of any change in flow management, and (6) identify funding necessary to conduct investigations to evaluate the proposed actions in the referenced EA.

In conclusion, Reclamation's proposal directly and adversely affects Hoopa's rights and interests in Trinity River Restoration and Hoopa's right to self-determination, as recognized in CVPIA Section 3406(b)(23) and the ROD because it: (1) violates the CVPIA requirement for Hoopa concurrence in such actions, (2) does not meet the CVPIA's science standard applicable to restoration of Hoopa's fishery resources that the United States holds in trust; and (3) bears directly on issues that are the subject of the pending settlement negotiations. For these reasons we ask you to stay the proposed administrative action on the referenced EA for consideration until the processes listed above are completed.

Your prompt attention to this matter is deeply appreciated.

Sincerely,

Joe Davis, Chairman,
Hoopa Valley Tribe


CC: Sara Krakoff, Deputy Solicitor for Parks & Wildlife
Bob Anderson, DOI – Solicitor's Office
Ernest Conant, Reginal Director, BOR, Interior Region 10, California-Great Basin
Don Bader, Area Manager, Northern California Area Manager, BOR
Brandt Gutermuth, Environmental Scientist, BOR, Trinity River Restoration Program,