EXHIBIT 4

# Hoopa Valley Tribal Council

**Hoopa Valley Tribe**
P.O. Box 1348 ~ Hoopa, California 95546 ~ Phone (530) 625-4211 ~ Fax (530) 625-4594



December 9, 2022

**By Email: DOIExecSec@ios.doi.gov**

The Honorable Debra Anne Haaland
Secretary of the Interior
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

      **Re:** *Hoopa Valley Tribe v. Bureau of Reclamation et al.*, E.D. Cal., No. 1:20-cv-1814-JLT-EPG: Requirement to obtain Hoopa Valley Tribe's concurrence in Trinity River Restoration Program Action

Dear Secretary Haaland:

The purpose of this letter is to ask you to recognize and confirm that your authority to implement the Winter Flow Variability program (WFV) recommended on December 7 by the Trinity Management Council (TMC) is subject to your obtaining the Hoopa Valley Tribe's concurrence pursuant to CVPIA section 3406(b)(23). We further ask you to direct Department officials not to implement WFV in the absence of Hoopa's concurrence because it will violate our Tribe's sovereignty and risk harm to our fishing rights in the Trinity River.

By way of background, on December 7, 2022, in a 7 to 1 vote, the TMC made a recommendation to substantively and significantly modify the implementation of the Trinity River Mainstem Fishery Restoration Record of Decision (ROD) (December 2000) by means of WFV. The Hoopa Valley Tribe voted against, and does not concur in, the recommendation for a number of reasons based on law, policy, and science.

The TMC recommendation is advisory. Therefore, the decision whether to implement the recommendation resides with the Interior Secretary or her designee. However, section 3406(b)(23) of the Central Valley Project Improvement Act (CVPIA) Public Law 102-575 Tittle XXXIV (1992) requires the Interior Secretary to obtain the Tribe's concurrence in order to implement a program such as the WFV.

The Hoopa Valley Tribe reviewed the WFV recommendation both in its final form and in the course of its development. We have consistently identified issues and concerns with the proposal, which have not been satisfactorily resolved.

If you refuse to recognize Hoopa's concurrence rights provided by CVPIA section 3406(b)(23), please advise us in writing of your decision. We make this request for the following reasons.

First, in the CVPIA, federal reclamation law established an explicit and unique trust obligation to the Hoopa Valley Tribe to restore our fishery damaged by the operation of the Central Valley Project.

Second, the CVPIA made a unique delegation of sovereignty to our Tribe in order to ensure that the Bureau of Reclamation operates the Trinity River Division of the Central Valley Project to restore, preserve and propagate the Trinity River fishery that the United States holds in trust for our Tribe.

Third, our Tribe's delegated sovereignty requires you to seek and obtain the Hoopa Valley Tribe's concurrence in decisions such as the WFV program. We have repeatedly sought a mutual understanding with appointees of your Administration that recognizes our sovereignty and delegated authority in this regard. Our most recent correspondence on this matter is the Tribe's October 4, 2022, letter to Assistant Secretary—Indian Affairs Bryan Newland. To date, we have had no responses to the letter.

Fourth, the Hoopa Valley Tribe's First Amended and Supplemental Complaint in the referenced lawsuit includes a claim that the WFV program is unlawful and violates our sovereignty. We have asked that no action be taken on any form of WFV until the court rules on our claim or the Department confirms our Tribe's right of concurrence. Neither has occurred, yet officials in the Department are pressing ahead to produce an outcome that in our view will administratively dismiss our sovereignty.

Time is of the essence, the Bureau of Reclamation intends to implement the WFV as early as December 15, 2022. If the Bureau continues to proceed with the WFV in violation of Hoopa's concurrence rights and in conflict with the science-based flows required by the ROD, Hoopa will have no choice but to seek a Temporary Restraining Order(TRO) and preliminary injunctive relief in Hoopa's pending federal court case. We respectfully urge you to direct that the status quo be preserved, and the WFV not be implemented, while we further discuss this issue with you and your staff.

Sincerely,

Joe Davis, Chairman
Hoopa Valley Tribe