1   CYNTHIA J. LARSEN (SBN 123994)
    clarsen@orrick.com
2   JUSTIN GIOVANNETTONE (SBN 293794)
    jgiovannettone@orrick.com
3   MARK C. SMITH (SBN 319003)
    mark.smith@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, CA  95814-4497
    Telephone:     +1 916 447 9200
6   Facsimile:     +1 916 329 4900

7   DANIEL J. O'HANLON (SBN 122380)
    dohanlon@kmtg.com
8   KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
    400 Capitol Mall, 27th Floor
9   Sacramento, CA  95814
    Telephone: (916) 321-4500
10  Facsimile: (916) 321-4555

11  Attorneys for Proposed Intervenor-Defendant
    Westlands Water District
12
                        UNITED STATES DISTRICT COURT
13
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
14
15                            FRESNO DIVISION
16

17  HOOPA VALLEY TRIBE,                       Case No. 1:20-cv-01814-JLT-EPG

18              Plaintiff,                    **WESTLANDS WATER DISTRICT'S**
                                              **REPLY IN SUPPORT OF MOTION TO**
19       v.                                   **INTERVENE AS DEFENDANT**

20  UNITED STATES BUREAU OF                   Hearing Date:   December 23, 2022
    RECLAMATION; DAVID BERNHARDT, in          Time:           9:00 a.m.
21  his official capacity as Secretary of the Interior;   Courtroom:      4 – 7th Floor, Fresno
    BRENDA BURMAN, in her official capacity   Judge:          Hon. Jennifer L. Thurston
22  as Commissioner of the United States Bureau
    of Reclamation; ERNEST CONANT, in his     Trial Date:     None
23  official capacity as U.S. Bureau of Reclamation   Action Filed:   August 13, 2020
    California-Great Basin Regional Director; and
24  UNITED STATES DEPARTMENT OF THE
    INTERIOR,
25
                Defendants.
26
27
28
                                                        CASE NO. 1:20-cv-01814-JLT-EPG
                              -1-                       WESTLANDS WATER DISTRICT'S
                                                        REPLY ISO MOT. TO INTERVENE

1   **REPLY IN SUPPORT OF MOTION TO INTERVENE**

2   **I.   INTRODUCTION**

3   In two related cases, this Court has already rejected the primary argument now offered by

4   plaintiff Hoopa Valley Tribe ("Plaintiff") that, absent a validation judgment, Westlands Water

5   District ("Westlands") lacks a "legally protected interest" in its repayment contracts ("Repayment

6   Contracts") and thus it should not be a party.  Westlands is already a defendant in *N. Coast Rivers*

7   *All. v. Dep't of the Interior,* 1:16-cv-00307-JLT-SKO (*"NCRA"*) and *Ctr. for Biological Diversity*

8   *v. Bureau of Reclamation*, 1:20-cv-00706-DAD-EPG ("*CBD*").  In each of those cases, the Court

9   held that Central Valley Project ("CVP") water contractors have legally protected interests in

10  repayment contracts with the United States executed pursuant to the Water Infrastructure

11  Improvements for the Nation ("WIIN") Act and thus were required parties.  The Court explained

12  that "even when an executed water repayment contract *may be voidable* by one party, this *does*

13  *not mean that it is void*."  *NCRA*, 2021 WL 5054394, at *8 (E.D. Cal. Nov. 1, 2021) (citing *CBD*,

14  2021 WL 600952, at *5 (E.D. Cal. Feb. 16, 2021) (emphasis in original).  The Court went on to

15  conclude that "the WIIN Act Repayment Contracts can **create legal rights even in the absence of**

16  **judicial confirmation**."  *NCRA*, 2021 WL 5054394, at *8 (emphasis added).  Plaintiff's

17  Opposition to Westlands' Motion to Intervene takes another shot at this holding, and misses.[1]

18  Plaintiff's claim that Westlands' principal Repayment Contract is "non-binding and

19  unenforceable," in addition to lacking any merit on its face, puts the cart before the horse.

