1   CYNTHIA J. LARSEN (SBN 123994)
    clarsen@orrick.com
2   JUSTIN GIOVANNETTONE (SBN 293794)
    jgiovannettone@orrick.com
3   MARK C. SMITH (SBN 319003)
    mark.smith@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, CA  95814-4497
    Telephone:    +1 916 447 9200
6   Facsimile:    +1 916 329 4900

7   DANIEL J. O'HANLON (SBN 122380)
    dohanlon@kmtg.com
8   KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
    400 Capitol Mall, 27th Floor
9   Sacramento, CA  95814
    Telephone: (916) 321-4500
10  Facsimile: (916) 321-4555

11  *Attorneys for Proposed Intervenor-Defendant*
    *Westlands Water District*

12

13              UNITED STATES DISTRICT COURT

14          FOR THE EASTERN DISTRICT OF CALIFORNIA

15

16                    FRESNO DIVISION

17

18  HOOPA VALLEY TRIBE,                    Case No. 1:20-cv-01814-JLT-EPG

19              Plaintiff,                 **[PROPOSED] WESTLANDS WATER
                                           DISTRICT'S ANSWER IN
20        v.                               INTERVENTION TO PLAINTIFF'S
                                           FIRST AMENDED AND
21  UNITED STATES BUREAU OF                SUPPLEMENTAL COMPLAINT**
    RECLAMATION; DAVID BERNHARDT, in
22  his official capacity as Secretary of the Interior;
    BRENDA BURMAN, in her official capacity
23  as Commissioner of the United States Bureau
    of Reclamation; ERNEST CONANT, in his
24  official capacity as U.S. Bureau of Reclamation
    California-Great Basin Regional Director; and
25  UNITED STATES DEPARTMENT OF THE
    INTERIOR,
26
                Defendants.
27

28
                                                CASE NO. 1:20-CV-01814-JLT-EPG
                                                [PROPOSED] WESTLANDS WATER DISTRICT
                              -1-               ANSWER IN INTERVENTION TO
                                                PL.'S FIRST AM. AND SUPPL. COMPL.

**[PROPOSED] WESTLANDS WATER DISTRICT'S ANSWER IN INTERVENTION TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Westlands Water District ("Westlands"), by and through its undersigned counsel, intervenes in the above-captioned action to protect its interests in repayment contracts with the United States executed pursuant to the Water Infrastructure Improvements for the Nation ("WIIN") Act ("Repayment Contracts").[1]  As such, Westlands presents this Answer to Plaintiff's First Amended and Supplemental Complaint ("FASC") pursuant to Federal Rules of Civil Procedure 7(a)(2) and 24(c).  As Westlands has not yet been joined as a party or served with a complaint, and as the existing defendants have yet to respond to the FASC, Westlands reserves the right to amend its Proposed Answer once it is joined as a party and served.  *See* Fed. R. Civ. P. 15(a)(3).  Any allegations, express or implied, that are not expressly admitted, denied, or qualified are hereby denied.

## I.      INTRODUCTION

1.      Paragraph 1 is comprised of Plaintiff's characterization of this action to which no response is required.  To the extent a response is deemed to be required, Westlands admits Plaintiff has sued the United States Bureau of Reclamation, Debra Anne Haaland, in her official capacity as Secretary of the Interior, Maria Camille Calimlim Touton, in her official capacity as Commissioner of the United States Bureau of Reclamation ("Reclamation"), Ernest A. Conant, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director, and United States Department of the Interior (collectively, "Federal Defendants") for alleged violations of the Central Valley Project Improvement Act ("CVPIA"), the WIIN Act, the National Environmental Policy Act ("NEPA"), "Reclamation law", including but not limited to Reclamation's authority to contract for the delivery of water, Trinity River Basin Fish and Wildlife Management Act of 1984, Pub. L. No. 98-541, 98 Stat. 2721 ("1984 Act"), as amended

---

[1] Section 4011 of the WIIN Act directed that, upon the request of any water service contractor, "the Secretary of the Interior shall convert" the contractor's water service contract to a repayment contract. Reclamation executed two repayment contracts with Westlands:  No. 14-06-200-495A-IR1-P and No. 14-06-200-7823J-LTR1-P.  These repayment contracts between Reclamation and Westlands are referred to herein as "Repayment Contracts."

by the Trinity River Basin Fish and Wildlife  Management Reauthorization Act, Pub. L. 104-143, 110 Stat. 1338 (May 15, 1996) ("1996 Act"), Executive Order 128666, and the Administrative Procedure Act ("APA").  Westlands admits Plaintiff seeks injunctive and declaratory relief, but denies that Plaintiff is entitled to any relief.  Westlands denies each and every remaining allegation in Paragraph 1.

2.      Paragraph 2 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits footnotes 8 and 9 and admits that Reclamation has confirmed that Westlands' inability to obtain a validation judgment does not render Westlands' Repayment Contract No. 14-06-200-495A-IR1-P with Reclamation void and Reclamation has confirmed that this Repayment Contract will govern and since its effective date of June 1, 2020 has governed the rights and obligation of the United States and the District, notwithstanding the absence of a final decree confirming its proceedings to authorize the execution of its Repayment Contact.  Westlands denies each and every remaining allegation in Paragraph 2.

3.      Paragraph 3 is comprised of Plaintiff's further characterization of this action and legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies Reclamation has failed to comply with federal laws prior to converting water service contracts to repayment contracts, pursuant to the WIIN Act.  Westlands further denies that Plaintiff is entitled to any of the relief it seeks and denies each and every remaining allegation in Paragraph 3.

## II.      JURISDICTION AND VENUE

4.      Paragraph 4 is comprised of Plaintiff's further characterization of this action and legal conclusions to which no response is required. To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 4.

5.      Answering the allegations in Paragraph 5, Westlands admits that Plaintiff originally filed this action in the Northern District of California and that, on December 21, 2020, the Federal Court for the Northern District of California granted Federal Defendants' motion to

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

1   transfer the case to this Court.  Westlands denies each and every remaining allegation in

2   Paragraph 5.

3                              **III.    STANDING**

4          6.      Answering the allegations in Paragraph 6, Westlands denies that Plaintiff has

5   standing to assert all of the claims in its FASC.  Westlands admits that Plaintiff is a federally

6   recognized Indian tribe.  Westlands is without sufficient information to admit or deny the

7   allegations in the second and third sentences of Paragraph 6, and on that basis denies each and

8   every allegation in the second and third sentences of Paragraph 6.

