1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>              Plaintiff,<br><br>       v.<br><br>UNITED STATES BUREAU OF<br>RECLAMATION, et al.,<br><br>              Defendants. | Case No. 1:20-cv-1814-JLT-EPG<br><br>ORDER GRANTING WITH CONDITIONS<br>MOTION TO INTERVENE AS OF RIGHT<br><br>(Doc. 102) |

## I.    INTRODUCTION

Westlands Water District ("Westlands") seeks intervention as of right under Federal Rule of Civil Procedure ("Rule") 24(a), or, alternatively, permissive intervention under Rule 24(b). (Doc. 102.) Federal Defendants take no position on the motion. (Doc. 103.) The Hoopa Valley Tribe ("Plaintiff" or "Hoopa") opposes either form of intervention. (Docs. 104, 105.) For the reasons set forth below, the motion to intervene as of right is **GRANTED** with conditions.

## II.    BACKGROUND

At issue in this case, among other things, are contracts entered into between the United States Bureau of Reclamation ("Reclamation") and various water users for delivery of water from the federal Central Valley Project ("CVP"). (*See* Doc. 97, First Amended Complaint ("FAC"), ¶ 2(7).) In recent years, Reclamation has taken steps to convert certain time-limited "Water Service Contracts"

1

into permanent "Repayment" contracts[1] (*see id.*, ¶ 2(7)), pursuant to directives contained within the 2016 Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, 130 Stat. 1628 (2016). *See* WIIN Act § 4011 (directing that, upon the request of any Water Service Contractor, the Secretary of the Interior "shall convert," that contractor's Water Service Contract into a Repayment Contract).

In February 2020, Reclamation and Westlands executed Repayment Contract 14-06-200-495A-IR1-P, which converted Westlands' primary Water Service Contract into a Repayment Contract. *See* Bureau of Reclamation Website, "Conversion Contracts," *available at* https://www.usbr.gov/mp/wiin-act/negotiated-conversion-contracts.html (last visited Dec. 27, 2022). Federal reclamation law provides that water contracts are not binding upon the United States unless and until they are validated by state court decree. 42 U.S.C. § 511. Westlands pursued validation of its primary Repayment Contract in Fresno County Superior Court, but that request was denied on March 15, 2022. (*See* Doc. 105-1 (*Westlands Water Dist. v. All Persons Interested*, Case No. 19CECG03887, Judgment (March 15, 2022) (finding, among other things, that the contract could not be validated in its present form because it lacked certain material terms).)[2]

Hoopa alleges in the operative first amended complaint ("FAC") that the United States violated federal law by converting Water Service Contracts into Repayment Contracts pursuant to the WIIN Act without first complying with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331, et seq., or with Section 3404(c)(2) of the Central Valley Project Improvement Act ("CVPIA"), Public Law 102-575 (1992). (FAC, ¶¶ 106–118.) Hoopa also advances numerous other, related causes of action against federal agencies and officials. (*Id.* at 39–57.) Certain of Hoopa's allegations are premised upon its status as a federally-recognized Indian Tribe and the unique "fiduciary trust" relationship between Federal Defendants and Plaintiff. (*See generally id.*) In

---

[1] As the previously assigned jurist explained in one related case, "the WIIN Act Repayment Contracts are 'repayment' contracts that, unlike 'water service' contracts, allow contractors to prepay the repayment obligation imposed by Reclamation law, which in turn can reduce annual payments to Reclamation; these contracts also provide significant opportunities for relief from certain other requirements of Reclamation law, including acreage limitations. *N. Coast Rivers All. v. United States Dep't of the Interior,* No. 1:16-CV-00307-DAD-SKO, 2021 WL 5054394, at *7 (E.D. Cal. Nov. 1, 2021) (internal citation and quotation omitted).

[2] Westlands appealed the Judgment of the Fresno County Superior Court. That appeal remains pending. *See Westlands Water District v. County of San Joaquin et al.*, Case No. F083632 (CON/F084202).

