# Hoopa Valley Tribal Council

**Hoopa Valley Tribe**
P.O. Box 1348 ~ Hoopa, California 95546 ~ Phone (530) 625-4211 ~ Fax (530) 625-4594



October 4, 2022

**By Email**: bryan_newland@ios.doi.gov

The Honorable Bryan Newland
Assistant Secretary—Indian Affairs
U.S. Department of the Interior
1849 C Street, NW
Washington., D.C. 20240

**Re: September 30, 2022 Meeting Hoopa Valley Tribe's Delegated Sovereignty**

Dear Assistant Secretary Newland:

Thank you for meeting with the Hoopa Valley Tribal Council (HVTC) about our sovereignty and property rights in the Trinity River fishery. We appreciate the demands on your schedule and tried to present as much information as we could in the time available. The purpose of this letter is to summarize the Hoopa Valley Tribe's (HVT) key issue and propose how we can resolve it with you.

That issue is whether the Department of the Interior continues to recognize Congress' delegation of sovereignty to HVT in section 3406(b)(23) of the Central Valley Project Improvement Act (CVPIA). HVT negotiated section 3406(b)(23) with Congress to ensure that: (1) never again would the Department divert Trinity River water at the expense of the Hupa people; and (2) HVT would be a decision maker and co-manager in the restoration and ongoing preservation and use of our fishery.

From the beginning of this administration, the HVT sought confirmation from Secretary Haaland of HVT's sovereignty under section 3406(b)(23). HVT's good faith exercise of concurrence in approving the 2000 Trinity River Restoration Record of Decision, of which HVT was a principal author, *was not a waiver of our future right of concurrence* regarding Trinity River Division (TRD) operations that affect our fishery; however, over the years some in the Department have suggested that is the case.

In our view, adoption and implementation of the Trinity River Restoration Program's Winter Flow Variability proposal by the Secretary are subject to HVT's sovereign right of

concurrence. We have withheld concurrence for a number of reasons that have not been addressed. *See* HVT's October 21, 2021, letter to Secretary Haaland.

Accordingly, does the Department agree that HVT's delegated sovereignty under CVPIA section 3406(b)(23) is permanent? Does the Secretary deem the Winter Flow Variability proposal to be subject to HVT's sovereign right of concurrence? If so, please confirm this in a Solicitor's M-Opinion. *See* Opinion M-37003 (January 18, 2001). In addition, as you know, in the *Hoopa Valley Tribe v. Reclamation* settlement negotiations, HVT submitted a proposal for a Joint Directorate as a means to implement HVT's concurrence authority. We would use the Joint Directorate structure to evaluate the Winter Flow Variability proposal as well as Trinity Hatchery modernization and management.

Finally, we renew our request that the Secretary withdraw the remaining CVPIA completion memos.[1]

Once again, thank you for your attention to this matter and we look forward to an early response from your office.

Sincerely,

*Joe Davis*

Joe Davis, Chairman, Hoopa Valley Tribe

CC:   DOI Secretary Haaland
      DOJ – Steve Bartell
      DOI Solicitor Robert Anderson.

---

[1] Memorandum to Assistant Secretary, Fish & Wildlife and Parks, and Assistant Secretary, Water & Science, from Secretary re: Concurrence in Central Valley Project Improvement Act Recommendations (January 19, 2021); Memorandum to Secretary from Assistant Secretary, Fish & Wildlife and Parks, and Assistant Secretary, Water & Science re: Central Valley Project Improvement Act Completion under Section 3407(d)(2)(A) (January 14 and 15, 2021); Memorandum to Ernest A. Conant, Regional Director, California Great Basin from Bay-Delta Office re: Central Valley Project Improvement Act (January 15, 2021); Memorandum to Regional Director, California-Great Basin Region from Associate Solicitor, Division of Water Resources re: Interpretation of Central Valley Project Improvement Act Sections 3406 and 3407 (January 14,2021). Collectively, "CVPIA Completion Memos."