Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>       Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>SECOND DECLARATION OF MICHAEL ORCUTT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Date:  January 20, 2023<br>Time:  9:00 AM<br>Courtroom: 4 – 7th floor, Fresno<br>Hon. Jennifer L. Thurston |

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 1

1   I, Michael Orcutt state and declare as follows:

2   1.   I am a fisheries biologist and an enrolled member of the Hoopa Valley Tribe (Tribe). I am presently employed by the Tribe, located on the Hoopa Valley Indian Reservation in Northern California, where I continue my tenure of over 35 years as Director of the Fisheries Department.

2.   In my work with the Hoopa Valley Tribe Fisheries Department, and in my role as Fisheries Director, I am intimately involved and have substantial personal knowledge of fisheries management issues in the Trinity River Basin, including operations of the Trinity River Restoration Program (TRRP) and Trinity Management Council (TMC), and implementation of the 2000 Trinity River Record of Decision (ROD). My professional duties include representing the Hoopa Valley Tribe before state and federal agencies and the U.S. Congress in matters involving restoration of the Trinity River fishery. I also have fished and hunted on the Hoopa Valley Reservation for most of my life and I have witnessed the devastation that the Trinity River Division of the CVP has had on the fishery resources that the Hupa People have depended upon since time immemorial.

3.   I submitted a declaration in this proceeding on December 16, 2022 (filed at Dkt. #109), which remains true and correct and which I incorporate herein by reference. I submit this second declaration in response to issues raised in Defendants' response pleadings.

4.   The Trinity River Flow Study, upon which the flow schedule in the Trinity River ROD is based, is a holistic and comprehensive evaluation of the actions necessary to restore fish in the Trinity River, which was based on decades of scientific review, and which remains the best available comprehensive science regarding fishery restoration flows in the Trinity River.

5.   Specifically, Chapter 8 of the Trinity River Flow Study (which has been provided to the Court in Dkt. #111-3) explains that the flows recommended in that document and approved in the ROD were carefully designed to meet multiple inter-related management objectives. The Flow Study allocated the limited available amount of water pursuant to a day-

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 2

by-day flow schedule to achieve management objectives and to ensure that those objectives were met at all times of the year.

6. Chapter 8 of the Flow Study contains tables that explain the specific management targets, flow purposes, and flow benefits for recommended flows at each day of the year and for each type of water year. The Flow Study is a carefully balanced analysis designed to maximize benefits with available water at all times of year for different fish species and their life history requirements.

7. The Defendants' proposed re-direction of 60,000 – 220,000 acre-feet of water from assigned purposes in Spring/Summer months will significantly disrupt and undermine the holistic benefits of the flows called for in the Flow Study and approved in the ROD.

8. In contrast to the Trinity River Flow Study, the WFV Project fails to provide a similarly comprehensive approach and fails to completely evaluate how such flow modifications could result in adverse effects to the Trinity River fishery if full amounts of water called for by the ROD are not available in Spring/Summer.

9. Removing significant amounts of water in Spring/Summer will likely impair temperature criteria in warmer months, which will impair water quality and harm fish species. As one example, spring Chinook adults mature and reside in the river from May to September so they will suffer from having less water, and correspondingly warmer water temperatures, in summer months. A comprehensive analysis is necessary to ensure that unintended consequences do not occur to the detriment of all species of anadromous fish in the Trinity River.

10. The temperature impacts from the WFV Project, and associated water quality impacts, may cause violations of water quality standards under the Clean Water Act. The Hoopa Valley Tribe has adopted the temperature standards from the 2000 ROD in its Clean Water Act water quality control plan for the mainstem Trinity River (Hoopa Valley Tribe, Water Quality Control Plan, Hoopa Valley Indian Reservation, Approved by EPA, 2002 (amendments approved

May 2020)). These standards were designed and put in place to be protective of salmonid species and other ecological resources in the Trinity River.

11.   Defendants claim that the WFV Project will benefit geomorphology and provide related benefits to growth and outmigration of juvenile fish, but geomorphology benefits are hard to determine. The associated benefits to growth and migration of fish are even harder to determine. And trying to define and assess any such benefits in a meaningful way after one-year of changes to flows is certainly impossible. Any attempt to reach a meaningful conclusion about the benefits of flow alterations on the basis of a one-year deviation from those established in the ROD cannot satisfy CVPIA section 3406(b)(23)'s "best available scientific data" standard on which Hoopa and the Secretary concurred in the 2000 ROD.

12.   In addition, it is premature to consider approval of substantial modifications or revisions to the flow schedule provided in the ROD. For one reason, the work intended to be performed by the Trinity River Restoration Program (TRRP) is far from complete. Many habitat restoration and rehabilitation projects remain unfinished. This is due in part to inadequate and declining federal funding of the program as well as the Interior Department's failure to meet its legal obligations related to Trinity River restoration as required by Congress.

13.   Also, although the Trinity River ROD was executed in 2000 by the Secretary of the Interior and Hoopa's Chairman, implementation of flows did not begin until 2005 due to litigation filed by water and power contractors. As a result, the period of record of implementation of ROD flows is relatively limited, providing an inadequate timeframe to assess the success or failure of the ROD flows. The effectiveness of such flows to achieve their goals has been adversely affected by the delays and failures in completing anticipated restoration.

14.   As noted in paragraph 14 of my prior declaration, there is currently an ongoing and unfinished effort by the TRRP staff to complete the so-called "synthesis reports" to evaluate TRRP performance. While those reports could be used to form the basis for a holistic evaluation and future recommendations, that work has not yet been completed.

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 4

15. If the WFV Project proceeds, fishery managers and scientists will also be deprived of a year of data from implementation of the ROD as it was intended, which will further impair our ability to understand how the ROD is working to benefit fish populations and other ecological benefits.

16. To my knowledge, the Defendants have not completed review under NEPA nor consultation under the Endangered Species Act regarding the WFV proposal even though there are ESA-listed species in the Trinity River that could be affected by the WFV Project proposal. The failure to engage in this environmental review increases the risk of unintended consequences and provides an additional basis to enjoin the implementation of the Project.

17. The WFV Project cannot be properly characterized as a mere refinement or adjustment to the flow schedule; rather, it is a wholesale re-allocation of ROD flows and a revision of the ROD itself. The WFV Project, as proposed, would re-allocate up to 27% of total annual ROD volumes, release that water for different purposes (other than called for in the ROD) in an entirely different time of year (and before the water year is known), and then deprive fish of that water in Spring/Summer months when it is needed to achieve biological objectives called for in the Trinity River Flow Study and the ROD.

18. The government's contention that there will be sufficient water to achieve ROD goals in Spring/Summer despite removing 60,000 – 220,000 acre-feet from that time period defies logic and is not supported by scientific analysis in the government's documents. There is no explanation as to what will happen if fish are suffering unanticipated or unintended consequences from depriving the river of flows called for by the ROD in Spring/Summer. Once that water is released down the river in the winter months, it is gone and not available for use later in the water year.

19. Based on my personal knowledge, experience, and statements described above and the statements made in my first declaration, I maintain my position that the WFV Project will result in irreparable harm to the Trinity River fishery and thus to the Hoopa Valley Tribe.

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 5

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DATED this 9th day of January, 2023.

*/s/ Michael W. Orcutt*

Michael W. Orcutt, Fisheries Department Director

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 6

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                       */s/ Thane D. Somerville*
                                       Thane D. Somerville

SECOND DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 7