Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:    206-386-5200
Fax:    206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | Civ. No. 1:20-cv-1814-JLT-EPG |
| Plaintiff, | |
| v. | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCEED PAGE LIMITS |
| UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR | |
| Defendants. | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCEED PAGE LIMITS - 1

Plaintiff Hoopa Valley Tribe opposes Defendants' motion for leave to file a 65-page brief in support of its forthcoming motion to dismiss that is due on January 13, 2023. The maximum page limit set by Section 1(B) of this Court's standing order is 25 pages. Defendants seek to exceed that 25-page limit by a full 40 additional pages. Defendants' proposed 65-page brief would be more than 2.5 times (nearly triple) the length of the maximum brief length authorized by this Court's rules. This unreasonable, excessive, and untimely request should be denied.

There is not good cause for such an excessive extension of the page limits. The page limits set by the Court are inherently reasonable. And as Defendants report in their motion, Plaintiff does not oppose a reasonable extension of ten pages (a 35-page brief) so long as Plaintiff receives an identical ten-page extension for its response, but the Defendants request for forty additional pages beyond the 25 pages already provided by rule is unreasonable and lacking in good cause. Defendants offer no reasonable grounds to extend the Court's limits by more than 2.5 times. Defendants argue that Plaintiff has filed ten claims in its First Amended Complaint (FAC), but Defendants offer no reason why they cannot present their arguments more concisely.

Granting such an excessive request would cause significant burden both to Plaintiff and to the Court. Reading and responding to a brief of such excessive length will significantly increase time, effort, and money expended by Plaintiff. It would be very unlikely that Plaintiff could respond to such an extensive and sprawling brief within the 25 pages allocated by rule for its response brief. Even if Plaintiff were allowed additional space to respond, the Court would be burdened by the need to review and analyze briefs of excessive length. Given the judicial emergency in this Court, and the many demands on this Court's time, Plaintiff is concerned that allowing briefs of such excessive length will delay adjudication of this case to its prejudice.

Moreover, the request should be denied because it is untimely – as it is filed only three days before the briefing deadline despite the fact that Defendants have now had possession of Plaintiff's First Amended Complaint for 78 days. Plaintiff provided a final draft of its First Amended Complaint (FAC) to Defendants' counsel on October 24, 2022 in seeking Defendants'

consent to its filing. On October 31, 2022, Plaintiff filed its First Amended Complaint (FAC) with the consent of Defendants. ECF Dkt. #97. In a stipulation filed November 7, 2022, Plaintiff consented to Defendants' request that Defendants have until December 30, 2022 to respond to the FAC, via answer or motion to dismiss. ECF Dkt. #100; ECF Dkt. #101. On December 14, 2022, Defendants moved to extend their response deadline by 14 days to January 13, 2023, which the Court granted. ECF Dkt. #106, 107. Although Defendants have been on notice of the scope of Plaintiff's FAC since October 24, 2022, and have twice obtained extensions of the deadline to respond, Defendants have never (until today) indicated their need for such an excessive expansion of the page limits to respond.

On the morning of January 10, 2023, Defendants' counsel informed Plaintiff's counsel that Defendants intended to request leave to file a 65-page brief in support of their motion to dismiss. Notably, this is the first communication in which Defendants expressly notified Plaintiff that they would be filing a motion to dismiss rather than an answer, in response to the FAC. Plaintiff's counsel responded that the request for 65 pages is excessive and unreasonable but that Plaintiff would not oppose a 10-page extension (35-page brief) so long as the Defendants agreed to not oppose a similar request by Plaintiff for 35-pages in its response brief. In response, Defendants filed their motion.

This is the third motion in the last month in which Defendants, represented by the U.S. Department of Justice, have sought to either extend time on filings or exceed page limitations. ECF #106 (motion to extend responsive pleading deadline); ECF #112 (motion to extend briefing schedule re preliminary injunction motion); ECF #115 (minute order denying extension of PI briefing schedule). All these requests impose burdens on Plaintiff and the Court by delaying resolution of pending issues and increasing the burdens and costs of litigation. While Defendants are entitled to file a motion to dismiss, they should be required to present their arguments concisely and within the reasonable page limits established in the Court's standing order. This is especially true in light of the ongoing judicial emergency in this District.

Defendants' request to exceed a 25-page briefing limit by a full 40 pages is inherently unreasonable and lacks good cause. Hoopa requests that the Court deny Defendants' motion to exceed page limits.

DATED this 10th day of January, 2023.

        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

        */s/ Thane D. Somerville*
        Thane D. Somerville WSBA #31468
        Thomas P. Schlosser WSBA #06276
        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
        811 First Avenue, Suite 218
        Seattle, WA 98104
        Tel: 206-386-5200/Fax: 206-386-7322
        t.somerville@msaj.com
        t.schlosser@msaj.com
        Attorneys for Plaintiff Hoopa Valley Tribe

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCEED PAGE LIMITS - 4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                            */s/ Thane D. Somerville*
                                            Thane D. Somerville