TODD KIM, Assistant Attorney General
Environment & Natural Resources Division

JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
 jeffrey.thomas2@usdoj.gov
*Attorney for Federal Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendants. | Case No. 1:20−cv−01814-JLT-EPG |

## **DECLARATION**

I, Lisa M. Holm, declare as follows:

1. I submit this declaration in support of the Federal Defendants' Motion to Dismiss. The following facts are within my personal knowledge.

2. I am employed as a Supervisory Repayment Specialist with the U.S. Bureau of Reclamation (Reclamation) in the Department of the Interior, with an educational

background in Mechanical and Environmental Engineering. I have been employed by Reclamation since 2008. My current responsibilities include supervision of the water rights and water supply contracting staff. In October 2019 I took over functional responsibility for program-level management of the Water Infrastructure Improvements for the Nation Act (WIIN) contract conversions within the Central Valley Project.

3. As the program manager of the WIIN Act contract conversions within the Central Valley Project (CVP), I review for accuracy and completeness all contracts before they are executed by the Regional Director of the California-Great Basin Region and I track the status of all potential and completed contracts.

4. At this time, Reclamation has CVP-related contracts with 234 local water contractors.

5. Of those, 83 contractors held contracts that qualified for conversion under the WIIN Act, and 77 contractors have requested that their 86 contracts be converted.

6. Having managed the conversion of these contracts, I can state that these contract conversions modify the terms of repayment of long-term capital construction costs related to the CVP. Namely, conversion contracts accelerate repayment of CVP-related construction costs from the original due date of 2030 pursuant to the provisions of § 4011(a)(2) of the WIIN Act.  Depending on the particular conversion contract, repayment now ranges from immediate repayment to, at the latest, repayment by January 1, 2025.

7. When converting the contracts, Reclamation viewed the WIIN Act as limiting its discretion to determining the timing and means (lump sum or on a schedule) of the repayment.

8. As required by the WIIN Act, the contractual amendments did not modify any substantive provision other than the provisions relating to the prepayment of capitalized construction costs discussed in the preceding paragraphs (¶¶ 6 and 7).

9. Specifically, the contractual amendments did not alter any provision relating to the contractors' obligations to pay operation and maintenance expenses or restoration costs.

10. The converted contracts, just like the prior contracts, provide the mechanism for Reclamation to collect accrued and future operation and maintenance and restoration costs. Rates and charges for the Central Valley Project are determined annually in accordance with the Central Valley Project Ratesetting Policies.  For example, in Westlands' converted contract, Article 7 allows for Reclamation to collect operation and maintenance and restoration costs in accordance with the Central Valley Project Ratesetting Policies.

11. Although Westlands' converted contract has not been validated and is therefore voidable by the United States, Reclamation has never attempted to escape any obligation created by this contract or voided any converted contract simply because it has not been

    validated. Plaintiff cannot force Reclamation to abandon a contract when Reclamation intends to honor its terms.

12. The contractual amendments did not alter the *status quo* as to water delivery and therefore will not affect water levels. In other words, the quantities of water to be delivered and the timing of those deliveries are unaffected by the contract conversions.

13. The converted contracts, just like the prior contracts, condition water delivery on Reclamation's ability to comply with federal Reclamation law.

14. The converted contracts include provisions incorporating federal Reclamation law into the contracts.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed this 13th day of January, 2023, in Vacaville, California.

                                                    _____

                                                        Lisa Holm, PE