Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:    206-386-5200
Fax:    206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | ) Civ. No. 1:20-cv-1814-JLT-EPG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) PLAINTIFF HOOPA VALLEY |
| | ) TRIBE'S SUPPLEMENTAL BRIEF |
| UNITED STATES BUREAU OF | ) |
| RECLAMATION; DEBRA ANNE HAALAND, | ) |
| in her official capacity as Secretary of the | ) |
| Interior; MARIA CAMILLE CALIMLIM | ) |
| TOUTON, in her official capacity as | ) |
| Commissioner of the United States Bureau of | ) |
| Reclamation; ERNEST A. CONANT, in his | ) |
| official capacity as United States Bureau of | ) |
| Reclamation California-Great Basin Regional | ) |
| Director; and UNITED STATES | ) |
| DEPARTMENT OF THE INTERIOR | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S SUPPLEMENTAL BRIEF - 0

1

## **INTRODUCTION**

2      Plaintiff Hoopa Valley Tribe responds to the Court's order requesting supplemental

3   briefing.  Dkt. #124.  Hoopa's claim that Defendants have unlawfully failed to honor Hoopa's

4   concurrence rights provided by statute in CVPIA § 3406(b)(23) (Dkt. #97, Claim 9), and

5   Hoopa's pending motion to preliminarily enjoin Defendants from taking action to approve or

6   implement the Trinity River Winter Flow Variability Project (WFV Project) in the absence of

7   seeking and obtaining Hoopa's concurrence (Dkt. #108), are both justiciable and ripe for review.

8      On January 20, 2023, Defendants notified the Court that they imminently intend to make

9   a decision to approve and implement the WFV Project.  Dkt. #127.  That notice confirms that

10  Defendants have no intent to seek Hoopa concurrence. Defendants report: "If and when a

11  determination is made by Interior, [Defendants] will file a separate notice notifying the Court

12  and [Hoopa] that the Council's recommendations are being adopted and that water releases will

13  be made in no less than ten business days from the date of notice of adoption, which . . . would

14  be February 13th at the earliest." Dkt. #127, p. 3. This notice confirms that Defendants intend to

15  adopt and commence the WFV Project without seeking or obtaining Hoopa concurrence.

16     It is undisputed that Defendants have failed to seek or obtain Hoopa concurrence on the

17  WFV Project.  Despite Hoopa's multiple requests to Defendants to confirm and honor Hoopa's

18  concurrence right, both before and after filing its First Amended Complaint (FAC), Defendants

19  have failed to seek Hoopa concurrence as required by CVPIA § 3406(b)(23).  The federal

20  advisory body Trinity Management Council (TMC) voted in favor of the WFV Project on

21  December 7, 2022, over Hoopa's opposition, and transmitted its recommendation to Defendants

22  on December 9 with a proposed implementation date of December 15, 2022.  Defendants did not

23  seek Hoopa concurrence at that time, nor have they sought Hoopa's concurrence in the weeks

24  that have ensued.  In their brief opposing Hoopa's preliminary injunction motion (Dkt. #118),

25  and in their motion to dismiss (Dkt. #125), Defendants made their substantive position clear:

26  Defendants dispute and deny Hoopa's right to concur under CVPIA § 3406(b)(23) and

1  Defendants do not intend to seek Hoopa concurrence regarding the WFV Project absent Court

2  intervention.  The recent notice filed January 20 further confirms that Defendants will not seek

3  Hoopa concurrence.  Defendants' failure to seek and obtain Hoopa concurrence, as required by

4  statute, presents a cognizable claim pursuant to the Administrative Procedure Act (APA), which

5  is remediable both under the APA and the Declaratory Judgment Act.  5 U.S.C. §§ 702, 706(1),

6  551(13), 28 U.S.C. §2201; *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55 (2004) [*SUWA*].

7       Hoopa's claim is also ripe for review.  There is presently a real, substantial, and concrete

8  dispute between the parties regarding the existence and scope of Hoopa's concurrence rights

9  under CVPIA §3406(b)(23).  Defendants plainly deny Hoopa's statutory concurrence rights.

