Thane D. Somerville, WSBA 31468 (*pro hac vice*)
Thomas P. Schlosser, WSBA 06276 (*pro hac vice*)
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel: 206-386-5200
Fax: 206-386-7322
E-mail:  t.somerville@msaj.com
              t.schlosser@msaj.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Case No. 1:20−cv−01814−JLT-EPG |

## JOINT STATUS REPORT

The parties hereby provide this joint status report in response to the Court's January 17, 2023, order (Dkt. #126). At this time, the parties agree that neither a scheduling conference nor a scheduling order is necessary. However, the parties have provided separate positions to address an issue relating to the upcoming schedule in this case.

**Hoopa Valley Tribe's Position:**

Plaintiff does not believe that a scheduling conference is necessary at this time; however, Plaintiff does intend to file a motion for summary judgment on or before March 10, 2023, which will allow the Court to address Plaintiff's motion for summary judgment at the same time as Defendants' motion to dismiss currently noted for hearing on April 14, 2023. Local Rule 230(b).

While this case is brought pursuant to the Administrative Procedure Act (APA), summary judgment motions may be filed at any time and need not always await completion of the administrative record. *See California v. BLM*, 277 F. Supp. 3d 1106, 1115-16 (N.D. Cal. 2017); *People for the Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric.*, 194 F. Supp. 3d 404, 409 (E.D.N.C. 2016). Completion of the administrative record is not necessary prior to summary judgment motions on questions of law. *Id.*

As related to the contracts challenged in this action, Plaintiff's motion for summary judgment will be limited to the contracts of Defendant-Intervenor Westlands Water District. The Court may take judicial notice of the Westlands' contracts, which have already been filed as exhibits in this proceeding and evaluate whether the contracts comply with the statutory and administrative requirements addressed by Plaintiff in this suit.

Other claims brought by Plaintiff present questions of law that need not await completion of the administrative record. Specifically, the question of Plaintiff's concurrence right presents a question of law that need not await the full administrative record. Similarly, Plaintiff's NEPA claim in this case presents a pure question of law that need not await the full administrative record. In *Center for Biological Diversity v. U.S. Bureau of Reclamation*, Case No. 20-cv-706-JLT-EPG, which is currently pending before this Court, the parties have briefed a similar NEPA claim without preparation of the administrative record.

Defendants contend in their positions below that it would be inefficient to brief Plaintiff's summary judgment motion simultaneously with the Federal Defendants' motion to dismiss and Defendant-Intervenor Westlands' forthcoming 12(c) motion. Plaintiff disagrees.

First, if the Court hears Plaintiff's motion for summary judgment at the same time as Defendants' motions, the Court may immediately rule in Plaintiff's favor on any and all claims that withstand Defendants' motions. This would be more efficient and less duplicative than establishing a separate subsequent briefing schedule for summary judgment practice after the Court hears Defendants' motions.

Second, it is prejudicial to Plaintiff if Defendants are allowed to move for judgment in their favor while having Plaintiff wait in a purely defensive posture. Plaintiff has the right to seek judgment offensively on the legal issues presented in this case at the same time that Defendants present their legal arguments to the Court. Westlands intends to file a Rule 12(c) motion, which must be treated as a summary judgment motion if matters outside the pleadings are presented to the Court.[1] FRCP 12(d). And Federal Defendants have presented matters outside the pleadings in support of their 12(b)(6) motion on certain claims, which means it should be treated as a summary judgment motion as to those claims upon which outside evidence is presented. FRCP 12(d). Plaintiff should not be precluded from seeking summary judgment in its favor at the same time that Defendants are presenting legal argument and evidence (in a manner similar to summary judgment practice) to support judgment in their favor.

---

[1] Plaintiff also notes that an FRCP 12(c) motion is premature and not permissible at this time because the pleadings have not closed due to the fact that Federal Defendants filed a 12(b) motion rather than an answer. *See Gorenc v. Klaasen*, Case No. 18-2403-DDC-JPO, 2019 WL 2523566 (D. Kansas, June 19, 2019) (denying 12(c) motion as premature where co-defendants pursued 12(b) dismissal rather than answering). To the extent Westlands opts to file a motion for summary judgment instead, there is clearly no basis to preclude Plaintiff from filing its own summary judgment motion at the same time.

Third, time is of the essence. Deferring Plaintiff's summary judgment briefing (but while allowing only Defendants to move for judgment in their favor now) would delay by many months any opportunity for Plaintiff to obtain judgment in its favor on some or all claims. This case was filed in August 2020, approximately 2.5 years ago. Given the delay in adjudication to date, Plaintiff intends, and has the right, to pursue judgment in its favor expeditiously.

