Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:  206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | Civ. No. 1:20-cv-1814-JLT-EPG |
| Plaintiff, | |
| v. | HOOPA VALLEY TRIBE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT FIRST AMENDED COMPLAINT |
| UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR | Date: February 8, 2023[1]<br>Time: 9:00 AM<br>Courtroom: 4, 7th Floor, Fresno<br>Judge: Hon. Jennifer L. Thurston<br><br>Trial Date: None<br>Date Action Filed: Aug. 13, 2020 |
| Defendants. | |

---

[1] Plaintiff is herewith filing a Motion to Shorten Time with a request to hear this Motion for Leave to Amend no later than February 8, 2023 given the imminent implementation date of February 13, 2023, of the Trinity River Winter Flow Variability Project that is the subject of Plaintiff's pending Motion for Preliminary Injunction (Dkt. #108).

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - i

# NOTICE OF MOTION AND MOTION TO FOR LEAVE TO AMEND AND SUPPLEMENT FIRST AMENDED COMPLAINT

TO THE COURT AND ALL PARTIES HEREIN:

PLEASE TAKE NOTICE that on February 8, 2023, at 9:00 AM[2], or as soon as the matter may be heard, before the Honorable Jennifer L. Thurston of the United States District Court for the Eastern District of California, Courtroom 4, 7th Floor, located at 2500 Tulare Street, Fresno, California 93721, the Plaintiff Hoopa Valley Tribe will and hereby does move for leave to amend and supplement its First Amended Complaint.  This motion is made pursuant to Federal Rule of Civil Procedure 15 and is based on this Notice, the accompanying memorandum of points and authorities, the papers, records, and pleadings on file in this case, and on such oral argument as the Court may allow.  Plaintiff's proposed Second Amended and Supplemented Complaint for Declaratory and Injunctive Relief is attached to this Motion.[3]

Plaintiff's counsel certifies that they conferred with Defendants' counsel regarding the substance of the contemplated motion but could not reach resolution.  Plaintiff's counsel provided a complete copy of its Second Amended and Supplemented Complaint for Declaratory and Injunctive Relief to Defendants and Defendant-Intervenors' respective counsel on the morning of February 1, 2023 and requested their written consent to file it, and further inquired about their positions on Plaintiff's motions for leave to amend and motion to shorten time.

---

[2] Plaintiff has filed herewith a Motion to Shorten Time as Plaintiff seeks to have its Second Amended Complaint on file prior to the anticipated February 13, 2023, implementation date of the Trinity River WFV Project and the Court's ruling on Plaintiff's pending motion for preliminary injunction of the WFV Project.

[3] For the convenience of the Court and the parties, Plaintiff has made its amendments and supplementations visible in "track changes" format in the attached proposed Second Amended Complaint.  If the Court grants leave to amend, Plaintiff would "accept" the edits before filing the Second Amended Complaint.  Plaintiff has also attached all new exhibits proposed to be included in the Second Amended Complaint, Exhibits 30-36.  If leave is granted, Plaintiff will re-file all exhibits, 1-36 with the Second Amended Complaint in compliance with local rules.

Declaration of Thane Somerville, Exhibit A.  The parties' positions, reflected in e-mails received today, are attached at Exhibit B to the Declaration of Thane Somerville.  Although Federal Defendants assert they were given insufficient time to consider Plaintiff's request for consent to file a Second Amended Complaint, Federal Defendants advised this Court on January 25, 2023 in their supplemental brief that they anticipated a possible Second Amended Complaint to be filed in the event that the WFV Project was approved.  ECF Dkt. #129, pp. 5-6.  Thus, Plaintiff's request was not a surprise and Federal Defendants have had adequate time to formulate their position.

For the reasons addressed in the supporting Memorandum below, Plaintiff's motion for leave to amend should be granted.

DATED this 1st day of February, 2023.

        MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

        */s/ Thane D. Somerville*
        Thane D. Somerville
        Thomas P. Schlosser
        811 First Avenue, Suite 218
        Seattle, WA 98104
        Tel: 206-386-5200
        t.somerville@msaj.com
        t.schlosser@msaj.com
        Attorneys for Hoopa Valley Tribe

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Hoopa Valley Tribe moves for leave to amend and supplement its First Amended Complaint (FAC) to add allegations related to the recent approval by Defendants of the Trinity River Winter Flow Variability (WFV) Project, which approval occurred on January 30, 2023. *See* Proposed Second Amended Complaint, Exhibit 36. Defendants' followed that approval action with a notice to the Court on January 31, 2023. ECF Dkt. #132.

