TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

JEFFREY S. THOMAS, Trial Attorney (VA Bar No. 86439)
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
jeffrey.thomas2_@usdoj.gov
*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | Case No. 1:20−cv−01814−JLT-EPG |
| Plaintiff, | |
| v. | |
| UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in his official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR | |
| Defendants, | |
| Westlands Water District | |
| Defendant-Intervenor. | |

**FEDERAL DEFENDANTS' AND DEFENDANT INTERVENOR'S
RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO
AMEND AND REQUEST FOR BRIEFING SCHEDULE**

Federal Defendants and Westlands Water District do not oppose the Hoopa Valley Tribe's motion to file its Second Amended and Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

The Ninth Circuit has been clear that when a plaintiff files an amended complaint that amended pleading supersedes the original pleading. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist."). Where, as here, a motion to dismiss targeted the superseded pleading, the motion to dismiss is rendered moot. *Id.* ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."); *see also Signal Hound, Inc. v. Expandable Software, Inc.*, No. C21-5448 BHS, 2021 WL 4775119, at *1 (W.D. Wash. Oct. 13, 2021); *Anderson v. Bank of Am., N.A.*, No. 215CV00198EJLREB, 2016 WL 7494304, at *1 (D. Idaho Jan. 13, 2016); *A.R.D. v. Kerry*, No. CV-14-00150-PHX-BSB, 2014 WL 12617410, at *1 (D. Ariz. Aug. 19, 2014).

Because Federal Defendants and Defendant Intervenor will need to file new responsive pleadings to Plaintiffs' Second Amended and Supplemental Complaint, they respectfully request that the Court enter the following briefing schedule:

- Federal Defendants' motion to dismiss Plaintiff's Second Amended and Supplemental Complaint will be due on or before March 6, 2023.
- Westlands Water District's motion to dismiss Plaintiff's Second Amended and Supplemental Complaint will be due on or before March 20, 2023.[1]

---

[1] Defendants propose staggering their motion and reply deadlines to avoid duplicative briefing per the Court's instructions. Westlands Water District will strive to only raise issues not addressed by the Federal Defendants' motions and briefs.

- 2 -

- The Hoopa Valley Tribe's response in opposition to any motion(s) to dismiss will be due on or before April 17, 2023.
- The Federal Defendants' reply will be due on or before May 8, 2023.
- Westlands Water District's reply will be due on or before May 22, 2023.

Federal Defendants and Defendant Intervenor submit that this briefing schedule is reasonable and necessary given that Plaintiff has interposed new, substantive claims and allegations in its Second Amended Complaint, including a claim under the National Environmental Policy Act ("NEPA") and an allegation that Reclamation's Winter Flow Project is a final agency action under the Administrative Procedure Act ("APA"). In addition to addressing the substantive changes in Plaintiff's Second Amended Complaint, Federal Defendant's and Defendant Intervenor's forthcoming dismissal motions will likely be informed by the Court's anticipated ruling on Plaintiff's pending motion for a Preliminary Injunction. That ruling may narrow the issues or place a sharper focus on the areas to be addressed in the dismissal motions and as a result will likely lead to more streamlined dismissal briefing and by extension, the conservation of the Court's and parties' limited resources. Moreover, counsel for Federal Defendants and Defendant Intervenor have been working diligently on this case for over two months, and Federal Defendants only recently completed briefing on the motion to dismiss Plaintiff's First Amended and Supplemental Complaint and Plaintiff's Motion for Preliminary Injunction. Given counsels' obligations to meet deadlines for other courts, twenty-eight days to respond to an amended complaint – which is fourteen (14) days longer than the fourteen (14) days provided by Rule 15 – is not unreasonable.

Importantly, Federal Defendants' and Defendant Intervenor's proposed briefing schedule will in no way prejudice Plaintiff. Indeed, Federal Defendants and Defendant Intervenors are seeking only 16 days beyond the schedule proposed to them by Plaintiff and even under Plaintiff's proposed schedule (which would have dismissal motions due in mid-February), the filings would occur after commencement of the Winter Flow Project which is the only urgency alleged by Plaintiff's counsel. Further, Plaintiff's proposal that Federal Defendants be afforded only five pages to supplement their pending dismissal motion is unworkable. The Second

Amended Complaint mooted Federal Defendants' prior motion to dismiss and Defendant Intervenor's answer. Further, supplementing a prior motion tied to a prior inoperative complaint will create confusion on the docket. New responsive pleadings are required. Federal Defendants anticipate substantive additions to and deletions from its original motion as a result of the filing of the Second Amended Complaint and the anticipated ruling on the Preliminary Injunction motion, including briefing a new NEPA claim. For these reasons, Federal Defendants request that page limits for opening briefs be set at 50 pages (five more than the briefing limits set for the prior dismissal motions).

Counsel for the Federal Defendants conferred with Plaintiff's counsel, and Plaintiff opposes Federal Defendants' and Defendant Intervenor's proposed briefing schedule. Plaintiff's counsel also reiterated Plaintiff's intent to file a summary judgment motion on or before March 10th. Federal Defendants and Defendant Intervenors oppose Plaintiff moving for summary judgment before Federal Defendants and Defendant Intervenors Rule 12 dismissal motions are adjudicated and will likely request that the Court stay any summary judgment briefing pending resolution of the Rule 12 motions.

Respectfully submitted this 6th day of February 2023,

TODD KIM, Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division

*Counsel of Record for the Federal Defendants*

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
MARK C. SMITH
ORRICK, HERRINGTON & SUTCLIFFE LLP

DANIEL J. O'HANLON
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

/s/ *Cynthia J. Larsen (by JST with permission from CJL)*
CYNTHIA J. LARSEN
Attorneys for Intervenor- Defendant
Westlands Water District

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed **FEDERAL DEFENDANTS' AND DEFENDANT INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND REQUEST FOR BRIEFING SCHEDULE** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

*/s/ J. Scott Thomas*
JEFFREY SCOTT THOMAS