Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>　　　　Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>PLAINTIFF'S REPLY TO DEFENDANTS AND DEFENDANT-INTERVENOR'S PROPOSED BRIEFING SCHEDULE |

PLAINTIFF'S REPLY TO REQUEST
FOR BRIEFING SCHEDULE - 1

### A. **Neither Defendants nor Defendant-Intervenor Oppose Plaintiff's Motion for Leave to Amend and Supplement**: The Court Should Grant Plaintiff's Motion for Leave to Amend and Supplement.

Neither Defendants nor Defendant-Intervenor oppose Plaintiff's Motion for Leave to Amend and Supplement its First Amended Complaint (Dkt. #134). See Dkt. #136 (reporting non-opposition of Defendants/Defendant-Intervenor). Thus, Plaintiff respectfully requests that the Court grant Plaintiff's unopposed motion as soon as practicable, so that Plaintiff can promptly file its proposed Second Amended Complaint with the Court.

### B. **The Court Should Reject the Delayed Schedule Proposed by Defendants and Defendant-Intervenor**.

Hoopa does not disagree that its Second Amended Complaint will replace and supersede its First Amended Complaint, but the limited scope of modifications made in Hoopa's Second Amended Complaint do not warrant the delayed briefing schedule proposed by Defendants. Hoopa believes that the current briefing schedule (see Dkt. #107), with hearing noted on Defendants' motion to dismiss for April 14, 2023, can remain in effect with slight modifications that allow appropriate response to the changes made in Hoopa's Second Amended Complaint. Hoopa proposes the following:

- Defendants and Defendant-Intervenor shall respond to Hoopa's Second Amended Complaint (SAC) within 14 days from the date of filing of the SAC. Defendants' motion to dismiss shall not exceed 50 pages (a five-page extension from current 45-page limit). If Westlands files a motion in response to the SAC, such motion shall not exceed 25 pages.

- Hoopa's response to Defendants' motion to dismiss shall remain due on March 14, 2023, per Dkt. #107, and shall not exceed 50 pages (a five-page extension from current 45-page limit). Hoopa's response to Westlands' motion, if any, shall also be due March 14, 2023, and shall not exceed 25 pages.

PLAINTIFF'S REPLY TO REQUEST
FOR BRIEFING SCHEDULE - 2

- Federal Defendants/Westlands' replies shall remain due March 28, 2023, per Dkt. #107.
- Hearing date shall remain noted for April 14, 2023.
- Hoopa reserves its right to file a Motion for Summary Judgment on or before March 10, 2023, with response/reply deadlines as set by Local Rule 230.

FRCP 15(a)(3) provides fourteen days to respond to the filing of an amended complaint. Here, fourteen days is sufficient time for Defendants to supplement their current motion to dismiss to address the limited changes made in Hoopa's Second Amended Complaint, which are focused solely on the Defendants' recent initiative to approve the Trinity River Winter Flow Variability (WFV) Project. The allegations regarding Defendants failure to obtain Hoopa concurrence have already been extensively briefed and are not a surprise to Defendants. Nor is there any reason that it should take longer than 14 days for Defendants to respond to the new NEPA allegations.

Nor do the current proceedings regarding Plaintiff's Motion for Preliminary Injunction warrant further delay in the briefing schedule. The Court has indicated that it intends to rule as expeditiously as practicable on the motion in light of Defendants' recent approval of the WFV Project and anticipated implementation date of no sooner than February 14, 2023. Dkt. #133. Assuming that it is possible for the Court to rule on or before February 14, Defendants would have the benefit of the Court's decision in advance of their responsive deadline and could modify their briefing accordingly if necessary.

Plaintiff agrees that Westlands is prohibited from filing briefing and arguments duplicative of Defendants' arguments, but that should not pose any problem here where Westlands has had possession of Defendants' pending motion to dismiss since January 13, 2023. Thus, Westlands is currently aware of the arguments that Defendants have raised and can avoid duplicative briefing without delaying the schedule by an additional two weeks as they propose.

Plaintiff disagrees with Defendants' contention that the "only urgency" in moving this case along promptly is the pending Motion for Preliminary Injunction. This case has been pending since August 2020. Given the delay to date, which largely arose from an extended and ultimately unsuccessful settlement negotiation, Plaintiff seeks to have its claims adjudicated as promptly as possible. Over the past two months, Defendants have repeatedly sought to extend time on filings in this case. Dkt. #106 (motion to extend responsive pleading deadline); Dkt. #112 (motion to extend briefing schedule re preliminary injunction motion); Dkt. #115 (minute order denying extension of PI briefing schedule). These requests prejudice Plaintiff and its interest in promptly adjudicating its claims relating to protection of the Trinity River and its trust resources. And, again, any competing obligations that Defendants and their counsel have to other courts do not justify unnecessarily delaying proceedings and the adjudication of this case in this Court.

In summary, Plaintiff believes that the current briefing schedule, with the current noted hearing date of April 14, 2023, can largely remain in effect subject to the slight modifications addressed above.[1]

DATED this 6th day of February, 2023.

MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

_/s/ Thane D. Somerville_
Thane D. Somerville WSBA #31468
Thomas P. Schlosser WSBA #06276
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel: 206-386-5200/Fax: 206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com

---

[1] Defendants are correct that Plaintiff further intends to file a motion for summary judgment on or before March 10, 2023 in order to have that motion noted at the same time as Defendants' motion to dismiss. Plaintiff's position on its right to file a motion for summary judgment is fully described in the recent joint status report filed January 27, 2023 (Dkt. #130) and Plaintiff incorporates Plaintiff's statement of position in that report here.

PLAINTIFF'S REPLY TO REQUEST
FOR BRIEFING SCHEDULE - 4

Attorneys for Plaintiff Hoopa Valley Tribe

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                         */s/ Thane D. Somerville*
                                         Thane D. Somerville