EXHIBIT 2

1   Roger B. Moore (SBN 159992)
    LAW OFFICE OF ROGER B. MOORE
2   337 17th Street, Suite 211
    Oakland, California 94612
3   Telephone: (510) 548-1401
    Email: rbm@landwater.com
4

5   Thomas H. Keeling (SBN 114979)
    FREEMAN FIRM
6   1818 Grand Canal Boulevard, Suite 4
    Stockton, California 95207
7   Telephone: (209) 474-1818
    Facsimile: (209) 474-1245
8   Email: tkeeling@freemanfirm.com

9
    *Attorneys for Defendants County of San Joaquin and*
10  *County of Trinity*

11  James Mark Myles (SBN 200823)
    Office of the County Counsel
12  COUNTY OF SAN JOAQUIN
    44 N San Joaquin Street, Suite 679
13  Stockton, California 95202
    Telephone: (209) 468-2980; Facsimile: (209) 468-0315
14  Email: jmyles@sjgov.org
    *Attorney for Defendants County of San Joaquin*
15

FILED

MAR 15 2022

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
                        DEPUTY

RECEIVED
3/11/2022 4:32 PM
FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  COUNTY OF FRESNO, CENTRAL DIVISION

18

19  WESTLANDS WATER DISTRICT, a          Case No.  19CECG03887
    California Water District,
20                                       ~~[PROPOSED]~~ JUDGMENT
                    Plaintiff,
21                                       **Assigned for All Purposes to:**
            v.                           **Judge D. Tyler Tharpe**
22
    ALL PERSONS INTERESTED IN THE        Action Filed: October 25, 2019
23  MATTER OF THE CONTRACT BETWEEN
    THE UNITED STATES AND WESTLANDS
24  WATER DISTRICT PROVIDING FOR
    PROJECT WATER SERVICE, SAN LUIS
25  UNIT AND DELTA DIVISION AND
    FACILITIES REPAYMENT,
26
27                  Defendants.

28

                              -1-
4842-3489-9451v2/022991-0022

1   Margaret E. Long (SBN 227176)
    Trinity County Counsel
2   2240 Court Street
    Redding, CA 96001-2528
3   Telephone: (530) 691-0800; Facsimile: (530) 691-0700
    Email: margaret@plelawfirm.com
4
5   *Attorney for Defendant County of Trinity*

6   Stephan C. Volker (SBN 063093)
    Alexis E. Krieg (SBN 254548)
7   LAW OFFICES OF STEPHAN C. VOLKER
    1633 University Ave.
8   Berkeley, CA 94703
    Telephone: (510) 496-0600; Facsimile: (510) 845-1255
9   Email: svolker@volkerlaw.com
10
    *Attorneys for Defendants North Coast Rivers Alliance,*
11  *Winnemem Wintu Tribe, Calif. Sportfishing Alliance, Institute for*
    *Fisheries Resources, Pacific Coast Federation of Fishermen's*
12  *Associations, and San Francisco Crab Boat Owners Assn.*

13  Adam Keats (SBN 191157)
    LAW OFFICE OF ADAM KEATS
14  303 Sacramento Street, Second Floor
    San Francisco, CA 94111
15  Telephone: (415) 845-2509
    Email: adam@keatslaw.org
16
17  *Attorneys for Defendants Calif. Water Impact Network,*
    *AquAlliance, Calif. Sportfishing Protection Alliance, California*
18  *Indian Water Com., and Planning and Conservation League*
    John Buse (SBN 163156)
19
20  CENTER FOR BIOLOGICAL DIVERSITY
    1212 Broadway, Suite 800
21  Oakland, CA 94612
    Telephone: (510) 844-7100
22  jbuse@biologicaldiversity.org

23  *Attorneys for Defendant Center for Biological Diversity*

24  S. Dean Ruiz (SBN 213515)
    MOHAN, HARRIS & RUIZ, LLP
25  3439 Brookside Road, Suite 208
    Stockton, California 95219
26  Telephone: (209) 957-0660
    Email: dean@mohanlaw.net
27
28  *Attorneys for Defendants Central Delta Water Agency*
    *and South Delta Water Agency*

