EXHIBIT 5

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF RECLAMATION

Central Valley Project, California

CONTRACT BETWEEN THE UNITED STATES AND
HUMBOLDT COUNTY

1.   THIS CONTRACT, made this 19th day of June, 1959,
in pursuance generally of the act of Congress approved June 17,
1902 (32 Stat. 388), and all acts of Congress amendatory
thereof or supplementary thereto, including the act of Congress
approved August 12, 1955 (69 Stat. 719), all of which are commonly
known and referred to as the Federal reclamation laws, between THE
UNITED STATES OF AMERICA, hereinafter referred to as the "United
States," represented by the officer executing this contract, and
HUMBOLDT COUNTY, a political subdivision of the State of California,
duly organized and existing pursuant to the laws thereof, with its
principal place of business in the town of Eureka, State of California,
hereinafter referred to as the "County";

WITNESSETH, THAT:

EXPLANATORY RECITALS

2.   WHEREAS, the Bureau of Reclamation, of the United
States Department of the Interior, has been duly authorized to
construct and operate the Trinity River Division of the Central

Valley Project, which Division will include Trinity and Lewiston
Dams and appurtenent works, for the purpose of the conservation of
water resources, which dams are to be located respectively in the
County of Trinity, State of California, on the Trinity River, at
or about N. 34' 42' N., 2,308 feet from the Southwest corner of
Section 15, T.33 N., R. 8 W., MDB & M., and at or about N. 73°
56' E., 3,777 feet from the Southwest corner of Section 8, T.33N.,
R. 8 W., MDB & M, and which dams will affect flows of the Trinity
River; and

3.  WHEREAS, the County has appeared as an interested
party at the hearing on the 29th day of December, 1958, before the
State Water Rights Board of the State of California with reference
to the issuance of permits on Applications No. 5627, 5628, 15374,
15375, 15376, 16767, 16768, and 17374 for the appropriation of
unappropriated water of the Trinity River, which have been filed by
the United States; and

4.  WHEREAS, Section 8 of the said Reclamation Act of
June 17, 1902, provides as follows:

"That nothing in this act shall be construed as affecting
or intended to affect or to in any way interfere with the laws
of any State or Territory relating to the control, appropriation,
use, or distribution of water used in irrigation, use, or distrib-
ution of water used in irrigation, or any vested right acquired
thereunder and the Secretary of the Interior, in carrying out the
provisions of this act, shall proceed in conformity with such laws,
and nothing herein shall in any way effect any right of any State
or of the Federal Government or of any landowner, appropriator, or
user of water, in, is, or from any interniate stream or the water
thereof:  Provided, That the right to the use of water acquired under
the provisions of this act shall be appurtenent to the land irri-
gated and beneficial use shall be the basis, the measure, and the
limit of the right."

and

5.   WHEREAS, the said act of August 12, 1955, provides in Section 2 thereof in part as follows:

"....That not less than 50,000 acre-feet shall be released annually from the Trinity Reservoir and made available to Humboldt County and downstream water users."

and

6.   WHEREAS, it is desired to establish by terms of this contract operating criteria the observance of which will not impair rights to the reaonable and beneficial use of water originating above Trinity Dam;

NOW, THEREFORE, IN CONSIDERATION OF THE PROVISIONS herein-above set out and in compliance with the hereinablve quoted provisions of the said acts, it is hereby agreed by and between the parties hereto as follows:

7.   The United States shall have the right to divert and store the waters of the Trinity River and its tributaries, and the right to use the water so stored for beneficial use for irrigation and other purposes and for the generation of electric energy in connection with the Central Valley Project.

8.   The United States agrees to release sufficient water from Trinity and/or Lewiston Reservoirs into the Trinity River so that not less than an annual quantity of 50,000 acre-feet will be available for the beneficial use of Humboldt County and other downstream users.

9.  Authorized representatives of the County shall have access at all reasonable times during office hours to records and computations pertaining to releases from said reservoirs and, upon reasonable request, shall be furnished copies of such records and computations.

## EFFECT OF WAIVER OF BREACH

10.  The waiver of a breach of any of the provisions of this contract shall not be deemed to be a waiver of any other provisions hereof or of a subsequent breach of such provisions.

## RESPONSIBILITY FOR INTERRUPTION

11.  In the event the performance, in whole or in part, of the obligations of the respective parties under this contract is hindered, interrupted, or prevented by war, strikes, lockouts, fires, acts of God, or by other similar or different acts of civil or military authorities, or by any cause beyond the control of the respective parties hereto, whether similar to the causes herin specified or not, such obligations of the respective parties under this contract shall be suspended to the extent and for the time that performance thereof is prevented or affected by such hindrance.

interruption, or prevention, but due diligence shall be observed
by the respective parties hereto, so far as lies in their power,
in performing their respective obligations under this contract.

### OFFICIALS NOT TO BENEFIT

12.  No Member of or Delegate to Congress or Resident
Commissioner shall be admitted to any share or part of this contract
or to any benefit that may arise herefrom, but this restriction shall
not be construed to extend to this contract if made with a corporation
or company for its general benefit.

### SUCCESSORS AND ASSIGNEES BOUND

13.  This contract shall be binding upon an inure to the
benefit of the successors and assigns of the respective parties hereto.

IN WITNESS WHEREOF, the parties hereto, by their respective
officers thereunto duly authorized, have duly executed these presents
on the day and year first hereinabove written.

THE UNITED STATES OF AMERICA

BY _____
   Regional Director, Region 2
   Bureau of Reclamation

HUMBOLDT COUNTY

ATTEST:

BY _____
   Chairman of the Board of
   Supervisors

_____
County Clerk of the County of
Humboldt

*orig copy of contract is in file*

interruption, or prevention, but due diligence shall be observed
by the respective parties hereto, so far as lies in their power,
in performing their respective obligations under this contract.

## OFFICIALS NOT TO BENEFIT

12.  No Member of or Delegate to Congress or Resident
Commissioner shall be admitted to any share or part of this contract
or to any benefit that may arise herefrom, but this restriction shall
not be construed to extend to this contract if made with a corporation
or company for its general benefit.

## SUCCESSORS AND ASSIGNS BOUND

13.  This contract shall be binding upon and inure to the
benefit of the successors and assigns of the respective parties hereto.

IN WITNESS WHEREOF, the parties hereto, by their respective
officers thereunto duly authorized, have duly executed these presents
on the day and year first hereinabove written.

THE UNITED STATES OF AMERICA

By _____
Regional Director, Region 2
Bureau of Reclamation

ATTEST:

_____
County Clerk of the County of
Humboldt

HUMBOLDT COUNTY

By _____
Chairman of the Board of
Supervisors

5

PCFFA-112, Page 6