EXHIBIT 17

Exhibit 17

<u>Flow Chart Depicting Violation of Separable Cost Remaining Benefits Methodology</u>

As depicted in the schematic below, Reclamation used the CAS, withdrawn Business Practice Guidelines, and CVPIA financial reports to unlawfully allow CVP Contractors to convert, via the WIIN Act contracts, approximately $400 million of reimbursable costs into nonreimbursable costs, subsidized by taxpayers. As indicated in CAS section 12.6, Reclamation's conduct coincides with the Contractors' desire to limit their mitigation costs to less than what the CVPIA requires Contractors to pay for the CVPIA's enumerated fish and wildlife restoration mandates.

Reclamation's conduct culminated in an unlawful outcome that directly impacts Hoopa and the property rights in the Trinity River fishery that the United States holds in trust for Hoopa.

| **Trump CVPIA Cost Allocation Process**  Lawful / Problematic / Unlawful | 1 → | Adopt SCRB for CVP Cost Allocation Study (CAS)[1] | 2 → | Segregate CVP and CVPIA Mitigation Cost Allocation[2] | 3 → | Declare Mitigation w/o CVP Project Purpose a Joint Cost[3] | 4 → | Declare CVPIA w/ CVP Mitigation Project Purpose a Separable Cost[4] | 5 → | Complete CAS for CVP Joint Costs | ↓ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Resultant 14% discount plus credits from August 2020 True Up[9], Friant surcharge diversion[10] and other Costs Not Allocated[11] yield $400 million Contractor credit[12]** | 11 ← | Use revised BPG to convert CVPIA Separable Costs to Joint Costs[8] | 10 ← | Revise 1993 BPG | 9 ← | Convert Separable CVPIA Costs for Specific Project Purpose to Joint Costs | 8 ← | Determine CVPIA Separable Costs on trend to exceed CVP RF Income[7] | 7 ← | Declare CVPIA a separate program and Defer allocating CVPIA Separable Costs in CAS[5] | 6 ← |

[1] https://www.usbr.gov/mp/cvp/docs/cvp-final-cost-allocation-study-2020.pdf. Amended Complaint Exhibit 9.
[2] <u>Ibid</u>. CAS @ pdf pg17
[3] <u>Ibid</u>. CAS Section 4.2
[4] <u>Ibid</u>. CAS pdf page 17, footnote 3.
[5] "Central Valley Project Final Cost Allocation Study Frequently Asked Questions" at https://www.usbr.gov/mp/cvp/docs/faq-cvp-01-13-20.pdf. See also CAS section 5.12& section 5.11 whereby "activities are <u>specifically authorized</u> under CVPIA and have <u>specific cost recovery assignments</u>" (emphasis added). CAS section 12.6 (Business Practices Guidelines, not the CAS would specify the allocation of CVPIA mitigation costs).
[6] CAS pdf page 13.
[7] CAS Section 12.6; Memorandum pages 15, 19, and 21.
[8] PDF dated 11-21-2019; and redline public comment draft of the revised 1993 Interim Guidelines (Email from Heather Casillas, Division Chief – Program Management BDO-300 to Joe Membrino, August 25, 2020 10:44 AM attaching "1993 Revised Interim Guidelines red-line version_Public-Comment_08.06.20 (3).docx (175 KB)). Only the PDF includes Appendices.
[9] CVPIA-True-up_August-Workshop_08.25.20 (002).pdf.
[10] CAS Table ES-1, PDF page 13. Although it is beyond the scope of this exhibit, note also that the CAS does not allocate $56,875,000 related to "authorized deferred use." The applicable legislation, Public Law 90-65 (August 19, 1967) provides, at a minimum, that the "deferred obligation is to be paid from other revenues of the Central Valley Project". The CAS does explain its failure to allocate this identified cost for repayment.
[11] One of the Contractors, the Westlands Water District (Westlands), the largest CVP water user, celebrated this outcome in a report to the Office of Management and Budget at page 2 of this link: White Paper re CVPIA True Up (final). *See also*, Supplemental White Paper re CVPIA True UP_final. Amended Complaint Exhibits 18-19.