EXHIBIT 19



*Supplemental Statement on Update to Central Valley Project*
*Improvement Act Business Practice Guidelines*
*associated with implementing the*
*Central Valley Project Improvement Act ("CVPIA").*

Westlands Water District is submitting this supplemental statement to clarify its response to a question asked by Office of Management and Budget staff during the December 23, 2020, E.O. 12866 Meeting regarding the Bureau of Reclamation (Reclamation) proposal to revise its Business Practice Guidelines for Central Valley Project Improvement Act Receipts, Program Accounting, Cost Allocation and Cost Recovery.  Westlands understood the question to be: As a practical matter, what impact would the proposed revisions have on what Westlands pays into the Restoration Fund and other charges imposed by Reclamation?

Generally, Reclamation imposes rates and charges on Central Valley Project (CVP) water and power contractors to recover appropriated funds that Congress has directed be charged to water and power contractors under various statutory authorities.  These include appropriations authorized by the Rivers and Harbors Act of 1937 (Pub. Law 75-392), the Fish and Wildlife Coordination Act, August 14,1946 (Pub. Law 79-732), the CalFED Bay-Delta Authorization Act (Pub. Law 108-361), and Water & Related Resources activities authorized by various Energy and Water Development appropriations acts.

The distinction between charges collected for the Restoration Fund under CVPIA section 3407 and rates and charges collected under other authorities pertains to when the funds are collected.  Restoration Fund charges are a fixed, per acre-foot amount and are collected by Reclamation before being expended.  Rates and charges collected under other statutory authorities are calculated annually and are collected by Reclamation to recover the costs of appropriated funds that have been expended.

If Reclamation's reimbursability and cost allocation determinations proposed in the Guidelines were adopted, charges paid into the Restoration Fund by CVP water contractors would not change.  Westlands and other CVP water contractors would continue to pay into the Restoration Fund $6.00 per acre-foot for agricultural water and $12.00 per acre-foot for municipal and industrial water, indexed to October 1992 price levels, delivered by the CVP. Those payments are mandated by CVPIA section 3407(d)(2)(A) and are independent of reimbursability and cost allocation determinations.  However, as it relates to future rates and charges collected by Reclamation under other appropriated funds to recover reimbursable costs properly allocated to CVP water and power contractors, the payments made by Westlands and other CVP water and power contractors into the Restoration Fund offsets reimbursable costs incurred through Reclamation's use of appropriations from sources other than the Restoration Fund on CVPIA authorities.

1

So long as Congress continues to appropriate money for Reclamation's activities under CVPIA and other statutory authorities at levels comparable to prior appropriations, Reclamation's implementation of CVPIA activities will not be affected.  What may be affected is how rates and charges will be imposed on Westlands and other CVP water and power contractors to recover reimbursable costs under other statutory authorities.  These rates and charges will remain reduced until the offset for money paid by CVP water and power customers into the Restoration Fund has been exhausted.