EXHIBIT 24



**SAN JOAQUIN**
——COUNTY——
*Greatness grows here.*

**Board of Supervisors**

**Katherine Miller,** Chair, *Second District*
**Tom Patti,** *Vice Chair, Third District*
**Miguel Villapudua,** *First District*
**Chuck Winn,** *Fourth District*
**Bob Elliott,** *Fifth District*
**Rachél DeBord,** *Clerk of the Board of Supervisors*

June 24, 2020

Ernest Conant, Regional Director
United States Bureau of Reclamation
California Great Basin Regional Office
Federal Office Building, 2800 Cottage Way, MP-100
Sacramento, CA 95825-1898
Email: EConant@USBR.gov
*Via email and U.S. mail*

Re:    Westlands Water District's Serious Misrepresentations in Its May 26, 2020 Letter to
the Bureau of Reclamation, Requesting that it Disregard the Requirement that it Obtain a
Court Order Validating its Converted Contract Before it Becomes Effective

Dear Mr. Conant:

On behalf of San Joaquin County, I am writing to alert you to misrepresentations
made by Westlands Water District (Westlands) in the May 26, 2020 letter to you from its
General Manager, Thomas Birmingham (Ex. 1, "Westlands letter"). That letter contains
materially false and misleading statements about the challenged agreement to convert
Westlands' time-limited water contract into a permanent repayment contract (Contract No.
14-06-200-495A-IR1-P, "Converted Contract"). In its letter, Westlands requested the Bureau
of Reclamation to treat its Converted Contract as controlling as of its intended "effective
date" of June 1, 2020, despite Westlands' failure to obtain a "decree of the court" confirming
the validity of its proceedings, required under law for such contracts under 43 U.S.C. § 511.
The Bureau relied upon these misrepresentations in its May 28, 2020 letter, which
addresses Westlands' request. (Ex. 2, "Bureau letter").

First, referring to Westlands' court action seeking to validate the Converted Contract
(*Westlands Water District v. All Persons*, Fresno Superior Court No. 19CEG03887), the
Westlands letter asserts that "the Court was not able to validate the District's proceedings

 **SAN JOAQUIN**
COUNTY

*prior to the Court's closing for judicial business in response to the COVID-19 pandemic and the proclamations of emergency by Governor Gavin Newsom"* (Ex. 1, p. 1 (emphasis added).) The responsive Bureau letter also mentions the COVID crisis (Ex. 2.)

The Bureau should know that Westlands' reference to the COVID-related court closing misrepresents why it could not validate the Converted Contract. **On March 16, 2020,** *before* **its now-concluded temporary closing, the Fresno Superior Court finalized its order** *denying Westlands' motion to validate its Converted Contract* (Ex. 3, "Order"). That ruling was on the merits of the validation request; it was in no way affected by any Covid-19 related orders. Westlands' failure to mention the March 16 Order speaks volumes. Although the County, among others, has appealed another non-merits portion of the March 16 Order, the Order remains in effect, and it clearly states the Court's findings of material substantive deficiencies in the contract. (*Id.*, p. 4.) It is far from clear that Westlands, even given more time, can overcome the defects the Court analyzed in the Order. Even if it could, numerous other procedural and substantive objections to this Converted Contract remain to be adjudicated.

Second, Westlands claims in its letter to the Bureau that it complied with the Brown Act and can no longer be challenged on that ground. (Ex. 1, pp. 1-2.) In fact, Westlands' validation action sought, and failed, to show Brown Act compliance. The Court found that Westlands violated the Brown Act in its proceedings to authorize the Converted Contract. (See Ex. 3, pp. 4-5, referencing Gov. Code, §§54940, 54954.1, 54954.2, and 54954.2(a)(2).) Again, Westlands' letter to the Bureau, and its request for a waiver of the validation order requirement, rests on a material omission.

Third, Westlands asserts that any "*reverse validation*" challenge to the Converted Contract would be time-barred. (Ex. 1, p. 2 (emphasis added).) But reverse validation only arises when "no proceedings have been brought" by the agency directly seeking validation, as Westlands did. (Code Civ. Proc., § 863.) This inapplicable reference distracts from many legal problems raised in Westlands' action, and in other parties' letters to the Bureau. We are also unaware of any response to San Joaquin County's January 8, 2020 letter (Ex. 4), identifying further legal and practical concerns with this contract.



Fourth, Westlands asks the Bureau to disregard its failure to validate the Converted Contract on the ground that its contract history with the United States reflects an "ability and commitment" to meet its obligations. Ex. 1, p. 2.) This self-serving claim cannot substitute for the "decree of a court" required by law, 43 U.S.C. § 511, and Article 47 of Westlands' executed contract, which Westlands has never obtained. Should the Bureau nonetheless take into account Westlands' "ability and commitment" to meet its obligations, it should also consider the attached 2016 order of the Securities and Exchange Commission, which imposed penalties on Westlands, and Mr. Birmingham, for misrepresenting Westlands' indebtedness. (Ex. 5.)

Fifth, Westlands argues no court order is needed, citing *Concerned Irrigators v. Belle Fourche Irr. Dist.*, 235 F.3d 1139 (8th Cir. 2001) (Ex. 1, p. 2.) But that case confirms that without the required court decree, the contract is not "binding on the United States." (*Id.* at 1144.) The court allowed a private district to invoke a contract term in a separate dispute with landowners only after that contract had avoided challenge for many years. But Westlands' Converted Contract is already mired in controversy over compliance with state and federal laws. Even if willing now to abide a contract that can later be escaped, the government may later view its obligations differently, or may be compelled to do so. It is remarkable that either contracting party would consider basing "rights and obligations" on the fragile distinction between a void and a voidable contract.

Lastly, Westlands fails to disclose the immense risks from premature transition to its unvalidated Converted Contract. Westlands' resolution approving its proposed conversion was extraordinarily broad, including sweeping statements about water uses that bring immense potential for conflict. Lacking in Westlands' letter is any credible basis for setting the parties' "rights and obligations" with a contract that is at best unenforceable against the government, and likely invalid and unlawful. Westlands does not mention that earlier this year it finalized a two-year interim contract for the same water allocation. Moreover, by the Bureau's own recognition, the period for contract conversions under the federal WIIN Act, Pub. Law 114-322, § 4011, extends until December 16, 2021. (https://www.usbr.gov/mp/wiin-act/docs/faqs.pdf.) More than ample time is available to finally determine whether the Converted Contract is unlawful and incapable of securing the court order required by law and Westlands' own water contract.

 **Board of Supervisors**

Westlands' contract is the largest in the Central Valley Project. Its heavily criticized proposal for contract conversion is of great concern to water users throughout California, especially in the Delta region and the Trinity River watershed. We trust that the Bureau will take this matter seriously, and decline to enable Westlands to evade the court order requirement in view of the material misrepresentations and omissions in its May 26 letter.

Respectfully,

Supervisor Chuck Winn
San Joaquin County
Board of Supervisors, District 4

Supervisor Katherine M. Miller
San Joaquin County
Board of Supervisors, District 2

cc:     Thomas Birmingham
        [General Manager, Westlands Water District]

        Jon Rubin
        [General Counsel, Westlands Water District]

        William Chisum
        [Kronick, Mosovitz, Tiedemann & Girard]