Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>PLAINTIFF HOOPA VALLEY TRIBE'S NOTICE AND AMENDED MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Hearing Date: February 13, 2023<br>Hearing Time: 9:00 AM<br><br>Courtroom: 4 – 7th Floor, Fresno<br>Judge: Hon Jennifer L. Thurston |

PLAINTIFF'S NOTICE OF MOTION AND AMENDED
MOTION FOR PRELIMINARY INJUNCTION OR TRO - 1

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that, on February 13, 2023, at 9:00 AM, or as soon as the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California, the Plaintiff Hoopa Valley Tribe ("Plaintiff" or "Hoopa"), pursuant to Rule 65 of the Federal Rules of Civil Procedure, Local Rule 231, and all other applicable rules, will and hereby does apply and move for a preliminary injunction or, in the alternative, temporary restraining order, enjoining the Defendants from implementing the Trinity River Winter Flow Variability Project (WFV Project) in the absence of the concurrence of the Hoopa Valley Tribe and until Defendants comply with NEPA.  Hoopa's concurrence is mandated by Section 3406(b)(23) of the Central Valley Project Improvement Act (CVPIA), Public Law 102-575 (1992).

On October 31, 2022, Plaintiff filed its First Amended and Supplemental Complaint, which contains a Ninth Claim for Relief alleging violation of Hoopa's concurrence rights pursuant to CVPIA § 3406(b)(23).  Dkt. #97.  On December 16, 2022, Plaintiff filed a Motion for Preliminary Injunction to enjoin approval and/or implementation of the WFV Project in absence of Hoopa's concurrence, to prevent irreparable harm to the Trinity River, its fishery, and to Hoopa.  (ECF Dkt. #108).  On January 11, 2023, this Court correctly noted that Defendants had not made a final decision regarding the WFV Project as of that date and requested supplemental briefing on the issue of whether Plaintiff's claims relating to the WFV Project and Defendants' failure to seek Hoopa concurrence challenged final agency action under the APA or were otherwise ripe.  ECF Dkt. #124.  Plaintiff and Defendants each responded to that order on January 25, 2023.  ECF Dkt. ## 128, 129.  Plaintiff argued that, although no final decision had been made on the WFV Project, Defendants had unlawfully failed to act – by failing to seek or obtain Hoopa concurrence as required by statute – and that failure constituted final agency action reviewable under the APA.  Dkt. #128.

On January 30, 2023, Defendants took final action to approve the WFV Project, with a scheduled implementation commencement date of February 14, 2023.  Plaintiff has filed a Second Amended Complaint containing new allegations challenging the Defendants' approval of the WFV Project on grounds that Defendants failed to seek or obtain Hoopa concurrence as required by CVPIA Section 3406(b)(23) and that Defendants failed to comply with NEPA.  Dkt. #142.

This Court, on February 1, 2023, issued a Minute Order noting that the Court intended to rule on Plaintiff's pending motion for preliminary injunction as expeditiously as possible.

Now, following the filing of its Second Amended Complaint (Dkt. #142), Plaintiff is re-filing and amending its preliminary injunction motion (and in the alternative, given the imminent implementation date, seeking a temporary restraining order).[1]

Plaintiff is expressly relying on and incorporating by reference herein all its prior briefing and declarations that are on file in support of the December 16, 2022 motion for preliminary injunction, which specifically include the following:

ECF Dkt. #108 (Motion for Preliminary Injunction)

ECF Dkt. #108-1 (Memorandum in Support of Preliminary Injunction)

ECF Dkt. #109; 109-1 (Declaration of Mike Orcutt and Exhibit)

ECF Dkt. #110; 110-1 through 110-5; (Declaration of Joe Davis and Exhibits)

ECF Dkt. #111; 111-1 through 111-7) (Declaration of Thane Somerville and Exhibits)

ECF Dkt. #120 (Plaintiff's Reply in Support of Preliminary Injunction)

ECF Dkt. #120-1 (Second Declaration of Mike Orcutt)

ECF Dkt. #128 (Supplemental Brief)

---

[1] Defendants' January 30, 2023 approval letter states the WFV Project will "be implemented no sooner than February 14, 2023." Second Amended Complaint, Dkt. #142, Exh. 36.  Given the anticipated implementation date of Tuesday, February 14, 2023, Plaintiff hopes to obtain a ruling from this Court on either its amended request for preliminary injunction or its alternative request for a TRO on or before Monday, February 13, 2023.

