Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:    206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR <br><br> Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG <br><br> THIRD DECLARATION OF MICHAEL ORCUTT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION <br><br> Date:  February 13, 2023 <br> Time:   9:00 AM <br> Courtroom: 4 – 7th floor, Fresno <br> Hon. Jennifer L. Thurston |

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 1

I, Michael Orcutt state and declare as follows:

1. I am a fisheries biologist and an enrolled member of the Hoopa Valley Tribe (Tribe). I am presently employed by the Tribe, located on the Hoopa Valley Indian Reservation in Northern California, where I continue my tenure of over 35 years as Director of the Fisheries Department.

2. In my work with the Hoopa Valley Tribe Fisheries Department, and in my role as Fisheries Director, I am intimately involved and have substantial personal knowledge of fisheries management issues in the Trinity River Basin, including operations of the Trinity River Restoration Program (TRRP) and Trinity Management Council (TMC), and implementation of the 2000 Trinity River Record of Decision (ROD). My professional duties include representing the Hoopa Valley Tribe before state and federal agencies and the U.S. Congress in matters involving restoration of the Trinity River fishery. I also have fished and hunted on the Hoopa Valley Reservation for most of my life and I have witnessed the devastation that the Trinity River Division of the CVP has had on the fishery resources that the Hupa People have depended upon since time immemorial.

3. I have previously submitted declarations in this proceeding on December 16, 2022 (filed at Dkt. #109), and on January 9, 2023 (filed at Dkt. #120-1), both of which remain true and correct and which I incorporate herein by reference. I submit this third declaration to address issues presented in Hoopa's Amended Motion for Preliminary Injunction, or TRO.

4. I have been involved in implementation of the Trinity River Restoration Program (TRRP) and the workings of the Trinity Management Council (TMC) since their inception. Based on my decades of personal experience, I can report that the Trinity River Winter Flow Variability Project (WFV Project) and its proposed shifting of substantial amounts of water releases from Spring/Summer months to Winter months is without precedent in the history of the TRRP and implementation of the ROD.

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 2

5. The Trinity River ROD mandates a consistent winter base flow of 300 cubic feet per second (cfs) in all types of water years from October 16 through April 1. Until now, the Bureau of Reclamation has strictly adhered to this winter base flow schedule until the water year type designation occurs on April 1 of each year. To be clear, there has never been any modification or alteration of winter base flows since ROD implementation began.

6. The water year type (i.e., extremely wet, wet, normal, dry, critically dry) is not designated until April 1 of each year. Thus, shifting water that is intended for use after April 1 to earlier winter months presents a significant risk that there will not be sufficient water available for intended fishery purposes in later Spring/Summer months. Moreover, utilizing the TRD water supply earlier in the summer months will cause Trinity River water temperatures to heat up earlier in June to early August under the WFV proposal than the ROD release schedules and impede in spring run chinook salmon migration, a species currently under review for potential listing under the Federal ESA, by trapping them in thermal refugia.

7. The contention that such a significant and substantive revision to the flows prescribed in the ROD could qualify as a mere refinement in the name of adaptive management is incorrect and contradicted by the ROD itself. Page 12 of the ROD (discussing the flow regime) states: "Based on subsequent monitoring and studies guided by the Trinity Management Council, the schedule for releasing water on a daily basis, *according to that year's hydrology*, may be adjusted but the annual flow volumes established in Table 1 may not be changed." (emphasis added). In the preceding paragraph, the ROD states that the "annual hydrology (water-year type) [is] determined as of April 1st of each year." Thus, the ROD itself is clear that no changes to the flow schedule can be made, even in the name of adaptive management, until after April 1 when the year's hydrology type is known.

8. In my experience, the ROD has always been implemented consistent with the ROD prescriptions described above so that any refinements to annual flow schedules only occur after April 1 when the water year type is known. There have never been modifications to the

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 3

winter base flows prescribed prior to April 1, until now.  And there never has been a proposal to shift substantial water intended for post-April 1 uses to winter months – foreclosing the availability of water necessary in Spring/Summer.  The WFV Project is a significant modification of the ROD.

9. The contention that the WFV Project's substantial modification in flows is comparable to adaptive management of sediment management or watershed restoration under the ROD is not correct.  Unlike the daily flow schedule prescribed in Appendix B of the ROD, the ROD does not contain comparably detailed prescriptions for the other restoration components like sediment management and watershed restoration.

10. Moreover, as described by the TRRP (https://www.trrp.net/program-structure/adaptive-management/), Adaptive Environmental Assessment and Management (AEAM) is component of the TRRP that provides "interdisciplinary information for developing and testing hypotheses regarding how the river is responding to restoration work undertaken by the TRRP . . . The adaptive management process is systematically repeated through time as management actions are adjusted to benefit the Trinity River and its fisheries."  Hoopa concurred in the AEAM component aspect of the TRRP because of its fundamental scientific importance to the long-term integrity of the TRRP and the fishery restoration outcomes required by Congress and needed by Hoopa. However, a 2017 independent evaluation of Reclamation's performance regarding AEAM (Headwater Corporation. 2017. Final Report – Trinity River Restoration Program) concluded that AEAM has not functioned as planned. Rather than address needed AEAM refinements, Reclamation now uses the appearance of AEAM process to justify the WFV Project.

11. The action at issue here (the WFV Project) is unprecedented and, based on my decades of experience working on implementing the ROD, is not consistent with the ROD.  The WFV Project is a decision by the Department of the Interior/Reclamation to modify the ROD and its prescribed daily flow schedules that are the product of decades of comprehensive

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 4

1 scientific analysis.  Such modification of the ROD, which the WFV Project is, requires the
2 concurrence of the Hoopa Valley Tribe.

3       I declare under penalty of perjury under the laws of the United States of America that the
4 foregoing statements are true and correct.

5       DATED this 7th day of February, 2023.

*/s/ Mike Orcutt*

Michael W. Orcutt, Fisheries Department Director

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

/s/ Thane D. Somerville
Thane D. Somerville

THIRD DECLARATION OF MICHAEL ORCUTT RE
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 6