Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>　　　　Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>PLAINTIFF HOOPA VALLEY TRIBE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION<br><br>Hearing Date:  March 20, 2023<br>Hearing Time:  9:00 AM<br><br>Courtroom:  4 – 7th Floor, Fresno<br>Judge:   Hon Jennifer L. Thurston |

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY INJUNCTION - 1

1  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD

2      PLEASE TAKE NOTICE that, on March 20, 2023, at 9:00 AM, or as soon as the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California, the Plaintiff Hoopa Valley Tribe ("Plaintiff" or "Hoopa"), pursuant to Rule 65 of the Federal Rules of Civil Procedure, Local Rule 231(d), and all other applicable rules, will and hereby does apply and move for a preliminary injunction enjoining Defendants from implementing the Trinity River Winter Flow Variability Project (WFV Project) until Defendants comply with the requirements of the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq (NEPA) and applicable federal regulations, 40 C.F.R. Parts 1500 - 1508.

    On January 30, 2023, Defendants took final action to approve the WFV Project. Dkt. #142, Exh. 36. The scheduled implementation commencement date for the WFV Project is February 15, 2023. Declaration of Michael Orcutt, Exh. 2. In implementing the WFV Project, Defendants will substantially increase the volume of the daily base flows prescribed by the Trinity River Record of Decision (ROD). These "elevated base flows" are scheduled to continue on a daily basis through April 15, 2023. *Id.* These releases of additional water between February 15 and April 15, 2023, which could total between 60,000 and 220,000 acre-feet, will correspondingly reduce the amount of water that is available to achieve fishery protective purposes, as defined in the ROD, in later Spring and Summer months. This will cause irreparable harm to the Trinity River, its fishery, and thus to Plaintiff.

    The NEPA claims at issue in this Motion are alleged in Plaintiff's Second Amended Complaint (SAC), Second Claim for Relief, filed on February 7, 2023. Dkt. #142. On February 1, 2023, Plaintiff filed for leave to amend its complaint to challenge Defendants' approval of the WFV Project on grounds that it violated NEPA, in addition to CVPIA §3406(b)(23). Dkt. #134. On February 7, 2023, the Court granted leave to amend (Dkt. #140) and Plaintiff filed its SAC (Dkt. #142) with the new NEPA allegations that same day.

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY INJUNCTION - 2

On February 7, 2023, after filing its SAC, Plaintiff filed an Amended Motion for Preliminary Injunction, or in the alternative, Temporary Restraining Order, which was based on the new NEPA allegations in the SAC, requesting relief on or before February 13, 2023.  On February 8, 2023, this Court ruled that Plaintiff's request operated as a request for a TRO and denied the requested TRO pursuant to Local Rule 231(b) on grounds that the request was untimely.[1]  Dkt. #145.  The Court did not make any ruling on the merits.  *Id*.

On February 8, 2023, this Court also separately denied Plaintiff's initial Motion for Preliminary Injunction (Dkt. #108) filed December 16, 2022, which was based on Plaintiff's claim that Defendants had violated Section 3406(b)(23) of the Central Valley Project Improvement Act (CVPIA) by failing to seek or obtain Hoopa's concurrence.  Dkt. #144.  This Court found that Plaintiff was not likely to succeed on the merits of its CVPIA claim relating to concurrence and did not address other elements of the preliminary injunction test.  *Id.*

Plaintiff now files this Motion for Preliminary Injunction to address the merits of the new NEPA allegations raised in the SAC and the irreparable harm that will result from implementation of the WFV Project.  This Motion for Preliminary Injunction is made on the grounds that Plaintiff has demonstrated a strong likelihood of success on the merits of its claim (SAC, Second Claim for Relief) that the Defendants have violated the requirements of NEPA as related to the WFV Project.  Defendants started a NEPA process in 2021, but then cancelled it and never resumed or completed it prior to approving the WFV Project.  Defendants did not

---

[1] Plaintiff filed its Amended Motion for Preliminary Injunction or, in the alternative, TRO (Dkt. #143) on the same day and approximately seven hours after it filed its SAC (Dkt. #142), which was also the same day that the Court granted Plaintiff leave to file the SAC (Dkt. #140).  Plaintiff maintains that it would have been premature and improper for Plaintiff to file a motion for injunctive relief based on the new NEPA claims prior to the Court's granting leave to file the SAC containing those new NEPA claims.  Local Rule 231(c) provides that no hearing on a TRO will normally be set absent the filing of a complaint.  The NEPA claims did not arise until Defendants issued their approval decision on January 30, 2023, without any corresponding NEPA documentation.  Plaintiff submits that it filed its Amended Motion as soon as practicable under the circumstances and pursuant to applicable rules.

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY INJUNCTION - 3

prepare or issue any draft Environmental Assessment relating to the proposed WFV Project implementation in the 2023 water year, nor did Defendants issue or disclose to the public any Finding of No Significant Impact (FONSI), nor did it issue any Environmental Impact Statement (EIS). Nor did Defendants provide any reason or basis for why they did not prepare an EIS nor did they explain or decide whether the WFV Project presented a significant environmental impact. Defendants have disregarded and wholly violated the environmental review, disclosure, and public participation components of NEPA, rendering Defendants' approval and implementation of the WFV Project unlawful.

Defendants' approval of the WFV Project without compliance with NEPA renders Defendants' approval action "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations," and/or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D). Thus, it must be set aside and enjoined pending compliance with NEPA.

Plaintiff will suffer irreparable harm unless Defendants are restrained from implementing the WFV Project. The elevated base flow releases that will commence February 15, 2023 will continue through April 15, 2023. As that additional water is released pursuant to the WFV Project, it will become unavailable for use to implement the flows and flow regime that are mandated by CVPIA § 3406(b)(23) and the ROD in later Spring and Summer months. Declaration of Michael Orcutt. Violation of NEPA also gives rise to an irreparable procedural injury. The balance of hardships and the public interest strongly favors injunctive relief.

Hoopa bases this Motion for Preliminary Injunction on this notice of motion and motion, the accompanying memorandum in support of the Motion for Preliminary Injunction, and the supporting declaration of Michael Orcutt, filed and served herewith, its SAC (Second Claim for Relief) (Dkt. #142, filed 02/07/23), all pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of hearing.

Plaintiff's counsel certifies that they have satisfied required meet and confer requirements in advance of filing this motion. On February 13, 2023, Plaintiff's counsel informed Defendants' respective counsel of its intent to file this Motion for Preliminary Injunction by phone and e-mail in advance of filing. Declaration of Thane Somerville. In addition, prior to this motion, since mid-December 2022, Plaintiff's and Defendants' counsel and representatives have conferred on multiple occasions, without resolution, regarding the WFV Project and Plaintiff's request that it not be implemented absent compliance with applicable federal law. *See e.g.,* Dkt. #111.

Hoopa submits this Motion for Preliminary Injunction on the papers described above. However, Hoopa requests an opportunity to present live testimony at a hearing on this motion if the Court concludes that material facts are in dispute and that resolution of the conflict will determine the outcome on the motion, or if relief would be denied based on the written evidence and argument alone. Hoopa expects a hearing, if necessary, may take 2-3 hours. Because counsel for both Plaintiff and Defendants are located out-of-state, Plaintiff proposes that any hearing on this motion be conducted virtually or telephonically if possible.

DATED this 13th day of February, 2023.

MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

  */s/ Thane D. Somerville*
Thane D. Somerville WSBA #31468
Thomas P. Schlosser WSBA #06276
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel: 206-386-5200/Fax: 206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY INJUNCTION - 5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Thane D. Somerville*
Thane D. Somerville

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY INJUNCTION - 6