CYNTHIA J. LARSEN (SBN 123994)
clarsen@orrick.com
JUSTIN GIOVANNETTONE (SBN 293794)
jgiovannettone@orrick.com
MARK C. SMITH (SBN 319003)
mark.smith@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

DANIEL J. O'HANLON (SBN 122380)
dohanlon@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
1331 Garden Hwy, 2nd Floor
Sacramento, CA 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

*Attorneys for Intervenor-Defendant
Westlands Water District*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.,<br><br>Defendants,<br><br>And<br><br>WESTLANDS WATER DISTRICT,<br><br>Intervenor-Defendant. | Case No. 1:20-cv-01814-JLT-EPG<br><br>**WESTLANDS WATER DISTRICT'S REQUEST FOR LEAVE TO FILE BRIEF AND PROPOSED BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: March 20, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4 – 7th Floor, Fresno<br>Judge: Hon. Jennifer L. Thurston<br><br>Trial Date: None<br>Action Filed: August 13, 2020 |

-1-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

# REQUEST FOR LEAVE TO FILE BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Intervenor Defendant Westlands Water District ("Westlands") submits this Request for Leave to file a short response brief (attached below) to Plaintiff Hoopa Valley Tribe's ("Plaintiff's") third Motion for Preliminary Injunction ("Motion"), ECF No. 146-1. On February 27, 2023, in accordance with Local Rule 230(c), Westlands filed a Preliminary Response, ECF No. 148, to Plaintiff's Motion. In its Preliminary Response, Westlands noted that, though Plaintiff's Motion does not relate to and does not challenge the validity of the Water Infrastructure Improvements for the Nation Act repayment contracts between Reclamation and Westlands, Westlands does have interests in the management of Central Valley Project operations and releases of water from the Lewiston Dam in accordance with the 2000 Trinity River Record of Decision ("2000 ROD") that could potentially be impacted by a decision on Plaintiff's Motion.

Since no staggered briefing schedule was established prior to the filing of Plaintiff's Motion, Westlands was unable to review Federal Defendants' Response in Opposition to the Motion ("Opposition"), ECF No. 149, prior to filing. Thus, in accordance with the Court's admonitions that "Westlands' participation in the case is conditioned on it making every effort to avoid duplicative briefing," ECF No. 116, at 9, Westlands reserved the right to seek leave of the Court to submit a briefing containing any necessary non-duplicative points or arguments not made by Federal Defendants.

After reviewing Federal Defendants' Opposition, Westlands seeks to express its position on the following point made on page 7 of the Opposition:

> Plaintiff has admitted and Federal Defendants acknowledge that there are additional sources of water that Reclamation could use in the spring and summer if the volume of ROD water remaining after the Winter Flow Project is not sufficient to affect the goals of restoration. *See* ECF No. 110-1 at 4 (Plaintiff claims that Reclamation can use 1955 Act Proviso 1 and Proviso 2 water to provide additional releases beyond that contemplated by the 2000 ROD). So, per Plaintiff's own admission, Federal Defendants could release additional water if there proved to be insufficient water in the spring and summer to meet Federal Defendants' statutory obligations to protect and propagate fish populations.

-2-

Case No. 1:20-cv-01814-JLT-EPG
Westlands Water District's
Request for Leave & Response to Pl's
Mot. for Prelim. Inj.

2351002.1 2010.106

ECF No. 149, at 7.

      The scope of Federal Defendants' authority to make additional releases for fishery restoration purposes beyond the volumes provided for by the 2000 ROD is a disputed and complex issue. Westlands' proposed brief, submitted below, clarifies its position that, though there may be authority for Reclamation to release additional water in amounts beyond the amounts established in the 2000 ROD for the benefit of fish in *non-Trinity River basin areas*, there is no statutory authority to release water in amounts beyond the volume limits established by the 2000 ROD for the benefit of fish in the Trinity River basin. Westlands requests that the Court reach this issue only if it is essential to do so to resolve the Motion.

      Westlands respectfully requests the Court grant leave for Westlands to file the short attached brief clarifying Westlands' position on this issue and consider Westlands' position when rendering its decision on the Motion.