20  Plaintiff's First Amended and Supplemental Complaint ("FASC") seeks a declaration that

21  Westlands' principal Repayment Contract is "void and unenforceable."  FASC, at 58, ¶ E.  But

22  Plaintiff's claim has yet to be adjudicated.  Thus, Plaintiff cannot rely on an unproven allegation

23  as a premise for keeping a party to a contract out of a case that seeks to invalidate that contract

24  (particularly, when that premise has already been rejected by the Court).  Indeed, it is ironic that

25  Plaintiff claims to have standing to challenge a contract (*id.* ¶¶6-24), while also claiming that the

26  _____

[1] Westlands noticed a hearing on its Motion for December 23, 2022, 35 days after filing, in compliance
27  with Local Rule 230 and with the understanding from the Court's Standing Order that the Motion would
be decided on the papers without oral argument.  Pursuant to the briefing schedule established by the
28  Court's September 6, 2022 Order, Westlands' Reply is also due on December 23, 2022.

CASE NO. 1:20-cv-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO INTERVENE

1   actual party to the contract should not be party to the case.

2          Plaintiff's Opposition fails on other bases.  It does not account for, or even address,

3   Westlands' second Repayment Contract with the United States, which has been validated.

4   Westlands' Motion noted that this second Repayment Contract involves a partial assignment of

5   water rights to Westlands from Oro Loma Water District.  Mot. at 7, n. 4.  Thus, even by

6   Plaintiff's incorrect logic, Westlands has an undisputed "legally protectable interest" in this

7   validated Repayment Contract, which Plaintiff also seeks to "[v]acate, set aside, rescind, and

8   nullify."  FASC, ECF No. 97, p. 58, ¶ D.  Therefore, Westlands' undeniable protectable interest

9   in this validated contract provides further undisputed grounds for granting Westlands' Motion.

10  Nor does Plaintiff address the potential impact on Westlands' financial interests of Plaintiff's

11  Third and Fourth Claims for Relief, which as noted in the Motion appear to be intended to force

12  Reclamation to levy additional costs on Westlands and other CVP contractors of "at least

13  $350,872,120.00."  *Id.* ¶ 121.

14         Plaintiff's arguments that the WIIN Act authorization has expired, and that Federal

15  Defendants adequately represent Westlands in this case, both hinge on Plaintiff's flawed

16  challenge to this Court's prior on-point rulings.  Opp. at 11-13.  In addition, Plaintiff fails to

17  acknowledge that, in the *CBD* case, the federal defendants and CVP water contractors offered

18  different arguments in cross-motions for summary judgment on some of the very same issues

19  raised by Plaintiff's FASC.  See *CBD*, ECF Nos. 144, 160, 179, 181.  This fact decisively shows

20  that Federal Defendants here would not "undoubtedly" make all of Westlands' arguments and,

21  thus, cannot adequately represent Westlands' interests in the case.

22         Lacking any legitimate substantive grounds to block Westlands' intervention as of right,

23  Plaintiff falls back on an argument that the Court should deny permissive intervention because

24  Plaintiff purportedly cannot determine whether Westlands has a claim or defense that shares a

25  common question of law or fact with the main action, since the Motion was not accompanied by a

26  pleading.  Opp. at 13-14 (citing Fed. R. Civ. P. 24(c)).  Plaintiff's contention is belied by its non-

27  opposition to Westlands' prior motion to intervene, which was not accompanied by a pleading.

28

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO INTERVENE

1   Pl's Non-Opp'n, ECF No. 56; Mot. to Intervene, ECF No. 50.  And Plaintiff is simply incorrect in

2   light of the Motion itself, which establishes that Westlands seeks to intervene in this action to

3   defend its Repayment Contracts, and by the FASC, which expressly identifies Westlands'

4   principal Repayment Contract as one that it seeks to invalidate.  *See Beckman Indus., Inc. v. Int'l*

5   *Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (pleading not required where court was otherwise

6   apprised of grounds for intervention).