9          7.      Westlands is without sufficient information to admit or deny the allegations in the

10  first sentence of Paragraph 7, and on that basis denies each and every allegation in the first

11  sentence of Paragraph 7.  Westlands admits that the quoted language in the second sentence of

12  Paragraph 7 is found in the cited case.  Westlands is without sufficient information to admit or

13  deny the allegations contained in the third sentence of Paragraph 7, and on that basis denies said

14  allegations.

15         8.      Paragraph 8 contains conclusions of law to which no response is required.  To the

16  extent a response is deemed to be required, Westlands is without sufficient information to admit

17  or deny the allegations contained in Paragraph 8, and on that basis denies said allegations.

18         9.      Westlands is without sufficient information to admit or deny the allegations

19  contained in of Paragraph 9, and on that basis denies said allegations.

20         10.     Paragraph 10 contains conclusions of law to which no response is required.  To the

21  extent a response is deemed to be required, Westlands is without sufficient information to admit

22  or deny the allegations contained in Paragraph 10, and on that basis denies said allegations.

23         11.     Paragraph 11 contains conclusions of law to which no response is required.  To the

24  extent a response is deemed to be required, Westlands admits that the quoted language is found in

25  the cited exhibit.  Westlands is without sufficient information to admit or deny the remaining

26  allegations contained in Paragraph 11, and on that basis denies said allegations.

27

28

-3-

12.     Paragraph 12 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 12, and on that basis denies said allegations.

13.     Paragraph 13 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statutes.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 13, and on that basis denies said allegations.

14.     Paragraph 14 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 14, and on that basis denies said allegations.

15.     Paragraph 15 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 15, and on that basis denies said allegations.

16.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 16, and on that basis denies said allegations.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute, absent Plaintiff's bracketed language and emphasis.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17, and on that basis denies said allegations.

18.     Paragraph 18 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18, and on that basis denies said allegations.

19.     Paragraph 19 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations in Paragraph 19.

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

20.     Paragraph 20 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations in Paragraph 20.

21.     Paragraph 21 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations in Paragraph 21.

22.     Paragraph 22 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations in Paragraph 22.

23.     Paragraph 23 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations in Paragraph 23.

24.     Paragraph 24 "incorporates by reference all allegations below in support of [Plaintiff's claim that is has] standing."  Westlands denies that Plaintiff has standing to assert all of the claims in its FASC.

## IV.     PARTIES

25.     Westlands is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 25, and on that basis denies said allegations. The second sentence of Paragraph 25 is comprised of legal conclusions to which no response is required.  To the extent a response to the second sentence of Paragraph 25 is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in that sentence, and on that basis denies said allegations.  Westlands is without sufficient information to admit or deny the allegations contained in the third sentence of Paragraph 25, and on that basis denies said allegations.

26.     Regarding Paragraph 26:

A.     Westlands admits that Reclamation is a federal agency within the United States Department of the Interior that has primary operations and management authority over the Central Valley Project ("CVP"), which includes Trinity River Division "TRD", as stated in the first sentence of Paragraph 26.A.  The remaining portions of the first sentence of Paragraph 26.A contain legal conclusions to which no response is required.  To the extent a response to the remaining portions of the first sentence of Paragraph 26.A is deemed to be required, Westlands

admits Reclamation has an obligation to comply with applicable laws.  The second sentence of Paragraph 26.A contains legal conclusions to which no response is required.  To the extent a response the second sentence of Paragraph 26.A is deemed required, Westlands denies said allegations.

B.     Westlands admits that Plaintiff has sued Debra Anne Haaland in her official capacity as Secretary of the Interior.  The second sentence of Paragraph 26.B contains legal conclusions to which no response is required.  To the extent a response the second sentence of Paragraph 26.B is deemed required, Westlands admits that Ms. Haaland oversees the Department of the Interior and Bureau of Reclamation and is responsible for the operation of the CVP and TRD, subject to applicable laws.

C.     Westlands admits that Plaintiff has sued Maria Camille Calimlim Touton in her official capacity as the Commissioner of the United States Bureau of Reclamation.

D.     Westlands admits that Plaintiff has sued Ernest A. Conant in his official capacity as Regional Director of the California-Great Basin Region of the United States Bureau of Reclamation.

E.     Westlands admits that the United States Department of the Interior is a cabinet-level federal agency and the parent agency of the United States Bureau of Reclamation.

## V.     STATUTORY AND REGULATORY BACKGROUND

## THE TRINITY RIVER DIVISION AUTHORIZATION ACT

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the Act of August 12, 1955, Public Law 84-386, 69 Stat. 719 ("1955 Act") authorized the construction and operation of the TRD of the CVP, and authorized and directed the Secretary of Interior,

> to adopt appropriate measures to insure the preservation and propagation of fish and wildlife, including, but not limited to, the maintenance of the flow of the Trinity River below the diversion point at not less than one hundred and fifty cubic feet per second for the months July through November and the flow of Clear Creek below the diversion point at not less than fifteen cubic feet per second unless the Secretary and the California Fish and Game Commission determine and agree that lesser flows would be adequate for maintenance of fish life and propagation thereof; the

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

Secretary shall also allocate to the preservation and propagation of fish and wildlife, as provided in the Act of August 14, 1946 (60 Stat. 1080), an appropriate share of the costs of constructing the Trinity River development and of operating and maintaining the same, such costs to be non-reimbursable: *Provided further*, That not less than 50,000 acre-feet shall be released annually from the Trinity Reservoir and made available to Humboldt County and downstream water users.

Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 27, and on that basis denies said allegations.

## **TRINITY RIVER BASIN, CALIFORNIA, FISH AND WILDLIFE ACT**

28.    Paragraph 28 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that section 2(a) of the 1984 Act, as amended by the 1996 Act, states the following:

Subject to subsection (b), the Secretary, in consultation with the Secretary of Commerce where appropriate, shall formulate and implement a fish and wildlife management program for the Trinity River Basin designed to restore the fish and wildlife populations in such basin to the levels approximating those which existed immediately before the start of the construction referred to in section 1(1) and to maintain such levels. To the extent these restored fish and wildlife populations will contribute to ocean populations of adult salmon, steelhead, and other anadromous fish, such management program is intended to aid in the resumption of commercial, including ocean harvest, and recreational fishing activities. The program shall include the following activities:
  (1) The design, construction, operation, and maintenance of facilities to—
      (A) rehabilitate fish habitats in the Trinity River between Lewiston Dam and Weitchpec and in the Klamath River downstream of the confluence with the Trinity River;
      (B) rehabilitate fish habitats in tributaries of such river below Lewiston Dam and in the south fork of such river; and
      (C) modernize and otherwise increase the effectiveness of the Trinity River Fish Hatchery, so that it can best serve its purpose of mitigation of fish habitat loss above Lewiston Dam while not impairing efforts to restore and maintain naturally reproducing anadromous fish stocks within the basin.
  (2) The establishment of a procedure to monitor (A) the fish and wildlife stock on a continuing basis, and (B) the effectiveness of the rehabilitation work.
  (3) Such other activities as the Secretary determines to be necessary to achieve the long-term goal of the program.

Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 28, and on that basis denies said allegations.

## THE CENTRAL VALLEY PROJECT IMPROVEMENT ACT (CVPIA)

29.     Paragraph 29 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that CVPIA section 3402 establishes the following purposes for the CVPIA:

(a) To protect, restore, and enhance fish, wildlife, and associated habitats in the Central Valley and Trinity River basins of California;
(b) To address impacts of the Central Valley Project on fish, wildlife and associated habitats;
(c) To improve the operational flexibility of the Central Valley Project;
(d) To increase water-related benefits provided by the Central Valley Project to the State of California through expanded use of voluntary water transfers and improved water conservation;
(e) To contribute to the State of California's interim and long-term efforts to protect the San Francisco Bay/Sacramento-San Joaquin Delta Estuary;
(f) To achieve a reasonable balance among competing demands for use of Central Valley Project water, including the requirements of fish and wildlife, agricultural, municipal and industrial and power contractors.

30.     Paragraph 30 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that CVPIA section 3404(c)(1) states the following:

No such renewals [of Existing Long-Term Contracts] shall be authorized until appropriate environmental review, including the preparation of the environmental impact statement required in section 3409 of this title, has been completed. Contracts which expire prior to the completion of the environmental impact statement required by section 3409 may be renewed for an interim period not to exceed three years in length, and for successive interim periods of not more than two years in length, until the environmental impact statement required by section 3409 has been finally completed, at which time such interim renewal contracts shall be eligible for long-term renewal as provided above. Such interim renewal contracts shall be modified to comply with existing law, including provisions of this title. With respect to all contracts renewed by the Secretary since January 1, 1988, the Secretary shall incorporate in said contracts a provision requiring payment of the charge mandated in subsection 3406(c) and subsection 3407(b) of this title and all other modifications needed to comply with existing law, including provisions of this title. This title shall be deemed "applicable law" as that term is used in Article 14(c) of contracts renewed by the Secretary since January 1, 1988.

31.     Paragraph 31 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that quoted language is found in

-8-

CVPIA section 3404(c)(2) and in the Reclamation Manual.  Westlands denies the second sentence of Paragraph 31.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that CVPIA section 3406(a) amended section 2 of the Central Valley Project Authorizations Act of August 26, 1937 (chapter 832; 50 Stat. 850), in the following ways:

> (1) In the second proviso of subsection (a), by inserting "and mitigation, protection, and restoration of fish and wildlife" after "Indian reservations,";
> (2) In the last proviso of subsection (a), by striking "domestic uses;" and inserting "domestic uses and fish and wildlife mitigation, protection and restoration purposes;" and by striking "power" and inserting "power and fish and wildlife enhancement";
> (3) By adding at the end the following: "The mitigation for fish and wildlife losses incurred as a result of construction, operation, or maintenance of the Central Valley Project shall be based on the replacement of ecologically equivalent habitat and shall take place in accordance with the provisions of this title and concurrent with any future actions which adversely affect fish and wildlife populations or their habitat but shall have no priority over them."; and,
> (4) By adding at the end the following: "(e) Nothing in this title shall affect the State's authority to condition water rights permits for the Central Valley Project."

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in CVPIA section 3406(b)(23).  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 33, and on that basis denies said allegations.

34.     Paragraph 34 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in CVPIA section 3406(b)(23)(B).

## THE NATIONAL ENVIRONMENTAL POLICY ACT (NEPA)

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited regulation and statute.

36.      Paragraph 36 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.

37.      Paragraph 37 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case.

38.      Paragraph 38 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in 42 U.S.C. § 4332(C).

39.      Paragraph 39 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the 1978 version of the Council on Environmental Quality ("CEQ") regulations.

40.      Paragraph 40 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the 1978 version of the CEQ regulations.

41.      Paragraph 41 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the 1978 version of the CEQ regulations.

## THE ADMINISTRATIVE PROCEDURE ACT (APA)

42.      Paragraph 42 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.

43.      Paragraph 43 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the cited statute establishes the scope of review under the Administrative Procedure Act.

## THE WATER INFRASTRUCTURE IMPROVEMENTS OF THE NATION
## (WIIN) ACT

44.     Paragraph 44 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.

45.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45, and on that basis denies said allegations.

46.     Paragraph 46 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that section 4013 of the WIIN Act states that "This subtitle [Subtitle J—California Water] shall expire on the date that is 5 years after the date of its enactment, with the exception of–(1) section 4004, which shall expire 10 years after the date of its enactment; and (2) projects under construction in sections 4007, 4009(a), and 4009(c)" and denies the remaining allegations of Paragraph 46.

## COORDINATED OPERATIONS ACT OF 1986

47.     Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the cost allocation study cited in footnote 25 was published in January 2020, and that the quoted language is found in the study. Westlands denies the remaining allegations in Paragraph 47.

## CONTRACT VALIDATION MANDATE 43 U.S.C. § 511

48.     Paragraph 48 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language in the first sentence of Paragraph 48 is found in the cited statute and case cited in footnote 27.  Westlands further admits that 43 U.S.C. § 511 states "That no contract with an irrigation district under this section and sections 512 and 513 of this title shall be binding on the United States until the proceedings on the part of the district for the authorization of the execution of the contract with

1    the United States shall have been confirmed by decree of a court of competent jurisdiction, or

2    pending appellate action if ground for appeal be laid."  Westlands denies each and every

3    remaining allegations contained in Paragraph 48.

4         49.    Paragraph 49 contains conclusions of law to which no response is required.  To the

5    extent a response is deemed to be required, Westlands is without sufficient information to admit

6    or deny the allegations contained in Paragraph 49, and on that basis denies said allegations.