1    addition, the FAC specifically contends that the converted Repayment contracts are legally invalid

2    and must be declared unlawful and set aside by this Court. (*Id.*, ¶¶ 110, 118, 122, 136; *id.* at 58

3    (Prayer D).)

4                                    **III.    ANALYSIS**

5            The Ninth Circuit has adopted a four-part test for determining whether an applicant can

6    intervene as of right pursuant to Rule 24(a)(2):

7                    (1) the motion must be timely; (2) the applicant must claim a
8                    "significantly protectable" interest relating to the property or
                     transaction which is the subject of the action; (3) the applicant must
9                    be so situated that the disposition of the action may as a practical
                     matter impair or impede its ability to protect that interest; and (4)
10                   the applicant's interest must be inadequately represented by the
                     parties to the action.
11

12   *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*) (internal

13   citation and quotation omitted).

14   **A.      Timeliness**

15           There is no dispute that the motion is timely. Westlands' original motion to intervene[3] was

16   filed approximately four months after the original complaint, but well before any substantive

17   matters had been heard or decided. *See e.g., Sawyer v. Bill Me Later, Inc.*, No. CV 10-04461 SJO

18   (JCGx), 2011 WL 13217238, at *3 (C.D. Cal. Aug. 8, 2011) (intervention timely even though

19   filed one year after commencement of suit because the defendant had yet to answer, depositions

20   had been noticed or taken, document discovery had only recently begun, and the discovery had

21   been narrowly focused on two limited issues); *Delano Farms Co. v. Cal. Table Grape Comm'n*,

22   No. 1:07–CV–1610-OWW-SMS, 2010 WL 2942754, at *1 (E.D. Cal. July 23, 2010) (motion to

23   intervene timely even though the case had progressed for about three years because "no

24   substantive rulings ha[d] been made").

25   ///

26   _____

27   [3] This case was filed on August 13, 2020, in Northern District of California. (Doc. 1) Westlands moved to intervene on December 14, 2020. (Doc. 32.) Shortly thereafter, the case was transferred to this District (Doc. 32), and then was stayed for over 16 months upon the unopposed motions of the Federal Defendants. (Doc. 48,73, 78, 81, 84, 86.)

28   Westlands has pursued intervention with reasonable diligence during this time by renewing their motion repeatedly. (*See* Docs. 50, 92, 102.)

**B.      Significantly Protectable Interest Relating to the Action**

Hoopa contests the second element. Hoopa's central argument is that Westlands does not possess a legally protectable interest in this action because it lacks binding and enforceable contract rights in light of the fact that Westlands' request to validate its primary Repayment Contract was denied.[4] Hoopa also points out that the WIIN Act's authorization to convert contracts expired December 16, 2021. *See* WIIN Act § 4013 (December 16, 2016) (stating that the relevant Subtitle of the WIIN Act would expire five years after its enactment date of December 16, 2016).

Westlands correctly points out that Hoopa's position was rejected in two related cases when the Court determined that the plaintiffs in those lawsuits against the federal government were required to join missing water contractors as defendants under Rule 19.[5] *See N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 1:16-CV-00307-DAD-SKO, 2021 WL 5054394, at *6–10 (E.D. Cal. Nov. 1, 2021); *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, No. 1:20-CV-00706-DAD-EPG, 2021 WL 600952, at *4 (E.D. Cal. Feb. 16, 2021) ("*CBD*"). The previously assigned judge determined that because those lawsuits sought to set aside WIIN Act Repayment Contracts, and therefore threatened to impair an existing contractual right, the missing contractors had a legally protected interest in the suits. *See id*. The plaintiffs in both cases specifically argued that none of the contractors in question had legally protected interests because their contracts had not yet been validated by a state court. *See North Coast*, 2021 WL 5054394

---

[4] Westlands points out in reply that it obtained validation of a secondary Repayment Contract concerning 4,000 acre-feet of CVP water. (*See* Doc. 113 at 7.) In light of the finding herein that the unvalidated primary Repayment Contract which concerns up to 1,150,000 acre-feet of CVP water (*see* Doc. 105-4 at ¶ 3(a)) is sufficient to support intervention as of right, the Court declines to evaluate whether the much smaller, validated contract would provide independent justification for intervention.