10  Dkt. #118; Dkt. #125, pp. 33-44, Dkt. #127.  The question before the Court is purely legal; that

11  is, can the Secretary of the Interior unilaterally act to modify Trinity River ROD (2000) flows in

12  the absence of Hoopa concurrence required by § 3406(b)(23)?  No further factual development is

13  necessary to address this legal question.  This legal dispute is not merely hypothetical or abstract.

14  Defendants are on record that they deny Hoopa's concurrence rights and do not intend to seek

15  Hoopa concurrence regarding the WFV Project.  Dkt. #118; #125, pp. 33-44; #127.  This

16  statutory violation presents tangible immediate harm to Hoopa – loss of its sovereign rights.

17  Also, absent adherence to Hoopa's concurrence rights, Defendants would be able to immediately

18  implement the WFV Project, which will cause irreparable harm to Hoopa's interests in the

19  Trinity River and its fishery.  The legal dispute regarding the existence and scope of Hoopa

20  concurrence rights provided by CVPIA §3406(b)(23) is ripe for judicial review.

21                                    **ARGUMENT**

22       A.  Defendants Have Failed to Seek Hoopa's Concurrence as Required by Statute in
            CVPIA Section 3406(b)(23), Which Presents a Cognizable Claim Under the APA.

23       Hoopa's Motion and Memorandum in Support of Preliminary Injunction (ECF Dkt.

24  #108-1) explains that Congress, in CVPIA § 3406(b)(23), mandated that the Secretary of the

25  Interior could only implement the permanent instream fishery flow recommendations, and

26  associated operating criteria and procedures (OCAP), upon obtaining the concurrence of the

Hoopa Valley Tribe.  As explained in Dkt #108-1, Hoopa concurred in a specific flow regime, including both total annual volumes and specific time periods for specific flow releases, as set forth in detail in the Trinity River ROD (ROD).  Having obtained Hoopa's concurrence to implement the permanent flow requirements and OCAP required in the ROD, the Secretary cannot change those permanent flow requirements unless Hoopa concurs.  Dkt. #108-1.

In 2021, Defendants proposed the WFV Project, which would substantially modify the permanent flow requirements and flow schedule mandated by the ROD and concurred in by Hoopa.  On June 18, 2021, Hoopa wrote to Defendants: "The ROD's flow release hydrographs may not . . . be changed without [Hoopa] concurrence. . . . [Hoopa] does not concur in the proposed modification of ROD flow release hydrographs as currently proposed." Dkt. #110-1. On October 21, 2021, Hoopa again wrote to Defendants asking them to halt any administrative action on the WFV Project, because: "Any change in the 2000 ROD, including reallocation of Trinity River water, requires Hoopa's concurrence pursuant to Section 3406(b)(23) of the [CVPIA].  Reclamation has never sought, let alone obtained Hoopa's concurrence in the proposal." Dkt. #110-2.  Defendants ultimately pulled the WFV Project from consideration for the 2022 water year, but did not seek Hoopa concurrence at any time.

In late 2022, Defendants again proposed the WFV Project but did not ever seek Hoopa concurrence.  On October 4, 2022, Hoopa met with Defendants regarding Hoopa's concurrence right and followed up with a letter reiterating Hoopa's view that the WFV Project is subject to and cannot proceed absent the Secretary seeking and obtaining Hoopa concurrence. Dkt. #110-3. On December 7, 2022, the federal advisory Trinity Management Council (TMC) voted (over Hoopa's vote in opposition) to recommend implementation of the WFV Project for the 2023 water year, with implementation to commence as early as December 15, 2022.  Orcutt Decl., Dkt. #109, ¶ 16.  On December 9, 2022, the TMC forwarded their recommendation for approval of the WFV Project and implementation commencing December 15, 2022, to Defendants. Dkt. #109-1.  On the same day, December 9, 2022, Hoopa wrote a letter to Secretary Haaland, stating