**Federal Defendants' Position:**

Federal Defendants believe that a scheduling conference and scheduling order are unnecessary at this time because Federal Defendants have a pending Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion. The Court's rulings on that dispositive motion could moot or otherwise substantially obviate or alter this litigation.[2] For the same reasons, Federal Defendants believe Plaintiff's suggestion that it may file a summary judgment motion on March 10, 2023, is premature. The United States' Motion to Dismiss should be adjudicated first for the sake of judicial economy and conservation of resources, docket management, and potentially clarifying and narrowing issues prior to summary judgment.[3] *See*, *e.g.*, *Joe v. Cap. Link Mgmt., LLC*, No. 120CV02763SDGAJB, 2021 WL 9624567, at *2 (N.D. Ga. June 24, 2021) (staying briefing on a

---

[2] For example, under a scheduling order, Federal Defendants may be compelled to compile and prepare for production multiple administrative records consisting of tens of thousands of pages of documents. Further, a litigation schedule now may well lead to various preliminary motions that require full briefing and written decisions by the Court in advance of summary judgment. All of these anticipated litigation activities may ultimately be unnecessary if the motion to dismiss and/or forthcoming motion on the pleadings are resolved, even in part, in favor of the Federal Defendants or Westlands.

[3] In its position, Plaintiff admits that its motion for summary judgment would present pure questions of law. What Plaintiff does not explain is why it cannot adequately address those pure questions of law in response to the Federal Defendants' and Westlands' dispositive motions. Plaintiff's attempt to file a premature summary judgment motion appears to be duplicative and would be unnecessarily vexatious given the voluminous (and potentially dispositive) briefing that has already occurred in this case.

motion for summary judgment when there was a fully briefed motion to dismiss because "the Court's ruling on the Motion to Dismiss may obviate some or all of the issues raised in the Motion for Summary Judgment," and a stay could avoid "unnecessary expense" of time and resources). This is especially so when, as here, the Motion to Dismiss presents threshold jurisdictional questions and "the Court must necessarily resolve the motion[] to dismiss before considering plaintiff's summary judgment motion." *W. Virginia ex rel. Morrisey v. United States Dep't of Health & Hum. Servs.*, No. CV 14-1287 (RBW), 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014). In these instances, "suspending briefing of the summary judgment motion pending the Court's resolution of the motion[] to dismiss will not prejudice plaintiff; staying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide." *Id.*

Therefore, if Plaintiff files a premature motion for summary judgment, Federal Defendants anticipate filing a motion to stay briefing on summary judgment until Federal Defendants' pending dispositive motion is resolved. If briefing on Plaintiff's hypothetical motion for summary judgment is not stayed, Federal Defendants request the Court set a scheduling conference to establish a reasonable briefing schedule for summary judgment.

**Westlands' Position:**

Westlands is in agreement with the position of the Federal Defendants set forth above. Westlands intends to file a motion for judgment on the pleadings at the earliest possible date permitted under Federal Rule of Civil Procedure 12(c). Accordingly, Westlands provides the Court with the following additional authority supporting a stay of any summary judgment motion by Plaintiff until Defendants' Rule 12 motions are resolved. The Federal Rules of Civil

Procedure empower the court to stay or postpone summary judgment motions, including briefing and hearing thereon, to discourage "wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). Rule 16(c)(2) provides that "[a]t any pretrial conference the court may . . . (E) determin[e] the appropriateness and timing of summary adjudication under Rule 56." *See also In Re New Motor Vehicles Canadian Export Antitrust Litigation*, 229 F.R.D.35, 40 (D. Maine 2005) (granting stay of summary judgment motion based on the "extensive power over management issues" granted to a trial judge, citing Fed. R. Civ. P. 16 as well as treatise and case authority recognizing the ability of the trial court to stay filing of summary judgment motions under Rule 16).

DATED: January 27, 2023

        Respectfully submitted,

        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

        */s/ Thane D. Somerville*
        Thane D. Somerville
        Thomas P. Schlosser
        811 First Avenue, Suite 218
        Seattle, WA 98104
        Tel: 206-386-5200
        t.somerville@msaj.com
        t.schlosser@msaj.com
        Attorneys for Hoopa Valley Tribe

        TODD KIM, Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ J. Scott Thomas*
        JEFFREY SCOTT THOMAS
        Trial Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division

        *Counsel of Record for the Federal Defendants*

        CYNTHIA J. LARSEN
        JUSTIN GIOVANNETTONE

MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE

DANIEL J. O'HANLON
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

*/s/  Cynthia J. Larsen*
Attorneys for Westlands Water District

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

>  */s/ Thane D. Somerville*
>  Thane D. Somerville