According to the January 31, 2023, notice (Dkt. #132), Defendants intend to commence implementation of the WFV Project on or shortly after February 13, 2023. *Id.* The WFV Project was originally recommended to commence on December 15, 2022. On December 16, 2022, Plaintiff filed a Motion for Preliminary Injunction (ECF Dkt. #108) to enjoin the approval and implementation of the WFV Project absent the concurrence of the Hoopa Valley Tribe. On January 11, 2023, the Court correctly noted that Defendants had not made a final decision regarding the WFV Project as of that date and requested supplemental briefing on the issue of whether Plaintiff's claims related to the WFV Project and Defendants' failure to seek Hoopa concurrence challenged final agency action under the APA or were otherwise ripe. ECF Dkt. #124. Plaintiff and Defendants each responded to that order on January 25, 2023. ECF Dkt. ## 128, 129. Plaintiff argued that, although no final decision had been made on the WFV Project, Defendants had unlawfully failed to act – by failing to seek or obtain Hoopa concurrence as required by statute – and that failure constituted final agency action reviewable under the APA. Dkt. #128. Now that Defendants have taken final action to approve the WFV Project, Plaintiff seeks to amend and supplement its FAC to specifically allege challenges to that final approval action on grounds that Defendants unlawfully failed to seek or obtain Hoopa concurrence and also that the action fails to comply with NEPA.

Given the imminent February 13, 2023 implementation date and the pending motion for injunctive relief, Plaintiff has also filed a motion to shorten time on this motion to amend. Plaintiff sought the parties' consent to file its Second Amended Complaint, but the parties did not consent as of today's date. Defendants and Defendant-Intervenors respective positions are contained in e-mails attached to the Declaration of Thane Somerville, Exhibit B.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Defendants proposed the WFV Project, which would substantially modify the permanent flow requirements and flow schedule mandated by the Trinity River ROD and concurred in by Hoopa. On June 18, 2021, Hoopa wrote to Defendants: "The ROD's flow release hydrographs may not . . . be changed without [Hoopa] concurrence. . . . [Hoopa] does not concur in the proposed modification of ROD flow release hydrographs as currently proposed." Dkt. #110-1. In September, 2021, Defendants prepared and published a draft environmental assessment for the proposed WFV Project. Proposed Second Amended Complaint, Exhibit 31.

On October 21, 2021, Hoopa again wrote to Defendants asking them to halt any administrative action on the WFV Project, because: "Any change in the 2000 ROD, including reallocation of Trinity River water, requires Hoopa's concurrence pursuant to Section 3406(b)(23) of the [CVPIA]. Reclamation has never sought, let alone obtained Hoopa's concurrence in the proposal." Dkt. #110-2. Defendants published a status report on the EA in February 4, 2022 stating "Consideration of this action has been canceled." https://www.usbr.gov/mp/nepa/nepa_project_details.php?Project_ID=50427. At no time had Defendants sought or obtained Hoopa's concurrence in the WFV Project.

In late 2022, Defendants again proposed the WFV Project but did not ever seek Hoopa concurrence, or resume NEPA compliance. On October 4, 2022, Hoopa met with Defendants regarding Hoopa's concurrence right and followed up with a letter reiterating that the WFV

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 2

1  Project is subject to and cannot proceed absent the Secretary seeking and obtaining Hoopa
2  concurrence. Dkt. #110-3.
3    On October 31, 2022, Plaintiff filed its First Amended Complaint (FAC) with the consent
4  of Defendants.  ECF Dkt. #97.  The Ninth Claim for Relief in Plaintiff's FAC alleges that
5  "Reclamation has taken action and threatened to take imminent action, including modifications
6  to flow releases called for in the Trinity River ROD, that fails to honor Hoopa's concurrence
7  rights as provided in CVPIA section 3406(b)(23)."  Dkt. #97, ¶ 173.
8    On December 7, 2022, the federal advisory Trinity Management Council (TMC) voted
9  (over Hoopa's vote in opposition) to recommend implementation of the WFV Project for the
10 2023 water year, with implementation to commence as early as December 15, 2022.  Dkt. #109,
11 ¶ 16.  On December 9, 2022, the TMC forwarded their recommendation for approval of the
12 WFV Project and implementation commencing December 15, 2022, to Defendants. Dkt. #109-1.
13 On the same day, December 9, 2022, Hoopa wrote a letter to Secretary Haaland, stating that the
14 Secretary's "authority to implement the [WFV Project] . . . is subject to your obtaining [Hoopa's]
15 concurrence pursuant to CVPIA section 3406(b)(23)."  Dkt. #110-4.  On December 14, 2022,
16 Hoopa again wrote to Secretary Haaland asking her to "confirm[] in writing to Hoopa that
17 Hoopa's right of concurrence is valid and binding on the Secretary of the Interior, that the
18 Secretary will direct her officers and agents to seek Hoopa's concurrence in the WFV project,
19 and if Hoopa does not concur, the WFV project shall not be implemented."  Dkt. # 110-5.
20 Absent such confirmation, Hoopa advised it would seek preliminary injunctive relief to enjoin
21 the WFV Project in absence of Hoopa concurrence. *Id.*  Hoopa did not receive the response it
22 requested from the Secretary, but instead Hoopa received a communication from Defendants'
23 attorneys that:  "[the Interior Department/Defendants] commit to give [Hoopa] at least 5 business
24 days notice before any *decision* is made with respect to the Trinity River (sic) Council's vote to
25 recommend the winter flows, and at least 10 business days notice before the *implementation* of
26 any such decision."  Dkt. # 111-7 (emphasis added).