-2-

1    Westlands Water District filed a Motion for Validation of Contract on December 30, 2019.

2    The hearing on Westlands Water District's Motion for Validation of Contract came on for hearing on

3    February 27, 2020, in Department 502 of the above-entitled Court, before the Honorable Alan

4    Simpson.   Counsel Roger B. Moore and Thomas H. Keeling appeared on behalf of  Defendants

5    County of San Joaquin and County of Trinity.  Counsel S. Dean Ruiz appeared on behalf of

6    Defendants Central Delta Water Agency and South Delta Water Agency.  Counsel Adam Keats

7    appeared on behalf of Defendants California Water Impact Network, AquAlliance, California

8    Sportfishing Protection Alliance, California Indian Water Commission, Planning and Conservation

9    League and Center for Biological Diversity.  Counsel Stephan Volker appeared on behalf of

10   Defendants North Coast Rivers Alliance, Winnemem Wintu Tribe, California Sportfishing Alliance,

11   Institute for Fisheries Resources, Pacific Coast Federation of Fishermen's Associations, and San

12   Francisco Crab Boat Owners Association. Counsel William Chisum, Daniel J. O'Hanlon, and Jon

13   Rubin appeared on behalf of Plaintiff Westlands Water District. On February 27, 2020, this Court

14   took the matter under submission;

15            After considering the briefs, pleadings, and other papers filed in this action in support of and

16   in opposition to Plaintiff's Motion for Validation of Contract, and the arguments of counsel, on

17   March 16, 2020, the Court issued its Law and Motion Minute Order adopting its Tentative Ruling as

18   the Order of the Court ("3/16 Law and Motion Minute Order"), a true and correct copy of which is

19   attached hereto as Exhibit A;

20            Westlands Water District filed a Renewed Motion for Validation Judgment on September

21   17, 2021.  The hearing on Westlands Water District's Renewed Motion for Validation Judgment

22   came on for hearing on October 27, 2021, in Department 501 of the above-entitled Court, before the

23   Honorable D. Tyler Tharpe. Counsel Roger B. Moore and Thomas H. Keeling appeared on behalf of

24   Defendants County of San Joaquin and County of Trinity. Counsel S. Dean Ruiz appeared on behalf

25   of Defendants Central Delta Water Agency and South Delta Water Agency. Counsel Adam Keats

26   appeared on behalf of Defendants California Water Impact Network, AquAlliance, California

27   Sportfishing Protection Alliance, California Indian Water Commission, Planning and Conservation

28   League and Center for Biological Diversity. Counsel Stephan Volker appeared on behalf of

1    Defendants North Coast Rivers Alliance, Winnemem Wintu Tribe, California Sportfishing Alliance,

2    Institute for Fisheries Resources, Pacific Coast Federation of Fishermen's Associations, and San

3    Francisco Crab Boat Owners Association. Counsel Allison E. Burns, Daniel J. O'Hanlon, and Jon

4    Rubin appeared on behalf of Plaintiff Westlands Water District. On October 27, 2021, this Court

5    took the matter under submission;

6          After considering the briefs, pleadings, and other papers filed in support of and in opposition

7    to Plaintiff's Motion for Validation, and the arguments of counsel, on October 27, 2021, the Court

8    issued its Law and Motion Minute Order adopting its Tentative Ruling as the Order of the Court (the

9    "10/27 Law and Motion Minute Order"), a true and correct copy of which is attached hereto as

10   Exhibit B, and further ordered, as part of the 10/27 Law and Motion Minute Order, that the Status

11   Conference scheduled for that day be continued to December 2, 2021 for any party to show cause

12   why the case should not be dismissed as a result of the 10/27 Law and Motion Minute Order;

13         On December 2, 2021, the Court continued the Status Conference scheduled for that day to

14   February 24, 2022, for any party to show cause why the case should not be dismissed as a result of

15   the 10/27 Law and Motion Minute Order;

16         On February 24, 2022 the Court held the continued Status Conference for any party to show

17   cause why the case should not be dismissed as a result of the 10/27 Law and Motion Minute Order.