PLAINTIFF'S NOTICE OF MOTION AND AMENDED
MOTION FOR PRELIMINARY INJUNCTION OR TRO - 3

In addition, Plaintiff is amending its preliminary injunction filing to address the new allegations in Plaintiff's Second Amended Complaint relating to NEPA. Plaintiff is likely to prevail on the merits of its NEPA claim, providing additional basis to enjoin the WFV Project.

This Amended Motion for Preliminary Injunction (and, in the alternative, TRO) is made on the grounds that Plaintiff has demonstrated a strong likelihood of success on the merits of its claim that the Defendants have violated the statutory delegation of sovereignty contained in CVPIA § 3406(b)(23) by approving the WFV Project, which will result in significant and unprecedented modifications of flows mandated by CVPIA § 3406(b)(23) and the 2000 Trinity River Record of Decision (ROD), without the required concurrence of the Hoopa Valley Tribe. Plaintiff's claim alleging "Violation of Hoopa's Delegated Sovereignty in CVPIA" is raised in the Ninth Claim for Relief of Plaintiff's Second Amended and Supplemental Complaint for Declaratory and Injunctive Relief, ECF #142, filed 02/07/23.

Defendants' approval of the WFV Project without Hoopa's concurrence, as required by CVPIA section 3406(b)(23) is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations," and/or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D). It also constitutes an unlawful failure to act under the APA. 5 U.S.C. §§ 702, 706(1), 551(13). Plaintiff is also likely to prevail on the merits of its claim that Defendants failed to comply with NEPA with regard to the WFV Project (Second Claim for Relief, Second Amended Complaint, Dkt. #142).

Hoopa will suffer irreparable harm unless Defendants are restrained from implementing the Trinity River WFV Project because once such water is released, it will be unavailable for use to implement the flows and flow regime that are mandated by CVPIA § 3406(b)(23) and the ROD. Declarations of Michael Orcutt (ECF Dkt. #109, 120-1); Declaration of Joe Davis (ECF Dkt. #110). Hoopa will also suffer irreparable harm to its sovereignty as reflected in CVPIA

section 3406(b)(23).  The violation of NEPA also gives rise to an irreparable procedural injury.  The balance of hardships and the public interest strongly favors injunctive relief.

      Plaintiff's counsel certifies that they have satisfied required meet and confer requirements in advance of filing this motion.  As previously described in ECF Dkt. #108 and #111, Plaintiff's and Defendants' counsel and representatives conferred extensively prior to the filing of Plaintiff's December 16, 2022 preliminary injunction motion without resolution.  Since that date, Defendants have filed briefs affirmatively arguing against Hoopa's right of concurrence and have also approved the WFV Project without seeking or obtaining Hoopa concurrence.  Plaintiff's counsel also informed Defendants' counsel of its intent to file this Amended Motion and alternative TRO request in advance of filing.

      Hoopa submits this Amended Motion for Preliminary Injunction, or TRO, on the papers described above.   However, Hoopa requests an opportunity to present live testimony at a hearing on this motion if the Court concludes that material facts are in dispute and that resolution of the conflict will determine the outcome on the motion, or if relief would be denied based on the written evidence and argument alone. Hoopa expects a hearing, if necessary, may take 2-3 hours.[2]

      Because counsel for both Plaintiff and Defendants are located out-of-state, Plaintiff proposes that any hearing on this motion be conducted virtually or telephonically if possible.

      DATED this 7th day of February, 2023.

                                  MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

                                  */s/ Thane D. Somerville*
                                  Thane D. Somerville WSBA #31468
                                  Thomas P. Schlosser WSBA #06276
                                  MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
                                  811 First Avenue, Suite 218
                                  Seattle, WA 98104
                                  Tel:  206-386-5200/Fax:  206-386-7322

---

[2] Hoopa acknowledges that the Court, in its February 1, 2023 Minute Order, stated that it does not intend to hold a hearing relating to Plaintiff's Motion for Preliminary Injunction. ECF Dkt. #133.

PLAINTIFF'S NOTICE OF MOTION AND AMENDED
MOTION FOR PRELIMINARY INJUNCTION OR TRO - 5

t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Thane D. Somerville*
Thane D. Somerville

PLAINTIFF'S NOTICE OF MOTION AND AMENDED
MOTION FOR PRELIMINARY INJUNCTION OR TRO - 6