Respectfully submitted,

Dated: March 1, 2023

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
ORRICK, HERRINGTON & SUTCLIFFE LLP

DANIEL J. O'HANLON
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

By:     */s/ Cynthia J. Larsen*
        CYNTHIA J. LARSEN
Attorneys for Westlands Water District

-3-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

# WESTLANDS' [PROPOSED] BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Hoopa Valley Tribe's ("Plaintiff's") third Motion for Preliminary Injunction ("Motion"), ECF No. 146-1, argues that Defendants Bureau of Reclamation, *et al.* ("Federal Defendants")[1] did not comply with the National Environmental Policy Act ("NEPA") when they approved the Trinity River Winter Flow Variability ("WFV") Project on January 30, 2023. Federal Defendants' Response in Opposition to the Motion ("Opposition" or "Opp."), ECF No. 149, argues that (A) Plaintiff has failed to identify any irreparable harm, (B) stopping the WFV Project will cause harm to the environment outweighing any hypothetical harm claimed by Plaintiff, (C) Plaintiff is unlikely to succeed on the merits of its NEPA claim, and (D) the Motion is untimely.

Westlands takes no position at this time on these arguments, except with respect to one point made by Federal Defendants in support of their "irreparable harm" argument, for which Westlands seeks to clarify its position. On page 7 of their Opposition, Federal Defendants state the following:

> Plaintiff has admitted and Federal Defendants acknowledge that there are additional sources of water that Reclamation could use in the spring and summer if the volume of ROD water remaining after the Winter Flow Project is not sufficient to affect the goals of restoration. *See* ECF No. 110-1 at 4 (Plaintiff claims that Reclamation can use 1955 Act Proviso 1 and Proviso 2 water to provide additional releases beyond that contemplated by the 2000 [Record of Decision ("2000 ROD")]. So, per Plaintiff's own admission, Federal Defendants could release additional water if there proved to be insufficient water in the spring and summer to meet Federal Defendants' statutory obligations to protect and propagate fish populations.

Opp. at 7.

The scope of Federal Defendants' authority to make additional releases for fishery restoration purposes beyond the volumes provided for by the 2000 ROD is a disputed and complex issue. Westlands' position is that, though there may be such authority for the release

---

[1] Plaintiff's Motion does not distinguish between Federal Defendants and Intervenor Defendant Westlands. Westlands presumes Plaintiff's references to Defendants' alleged NEPA violations are meant to refer to Federal Defendants, not Westlands.

-4-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

additional water for the benefit of fish in *non-Trinity River basin areas*, there is no statutory authority to release water in amounts beyond the amounts established by the 2000 ROD for the benefit of fish in the Trinity River basin, which is the focus of the WFV.

Section 3406(b)(23)(A) of the Central Valley Project Improvement Act ("CVPIA") required the Secretary to develop recommendations "regarding permanent instream fishery flow requirements and Trinity River Division operating criteria and procedures for the restoration and maintenance of the Trinity River fishery." The 2000 ROD contains those recommended flow requirements and operating criteria and procedures. Section 3406(b)(23)(B) provides that if Plaintiff concurred in those recommendations, which it did in 2000, those recommendations "shall be implemented accordingly." Thus, Federal Defendants' compliance with the terms of the 2000 ROD is mandated by statute.

All parties agree that "[t]he amount of water provided by the ROD is expressly limited." Motion at 2; *see also* Opp. at 11, quoting 2000 ROD, ECF No. 111-2 at 12 ("the schedule for releasing water on a daily basis, according to that year's hydrology, may be adjusted *but the annual flow volumes established in Table 1 may not be changed*.") (Emphasis added). As stated in the 2000 ROD, through the Variable Annual Flow Regime, "Reclamation will provide annual instream flows below Lewiston Dam according to the recommendations provided in the [Trinity River Flow Evaluation Study ("TRFES")] and adopted in the [Final 1999 Environmental Impact Statement/Environmental Impact Report ("FEIS/EIR")] Preferred Alternative." ECF No. 111-2, at 12. The 2000 ROD goes on to state that, "[t]he total volume of water released from the TRD to the Trinity River will range from approximately 369,000 af to 815,000 af, depending on the annual hydrology (water-year type) determined as of April 1st of each year." *Id.* (referencing Table 1, Figure 1, and ROD Appendix B). Accordingly, while the timing of releases within the year may be adjusted, the total annual volume cannot be exceeded, as doing so would go beyond the amounts authorized in the ROD (and the amounts evaluated in the FEIS/EIR).