7          For the foregoing reasons, which are discussed further below, and those detailed in the

8   Motion, the Court should grant Westlands' Motion to Intervene as a defendant in this case.

9   **II.      DISCUSSION**

10         **A.      Plaintiff Fails To Distinguish This Court's Rulings In *CBD* And *NCRA* That**
           **Westlands Has "Legal Rights" In Its Repayment Contracts, Even In The**
11         **Absence Of Judicial Confirmation**

12         As explained in the Motion, this Court has previously found (albeit through opinions

13  entered in separate, but related actions) that Westlands has significant protectable interests in the

14  Repayment Contracts, regardless of the status of the state court validation.  Mot. at 14-15, citing

15  *NCRA*, 2021 WL 5054394, at *8 ("The holding in *Concerned Irrigators* [*v. Belle Fourche*

16  *Irrigation District*, 235 F.3d 1139 (8th Cir. 2001)] therefore supports a finding that the WIIN Act

17  Repayment Contracts ***can create legal rights even in the absence of judicial confirmation***.")

18  (emphasis added); *see also CBD*, 2021 WL 600952 at *5.  Plaintiff attempts to distinguish this

19  reasoning by claiming that "facts and legal developments addressed herein regarding Westlands'

20  WIIN Act contract were not raised or at issue in those cases."  Opp. at 11.  In particular, Plaintiff

21  points to the Fresno County Superior Court's March 15, 2022 dismissal of Westlands' Complaint

22  for Validation Judgment.  *Id.* at 10.  But that ruling, which is currently on appeal, does not affect

23  the Court's clear reasoning on this issue.[2]  As the Court explained, "'even when an executed

24

25  _____

    [2] Plaintiff states that it "would not object to the Court's deferring ruling on Westlands' intervention motion
26  until after the state court appellate decision."  Opp. at 10, n. 6.  Such a deferral would be wholly
    inappropriate absent a stay given Westlands' legal entitlement to intervene as of right before its rights are
27  prejudiced in ongoing litigation.  Moreover, Plaintiff's hollow offer belies its supposed concern, expressed
    earlier in its Opposition, that Westlands' intervention would supposedly "delay and prejudice Hoopa's
28  adjudication of its claims."  *Id.* at 6.

                                                          CASE NO. 1:20-cv-01814-JLT-EPG
                              -4-                          WESTLANDS WATER DISTRICT'S
                                                           REPLY ISO MOT. TO INTERVENE

water repayment contract *may be voidable* by one party, this *does not mean that it is void*.'"
*NCRA*, 2021 WL 5054394, at *8, quoting *CBD*, 2021 WL 600952 at *5 (emphasis in original).
The Court went on to note that "there is no allegation or even a suggestion that the United States
disclaims its contractual obligations to the absent contractors." *NCRA*, 2021 WL 5054394, at *8.
The same is true here.  Thus, even without judicial confirmation, Westlands has protectable "legal
rights" in the executed Repayment Contracts. *Id*.[3]

Plaintiff devotes four entire pages to its argument that Westlands should not be entitled to
intervene due to Westlands not having presented to the United States a validation judgment for
one of Westlands' Repayment Contracts, reciting irrelevant facts and drawing incorrect (and also
irrelevant) conclusions.  Most blatantly, Plaintiff repeatedly declares without justification that
Westlands' Repayment Contracts are "non-binding and unenforceable" under 43 U.S.C. § 511.  It
is not until after Plaintiff completes that verbose and misguided recitation that Plaintiff mentions
this Court's analysis of the issue, and then provides only cursory treatment of it.  Opp. at 7-11.
Plaintiff does even attempt to square its assertion with this Court's prior rulings or the United
States' position, detailed in a letter attached to the FASC as an exhibit, that,

> the Repayment Contract will govern the rights and obligations of the United States
> and the District after the Repayment Contract's effective date, June 1, 2020,
> notwithstanding the District's inability to obtain a final decree confirming its
> proceedings to authorize the execution of this Repayment Contract. See, 43 USC §
> 511.

FASC, ECF No. 97, Ex. 22.  Indeed, Plaintiff does not attempt to reconcile its argument with the
Court's prior rulings or the letter attached to its FASC because it simply cannot.[4]

Finally, Plaintiff misconstrues the state court decision denying validation of the contract,

---

[3] As explained below, the parties have been operating under the Repayment Contracts for over two years, and pursuant to them Westlands has made over $200 million in the repayment of what the United States determined was Westlands' remaining obligation for CVP capital costs.