7                              **EXECUTIVE ORDER 12866**

8         50.    Paragraph 50 contains conclusions of law to which no response is required.  To the

9    extent a response is deemed to be required, Westlands admits that the quoted language is found in

10   the executive order cited in footnote 28.  Westlands is without sufficient information to admit or

11   deny the remaining allegations contained in Paragraph 50, and on that basis denies said

12   allegations.

13        51.    Paragraph 51 contains conclusions of law to which no response is required.  To the

14   extent a response is deemed to be required, Westlands is without sufficient information to admit

15   or deny the allegations contained in Paragraph 51, and on that basis denies said allegations.

16                          **BUREAU OF RECLAMATION MANUAL**

17        52.    Paragraph 52 contains conclusions of law to which no response is required.  To the

18   extent a response is deemed to be required, Westlands admits that the website cited in footnote 29

19   describes the Reclamation Manual as assigning program responsibility and establishing and

20   documenting Reclamation-wide methods of doing business, and denies the remaining allegation

21   of Paragraph 52.

22                **SEPARABLE COSTS REMAINING BENEFITS METHODOLOGY**

23        53.    Paragraph 53 contains conclusions of law to which no response is required.  To the

24   extent a response is deemed to be required, Westlands admits that the website cited in footnote 30

25   states that the Separable Costs Remaining Benefits method was used by Reclamation in 1956,

26   1960, 1970, and 1975.  Westlands is without sufficient information to admit or deny the

27   remaining allegations contained in Paragraph 53, and on that basis denies said allegations.

28

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

**FACTUAL ALLEGATIONS**

54.     Paragraph 54 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case law.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 54, and on that basis denies said allegations.

55.     Paragraph 55 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case law.  Westlands also admits the allegations in footnote 31 that Hupa are the people of the federally recognized Hoopa Valley Tribe.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 55, and on that basis denies said allegations.

56.     Paragraph 56 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case law.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 56, and on that basis denies said allegations.

57.     Paragraph 57 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the first sentence of Paragraph 57.  Westlands is without sufficient information to admit or deny the remaining uncited allegations contained in Paragraph 57, and on that basis denies said allegations.

58.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 58, and on that basis denies said allegations.

59.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 59, and on that basis denies said allegations.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute and case law.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 60, and on that basis denies said allegations.

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

61.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 61, and on that basis denies said allegations.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited Opinion.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 62, and on that basis denies said allegations.

63.     Paragraph 63 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that, in *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 861-62 (9th Cir. 2004), the court noted that "over the first ten years [of full TRD operations] an average of 88% of the river's flow, or about 1,277,400 AF/year was diverted" to the Central Valley, and that "[i]n 1980, the FWS estimated that the Trinity River fish population suffered a reduction of 60% to 80%, and fishery habitat loss of 80% to 90%."  Westlands is without sufficient information to admit or deny the remaining uncited allegations contained in Paragraph 63, and on that basis denies said allegations.

64.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 64, and on that basis denies said allegations.

65.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 65, and on that basis denies said allegations.

66.     Paragraph 66 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 66, and on that basis denies said allegations.

67.     Paragraph 67 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language in the first two sentences of Paragraph 67 is found in the cited sections of the CVPIA.  Regarding the third sentence of Paragraph 67, Westlands admits that CVPIA section 3406(b)(23)(B) states,

> If the Secretary and the Hoopa Valley Tribe concur in these recommendations, any increase to the minimum Trinity River instream fishery releases established under this paragraph and the operating criteria and procedures referred to in subparagraph (A) shall be implemented accordingly. If the Hoopa Valley Tribe and the Secretary do not concur, the minimum Trinity River instream fishery releases established under this paragraph shall remain in effect unless increased by an Act of Congress, appropriate judicial decree, or agreement between the Secretary and the Hoopa Valley Tribe.

Westlands denies each and every remaining allegation contained in Paragraph 67.

68.    Paragraph 68 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that CVPIA section 3404 concerns contracting and contract reform, and CVPIA section 3406 concerns fish, wildlife, improved water management and conservation.  Westlands denies each and every remaining allegation contained in Paragraph 68.

69.    Paragraph 69 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 69, and on that basis denies said allegations.

70.    Paragraph 70 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 70, and on that basis denies said allegations.

71.    Paragraph 71 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited record of decision.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 71, and on that basis denies said allegations.

72.    Paragraph 72 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case law.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 72, and on that basis denies said allegations.

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

73.     Paragraph 73 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 73, and on that basis denies said allegations.

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 74, and on that basis denies said allegations.

75.     Paragraph 75 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case law.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 75, and on that basis denies said allegations.

76.     Paragraph 76 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the uncited allegations contained in Paragraph 76, and on that basis denies said allegations.

77.     Paragraph 77 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited volume and pages of the Federal Register.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 77, and on that basis denies said allegations.

78.     Paragraph 78 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the uncited allegations contained in Paragraph 78, and on that basis denies said allegations.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the uncited allegations contained in Paragraph 79, and on that basis denies said allegations.

80.     Westlands admits that the quoted language in Paragraph 80 is found in a June 2012 California Hatchery Review Report.  Westlands denies each and every remaining allegation in Paragraph 80.

81.     Westlands is without sufficient information to admit or deny the uncited allegations contained in Paragraph 81, and on that basis denies said allegations.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the cited biological opinions were finalized in 2020.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 82, and on that basis denies said allegations.

83.     Paragraph 83 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 83, and on that basis denies said allegations.

84.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 84, and on that basis denies said allegations.

85.     Westlands is without sufficient information to admit or deny the allegations contained in Paragraph 85, and on that basis denies said allegations.

86.     Paragraph 86 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language is found in the cited case.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 86, and on that basis denies said allegations.

87.     Paragraph 87 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 87.

88.     Answering the allegations in Paragraph 88, Westlands admits that on February 28, 2020, Reclamation and Westlands executed Repayment Contract No. 14-06-200-495A-IRI-P, which converted a water service contract to a repayment contract consistent with the WIIN Act, and that contract maintains Westlands' entitlement of up to 1,150,000 acre-feet of CVP water per

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

1   year.  Westlands is without sufficient information to admit or deny the remaining allegations

2   contained in Paragraph 88, and on that basis denies said allegations.

3          89.     Westlands denies the allegations contained in Paragraph 89.

4          90.     Paragraph 90 contains conclusions of law to which no response is required.  To the

5   extent a response is deemed to be required, Westlands admits that the quoted language is found in

6   the cited contract.  Westlands denies the remaining allegations contained in Paragraph 90.