[5] The analyses under Rule 19 and 24 overlap. In applying Rule 19, a court "must first determine if an absent party is 'necessary' to the suit; then if, as here, the party cannot be joined, the court must determine whether the party is 'indispensible' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Under Rule 19(a)(1), a party may be deemed "required" (i.e., "necessary") under one of two circumstances. First, a party may be "required" if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Makah*, 910 F.2d at 558. Alternatively, a party may be deemed necessary under Rule 19(a)(1) if it "has a legally protected interest in the suit." *Makah*, 910 F.2d at 558. "If a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit." *Id*. "Impairment may be minimized if the absent party is adequately represented in the suit." *Id*.

*7–*8 (arguing that "[a]bsent such a decree, the [absent] contractors cannot claim that a legally protected interest is impaired by this suit. To the contrary, [they] have at most a mere expectancy, which might ripen into a 'legally protected interest' only after the Repayment Contracts 'have been confirmed by a decree of a court of competent jurisdiction'"). The Court rejected this argument:

> "[I]n theory, plaintiffs' argument could have some traction," based upon the decision in *Northern Alaska Environmental Center v. Hodel. CBD*, 2021 WL 600952 at *5. In *Northern Alaska Environmental Center*, absent miners submitted mining plans and access permits to the National Park Service ("NPS") for review but had not yet received approval of those plans and permits. 803 F.2d 466, 469 (9th Cir. 1986). Environmental plaintiffs sued the reviewing agencies to enjoin any "further" approvals of mining plans. *Id*. Because the subject matter of the dispute concerned "NPS procedures regarding mining plan approval," the Ninth Circuit reasoned that, although the miners were certainly "interested" in how stringent those requirements would be, "miners with pending plans have no legal entitlement to any given set of procedures," and therefore did not have to be joined to the suit. *Id*. (emphasis added)
>
> But, as . . . explained in *CBD*, "as a matter of contract law, the present case is not truly analogous to *Northern Alaska* because the WIIN Act [Repayment Contracts] have already been executed." 2021 WL 600952 at *5. This is because "even when an executed water repayment contract may be voidable by one party, *this does not mean that it is void*." *Id*
>
> > As the Eighth Circuit explained in *Concerned Irrigators v. Belle Fourche Irrigation District*, "[f]ederal law gives the United States authority to enter into repayment contracts with irrigation districts, but specifies that these contracts are not 'binding on the United States until the proceedings on the part of the district for the authorization of the execution of the contract with the United States shall have been confirmed by decree of a court of competent jurisdiction, or pending appellate action if ground for appeal be laid.' 43 U.S.C. § 511 (1994)." 235 F.3d 1139, 1144 (8th Cir. 2001). The Eighth Circuit reasoned that "[e]ven if the United States is not bound by the [ ] contract because it was not judicially confirmed, the contract is not necessarily invalid." *Id*. (citing Restatement (Second) of Contracts § 7 & cmt. a (1979) (where a party has the power to avoid the legal relations created by a contract, that contract is voidable but not void)). In *Concerned Irrigators*, the Eighth Circuit

1
2
3
4
5

enforced the terms of a repayment contract against third party landowners within the contracting irrigation district, even though the contract had not been judicially confirmed because there was "no evidence that the United States has ever attempted to escape any obligation created by the contract." *Id*. In a nutshell, that contract, although potentially voidable by the United States, was not void. *See id.*

6
7
8
9

[*CBD*, 2021 WL 600952 at \*5.] As was the case in *CBD*, . . . there is no allegation or even a suggestion that the United States disclaims its contractual obligations to the absent contractors. The holding in Concerned Irrigators therefore supports a finding that the WIIN Act Repayment Contracts can create legal rights even in the absence of judicial confirmation.

10   *N. Coast*, 2021 WL 600952 at \*6 (emphasis in original). The situation here is indistinguishable.