that the Secretary's "authority to implement the [WFV Project] . . . is subject to your obtaining [Hoopa's] concurrence pursuant to CVPIA section 3406(b)(23)."  Dkt. #110-4.  On December 14, 2022, Hoopa again wrote to Secretary Haaland asking her to "confirm[] in writing to Hoopa that Hoopa's right of concurrence is valid and binding on the Secretary of the Interior, that the Secretary will direct her officers and agents to seek Hoopa's concurrence in the WFV project, and if Hoopa does not concur, the WFV project shall not be implemented."  Dkt. # 110-5.  Absent such confirmation, Hoopa advised it would seek preliminary injunctive relief to enjoin the WFV Project in absence of Hoopa concurrence.  *Id.*  Hoopa did not receive the response it requested from the Secretary, but instead Hoopa received a communication from Defendants' attorneys that:  "[the Interior Department/Defendants] commit to give [Hoopa] at least 5 business days notice before any *decision* is made with respect to the Trinity River (sic) Council's vote to recommend the winter flows, and at least 10 business days notice before the *implementation* of any such decision."  Dkt. # 111-7 (emphasis added).   On January 20, 2023, Defendants provided notice of their intent to imminently decide on (and likely adopt) the WFV Project.  Dkt. #127.

     Given the Defendants' failure to seek concurrence required by statute and the imminent threat of implementation of the WFV Project without Hoopa concurrence, Hoopa filed a motion for preliminary injunction on December 16, 2022, noting a hearing date of January 20, 2023.   As of today's date, Defendants have still failed to seek Hoopa's concurrence relating to the WFV Project.  And Defendants have made clear in their preliminary injunction opposition (Dkt. #118), their motion to dismiss (Dkt. #125), and their January 20 notice (Dkt. #127) that they deny that Hoopa has any continuing concurrence right under CVPIA §3406(b)(23).  A live dispute exists relating to the existence and scope of Hoopa concurrence rights under CVPIA §3406(b)(23).

     Defendants' failure to seek and obtain Hoopa concurrence as related to the WFV Project presents a cognizable failure to act under the APA.  The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. §702.  The APA includes a "failure to

act" within the definition of "agency action."  5 U.S.C. §551(13).  In remedying a failure to act under the APA, the Court is authorized to "compel agency action unlawfully withheld or unreasonably delayed."  5 US.C. §706(2).  Also, under 28 U.S.C. §2201, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  And if Defendants approve the WFV Project in absence of Hoopa concurrence, as they appear poised to do, such approval also separately constitutes unlawful final agency action challengeable and remediable under the APA. 5 U.S.C. §§ 702, 706.

In *SUWA*, the Supreme Court clarified that claims arising from an agency's "failure to act," consist of claims asserting "that an agency failed to take a *discrete* agency action that it is *required to take*." 542 U.S. at 64.  Those requirements are met here.  The Secretary is required by statute, CVPIA § 3406(b)(23), to seek and obtain the concurrence of the Hoopa Valley Tribe before the Secretary may substantively modify the permanent flow requirements or OCAP set forth in the Trinity River ROD.  The discrete failure to act at issue here is the Secretary's failure (despite multiple requests from Hoopa leadership, and the statutory requirement) to seek and obtain Hoopa's concurrence as related to the WFV Project proposals, both in 2021 and 2022.[1]

In addition to being a discrete action, seeking and obtaining Hoopa concurrence is also one that the Defendants are legally required to take.  The obligation to seek *and obtain* Hoopa concurrence is not discretionary; rather, it is mandated by Congress in CVPIA §3406(b)(23).  *See also Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1079 (9th Cir. 2016) (APA permits claim "where a federal agency refuses to act in disregard of its legal duty to act"); *Hells Canyon Pres. Council v. U.S. Forest Service*, 593 F.3d 923, 932 (9th Cir. 2010) (court may compel agency action under APA 706(1) "where agency has ignored a specific legislative command").

Defendants conduct shows they have made a final decision to not seek Hoopa

---

[1] In *SUWA*, plaintiffs alleged that federal defendants failed to comply with broad management directives that vested the federal agency with considerable discretion in how to achieve those directives.  Here, unlike in *SUWA*, Hoopa challenges the Secretary's failure to take a single discrete action required by statute – that is, the obligation to seek and obtain Hoopa concurrence.