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 3

Given the Defendants' failure to seek concurrence required by statute and the imminent threat of implementation of the WFV Project without Hoopa concurrence, Hoopa filed a motion for preliminary injunction on December 16, 2022, noting a hearing date of January 20, 2023. ECF Dkt. #108.  On January 11, 2023, the Court vacated the injunction hearing and requested supplemental briefing on the question of whether Defendants had taken final agency action and whether the preliminary injunction motion is ripe.  ECF Dkt. #124.  On January 20, 2023, Defendants filed notice informing the Court that they intended to issue a decision on the WFV Project in not less than five business days.  ECF Dkt. #127.

Notwithstanding the CVPIA's mandate that the Secretary obtain Hoopa's concurrence in the WFV Project, by letter of January 30, 2023, on behalf of the Secretary of the Interior, Reclamation's and the Fish and Wildlife Service's Regional Directors notified the Chair of the Trinity Management Council of their "concurrence with the TMC's recommendation to implement the proposed 2023 flow management regime using the Winter Flow Variability ruleset, to be implemented no sooner than February 14, 2023."  Proposed Second Amended Complaint, Exhibit 36.  On January 31, 2023, Defendants filed notice informing the Court that Defendants approved the WFV Project and will commence implementation in not less than 10 business days from January 30, 2023, which date is February 13, 2023.  ECF Dkt. #132.  Thus, implementation of the WFV Project, and its flow releases, is imminent.  On February 1, 2023, this Court entered a minute order stating that the Court intends to rule as expeditiously as possible on Plaintiff's pending motion.  ECF Dkt. #133.

Although Plaintiff believes the Court currently has jurisdiction to rule on its motion for preliminary injunction as stated in its January 25, 2023 supplemental brief (ECF Dkt. #128), Plaintiff now seeks leave to amend its FAC to remove any possible continuing doubt about the Court's jurisdiction to rule on Plaintiff's request to enjoin the WFV Project in the absence of Defendants seeking and obtaining Hoopa concurrence required by CVPIA 3406(b)(23).

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 4

### III. LEGAL STANDARD

#### A. Amendment

Federal Rule of Civil Procedure 15(a)(2) authorizes amendment of pleadings upon the court's leave. "The court should freely give leave when justice so requires." FRCP 15(a)(2). In the Ninth Circuit, the rule favoring amendment is to be applied with "extreme liberality"). *DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Liberal amendment of pleadings is favored to allow cases and claims to be resolved on the merits. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (contrary to spirit of rules for decisions on merits to be avoided on basis of technicalities).

In deciding whether justice requires granting leave to amend, the Court considers the following factors: (1) the presence or absence of undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of the proposed amendment. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "These factors are to be applied with a view toward "the strong policy in favor of allowing amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 643 (C.D. Cal. 1997). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

The Ninth Circuit Court of Appeals strongly encourages, if not mandates, granting leave to amend prior to dismissing a claim. "In dismissing for failure to state a claim, 'a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be

cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Harris v. County of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). Here, Plaintiff seeks to amend its complaint to address alleged technical deficiencies in its Ninth Claim for Relief regarding its concurrence rights prior to this Court's ruling on the pending motion for preliminary injunction. Such amendment is favored in this Circuit and leave should be granted.

### B. **Supplementation.**

Pursuant to FRCP 15(d), a court may, upon motion and reasonable notice, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. A supplemental pleading may be used to add additional facts or events relating to liability or to change the relief requested. *Howard v. City of Coos Bay,* 871 F.3d 1032, 1039-1040 (9th Cir. 2017). Rule 15(d) only applies to events that have occurred since the date of filing the original pleading. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010); *Pratt v. Rowland*, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991). A relationship must exist between the newly alleged matters and the original matters, but they need not all arise out of the same transaction. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

The same principles that support the liberal amendment of pleadings also apply to supplementation of pleadings. *Id.* at 473 (judicial economy and liberal interpretation of supplemental pleading requirements favor granting leave to supplement). And the same factors of undue delay, bad faith prejudice, futility are considered. *LaSalvia v. United Dairymen of Ariz.,* 804 F.2d 1113, 1119 (9th Cir. 1986) (district court abused discretion when it denied motion to add post-complaint allegations and defendant not unduly prejudiced). A plaintiff may be granted leave to file a supplemental complaint despite the failure of the original complaint to state a valid claim for relief. Moore's Federal Practice (3d ed. 2018), Vol. 3, § 15.30. Thus, a plaintiff need not commence a new action when after-occurring events demonstrate that it has a right to relief even if the original complaint was insufficient. *Id.*

## IV. ARGUMENT

All relevant factors weigh in favor of granting leave to amend and supplement.