18   At that Status Conference, no party showed cause why the case should not be dismissed as a result of

19   the 10/27 Law and Motion Minute Order. Accordingly, the Court directed the parties to prepare a

20   form of Judgment and circulate it for all parties for review and, thereafter, submission to the Court

21   for review, approval, and entry. The Court also scheduled a further Status Conference for March 24,

22   2022 at 3:30 p.m.;

23         The parties having prepared, reviewed, approved and presented to the Court this proposed

24   form of Judgment for the Court's review, approval and entry; and

25         GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED,

26   AND DECREED THAT, for the reasons set forth in the 3/16 Law and Motion Minute Order and the

27   10/27 Law and Motion Minute Order:

28         1.      Plaintiff's Complaint for Validation Judgment is DISMISSED;

2.        Plaintiff shall take nothing by its Complaint;

3.        The Court will determine any award of costs pursuant to Code of Civil Procedure section 868 following Defendants' filing of cost memoranda and Plaintiffs' filing of a motion to strike or tax costs, if any; and

4.        Defendants' entitlement, if any, to the recovery of their attorney's fees under Code of Civil Procedure section 1021.5 shall be determined through their timely submission of motions for attorney's fees, and the Court's hearing of and ruling on such motions.

Dated: **3/15** , 2022

JUDGE OF THE SUPERIOR COURT

[PROPOSED] JUDGMENT

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**Civil Unlimited Department, Central Division**

Entered by:

TITLE OF CASE:

**Westlands Water District vs All Persons Interested**

**_MINUTE ORDER**

Case Number:

**19CECG03887**

---

Date: **March 16, 2020**            Re: **Decision**

Department: **502**                    Judge/Temporary Judge: **Alan Simpson**

Court Clerk: **N. Capalare**              Reporter/Tape: **N/A**          ☐ Contested

Appearing Parties:
**Plaintiff:**                                              ☐ appearing on behalf of Plaintiff

**Defendant:**                                             ☐ appearing on behalf of
                                                              Defendant

---

☐ Off Calendar

☐ Set for        at        Dept        for

The Court having taken the February 27, 2020 motion for Validation of "Converted Contract" under submission, now takes the matter out from under submission and adopts the 2/27/20 tentative ruling as the final order. (see attached tentative ruling)

---

TGN-34 R04-05
Mandatory Form                              **MINUTE ORDER**

(19)                              **Tentative Ruling**

Re:                 ***Westlands Water District v. All Persons Interested***
                    Superior Court Case No. 19CECG03887

Hearing Date:       February 27, 2020 (Department 502)

Motion:             by Westlands Water District for Validation of "Converted
                    Contract"

**Tentative Ruling:**

> To deny.

**Explanation:**

1.   **Untimely Answers**

> "We view the time limit established by section 862 like a statute of
> limitations. Put differently, if any interested party appears in
> a validation action after the time period permitted by the
> applicable summons, the government would have a valid defense,
> preventing that interested party from further challenging the
> government's proposed action."

> *San Diego v. San Diegans for Open Government* (2016) 3 Cal. App. 5th 568, 579.

> "The validating statutes should be construed so as to uphold their purpose, i.e.,
> 'the acting agency's need to settle promptly all questions about the validity of its
> action." *McLeod v. Vista USD* (2008) 158 Cal. App. 4th 1156, 1166 (*rev. denied*).   In
> construction of Code of Civil Procedure section 862, "[o]ur primary goal is to implement
> the legislative purpose." *Lateef v. City of Madera* (2020) 2020 WL 746176, *4, Case No.
> F076227.   Interpreting the statute to bar late filing honors the plain language of the
> statute as well as its purpose.

> The answers of all but Central Delta Water Agency and South Delta Water
> Agency were filed after the December 16, 2019 deadline set forth in the Summons, and
> are therefore untimely.

2.   **Validation Actions Generally**

> "Validation proceedings are a procedural vehicle for obtaining an
> expedited but definitive ruling regarding the validity or invalidity of
> certain actions taken by public agencies. (Code Civ. Proc., § 860 et
> seq.)       They      are    expedited     because    they
> require validation proceedings to be filed within 60 days of the
> public agency's action (Code Civ. Proc., §§ 860 & 863); they are

given preference over all other civil actions (*id.*, § 867) . . . They are definitive because they are in rem proceedings that, once proper constructive notice is given (*id.*, §§ 861, 862), result in a judgment that is binding ... against the world, and cannot be collaterally attacked, even on constitutional grounds.  By providing a protocol for obtaining a prompt settlement of all questions about the validity of its action . . . validation proceedings provide much-needed certainty to the agency itself as well as to all third parties who would be hesitant to contract with or provide financing to the agency absent that certainty."

*Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency* (2016) 1 Cal. App. 4th 1684, 1096 (internal quotes and case citations omitted).

"Of course, not all actions of a public agency are subject to validation.  The statutes defining validation proceedings do not specify the types of public agency action to which they apply; instead, they establish a uniform system that other statutory schemes must activate by reference."  (*Id.* at 1097, internal quotes and citations omitted.)

3.   **Availability of Validation Proceeding for the Converted Contract**

   a.  **Not Under Water Code Section 35855**

The specific statute for validation proceeding on this type of contract is stated by Westlands to be Water Code section 35855.  The comments to the 1961 amendment of Water Code section 35855 noted the prior version expressly allowed a validation action for a "proposed contract."  The amendment took out "proposed."  It is a tenet of statutory construction that where the Legislature has chosen to delete a provision, the Court cannot interpret the statute to put it back in.  "The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision." *Gikas v. Zolin* (1993) 6 Cal. 4th 841, 861. The Legislature did not intend that Courts make such advisory opinions on proposed contracts after 1961.  This contract does not qualify for validation under that statute.  But it is not the only one cited.

   b.   **General Validation Statutes for Debt Obligations**

"Government Code section 53511 makes validation proceedings available 'to determine the validity of [a local agency's] bonds, warrants, *contracts*, obligations or evidences of indebtedness.' (Government Code section 53511(a)), italics added.)  Although 'contracts' could be read to reach *all* contracts, the courts have defined it by reference to the clause in which it has been used, and thus to reach only those contracts 'that are in the nature of, or directly relate to a public agency's bonds, warrants or other evidences of indebtedness.' (*Kaatz , supra,* 143 Cal. App. 4th at pp.

40, 42 . . . *Friedland, supra,* 62 Cal. App. 4th at p. 843 . . . 'contracts' in this statute do not refer generally to all public agency contracts, but rather to contracts involving financing and financial obligations."

Purchase contracts are not subject to validation under this statute. See *Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency, supra,* 1 Cal. App. 5th at 1099. There, the plaintiff sought invalidation of a contract to purchase stock by a water agency from a retail water purveyor. The Court found such action was not properly subject to validation. See also *San Diego County Water Authority v. Metropolitan Water Dist. Of Southern California* (2017) 12 Cal. App. 5th 1124, finding an agency's action challenging rates was not a proper validation action. In *Phillips v. Seely* (1974) 43 Cal. App. 3d 104, the Court found that a contract obligation the County to pay $12,500 a month for legal services to indigent defendants was not the type of contract subject to validation proceedings. In *Smith v. Mt. Diablo USD* (1976) 56 Cal. App. 3d 412, the Court found that a purchase contract by a school district did not fall under Code of Civil Procedure section 864.

Code of Civil Procedure section 864 does permit validation of proposed contracts: "For purposes of this chapter, bonds, warrants, contracts, obligations, and evidences of indebtedness shall be deemed authorized as of the date of adoption by the governing body of the public agency of a resolution or ordinance approving the contract and authorizing its execution." *City of Ontario v. Superior Court* (1970) 2 Cal. 3d 335, 343-344, confirmed general validation was available for contracts of indebtedness.

Unless the Converted Contract can be considered a contract for indebtedness, it does not yet qualify for a validation action.

### c.   The Converted Contract Has Some Provisions Subject to Validation

Para. 1.(i)(1) defines "Existing Capital Obligation" as the "remaining amount of construction costs or other capitalized costs allocable to the Contractor . . ." "Repayment Obligation" is defined in para. 1.(x) as that "for water delivered as irrigation water shall mean the Existing Capital Obligation discounted by ½ of the treasury rate, which shall be the amount due and payable to the United States . . ." under the WIIN Act.