In the portion of Federal Defendants' Opposition block-quoted above, they note that "Plaintiff claims that Reclamation can use 1955 Act Proviso 1 and Proviso 2 water to provide

-5-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

additional releases beyond that contemplated by the 2000 ROD."[2] Opp. at 7 (citing June 18, 2021 comment letter from Hoopa Valley Tribe regarding TRRP proposed action, to ECF No. 110-1 at 4). Plaintiff's comment letter referenced by Federal Defendants cites *San Luis & Delta-Mendota Water Authority v. Haugrud*, 848 F.3d 1216, 1229-1232 (9th Cir. 2017) for the proposition that "[i]n establishing the ROD restoration flows, with [Hoopa's] concurrence, the Secretary did not exhaust his or her authority to use Proviso 1 water for additional fishery preservation and propagation activities." This, however, is not a complete statement of the relevant holding in *Haugrud*. The releases at issue in *Haugrud* were intended to help the lower Klamath River, not the Trinity River. *Haugrud*, 848 F.3d at 1225-1226. The court held the releases were within the Secretary's authority under Proviso 1 of Section 2 of the 1955 Act to "adopt appropriate measures to insure the preservation and propagation of fish and wildlife." *Id.* at 1231. "Because the 2013 flow augmentation release sought to protect fish in the lower Klamath River, it did not violate CVPIA section 3406(b)(23), which called for a permanent water release schedule that would serve only the Trinity River basin." *Id.* at 1235. Accordingly, *Haugrud* only endorsed Reclamation's authority under Proviso 1 to release water beyond amounts contemplated by the 2000 ROD that are "intended to aid the lower Klamath River (and not the Trinity River)." *Id*. at 1232. In contrast to the releases at issue in *Haugrud,* the releases contemplated under the WFV are intended to benefit fish in the Trinity River basin and are thus limited by the amounts authorized by the 2000 ROD.

Regarding the Proviso 2 of Section 2 of the 1955 Act, it states "[t]hat not less than 50,000 acre-feet shall be released annually from the Trinity Reservoir and made available to Humboldt County and downstream water users." 69 Stat. at 720. Plaintiff's comment letter referenced in the Opposition contends that "[u]nder acceptable terms and conditions, the beneficiaries of Proviso 2 water could agree to temporary use of that water for the winter variable flow as an [Adaptive Environmental Assessment and Management] experiment." ECF No. 110-1 at 4. Proviso 2, however, was intended to provide for consumptive uses of water, not uses for fish and

---

[2] The "1955 Act" is the Act of Aug. 12, 1955, Pub. L. No. 84–386 § 1, 69 Stat. 719 (1955).

-6-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

wildlife purposes. This is apparent from the specification for use by "Humboldt County and downstream water users," in contrast to the Proviso 1, which directs the Secretary to "adopt appropriate measures to insure the preservation and propagation of fish and wildlife." The use of two provisos, and use of different terms in each, suggests a different purpose for each. Proviso 1 is for instream flow for fishery needs, Proviso 2 is for consumptive uses. The legislative history supports this reading. While much more could be said about the proper interpretation of Proviso 2, Westlands seeks to avoid unduly burdening the Court on an issue the other parties have not briefed, and the Court likely need not reach.

In sum, Westlands' position is Federal Defendants do not have authority to make releases for the purposes of restoration and maintenance of the Trinity River fishery beyond the annual volumes set forth in the 2000 ROD. Given the Federal Defendants' statement at page 7 of their Opposition, quoted at page 4:16-21 herein, this issue may be in dispute. Yet neither Plaintiff nor the Federal Defendants have fully briefed it, neither apparently believing that the resolution of the issue is necessary to decide the Motion. Westlands requests that the Court reach this issue only if it is essential to do so to resolve the Motion.

Respectfully submitted,

Dated: March 1, 2023

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
ORRICK, HERRINGTON & SUTCLIFFE LLP

DANIEL J. O'HANLON
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

By:      */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Westlands Water District

-7-

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.

2351002.1 2010.106

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2023, I electronically filed WESTLANDS WATER DISTRICT'S REQUEST FOR LEAVE TO FILE BRIEFING AND PROPOSED BRIEFING IN RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

                                        */s/ Cynthia J. Larsen*
                                        CYNTHIA J. LARSEN

-1-

4146-6605-7285

2351002.1 2010.106

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REQUEST FOR LEAVE & RESPONSE TO PL'S
MOT. FOR PRELIM. INJ.