[4] Plaintiff also misinterprets Section 46 of the Omnibus Adjustment Act of 1926, 43 U.S.C. § 423e.  Opp. at 8.  Aside from the fact that, like section 511, section 423e only makes unvalidated contracts voidable, not void, section 423e by its plain text only applies to "a new project or new division of a project." Plaintiff makes no showing that converting water service contracts to repayment contracts pursuant to the WIIN Act are "new" projects or a division of a project.  Even a cursory review of Reclamation Law demonstrates that WIIN Act conversions are not "projects" or a "division of a project." *See* 43 U.S.C. § 390bb(8).  Simply put, section 423e is inapplicable here.

1    incorrectly asserting that the court "found the contract deficient and unlawful." Opp. at 9. This is

2    factually incorrect. As is clear from decision itself, the court found that it could not validate

3    Westlands' principal Repayment Contract, not as a result of any defect with the contract itself, but

4    due to findings that: (1) state law did not allow the court to issue a validation judgment, and (2)

5    Westlands did not provide sufficient evidence to support the requested judgment. *See* Judgment,

6    ECF No. 105-1 (denying validation because (1) the version of the contract approved by

7    Westlands' board of directors prior to execution was only a proposed version and did not include

8    all key terms, (2) and Westlands did not present sufficient evidence of compliance with the notice

9    requirements under California's Brown Act prior to the board meeting that approved the

10   contract). Nothing in the decision suggests that Westlands' principal Repayment Contract itself,

11   which Westlands and the United States have operated under for over two years and continue to

12   operate under today, was deficient.

13           In any event, Plaintiff's false assertions do not help it here because Plaintiff has not

14   directly addressed, much less distinguished, this Court's finding in two separate related cases that

15   "the WIIN Act Repayment Contracts can create legal rights even in the absence of judicial

16   confirmation." Because Westlands' legal rights are clearly challenged by Plaintiff in this case,

17   Westlands has a "significantly protectable interest" relating to the Repayment Contracts that

18   Plaintiff seeks to invalidate in this action. Thus, the Court should grant Westlands' Motion.

19           **B.      Expiration of the WIIN Act Authorization is Irrelevant Because the United
                       States And Westlands Have Executed And Are Operating Under The
20                     Repayment Contracts**

21           Plaintiff offers a theory that Westlands should not be entitled to intervene in defense of its

22   Repayment Contracts because "the authorization to enter into permanent repayment contracts

23   under the WIIN Act expired on December 16, 2021." Opp. at 12. Plaintiff's argument here is

24   based on several faulty premises already addressed above and is nonetheless irrelevant because

25   there is no need to re-execute the Repayment Contacts. According to Plaintiff, "Reclamation

26   cannot cure the fundamental deficiencies in Westlands' WIIN Act contract" because the state

27   court denied validation. *Id.* However, as noted, the state court did not find Westlands' principal

28

1   Repayment Contract itself deficient.  Further, as also noted, Reclamation has confirmed its

2   understanding that the Repayment Contract will govern the rights and obligations of the parties,

3   notwithstanding a lack of validation judgment, and the Court has stated Westlands has legal rights

4   in the Repayment Contracts even in the absence of validation.  Indeed, the parties have been

5   operating under the Repayment Contracts for over two years and Westlands has made over $200

6   million in payments under them.  *See* Decl. of A. Lubas-Williams, *CBD*, ECF No. 160-3, at 3.

7   So, there is no need to re-negotiate or re-authorize the contracts, and Plaintiff's citation to the

8   expiration of the WIIN Act authorization is wholly irrelevant.