7          91.     Paragraph 91 contains conclusions of law to which no response is required.  To the

8   extent a response is deemed to be required, Westlands denies the allegations contained in

9   Paragraph 91.

10         92.     Westlands is without sufficient information to admit or deny the allegations

11  contained in Paragraph 92, and on that basis denies said allegations.

12         93.     Westlands is without sufficient information to admit or deny the allegations

13  contained in Paragraph 93, and on that basis denies said allegations.

14         94.     Answering the allegations in Paragraph 94, Westlands admits a Programmatic

15  Environmental Impact Statement was issued in 1999 pursuant to the CVPIA.  Westlands is

16  without sufficient information to admit or deny the remaining allegations contained in Paragraph

17  94, and on that basis denies said allegations.

18         95.     Answering the allegations in Paragraph 95, Westlands admits that the quoted

19  language is found in the November 2000 Biological Opinion on Implementation of the CVPIA

20  and Continued Operation and Maintenance of the CVP.   Westlands is without sufficient

21  information to admit or deny the remaining allegations contained in Paragraph 95, and on that

22  basis denies said allegations.

23         96.     Westlands denies the allegations contained in Paragraph 96.

24         97.     Westlands denies the allegations contained in Paragraph 97.

25         98.     Westlands is without sufficient information to admit or deny the allegations

26  contained in Paragraph 98, and on that basis denies said allegations.

27         99.     Westlands denies the allegations contained in Paragraph 99.

28

-18-

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

100.    Paragraph 100 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 100.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent a response is deemed to be required, Westlands denies the allegations contained in the first sentence of Paragraph 101.  Westlands is without sufficient information to admit or deny the remaining allegations contained in Paragraph 101, and on that basis denies said allegations.

102.    Westlands denies the allegations contained in Paragraph 102.

103.    Westlands is without sufficient information to admit or deny the allegations contained in the first three sentences in Paragraph 103, and on that basis denies said allegations. Westlands denies the allegations contained in the fourth sentence of Paragraph 102.

104.    Westlands denies the allegations contained in Paragraph 104.

105.    Westlands denies the allegations contained in Paragraph 105.

## VI.    RESPONSES TO CLAIMS FOR RELIEF

### RESPONSES TO FIRST CLAIM FOR RELIEF
Alleged Violations of Reclamation Law, the CVPIA and the APA.

106.    Westlands incorporates its responses from Paragraphs 1 through 105 as though fully set forth herein.

107.    Paragraph 107 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies Plaintiff's allegations in Paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands admits that CVPIA section 3406(b)(23) in part authorizes and directs the Secretary of the Interior to undertake actions, including actions to "meet Federal trust responsibilities to protect the fishery resources of the Hoopa Valley Tribe, and to meet the fishery restoration goals of the Act of October 24, 1984, Pub. L. 98-541."  To the extent a response is deemed to be required, Westlands further admits that CVPIA section

-19-

1  3406(b)(1) in part authorizes and directs the Secretary to "[d]evelop within three years of

2  enactment and implement a program which makes all reasonable efforts to ensure that, by the

3  year 2002, natural production of anadromous fish in Central Valley rivers and streams will be

4  sustainable, on a long-term basis, at levels not less than twice the average levels attained during

5  the period of 1967-1991 . . . ." Westlands is without sufficient information to admit or deny the

6  remaining allegations contained in Paragraph 108, and on that basis denies said allegations.

7        109.    Paragraph 109 contains legal conclusions to which no response is required. To the

8  extent a response is deemed to be required, Westlands denies the allegations in Paragraph 109.

9        110.    Paragraph 110 contains legal conclusions to which no response is required. To the

10  extent a response is deemed to be required, Westlands denies the allegations in Paragraph 110.

11                    **RESPONSES TO SECOND CLAIM FOR RELIEF**
                      **Alleged Violations of NEPA and APA**
12

13       111.    Westlands incorporates its responses from Paragraphs 1 through 110 as though

14  fully set forth herein.

15       112.    Paragraph 112 contains legal conclusions to which no response is required. To the

16  extent a response is deemed to be required, Westlands denies the allegations in Paragraph 112.

17       113.    Paragraph 113 contains legal conclusions to which no response is required. To the

18  extent a response is deemed to be required, Westlands is without sufficient information to admit

19  or deny the allegations in Paragraph 113 since the paragraph is vague as to which contract it is

20  referencing, and on that basis denies said allegations.

21       114.    Paragraph 114 contains legal conclusions to which no response is required. To the

22  extent a response is deemed to be required, Westlands denies each and every allegation in

23  Paragraph 114.

24       115.    Paragraph 115 contains legal conclusions to which no response is required. To the

25  extent a response is deemed to be required, Westlands denies that Reclamation's approval of the

26  Repayment Contracts violated NEPA or the APA.

27

28

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

1    116.    Paragraph 116 contains legal conclusions to which no response is required.  To the

2    extent a response is deemed to be required, Westlands is without sufficient information to admit

3    or deny the allegations contained in the first sentence of Paragraph 116, and on that basis denies

4    said allegations.  Westlands denies each and every remaining allegation in Paragraph 116.

5    117.    Paragraph 117 contains legal conclusions to which no response is required.  To the

6    extent a response is deemed to be required, Westlands denies the allegations in Paragraph 117.

7    118.    Paragraph 118 contains legal conclusions to which no response is required.  To the

8    extent a response is deemed to be required, Westlands denies the allegations in Paragraph 118.

9    **RESPONSES TO THIRD CLAIM FOR RELIEF**
10   **Alleged Violations of WIIN Act, CVPIA, and APA**

11   119.    Westlands incorporates its responses from Paragraphs 1 through 118 as though

12   fully set forth herein.

13   120.    Paragraph 120 contains legal conclusions to which no response is required.  To the

14   extent a response is deemed to be required, Westlands denies each and every allegation in

15   Paragraph 120.

16   121.    Paragraph 121 contains legal conclusions to which no response is required.  To the

17   extent a response is deemed to be required, Westlands denies each and every allegation in

18   Paragraph 121.

19   122.    Paragraph 122 contains legal conclusions to which no response is required.  To the

20   extent a response is deemed to be required, Westlands each and every the allegation in Paragraph

21   122.