11   Westlands' WIIN Act Repayment Contract has been executed but not validated. However, there

12   is no suggestion that the United States disclaims its contractual obligations to Westlands (or any

13   other WIIN Act repayment contract holder). An exhibit attached to the FAC specifically

14   articulates Reclamation's position that Westlands' WIIN Act Repayment Contract "will govern

15   the rights and obligations of the United States and [Westlands] . . . notwithstanding the District's

16   inability to obtain a final decree confirming its proceedings to authorize the execution of [the]

17   Repayment Contract." (FAC, Ex. 22.) It remains the case that Westland's Repayment Contract

18   may be "voidable" but it is not "void."

19        Hoopa suggests that the above analysis is incorrect because a "protectable" interest for

20   purposes of Rule 24 is one that is "legally protectable." (Doc. 104 at 15 (citing Moore's Federal

21   Practice 3d. ed. § 24.03[2][a] (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).)

22   But, this ignores the distinction between a "voidable" contract and an "unenforceable" one–the

23   distinction relied upon in *CBD*, *North Coast*, and *Concerned Irrigators*. "A voidable contract is

24   one where one or more parties have the power, by a manifestation of election to do so, to avoid

25   the legal relations created by the contract, or by ratification of the contract to extinguish the

26   power of avoidance." Restatement (Second) of Contracts § 7 (1981). As one California district

27
28

court explained[6]:

> The distinction between a "void" and a "voidable" contract is well-established: a "void" contract "is no contract at all; it binds no one and is a mere nullity." *Guthman v. Moss*, 150 Cal. App. 3d 501, 507 (1984). In contrast, a "voidable" contract "is one which may be rendered null at the option of one of the parties, but ***it is not void until so rendered*.**" *Id*. at 509–10.

*DuFour v. Be LLC*, 291 F.R.D. 413, 420 (N.D. Cal. 2013) (emphasis added) (rejecting argument that contract was unenforceable where voidable contract had not been voided by party with the power to do so). As the Court found in *CBD* and *North Coast*, absent any indication that the United States disclaims Westlands' WIIN Act Repayment Contract, that contract creates legally enforceable rights sufficient to constitute a "significantly protectable" interest. That the WIIN Act's conversion authorization has expired does not change this conclusion. The contracts in question have already been executed.[7]

Hoopa also appears to argue that because Westlands has not attached a proposed pleading to its motion to intervene, the Court cannot determine whether any "significantly protectable" interest held by Westlands is related to any property or transaction at issue in this case. (Doc. 104 at 10 ("The failure to attach the required pleading is improper and creates prejudice by making it impossible for the court and parties to evaluate and respond to the alleged basis for

---

[6] Federal common law technically controls the interpretation of water contracts entered into by Reclamation. *See Westlands Water Dist. v. United States*, 337 F.3d 1092, 1100 (9th Cir. 2003). Courts in turn look to the Restatement of Contracts when deciding questions of federal common law related to contracts. *See Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015) (explaining that courts "often look to the ... Restatement when deciding questions of federal common law"); *see also Long Island Sav. Bank, FSB v. United States*, 503 F.3d 1234, 1245 (Fed. Cir. 2007) (indicating that "[t]he Restatement of Contracts reflects many of the contract principles of federal common law" and relying on the same to evaluate the difference between "void" and "voidable"). The concepts articulated in *Du Four* parallel those set forth in the Restatement of Contracts. Restatement (Second) of Contracts § 85 (". . . a promise to perform all or part of an antecedent contract of the promisor, previously voidable by him, but not avoided prior to the making of the promise, is binding.").

[7] Nor is Hoopa's citation to 43 U.S.C. § 423e persuasive. (*See* Doc. 104 at 12.) Section 423e provides that "[n]o water shall be delivered upon the completion of any new project or new division of a project until a contract or contracts in form approved by the Secretary of the Interior shall have been made with an irrigation district or irrigation districts organized . . . and the execution of said contract or contracts shall have been confirmed by a decree of a court of competent jurisdiction." Plaintiff does not even attempt to explain why this language, which applies on its face only to "any new project or new division of a project" governs the WIIN Act Repayment Contracts.

intervention.").)[8] The connection between Westlands' Repayment Contracts and this lawsuit is obvious. The lawsuit seeks to have this Court find those contracts unlawful and set them aside.