1  concurrence.  That Defendants have not yet published a written decision rejecting Hoopa's

2  concurrence right does not preclude review of their failure to seek Hoopa's concurrence.  *Bhd.*

3  *Of Locomotive Eng'rs & Trainmen v. FRA*, 972 F.3d 83, 100 (D.C. Cir. 2020) (agency action can

4  be final and judicially reviewable despite absence of written memorialization of decision).  Here,

5  despite the lack of a written decision, Defendants have made their final position on Hoopa

6  concurrence authority clear.  At no time during the Secretary's consideration of the WFV Project

7  (either in 2021 or 2022) did the Secretary seek Hoopa's concurrence. The TMC recommendation

8  of approval of the WFV Project occurred seven weeks ago, on December 7, 2022, and the WFV

9  Project was designed to commence implementation as of December 15, 2022.  At no time since

10  that recommendation, despite multiple requests by Hoopa, has the Secretary sought Hoopa

11  concurrence.  And it is clear, based on the Defendants' filings on the preliminary injunction

12  motion, their motion to dismiss, and their January 20 notice, that Defendants vigorously dispute

13  and deny that such a right of concurrence exists.  Hoopa is entitled to pursue its claim under the

14  APA alleging that Defendants have unlawfully failed to seek and obtain Hoopa's concurrence as

15  is mandated by CVPIA §3406(b)(23).  And if the Secretary proceeds to approve and commence

16  implementation of the WFV Project without Hoopa concurrence, as she is poised to do, that

17  would also be unlawful final agency action in violation of CVPIA §3406(b)(23) and the APA.

18          The APA cause of action arises under 5 U.S.C. §702.  The APA provides remedies in 5

19  U.S.C. §706(1), (2), including a remedy to compel agency action unlawfully withheld or

20  unreasonably delayed.  Thus, here, if Hoopa prevails on the merits of its claim, the Court is

21  authorized to direct the Secretary to seek and obtain Hoopa concurrence as a mandatory

22  prerequisite to modifying the ROD's permanent instream flow requirements or OCAP.  The

23  Court also has remedial authority under the Declaratory Judgment Act, 28 U.S.C. §2201, which

24  authorizes the Court to determine and declare that Hoopa does retain concurrence authority

25  under CVPIA §3406(b)(23) and that the Secretary may not modify ROD flows or OCAP in the

26  absence of such concurrence.  Further, the Court has equitable authority to preserve the status

quo to enjoin implementation of the WFV Project in the absence of Hoopa concurrence required by statute.  Hoopa has a valid cause of action under the APA to challenge the Secretary's failure to seek and obtain Hoopa concurrence pursuant to CVPIA §3406(b)(23) as related to the WFV Project.  And it may seek both declaratory and injunctive relief pursuant to that valid APA claim.

  B. <u>Hoopa's Claim Regarding Its Concurrence Right Under CVPIA §3406(b)(23) is Ripe.</u>

  The doctrine of ripeness addresses the timing of when a suit can be brought. *Anderson v. Green*, 513 U.S. 557, 559 (1995).  The doctrine requires that, for a suit to be ripe within the meaning of Article III of the U.S. Constitution, "it must present 'concrete legal issues, presented in actual cases, not abstractions.'"  *Colwell v. HHS*, 558 F.3d 1112, 1123 (9th Cir. 2009), quoting *United Pub. Workers v. Mitchell*, 330 U.S. 75, 89 (1947).  If the minimum constitutional element is met, courts may further evaluate, as prudential considerations, "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 779-80 (9th Cir. 2000).  Here, a real, live, and concrete dispute exists between Hoopa and Defendants as to the existence and scope of Hoopa's concurrence right provided by CVPIA §3406(b)(23).

  Over the past eighteen months, Hoopa has repeatedly asked the Secretary to seek and obtain Hoopa concurrence relating to the Defendants' WFV Project proposals.  The Secretary has failed to do so. In the past month, Defendants have filed legal briefs that expressly dispute and deny that Hoopa has a continuing right of concurrence under CVPIA §3406(b)(23).  *See* Dkt. ##118, 125, 127.  The question of Hoopa's statutory concurrence rights under CVPIA §3406(b)(23) is a principally legal question that does not require any further factual development beyond what is already in the record before the Court.  Hoopa's sovereignty is currently being harmed by Defendants' failure to recognize and honor its sovereign right of concurrence and Hoopa's resources are at imminent risk of harm if Defendants proceed to approve and commence implementation of the WFV Project in absence of Hoopa concurrence.