### A. Amendment and Supplementation Will Not Create Any Undue Delay in This Proceeding.

Plaintiff's request to amend and supplement to add allegations relating to the WFV Project will not create any delay this proceeding. Plaintiff's allegations relate to the propriety of approving and implementing the WFV Project in the absence of seeking and obtaining Hoopa concurrence and in the absence of NEPA compliance. Plaintiff seeks to promptly amend and supplement its FAC in order to alleviate any continuing concerns that the Court may have regarding its jurisdiction to rule on Plaintiff's motion for preliminary injunction at this time.

### B. No Bad Faith or Improper Motive Is Present.

No bad faith or improper motive is present here. "Bad faith exists where . . . the proposed amendment 'will not save the complaint or the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories.' Bad faith may also exist when a party repeatedly represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once 'the proverbial writing was on the wall' that the party will suffer an adverse judgment.' A court may also find bad faith when the moving party has a 'history of dilatory tactics.'" *Naranjo v. Bank of Am. N.A.,* 2015 U.S. Dist. LEXIS 25899, *15 (N.D. Cal., Feb. 27, 2015). "To determine whether bad faith exists, the Court looks to the evidence in the record." None of these facts or circumstances suggesting bad faith or improper motive are present here. The purpose of the amendment is to add allegations relating to Defendants' recent approval of the WFV Project.

### C. Defendants Will Suffer No Prejudice from the Amendment.

Prejudice is the touchstone of the inquiry under rule 15(a). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of

granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.2d 1048, 1052 (9th Cir. 2003). Prejudice might occur where "new claims radically shift the nature of the case, requiring the opposing party to engage in substantial new discovery or to undertake an entirely new course of argument late in the case." *Lockheed Martin Corp., v. Network Solutions* 175 F.R.D. 640, 644 (C.D. Cal. 1997). Passage of time alone or some additional delay in the case is not sufficient basis to deny leave to amend. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("Delay alone is insufficient justification; prejudice to the nonmovant must also be shown); *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (court abused discretion when only factor considered was delay). Defendants have the burden to establish that prejudice would occur. *Leighton*, 833 F.2d at 187 (9th Cir. 1987); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Here, Plaintiff acted expeditiously after receiving the approval notice filed January 31 and no prejudice will occur to Defendants.

### D. **There Have Not Been Repeated Failures to Cure Deficiencies.**

This would be Plaintiff's Second Amended Complaint. Plaintiff filed this action in August 2020. Following an extensive but unsuccessful period of settlement negotiations with Defendants, Plaintiff filed its First Amended Complaint with Defendants' consent on October 31, 2022. ECF Dkt. #97. The Defendants approval of the WFV Project had not occurred at the time that Plaintiff filed its FAC and thus the allegations that Plaintiff now seeks to add could not have been presented in its FAC. Here, Plaintiff seeks leave only to amend and supplement its FAC to address the recent (January 30, 2023) approval by Defendants of the WFV Project.

### E. **Plaintiff's Proposed Amendment Is Not Futile.**

Plaintiff's amendment will remove any possible doubt as to whether the Court has jurisdiction to address Plaintiff's motion to enjoin implementation of the WFV Project. Defendants took final agency action on January 30, 2023 to approve the WFV Project in the absence of seeking or obtaining Hoopa's concurrence pursuant to CVPIA §3406(b)(23). "Where

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 8

the underlying facts or circumstances of a case 'may be a proper subject of relief' [a plaintiff] ought to be afforded an opportunity to test his claims on the merits." *Leighton*, 833 F.2d at 188, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. Moore's Federal Practice (3d ed. 2018) Vol. 3, § 15.15[3]. While courts will examine the legal sufficiency of a proposed amendment, "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion to amend." *Saes Getters S.P.A. v. Aeronex*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). An amendment is futile only if it would be clearly subject to dismissal. *Id.* Here, there is no basis whatsoever to find that the proposed amendment is futile.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend and supplement should be granted.

Dated this 1st day of February 2023.

> MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
>
> */s/ Thane D. Somerville*
> Thane D. Somerville
> Thomas P. Schlosser
> 811 First Avenue, Suite 218
> Seattle, WA 98104
> Tel: 206-386-5200
> t.somerville@msaj.com
> t.schlosser@msaj.com
> Attorneys for Hoopa Valley Tribe

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Thane D. Somerville*
Thane D. Somerville

PLAINTIFF'S MOTION TO AMEND
AND SUPPLEMENT COMPLAINT - 10