"Water Infrastructure Improvements for the Nation (WIIN) Act:  Bureau of Reclamation and California Water Provisions," updated December 14, 2018,[1] discusses numerous provisions of the WIIN Act, but of particular interest for this case is Section 4011:  "Accelerated Repayment and Surface Water Storage Account," starting on page 22. These publications are cited by California appellate courts. See, e.g., *In re A.A.* (2016) 243 Cal. App. 4th 765, 773; *Legal Services for Prisoners with Children v. Bowen*

---

[1]    See https://crsreports.congress.gov/product/pdf/R/R44986

(2009) 170 Cal. App. 4th 447, 456-457, *People v. Salcido* (2019) 42 Cal. App. 5th 529, 539, fnt. 3.

This shows that the contract at issue in this case is, in part, one for faster repayment of debts incurred to the Bureau of Reclamation for infrastructure used to store and move water around California. Thus the contract at issue meets the requirements, at least in part, for a validation action under Government Code section 53511 and Code of Civil Procedure section 864.

The Converted Contract does not meet such requirements for provisions unrelated to debt because it is a proposed contract, not an executed contract.

**4.     The Converted Contract Lacks Material Terms.**

In the Appendix of Evidence submitted by Westlands ("AOE") Vol. II, page 108, paragraph 8, the draft resolution states:   "The President of the District is hereby authorized to execute and deliver the Converted Contract in substantially the form attached hereto, with such additional changes and/or modifications as are approved by the President of the District, its General Manager, and its General Counsel."   The resolution itself has that language as well.  AOE, Vol. II, page 144.  Exhibits A, B, C, and D to the Converted Contract are missing from all materials submitted to the Court.  Exhibit D is the repayment page.

The proposed judgment seeks a ruling that "the Converted Contract is in all respects valid under applicable California Law and binding upon Westlands."  Given that the contract terms, including repayment terms, are not certain, and that the contract may be changed or modified, validation is not appropriate.  It is not possible to make the determinations sought where no final contract is presented for validation.

Westlands' Declarant Gutierrez states he does not anticipate any major changes, but the validation statutes do not encompass judicial approval of incomplete contracts.  Given the estimate for the repayment amount is over $362,000,000 (Ex. 12 to Westlands' Exhibits), the absence of the actual final amount and payment schedule render the proposed contract lacking in material terms and incomplete.

**5.     Brown Act Issues**

"In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on

remaining informed so that they may retain control over the instruments they have created."

Government Code section 54950.

"As a remedial statute, the Brown Act must be construed liberally in favor of openness so as to accomplish its purpose." 9 Witkin, <u>California Procedure</u> (5th Ed. March 2019 Update), "Administrative Procedure, section 18.

Brown Act issues are raised by Westlands' request for a judgment that "all of the proceedings related to the Westlands' approval of the Converted Contract were in all responses legal and valid . . ." (Prop. Judgment, para. 4.) Government Code sections 54954.1 and 54954.2 set forth certain requirements for public meetings and public notice of such meetings.

The Declaration of Ms. Ormone states that the Agenda was posted on the District's Website on October 10, 2019 for the October 15, 2019 meeting.  But the document itself, which states it is a copy, lists October 9, 2019 as the posting date (See AOE 11 at the bottom).  She also states that a revised Agenda was posted on October 10, 2019.  But Exhibit 6 states that the revised agenda was posted earlier, on October 8, 2019.  (AOE 17.)  Each document states it is a copy only, and that the original is signed by the secretary, but the original is not provided for either one.  The conflicts render the evidence of posting unreliable, and fail to prove posting was correctly done.

For meetings occurring after January 1, 2019, Government Code section 54954.2(a)(2) also requires that such agenda be posted "on the primary Internet Web site homepage . . . through a prominent, direct link . . ."  The declaration offered says only that the agenda was posted on the website, but not the specific weblink, and provides no copies of the webpage where it was posted.

No agenda packet is provided, so it is not possible to determine if the packet provided the information necessary to support the meeting.  Agenda packets must be available to the public.  Government Code sections 54954.1 and 54957.5(a).  As the particular packet is not provided to the Court, the requested finding of compliance with the Brown Act cannot be made.