9            C.      **Plaintiff Fails To Address Westlands' Interest In Its Second Repayment**
                     **Contract, Which Has Been Validated**

10           A separate and independent ground for granting Westlands' Motion is its interest a second

11  Repayment Contract, which has been validated.  As noted in the Motion, in addition to

12  Westlands' principal Repayment Contact with Reclamation, Westlands is a party to a second

13  Repayment Contract involving a partial assignment of water rights to Westlands from Oro Loma

14  Water District (14-06-200-7823J-LTR1-P).  Mot. at 7, n. 4.  This contract has been validated.

15  Validation Judgment, 5/25/2021, Decl. of C. Larsen, Ex. A.  The contract entitles Westlands to up

16  to nearly 4,000 acre-feet of CVP water annually.  *Id.,* Ex. B, §3(a).  Although Westlands noted its

17  interests in this contact in its Motion, Plaintiff's Opposition does not address Westlands' clear

18  interests in this contract.  Nor does it deny that its request that the Court "[v]acate, set aside,

19  rescind, and nullify ***all*** of Defendants' contract conversions challenged herein" includes this

20  Repayment Contract.  FASC, ECF No. 97, p. 58, ¶ D (emphasis added).  Thus, Westlands'

21  undeniable protectable interest in this validated Repayment Contract provides further undisputed

22  grounds for granting Westlands' Motion.

23           D.      **Plaintiff's Third and Fourth Claims for Relief Pose A Separate And**
                     **Independent Threat to Westlands' Financial Interests**
24

25           Plaintiff does not address the potential impact on Westlands' financial interests of

26  Plaintiff's Third and Fourth Claims for Relief, which as noted in the Motion appear to be intended

27  to force Reclamation to levy additional costs on all CVP contractors, including Westlands, of "at

28

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO INTERVENE

1    least $350,872,120.00." Mot. at 14 (citing FASC, Third and Fourth Claims for Relief). It is

2    unclear from the FASC whether Plaintiff seeks to force Reclamation to levy these additional costs

3    only on water deliveries under the Repayment Contracts or all CVP water deliveries. Since

4    Plaintiff did not address this issue, it can only be assumed that Plaintiff seeks to have additional

5    costs levied on all CVP water deliveries. Thus, Westlands has a clear and undisputed interest in

6    the adjudication of these claims, independent of its direct interests in the Repayment Contracts.

7    This is an additional independent ground for granting the Motion.

8            E.      **Plaintiff Fails To Rebut Westlands' Arguments That Federal Defendants
                     Would Not "Undoubtedly" Make All Of Westlands' Arguments And, Thus,**
9                    **Cannot Adequately Represent Westlands' Interests.**

10           As also noted in the Motion, this Court easily concluded in *CBD* and *NCRA* that the

11   potential impairment of the CVP contractors' interests in those actions could not be "adequately

12   represented" by the existing defendants in those suits. Mot. at 17-19 (citing *CBD*, 2021 WL

13   600952, at *6–7; *NCRA*, 2021 WL 5054394, at *10.) Plaintiff tries to distinguish this Court's

14   reasoning in those cases by falling back on the same defective reasoning addressed above—that,

15   according to Plaintiff, this Court's decisions "do not account for the facts and legal developments

16   that are unique to Westlands' WIIN Act contract." Opp. at 13. But those "developments" do not

17   impact the Court's reasoning that led it to conclude that Repayment Contracts can create legal

18   rights even in the absence of judicial confirmation. Nor does Plaintiff link its underlying

19   argument that Westlands supposedly lacks an interest in contracts that it has been operating under

20   for over two years with any substantive points supporting an argument that Federal Defendants

21   can adequately represent Westlands' interests here.

22           Plaintiff cites caselaw noting that an intervenor has the burden of proving inadequate

23   representation. *Id.*[5] But Westlands' Motion cites numerous cases and gives numerous examples

24   demonstrating how Westlands cannot rely on the government to represent its interest and make all

25   of Westlands' arguments here. Mot. at 18 (citing cases standing for the principle that government

26

27   _____
     [5] As noted in Westlands' Motion, "the burden of making that showing should be treated as minimal."
28   Mot. at 17 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)).

1    agencies have a broader public interest than other parties and noting, among other things, that

2    "[w]hereas Westlands is devoted to a single goal, i.e., preserving its contractual rights under

3    Repayment Contracts so it can continue to provide CVP water to its water users, Federal

4    Defendants' interests are multi-faceted."). Plaintiff does not address any of this. It is Plaintiff

5    who has failed to carry its burden.