22   **RESPONSES TO FOURTH CLAIM FOR RELIEF**
     **Alleged Violations of the CVPIA, WIIN Act, SCRB method and APA**

23   123.    Westlands incorporates its responses from Paragraphs 1 through 122 as though

24   fully set forth herein.

25   124.    Paragraph 124 contains legal conclusions to which no response is required.  To the

26   extent a response is deemed to be required, Westlands admits that CVPIA section 3406(a)

27

28
                                                            CASE NO. 1:20-cv-01814-JLT-EPG
                                                            [PROPOSED] WESTLANDS WATER DISTRICT
                                          -21-              ANSWER IN INTERVENTION TO
                                                            PL.'S FIRST AM. AND SUPPL. COMPL.

amended section 2 of the Central Valley Project Authorizations Act of August 26, 1937 (chapter 832; 50 Stat. 850), in the following ways:

> (1) In the second proviso of subsection (a), by inserting "and mitigation, protection, and restoration of fish and wildlife" after "Indian reservations,";
> (2) In the last proviso of subsection (a), by striking "domestic uses;" and inserting "domestic uses and fish and wildlife mitigation, protection and restoration purposes;" and by striking "power" and inserting "power and fish and wildlife enhancement";
> (3) By adding at the end the following: "The mitigation for fish and wildlife losses incurred as a result of construction, operation, or maintenance of the Central Valley Project shall be based on the replacement of ecologically equivalent habitat and shall take place in accordance with the provisions of this title and concurrent with any future actions which adversely affect fish and wildlife populations or their habitat but shall have no priority over them."; and,
> (4) By adding at the end the following: "(e) Nothing in this title shall affect the State's authority to condition water rights permits for the Central Valley Project."

To the extent a response is deemed to be required, Westlands denies each and every remaining allegation in Paragraph 124.

125.     Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations in Paragraph 125, and on that basis denies each and every allegation in Paragraph 125, except that Westlands admits that the quoted language in the third sentence of Paragraph 125 is found in the January 2020 CVP Final CAS.

126.     Paragraph 126 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 126

127.     Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 127.

## RESPONSES TO FIFTH CLAIM FOR RELIEF
### Alleged Violations of Executive Order 12866 and APA

128.    Westlands incorporates its responses from Paragraphs 1 through 127 as though fully set forth herein.

129.    Paragraph 129 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands admits that the quoted language in Paragraph 129, except for the language bracketed by Plaintiff, is found in the January 2020 CVP Final CAS. Westlands is without sufficient information to admit or deny the remaining allegations in Paragraph 129, and on that basis denies each and every remaining allegation in Paragraph 129.

130.    Westlands is without sufficient information to admit or deny the allegations in Paragraph 130, and on that basis denies each and every allegation in Paragraph 130.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations in Paragraph 131, and on that basis denies each and every allegation in Paragraph 131.

132.    Westlands is without sufficient information to admit or deny the allegations in Paragraph 132, and on that basis denies each and every allegation in Paragraph 132.

133.    Westlands is without sufficient information to admit or deny the allegations in Paragraph 133, and on that basis denies each and every allegation in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 135.

**RESPONSES TO SIXTH CLAIM FOR RELIEF**
**Alleged Violations of 43 U.S.C. § 511**

136.    Westlands incorporates its responses from Paragraphs 1 through 135 as though fully set forth herein.

137.    Westlands denies the allegations in the first sentence of Paragraph 137.  Regarding the remaining allegations in Paragraph 137, Westlands admits that it sought a validation judgment for its Repayment Contract No. 14-06-200-495A-IR1-P in Fresno County Superior Court, Case No. 19CECG03887.  The record in that case is public and speaks for itself.  To the extent a further response is required, Westlands denies each and every allegation in Paragraph 137 that conflicts with the public record in that case.

138.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies each and every allegation in Paragraph 138, except that Westlands admits that the quoted language in Paragraph 138 is found in the cited case, but denies that the quoted language is found in the cited statute.

139.    Regarding Paragraph 139, Westlands admits that on May 26, 2020, Westlands' General Manager Thomas Birmingham, transmitted a letter to Reclamation Regional Director Ernest Conant that stated, among other things:

> The District filed an action to obtain [a validation] decree on October 25, 2019, but for multiple reasons, the Court was not able to validate the District's proceedings prior to the Court closing for judicial business in response to the COVID-19 pandemic and the proclamations of emergency by Governor Gavin Newsom. The Court has announced it will remain closed until May 29, 2020; therefore, the District will not be able to obtain a validation judgment prior to the Repayment Contract's effective date, June 1, 2020.

Beyond what was stated in Mr. Birmingham's letter, Westlands is without sufficient information to admit or deny what Reclamation knew of public the validation proceedings, and on that basis denies each and every remaining allegation in Paragraph 139.

140.    Westlands admits that the quoted language in Paragraph 140 is found in Mr. Birmingham's May 26, 2020 letter.

-24-

1        141.    Regarding Paragraph 141, Westlands admits Mr. Birmingham's May 26, 2020

2   letter did not recite or attach each and every pleading filed and ruling issued in the Superior

3   Court's validation proceedings, Case No. 19CECG03887.  Westlands denies that Mr.

4   Birmingham's May 26, 2020 letter was misleading in any way, and denies each and every

5   remaining allegation in Paragraph 141.

6        142.    Paragraph 142 contains legal conclusions to which no response is required.  To the

7   extent a response is deemed to be required, Westlands admits that the quoted language is found in

8   Mr. Birmingham's May 26, 2020 letter.  Westlands denies that Mr. Birmingham's May 26, 2020

9   letter was misleading in any way, and denies each and every remaining allegation in Paragraph

10   142.

11        143.    Westlands admits that the quoted language in the first sentence of Paragraph 143 is

12   found in Mr. Birmingham's May 26, 2020 letter.  The second sentence of Paragraph 143 contains

13   legal conclusions to which no response is required.  To the extent a response to the second

14   sentence of Paragraph 143 is deemed to be required, Westlands denies Mr. Birmingham's May

15   26, 2020 letter was misleading in any way, and denies each and every remaining allegation in

16   Paragraph 149.

17        144.    Westlands admits that quoted language in Paragraph 144 is found in Mr.

18   Birmingham's May 26, 2020 letter.  Westlands denies each and every remaining allegation in

19   Paragraph 144.

20        145.    Westlands admits that quoted language in Paragraph 145 is found in Regional

21   Director Ernest Conant's May 28, 2020 letter.  Westlands is without sufficient information to

22   admit or deny the first sentence of footnote 47, and on that basis denies each and every allegation

23   in the first sentence of footnote 47.  Westlands denies the second sentence of footnote 47 and

24   denies each and every remaining allegation in Paragraph 145.