## C.      Impairment of Interests

For related reasons, Westlands satisfies the impairment of interest requirement. As the Court explained in *CBD* and *North Coast*, the WIIN Act Repayment Contracts have uniquely advantageous terms; if they are set aside, the entities that hold those contracts would have no right to the delivery of CVP water under those terms. *See N. Coast*, 2021 WL 5054394, at *9.

## D.      Inadequacy of Representation by Existing Parties

The final question is whether Westlands' interests would be adequately represented by the Federal Defendants. In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

> (1) whether the existing parties will undoubtedly make all of the applicant's arguments;
>
> (2) whether the existing parties are capable of and willing to make the applicant's arguments; and
>
> (3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate and that the burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997). This presumption is triggered here because Westlands and Federal Defendants share a similar objective of upholding the challenged contracts. However, the presumption is rebuttable upon a

---

[8] To the extent Hoopa is advancing a technical argument that intervention should be denied because the motion was not accompanied by a proposed pleading, that argument is without merit in light of the facts that (a) Westlands' prior motions to intervene attached a proposed pleading, and (b) the basis for intervention is clear from Westlands' current motion. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (pleading not required where court was otherwise apprised of grounds for intervention).

1   showing that the applicant and the existing parties "do not have sufficiently congruent interests."

2   *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001).

3       As the previously assigned jurist indicated in yet another related case, Westlands' interests

4   generally "diverge from existing Federal Defendants, who, as operators of the entire CVP, have

5   responsibilities to protect multiple interests." *N. Coast Rivers All. v. U.S. Dep't of the Interior*,

6   No. 1:16-CV-00307-LJO-MJS, 2016 WL 3277179, at *3 (E.D. Cal. June 14, 2016) (citing

7   *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding federal

8   defendant with interest in management of a resource did not have interests identical to an entity

9   with economic interests in the use of that resource)). This finding is reinforced by the FAC itself,

10   which alleges that the Federal Defendants have unique trust obligations to Plaintiff that arguably

11   require Federal Defendants to manage the CVP in certain ways to benefit Plaintiff, possibly at the

12   expense of other water contractors, including Westlands. (*See generally* FAC) Because Westlands

13   satisfies all of the requirements for intervention as a matter of right, it is not necessary to address

14   its alternative request for permissive intervention.

15   **E.**    **Conditions on Intervention**

16       Decisions in these related cases have previously noted that the Court may impose

17   conditions on intervention of right. *See* Advisory Committee Notes on Rule 24, 28 U.S.C. App.,

18   p. 567 ("intervention of right . . . may be subject to appropriate conditions or restrictions

19   responsive among other things to the requirements of efficient conduct of the proceedings"), cited

20   with approval in *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987)

21   (Brennan, J., concurring in part). In complex environmental cases such as this one, such

22   conditions are essential to the orderly administration of justice. Accordingly, Westlands'

23   participation in the case is conditioned on it making every effort to avoid duplicative briefing.

24   Duplicative briefing will be disregarded and/or stricken. To the extent Westlands plans to file any

25   briefing in connection with the pending motion for preliminary injunction, prior to doing so it

26   should file a brief proposal with the Court outlining the need for and extent of that briefing. The

27   Court will leave page limits for the merits phase of this case to be determined at a later date.

28   ///

1

## IV.    CONCLUSION AND ORDER

2        For the reasons set forth above:

3              (1)    Westlands' motion to intervene as of right (Doc. 102) is GRANTED

4                     subject to the conditions on briefing set forth above.

5              (2)    Westlands shall file its lodged Answer within three (3) business days of

6                     entry of this order.

7

8    IT IS SO ORDERED.

9        Dated:   **December 29, 2022**

         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28