  A case is sufficiently ripe, to satisfy the "case-or-controversy" requirements of Article III

PLAINTIFF'S SUPPLEMENTAL BRIEF - 7

1   of the U.S. Constitution if there is (1) a legal dispute that is real and not hypothetical; (2) a

2   concrete factual predicate to allow for a reasoned adjudication; and (3) a legal controversy that

3   can sharpen the issues for judicial resolution.  Moore's Federal Practice (3d. ed.), Vol. 15,

4   §101.75 (2018).  The Supreme Court has described the line of demarcation between concrete

5   disputes and abstract advisory opinions as follows:

> The difference between an abstract question and a controversy . . . is necessarily
> one of degree, and it would be difficult, if it would be possible, to fashion a
> precise test for determining in every case whether there is such a controversy.
> Basically, the question in each case is whether the facts alleged, under all the
> circumstances, show that there is a substantial controversy, between parties
> having adverse legal interests, of sufficient immediacy and reality.

10   *Maryland Cas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941).  The Ninth Circuit has

11   explained that ripeness is closely related to injury-in-fact in standing.[2]  In other words, a case is

12   sufficiently ripe if the issues presented are definite and concrete, not hypothetical or abstract and

13   where the plaintiff has shown a realistic danger of sustaining a direct injury as a result of the

14   allegedly unlawful action.  *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th

15   Cir. 2000); *Cal Pro-Life Council, Inc., v. Getman*, 328 F.3d 1088, 1094 n.2 (9th Cir. 2003).

16      Defendants dispute and deny Hoopa's right of concurrence. They assert that the Secretary

17   may unilaterally approve and implement the WFV Project without Hoopa's concurrence.

18   Defendants have confirmed, through their continued failure to seek Hoopa concurrence, and

19   through their recent court filings that they do not intend to seek Hoopa's concurrence.  Hoopa is

20   currently suffering injury to its sovereignty from Defendants failure to honor Hoopa's right of

21   concurrence provided by statute and is at risk of suffering imminent irreparable injury to its

22   water and fish resources if the Secretary proceeds to approve and implement the WFV Project

23   without Hoopa concurrence.  The dispute regarding Hoopa's concurrence rights is a real and

24   _____

25   [2]  Defendants' recent motion to dismiss argues (incorrectly, in Plaintiff's view) that Plaintiff
     lacks standing to pursue numerous claims alleged in its FAC, but Defendants did not argue that
26   Plaintiff lacks standing to pursue its Ninth Claim for Relief, relating to concurrence.  Nor did
     Defendants assert that the Ninth Claim is non-justiciable on ripeness or any other grounds.

concrete legal dispute that satisfies the minimum constitutional prerequisites for ripeness.

The discretionary prudential criteria also support ripeness.  This dispute is fit for judicial review because it involves primarily legal issues and would not benefit from further factual development. *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th Cir. 2010) (dispute was ripe where it was primarily issue of law); *Hawaii Newspaper Agency v. Bronster*, 103 F.3d 742, 746-747 (9th Cir. 1996) (same).  In *Navajo Nation v. United States DOI*, 819 F.3d 1084 (9th Cir. 2016), the plaintiff Indian tribe challenged the government's failure to repatriate cultural items.  Instead, the government proceeded to inventory the items, reserving decision on their ultimate disposition. The Court found the dispute ripe, even though the government had made no final decision on disposition of the items, because the dispute presented a purely legal question of who should control the items – the Tribe or the United States. *Id.* at 1095.  Here, the dispute involves the purely legal question of whether Hoopa retains a right of concurrence pursuant to CVPIA §3406(b)(23) or whether the Secretary has authority to unilaterally modify ROD flows without seeking or obtaining Hoopa's concurrence.