Pursuant to Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**

Issued By: _____ on __2/26/20__ .
　　　　　　　　　(Judge's initials)　　　　　　　　　　　　(Date)

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Westlands Water District, a California Water District vs. All Persons Interested in the Matter of the Contract Between the United States and Westlands Water District Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment | |
| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>19CECG03887 |

I certify that I am not a party to this cause and that a true copy of the:

Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:   03/16/2020                                 Clerk, by _____ , Deputy

N. Capalare

| David C. Palmer<br>Stradling Yocca Carlson & Rauth, P.C.<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA 92660 | S. Dean Ruiz<br>3439 Brookside Road<br>Suite 208<br>Stockton, CA 95219 |
|---|---|
| Stephan C. Volker<br>Law Offices of Stephan C. Volker<br>1633 University Avenue<br>Berkeley, CA 94703 | Roger B. Moore<br>Law Office of Roger B. Moore<br>337 17th Street<br>Suite 211<br>Oakland, CA 94612 |
| Adam Keats<br>Center For Food Safety<br>303 Sacramento Street<br>2nd floor<br>San Francisco, CA 94111 | |

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    CLERK'S CERTIFICATE OF MAILING

# EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO Civil Department - Non-Limited | Entered by: | |
|---|---|---|
| **TITLE OF CASE:** Westlands Water District vs. All Persons Interested in the Matter of the Contract Between the United States and Westlands Water District Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment | | |
| **LAW AND MOTION MINUTE ORDER** | Case Number: **19CECG03887** | |

| Hearing Date: | **October 27, 2021** | From Chambers Re: | **Status Conference/ Motion Entry of Judgment** |
|---|---|---|---|
| Department: | **501** | Judge: | **Tharpe, D. Tyler** |
| Court Clerk: | **Nunez, Sonia** | Reporter : | **Victoria Sanchez** |

| **Appearing Parties:** | |
|---|---|
| Plaintiff: | Defendant: |
| Counsel: No Appearances | Counsel: No Appearances |

[ ] Off Calendar

[X] Continued to December 2, 2021 at 3:30 p.m. Dept. 501 for Status Conference.

[ ] Submitted on points and authorities with/without argument.     [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted     [ ] in part and denied in part.     [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

[ ] Demurrer   [ ] overruled  [ ] sustained  with ___ days to [ ] answer [ ] amend

[X] Tentative ruling becomes the order of the court.  No further order is necessary.

[X] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

[X] Service by the clerk will constitute notice of the order.

[X] See attached copy of the Tentative Ruling.

[ ] Judgment debtor ___ sworn and examined.

[ ] Judgment debtor ___ failed to appear.
    Bench warrant issued in the amount of $ ___

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other ___ entered in the amount of:
    Principal $___    Interest $___    Costs $___    Attorney fees $___    Total $___
[ ] Claim of exemption [ ] granted [ ] denied. Court orders withholdings modified to $___ per ___

FURTHER, COURT ORDERS:
[X] Other: **The matter having been under advisement, the court now rules as follows: Tentative Ruling is adopted. As a result of the ruling on plaintiff's motion heard October 27, 2021, the court envisions dismissing the case. Today's Status Conference is continued to December 2, 2021, at 3:30 p.m. in Department 501 for any party to show cause why the case should not be dismissed.**

(03)

## Tentative Ruling

Re:                         ***Westlands Water District v. All Persons Interested in the Matter***
                            Case No. 19CECG03887

Hearing Date:               October 27, 2021 (Dept. 501)

Motion:                     by Plaintiff's for Validation Judgment

**Tentative Ruling:**

  To deny plaintiff's renewed motion for a validation judgment, for failure to show any new or different facts, circumstances, or law that would justify renewal of its prior motion. (Code Civ. Proc. § 1008, subd. (b).)

**_If a timely request for oral argument is made, such argument will be conducted on October 27, 2021, at 1:30 p.m., in Department 501._**

**Explanation:**

  Plaintiff has brought its renewed motion under Code of Civil Procedure section 1008, subdivision (b), (hereafter "Section 1008(b)") which provides:

  A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

  Defendants object to the renewed motion on the ground that it was not brought within 10 days of the service of the order denying the original motion for validation judgment, and that it was not brought before the same judge as the prior motion. However, since plaintiff is moving for renewal under Section 1008(b), rather than reconsideration under Code of Civil Procedure section 1008, subdivision (a), there is no 10-day time limit for bringing the motion. Also, Section 1008(b) does not require the party moving for renewal to bring the motion before the same judge that heard the last motion.