6         If any more evidence that Federal Defendants cannot adequately represent Westlands'

7    interest in this case were needed (and, based on the record, none is), this Court need only look to

8    summary judgment briefing in *CBD*. There, the federal defendants and CVP water contractors

9    (who the Court ordered joined as defendants) offered different arguments in cross-motions for

10   summary judgment on the some of the very same issues raised by Plaintiff's FASC. See *CBD*,

11   ECF Nos. 144, 160, 179, 181. This fact decisively shows that Federal Defendants here would not

12   "undoubtedly" make all of Westlands' arguments and, thus, cannot adequately represent

13   Westlands' interests in the case. *See Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d

14   1152, 1153-54 (9th Cir. 1998).

15        **F.    Permissive Intervention Is Appropriate Because Westlands Defense Of Its
            Repayment Contract Shares Common Questions Of Law And Fact With
16          Plaintiff's Claims To Invalidate Those Contracts**

17        Plaintiff argues that the Court should also deny permissive intervention because Plaintiff

18   purportedly cannot determine whether Westlands has a claim or defense that shares a common

19   question of law or fact with the main action, since the Motion was not accompanied by pleading,

20   per Rule 24(c). Opp. at 13-14. However, "[c]ourts, including [the Ninth Circuit], have approved

21   intervention motions without a pleading where the court was otherwise apprised of the grounds

22   for the motion." *Beckman Indus., Inc*., 966 F.2d at 474 (9th Cir. 1992) (citing *Shores v. Hendy*

23   *Realization*, 133 F.2d 738, 742 (9th Cir.1943); *Smith v. Pangilinan*, 651 F.2d 1320, 1325–26 (9th

24   Cir.1981)); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009)

25   (holding that intervenor need not have attached a pleading to motion to intervene when

26   intervenor's "interest is obvious. . . . That interest was explicitly identified in [intervenor's]

27   motion to intervene. . .); *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 515-16, n.7 (1st Cir.

28

CASE NO. 1:20-cv-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO INTERVENE

1   2017) (collecting cases in support of statement that "[s]everal circuits, including our own, have

2   eschewed overly technical readings of Rule 24(c) similar to that applied by the district court

3   here.").

4          Here, Westlands' Motion clearly sets forth that Westlands seeks to intervene in this action

5   to defend its Repayment Contracts that the FASC expressly seeks to invalidate. Thus, there are

6   inescapable commonalities of law and fact, since Westlands and Federal Defendants seek to

7   defend contracts that Plaintiff seeks to invalidate.  Plaintiff claims that "Westlands' intervention

8   would delay and prejudice Hoopa's adjudication of its claims, which are solely against the United

9   States."  Opp. at 14.  This contention is belied by Plaintiff's non-opposition to Westlands' prior

10  motion to intervene, which was also not accompanied by a pleading.  Further, since Federal

11  Defendants have yet to answer the FASC, it makes little sense to require Westlands to submit a

12  proposed answer at this early stage.  Nonetheless, in order to remove any doubt that Westlands'

13  defense of its contracts that Plaintiff seeks to invalidate shares common questions of law and fact

14  with the main action, Westlands is submitting a Proposed Answer in conjunction with this Reply,

15  while reserving the right to amend that Answer once it is joined as a party to this case and served

16  with the complaint.

17  **III.**    <u>**CONCLUSION**</u>

18         Westlands has a substantial and undeniable interests in this case.  It has been operating

19  under the Repayment Contracts for over two years and has made over $200 million in payments

20  under them.  In exchange, its landowners have obtained significant opportunities that have been

21  recognized by this Court.  Clear legal precedent and basic common sense dictate that Westlands

22  must be allowed to participate in the defense of its contracts.  For all the foregoing reasons and

23  those detailed in the Motion, the Court should grant Westlands' Motion to Intervene as a

24  defendant in this case.

25

26

27

28

1    Dated:  December 22, 2022             CYNTHIA J. LARSEN
                                           JUSTIN GIOVANNETTONE
2                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

3                                          By:          /s/ Cynthia J. Larsen
4                                                    CYNTHIA J. LARSEN
                                           Attorneys for Westlands Water District
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2022, I electronically filed WESTLANDS WATER DISTRICT'S REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

<em>/s/ Cynthia J. Larsen</em><br>CYNTHIA J. LARSEN