25        146.    Westlands admits that quoted language in Paragraph 146 is found in Regional

26   Director Ernest Conant's May 28, 2020 letter.  Westlands is without sufficient information to

27

28

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

admit or deny the remaining allegations in Paragraph 146, and on that basis denies each and every

allegation in Paragraph 146.

147.    The first sentence of Paragraph 147 seeks to characterize Westlands Renewed

Motion for Validation Judgment in the Fresno County Superior Court's validation proceedings,

Case No. 19CECG03887.  Westlands denies the allegations in the first sentence of Paragraph 147.

Westlands admits the remaining allegations in Paragraph 147.

148.    Westlands admits the quoted language in the first and second sentences of

Paragraph 148 is found in Exhibit 23.  Westlands is without sufficient information to admit or

deny the remaining allegations in the first and second sentences of Paragraph 148, and on that

basis denies each and every remaining allegation in the first and second sentences of Paragraph

148.  The third sentence of Paragraph 148 (beginning "Defendant Conant had no authority. . .")

contains legal conclusions to which no response is required.  To the extent a response is deemed

to be required, Westlands denies each and every allegation in the third sentence of Paragraph 148.

149.    Answering the allegations in Paragraph 149, Westlands admits that two San

Joaquin County Supervisors, Chuck Winn and Katherine M. Miller, signed the letter marked as

Exhibit 24 and admits that the quoted language in Paragraph 149 appears in Exhibit 24.

Westlands denies that that Mr. Birmingham's May 26, 2020 letter was misleading in any way and

denies each and every remaining allegation in Paragraph 149.

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the

extent a response is deemed to be required, Westlands denies each and every allegation in

Paragraph 150.

### RESPONSES TO SEVENTH CLAIM FOR RELIEF
#### Expiration of the WIIN Act, Violation of APA

151.    Westlands incorporates its responses from Paragraphs 1 through 150 as though

fully set forth herein.

152.    Answering the first sentence of Paragraph 152, Westlands admits that state court

judges have denied Westlands' request to issue a validation judgment for Westlands' Repayment

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

Contract No. 14-06-200-495A-IR1-P.  Westlands is without sufficient information to admit or deny the remaining allegations in the first sentence of Paragraph 152, and on that basis denies said allegations.  Westlands denies the allegations in the second and third sentences of Paragraph 152.  Westlands is without sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 152, and on that basis denies said allegations.  Westlands denies the allegations in the fifth sentence of Paragraph 152.

153.     Westlands denies each and every allegation in Paragraph 153, except to admit that Plaintiff is seeking a declaration.

### RESPONSES TO EIGHTH CLAIM FOR RELIEF
### Allegedly Unlawful "CVPIA Completion Memos"–Violation of CVPIA, APA

154.     Westlands incorporates its responses from Paragraphs 1 through 153 as though fully set forth herein.

155.     Westlands admits that the memoranda cited in Paragraph 155 exist.  The memorandums speak for themselves; Westlands is without sufficient information to admit or deny the remaining allegations in Paragraph 155, and on that basis denies said allegations.

156.     Paragraph 156 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands denies Plaintiff's "claims" in Paragraph 156.

157.     Answering the allegations in Paragraph 157, Westlands admits that in 2009 Reclamation published the "Central Valley Project Improvement Act Program Activity Review Report" ("CPAR").  The CPAR speaks for itself; Westlands is without sufficient information to admit or deny the remaining allegations in Paragraph 157, and on that basis denies said allegations.

158.     Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Westlands is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 158, and on that basis denies each and every allegation in the second sentence of Paragraph 158.

1       159.    Westlands is without sufficient information to admit or deny the allegations in

2  Paragraph 159, and on that basis denies said allegations.

3       160.    Westlands is without sufficient information to admit or deny the allegations in

4  Paragraph 160, and on that basis denies said allegations.

5       161.    Paragraph 161 contains legal conclusions to which no response is required.  To the

6  extent a response is deemed to be required, Westlands denies each and every allegation in the

7  second sentence of Paragraph 161.

8       162.    Westlands admits that the quoted language in the first sentence of Paragraph 162 is

9  found in the cited section of the CVPIA.  Westlands denies each and every remaining allegation

10  in Paragraph 162.

11       163.    Westlands admits that the quoted language in first sentence of Paragraph 163 is

12  found in Exhibit 27, attached to Plaintiff's FASC.  The second sentence of Paragraph 163

13  contains legal conclusions to which no response is required.  To the extent a response is deemed

14  to be required, Westlands admits that the quoted language in the second sentence of Paragraph

15  163 is found in Exhibit 28, attached to Plaintiff's FASC.  Westlands denies each and every

16  remaining allegation in Paragraph 163.

17       164.    Westlands denies each and every allegation in Paragraph 164.

18       165.    Paragraph 165 contains legal conclusions to which no response is required.  To the

19  extent a response is deemed to be required, Westlands denies each and every allegation in

20  Paragraph 165.

21       166.    Paragraph 166 contains legal conclusions to which no response is required.  To the

22  extent a response is deemed to be required, Westlands denies each and every allegation in

23  Paragraph 166.

24       167.    Westlands is without sufficient information to admit or deny the allegations in the

25  first sentence of Paragraph 167, and on that basis denies each and every allegation in the first

26  sentence of Paragraph 167.  The second sentence of Paragraph 167 contains legal conclusions to

27

28

CASE NO. 1:20-cv-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

which no response is required.  To the extent a response to the second sentence of Paragraph 167 is deemed to be required, Westlands denies each and every allegation in Paragraph 167.

### RESPONSES TO NINTH CLAIM FOR RELIEF
**Alleged Violation of Hoopa's Delegated Sovereignty in CVPIA; Alleged Violation of APA**

168.    Westlands incorporates its responses from Paragraphs 1 through 168 as though fully set forth herein.

169.    Paragraph 169 contains legal conclusions to which no response is required.  To the extent a response to Paragraph 169 is deemed to be required, Westlands responds as follows.  Westlands admits the first and second sentence of Paragraph 169.  Regarding the third and fourth sentences of Paragraph 169, Westlands admits that 25 U.S.C. § 1901 states that,

> (1) that clause 3, section 8, article I of the United States Constitution provides that "The Congress shall have Power * * * To regulate Commerce * * * with Indian tribes" and, through this and other constitutional authority, Congress has plenary power over Indian affairs;

> (2) that Congress, through statutes, treaties, and the general course of dealing with Indian tribes, has assumed the responsibility for the protection and preservation of Indian tribes and their resources.