A decision is fit for review when no further factual development is necessary to adjudicate the legal issue in dispute.  For example, a claim that a federal agency has failed to reinitiate consultation under the Endangered Species Act is ripe at the time the legal failure takes place. *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1084 (9th Cir. 2015). Similarly, a claim that a federal agency failed to complete review required by NEPA is ripe at the time of that failure and need not await commencement of the project. *West v. Secretary*, 206 F.3d 920, 930, fn. 14 (9th Cir. 2000). *See also Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 737 (1998) ("a person with standing who is injured by a failure to comply with the NEPA procedure may complain of that failure at the time the failure takes place, for the claim can never get riper"). While the claim here does not arise under the ESA or NEPA, it similarly involves a statutory mandate (i.e., the seeking and obtaining of Hoopa concurrence) that must precede agency action.  Here, Defendants have failed to seek such concurrence and maintain that they are

1  not legally required to do so.  Hoopa's claim can get no riper.  No further factual development is

2  necessary to resolve this legal question.   The question is now fit for decision by the Court.

3       The fact that Defendants have not, as of today, acted on the TMC recommendation to

4  approve the WFV Project does not render this dispute regarding Hoopa's concurrence rights

5  unripe.  Defendants have failed to seek Hoopa's concurrence despite multiple requests by Hoopa

6  to do so.  Defendants have made their position clear in their recent legal briefs that they dispute

7  and deny Hoopa's concurrence right.  And Defendants have notified the Court that they intend to

8  imminently proceed ahead on the WFV Project and could commence implementation as early as

9  February 13.  Dkt. #127.  *See also* Moore's Federal Practice (3d ed), Vol. 15, §101.76[1][c]

10  (2018) ("a case may be considered ripe for judicial review, even in the absence of final agency

11  action, when no compelling judicial interest exists to defer review").  Here, the constitutional

12  minimums are met and there is no prudential basis or benefit to avoid or delay judicial decision.

13       Hoopa will also suffer hardship if a decision is not rendered at this time. "'Hardship'

14  means something that violates a legal right or harms the plaintiff in a practical way.'"  Moore's

15  Federal Practice (3d ed.) §101.76[2].  *See also Navajo Nation*, 819 F.3d at 1095 (government's

16  continued possession of disputed cultural items caused hardship to Navajo because "Navajo

17  believe that exhumation 'causes illness[,] . . damages crops, natural ecosystems and the

18  environment").  Here, Defendants failure to seek or obtain Hoopa concurrence, and their

19  affirmative denial of Hoopa's concurrence rights, expressly violates the right provided to Hoopa

20  by Congress in CVPIA §3406(b)(23).  It directly and immediately negates Hoopa governmental

21  authority and sovereignty.   Defendants' position effectively terminates, unlawfully, Hoopa's

22  sovereign right of concurrence provided by statute.  Failure to adjudicate this issue now will

23  cause hardship to Hoopa.  The dispute regarding Hoopa concurrence authority is ripe for review.

24                                              **<u>CONCLUSION</u>**

25       Hoopa requests that the Court proceed to adjudicate Plaintiff's Motion for Preliminary

26  Injunction and grant Hoopa's requested preliminary injunction on or before February 10, 2023.

PLAINTIFF'S SUPPLEMENTAL BRIEF - 10

1    DATED this 25th day of January, 2023.

2                                        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

3                                          _/s/ Thane D. Somerville_____
                                           Thane D. Somerville WSBA #31468
4                                          Thomas P. Schlosser WSBA #06276
                                           MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
5                                          811 First Avenue, Suite 218
                                           Seattle, WA 98104
6                                          Tel:  206-386-5200/Fax:  206-386-7322
7                                          t.somerville@msaj.com
                                           t.schlosser@msaj.com
8                                          Attorneys for Plaintiff Hoopa Valley Tribe

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL BRIEF - 11

1

2

**CERTIFICATE OF SERVICE**

3

   I hereby certify that on January 25, 2023, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF system, which will send notification of such to the

5

attorneys of record.

6

7

_____*/s/ Thane D. Somerville*_____
Thane D. Somerville

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26