  In any event, Judge Simpson heard the last motion for a validation judgment, and Judge Simpson is now retired. Therefore, even assuming that plaintiff needs to bring the motion before the same judge that heard the last motion, Judge Simpson is unavailable and as a result it would be impossible for plaintiff to seek reconsideration or renewal before him. Under the circumstances, it is not improper for plaintiff to bring the motion before a different judge.

  Nevertheless, plaintiff has failed to show that it is entitled to renew its prior motion for a validation motion, since it has not pointed to any new or different facts, circumstances, or law that would lead to a different result. As plaintiff has not shown that

3

any new facts, circumstances, or law support its motion, the court lacks jurisdiction to grant the requested relief. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 688.)

Plaintiff points to three separate allegedly new or different facts or circumstances that supposedly justify renewal of the motion.   First, Westlands and the Bureau of Reclamation executed the final converted repayment contract on February 28, 2020, the day after the original motion for validation judgment was heard.  Second, Westlands' Board adopted a resolution in June 2021 that confirmed that the executed contract conformed to the authority granted by the Board in its original resolution. Third, Westlands has now submitted additional evidence regarding its compliance with the Brown Act's requirements prior to the adoption of the original resolution, which addresses Judge Simpson's concerns expressed in his order that the Board had not given adequate notice of the action it intended to take before the Board meeting.

However, none of plaintiff's purportedly new facts support the motion for renewal. The fact that Westlands and the Bureau entered into a final version of the repayment contract *after* the hearing on the motion for validation judgment does not affect the issues pointed out in Judge Simpson's order denying the judgment.  As Judge Simpson held, the contract considered by the Board in October 2019 was only a proposed, incomplete contract, because it lacked key terms like the final repayment price and the dates on which repayments would be due. (See March 16, 2020 Order, p. 5, § 4.) It was also uncertain and incomplete because the resolution adopted by the Board allowed the President of the Board, its General Manager, and its General Counsel to modify the agreement's terms after it had been approved by the Board.  (*Ibid.*)  Although the contract was later finalized and executed by the parties, the issue before the court was whether the Board acted properly when it approved the contract in October 2019, not whether the contract was later executed by the parties.  Thus, the fact that the contract was eventually executed by the parties does not constitute the kind of "new fact or circumstance" that would justify renewal of Judge Simpson's order denying the motion for a validation judgment.

Likewise, the fact that the Board approved a resolution in June 2021 stating that the executed contract conformed to the authority granted by the Board's prior resolution does not affect Judge Simpson's conclusion that the contract considered by the Board in October of 2019 was not a complete contract.  Again, Judge Simpson found that the contract considered by the Board in October 2019 was incomplete and uncertain because it lacked key terms like the price of the repayments and when they had to be made, and it was subject to later revision.  The Board's subsequent resolution that the final contract was consistent with its earlier resolution does not cure these deficiencies, and does not create the type of new facts or circumstances that would justify renewal or reconsideration of the prior order.  The issue before the court is whether the Board's decision to approve the contract in October of 2019 was valid, not whether it later made subsequent resolutions that attempted to cure earlier deficiencies in the draft contract.

Furthermore, while Westlands claims that it has now provided additional evidence to show it complied with the Brown Act's notice requirements before the October 2019 meeting, it has not shown that it was diligent in presenting this evidence.  A party moving for reconsideration or renewal must not only show that new facts exist, but it must also explain why it could not have presented those facts earlier. (*Garcia v. Hejmadi, supra,*

58 Cal.App.4th at pp. 688-689.) Here, the "new facts" that Westlands submits in relation to its Brown Act compliance were all events that occurred in October 2019, long before the hearing on the first motion for validation. Westlands fails to explain why it could not have presented these facts at the time of the original hearing, and it appears that it could have done so, since the evidence was apparently in its possession at that time.