Westlands denies each and every remaining allegation in the third and fourth sentences of Paragraph 169.  Westlands is without sufficient information to admit or deny the allegations in the fifth sentence of Paragraph 169, and on that basis denies said allegations.

170.    Paragraph 170 contains legal conclusions to which no response is required.  To the extent a response to Paragraph 170 is deemed to be required, Westlands admits the allegations in Paragraph 170.

171.    Paragraph 171 contains legal conclusions regarding the basis for and text of CVPIA section 3406(b)(23), which speaks for itself and to which no response is required.  To the extent a response to Paragraph 171 is deemed to be required, denies the allegations in Paragraph 171 to the extent they contradict or go beyond the text of CVPIA section 3406(b)(23).

172.    Paragraph 172 contains legal conclusions regarding CVPIA section 3406(b)(23) and *Bugenig v. Hoopa Valley Tribe*, 266 F.3d 1201 (9th Cir. 2001), which speak for themselves and to which no response is required.  To the extent a response to Paragraph 172 is deemed to be

CASE NO. 1:20-CV-01814-JLT-EPG
[PROPOSED] WESTLANDS WATER DISTRICT
ANSWER IN INTERVENTION TO
PL.'S FIRST AM. AND SUPPL. COMPL.

required, Westlands denies the allegations in Paragraph 172 to the extent they contradict or go beyond the text of CVPIA section 3406(b)(23) and *Bugenig*.

173.     Westlands is without sufficient information to admit or deny the allegations in Paragraph 173, and on that basis denies said allegations.

174.     Westlands denies each and every allegation in Paragraph 174.

175.     Westlands denies that Plaintiff is entitled to any of the relief requested in Paragraph 175.

**RESPONSES TO TENTH CLAIM FOR RELIEF**
**Alleged Violation of 1984 Act, 1996 Act and APA**

176.     Westlands incorporates its responses from Paragraphs 1 through 175 as though fully set forth herein.

177.     Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response to Paragraph 177 is deemed to be required, Westlands admits that the quoted language is found in the cited statute.  Westlands denies each and every remaining allegation in Paragraph 177.

178.     Westlands denies each and every allegation in Paragraph 178.

179.     Westlands denies each and every allegation in Paragraph 179.

180.     Westlands denies that Plaintiff is entitled to any of the relief requested in Paragraph 180.

**181.     RESPONSE TO PRAYER FOR RELIEF**

Westlands deny that Plaintiff is entitled to any of the relief that they seek in their Prayer for Relief, or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Westlands alleges the following affirmative defenses as applicable to any and all of Plaintiff's claims for relief. Westlands do not assume the burden of proof on any issues for which the burden of proof is on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

As for a First Affirmative Defense, Westlands alleges that the FASC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Laches)

As for a Second Affirmative Defense, Westlands alleges that the FASC, either in whole or in part, is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As for a Third Affirmative Defense, Westlands alleges that Plaintiff has failed to exhaust the required administrative remedies necessary in order to prevail upon any of the causes of action alleged in the FASC.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

As for a Fourth Affirmative Defense, Westlands alleges that Plaintiff, by its acts and omissions and otherwise, is estopped from asserting the matters alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(No Private Right of Action)

As for a Fifth Affirmative Defense, Westlands alleges that Federal law does not authorize a private right of action against Federal Defendants in this matter.

**SIXTH AFFIRMATIVE DEFENSE**

(Impairment of Contract)

As for a Sixth Affirmative Defense, Westlands alleges that the relief Plaintiff seeks is unlawful because it would result in an impairment of Defendants' contracts.

Case No. 1:20-cv-01814-JLT-EPG
[Proposed] Westlands Water District
Answer in Intervention to
Pl.'s First Am. and Suppl. Compl.

**SEVENTH AFFIRMATIVE DEFENSE**

(Vagueness)

As for a Seventh Affirmative Defense, Westlands alleges that Plaintiff's claims for relief as pled in the FASC are vague and uncertain.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver)

As for an Eighth Affirmative Defense, Westlands allege that Plaintiff's claims are barred by principles of waiver.

**NINTH AFFIRMATIVE DEFENSE**

(Ratification)

As for a Ninth Affirmative Defense, Westlands alleges that Plaintiff's claims seeking rescission is barred by principles of ratification.

**TENTH AFFIRMATIVE DEFENSE**

(Rescission as an Improper Remedy)

As for a Tenth Affirmative Defense, Westlands alleges that Plaintiff's claims seeking rescission is barred by applicable law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

As for an Eleventh Affirmative Defense, Westlands alleges that Plaintiff's lack standing to bring claims stated in the FASC in this Court.

**TWELFTH AFFIRMATIVE DEFENSE**

(Res Judicata and Collateral Estoppel)

As for a Twelfth Affirmative Defense, Westlands alleges that Plaintiff's claims are barred, in whole or in part, because the causes of action and issues in the FASC have been or will be litigated in other legal actions, or could have been previously litigated.

1
2

### THIRTEENTH AFFIRMATIVE DEFENSE

(Bona Fide Purchasers)

3
4
5
6

As for a Thirteenth Affirmative Defense, Westlands alleges that the FASC seeks rescind contracts that have been relied upon in good faith in the issuance and purchase of bonds and other contracts. Rescission would improperly prejudice those third-party rights, and thus rescission is not an appropriate remedy.

7
8

### FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

9
10
11

As for a Fourteenth Affirmative Defense, Westlands alleges that Plaintiff has asserted claims that are barred by the doctrine of sovereign immunity and thus the Court lacks subject matter jurisdiction.

12

**VII.   RESERVATION OF RIGHT**

13
14

Westlands reserve the right to assert additional affirmative defenses should they become aware of any such additional defenses during the course of discovery in this action.

15

**VIII.   CONCLUSION**

16
17
18
19

WHEREFORE, Westlands respectfully request that the Court deny all of Plaintiff's requests for relief, dismiss the FASC with prejudice, award Westlands its costs and attorneys' fees to the extent provided for by law, and grant Westlands such other relief as the Court deems appropriate.

20
21
22

Dated: December 22, 2022

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

23
24

By:        */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Westlands Water District

25
26
27
28

-33-