While Westlands seems to argue that it could not have provided the evidence sooner because Judge Simpson raised the Brown Act issues *sua sponte* in his tentative ruling the day before the hearing, this argument is somewhat misleading. Westlands itself alleged in its Complaint and in its original moving papers that it had complied with the Brown Act's requirements prior to the Board meeting, so the issue had been raised by Westlands itself before the hearing. (Complaint, ¶ 18, Memo of Points and Authorities in Support of Validation Judgment, pp. 12-13.) Also, defendants raised affirmative defenses based on the Brown Act, and argued in their oppositions that Westlands had failed to give proper notice under the Brown Act. (See e.g. North Coast Rivers Alliances' Answer, Second Affirmative Defense, and its Opposition, pp. 14-15.) Thus, Westlands cannot claim that it was not on notice that the issue of Brown Act compliance might be raised, and in fact it had affirmatively requested that the court rule that it complied with the Brown Act. Judge Simpson therefore properly addressed the issue of Brown Act compliance in his ruling.

Consequently, Westlands has failed to satisfy the diligence requirement of Section 1008(b) with regard to the new evidence it has attempted to submit with regard to its compliance with the Brown Act. Since Westlands has failed to point to any new facts, circumstances, or law that would justify renewal of its motion for validation judgment, the court intends to deny the motion for failure to comply with the requirements of Section 1008(b).

Westlands has also made the alternative request that the court reconsider its prior ruling *sua sponte* under its inherent authority to reconsider its own rulings, citing *LeFrancois v. Goel* (2005) 35 Cal.4th 1094. However, for the same reasons discussed above, it does not appear that there is any basis for the court to reconsider Judge Simpson's decision *sua sponte*. The "new facts or circumstances" that Westlands cites in support of its motion do not appear to undermine the basis for the prior order denying the validation judgment, as the contract that the Board purported to approve in October 2019 was incomplete and subject to revision. The fact that the parties later executed a different version of the contract and that the Board adopted a resolution to approve the final executed contract does not mean that the Board's initial decision to approve the incomplete, proposed draft contract in October 2019 was valid. Therefore, the court declines to exercise its inherent power to reconsider the prior order denying the validation motion.

Finally, to the extent that Westlands requests that the court grant a validation judgment as to the parts of the contract that Judge Simpson found were properly the subject of a validation motion, the court intends to deny the request. Westlands appears to have misread Judge Simpson's order. The order did not find that some portions of the contract could be validated. Indeed, it does not appear that it would even be proper to validate only parts of the contract, or the Board's decision to approve those portions. The order instead found that, while some portions of the contract related to repayment

5

of an indebtedness, and thus were potentially subject to being validated, the Board's decision nevertheless could not be properly validated because it had sought to validate an incomplete, uncertain proposed contract. (March 16, 2020 Order, pp. 4-5.) Judge Simpson also found that the Board had failed to meet its burden of showing that it complied with the Brown Act before it adopted the resolution to approve the contract. (*Id.* at pp. 5-6.) As discussed above, Westlands has failed to show that the court should reconsider or reject Judge Simpson's reasoning here.

Therefore, as the court has already found that the Board's decision to approve and execute the contract was not the proper subject of a validation action, it cannot now grant validation as to any portion of the Board's decision. As a result, the court intends to deny the renewed motion for a validation judgment, in its entirety.

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____DTT_____ **on** ____10/26/2021____.
　　　　　　　　　　(Judge's initials)　　　　　　　　(Date)

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|

**TITLE OF CASE:**
Westlands Water District vs. All Persons Interested in the Matter of the Contract Between the United States and Westlands Water District Providing for Project Water Service, San Luis Unit and Delta Division and Facilities Repayment

| **CLERK'S CERTIFICATE OF MAILING** | **CASE NUMBER:**<br>**19CECG03887** |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

**[Minute order from chambers with tentative ruling]**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002
On Date:   10/27/2021              Clerk, by _S. Nunez_ , Deputy
Sonia Nunez

---

William T. Chisum
Kronick, Moskovitz, Tiedemann & Girard
1331 Garden Highway, 2nd Floor
Sacramento, CA 95833

S. Dean Ruiz
Mohan Harris Ruiz LLO
3439 Brookside Road, Suite 208
Stockton, CA 95219

Stephan C. Volker
Law Offices of Stephan C. Volker
1633 University Avenue
Berkeley, CA 94703

Roger B. Moore
Law Office of Roger B. Moore
337 17th Street
Suite 211
Oakland, CA 94612

Adam Keats
Center For Food Safety
303 Sacramento Street
2nd floor
San Francisco, CA 94111

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06              **CLERK'S CERTIFICATE OF MAILING**