1  CYNTHIA J. LARSEN (SBN 123994)
   clarsen@orrick.com
2  JUSTIN GIOVANNETTONE (SBN 293794)
   jgiovannettone@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
4  Sacramento, CA  95814-4497
   Telephone:     +1 916 447 9200
5  Facsimile:     +1 916 329 4900

6  DANIEL J. O'HANLON (SBN 122380)
   dohanlon@kmtg.com
7  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   1331 Garden Hwy, 2nd Floor
8  Sacramento, CA 95833
   Telephone: (916) 321-4500
9  Facsimile: (916) 321-4555

10 *Attorneys for Intervenor Defendant*
   *Westlands Water District*
11
                    UNITED STATES DISTRICT COURT
12
              FOR THE EASTERN DISTRICT OF CALIFORNIA
13
14                      FRESNO DIVISION
15

16 HOOPA VALLEY TRIBE,                    | Case No. 1:20-cv-01814-JLT-EPG
17              Plaintiff,                | **WESTLANDS WATER DISTRICT'S**
                                          | **NOTICE OF MOTION AND MOTION**
18        v.                              | **TO DISMISS; MEMORANDUM IN**
                                          | **SUPPORT**
19 UNITED STATES BUREAU OF                |
   RECLAMATION, et al.,                   | Hearing Date:   June 13, 2023
20                                        | Courtroom:      4 – 7th Floor, Fresno
              Defendants,                 | Judge:          Hon. Jennifer L. Thurston
21                                        |
         And                             | Trial Date:     None
22                                        | Action Filed:   August 13, 2020
   WESTLANDS WATER DISTRICT,              |
23                                        |
              Intervenor Defendant.       |
24
25
26
27
28

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 13, 2023, in Courtroom 4, before Judge Jennifer L. Thurston, Intervenor Defendant Westlands Water District ("Westlands") will, and hereby does, move to dismiss the First through Seventh Claims for Relief in Plaintiff Hoopa Valley Tribe's ("Plaintiff's") Second Amended and Supplemental Complaint ("SASC"), ECF No. 142, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In accordance with the Court's conditions on Westlands' participation in this case, ECF No. 116 at 9, and as detailed in the accompanying Memorandum in support of this Motion, Westlands' incorporates herein by reference certain arguments in Federal Defendants' Motion to Dismiss ("Federal Defendants' Motion"), ECF No. 151, and adds additional arguments that are not duplicative of Federal Defendants' arguments.  In particular, Westlands incorporates Federal Defendants' arguments supporting dismissal of Plaintiff's First through Fifth Claims for Relief, adding additional non-duplicative arguments supporting dismissal of Plaintiff's Second Claim for Relief.  Separately, Westlands moves to dismiss Plaintiff's First through Fifth Claims for failure to join required parties under Federal Rule of Civil Procedure 12(b)(7).  Westlands also incorporates specific portions of Federal Defendants' arguments supporting dismissal of Plaintiff's Sixth and Seventh Claims for Relief.  Westlands takes no position on Plaintiff's Eighth through Tenth Claims for Relief, except that Westlands incorporates by reference arguments made in Westlands' Response to Plaintiff's Motion for Preliminary Injunction in relation to Plaintiff's Ninth Claim.

This Motion is based on this Notice and Motion, the accompanying Memorandum in support of this Motion, Westlands' Request for Judicial Notice in support of this Motion, portions of Federal Defendants' Motion to Dismiss to which Westlands joins, the pleadings, records and files in this action, and such other matters as the Court may consider.

////

////

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: March 20, 2023

CYNTHIA J. LARSEN
JUSTIN GIOVANNETTONE
ORRICK, HERRINGTON & SUTCLIFFE LLP

DANIEL J. O'HANLON
KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD

By:         */s/ Cynthia J. Larsen*
CYNTHIA J. LARSEN
Attorneys for Westlands Water District

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 2

MEMORANDUM IN SUPPORT OF WESTLANDS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT ....................................... 9

I.      INTRODUCTION ............................................................................... 9

II.     LEGAL STANDARDS.......................................................................... 10

III.    ARGUMENT .................................................................................... 11

        A.    The Court should dismiss Plaintiff's First Claim for Relief (alleged
              violation of CVPIA §§ 3404(c)(2) and 3406(b)(23)) for lack of jurisdiction,
              failure to state a claim, and failure to join required parties................................. 11

        B.    The Court should dismiss Plaintiff's Second Claim for Relief (alleged
              violation of NEPA and the APA) for lack of jurisdiction, failure to state a
              claim, and failure to join required parties ...................................... 12

              The WIIN Act contract conversions are not "major Federal actions"
                  requiring NEPA review because they do not change the status quo of
                  CVP operations. ........................................................... 12

        C.    The Court should dismiss Plaintiff's Third Claim for Relief (alleged
              violation of the WIIN Act, the CVPIA, and the APA) for lack of
              jurisdiction, failure to state a claim, and failure to join required parties .............. 15

        D.    The Court should dismiss Plaintiff's Fourth Claim for Relief (alleged
              violation of the WIIN Act, the CVPIA, and the APA) for lack of
              jurisdiction, failure to state a claim, and failure to join required parties .............. 16

        E.    The Court should dismiss Plaintiff's Fifth Claim for Relief (alleged
              violation of Executive Order 12866 and the APA) for lack of jurisdiction,
              failure to state a claim, and failure to join required parties................................. 16

        F.    The Court should dismiss Plaintiff's Sixth Claim for Relief (alleged
              violation of the Reclamation Act of 1922, 43 U.S.C. § 511) for lack of
              jurisdiction and failure to state a valid claim ........................................ 16

        G.    The Court should dismiss Plaintiff's Seventh Claim for Relief (alleged
              violation of the WIIN Act and the APA) for lack of jurisdiction ........................ 17

        H.    Westlands takes no position on Plaintiff's Eighth Claim for Relief
              (challenging former Secretary Bernhardt's CVPIA completion memos)............. 17

        I.    Westlands takes no position on Plaintiff's Ninth Claim for Relief (alleged
              violation of CVPIA § 3406(b)(23)), except to incorporate certain
              arguments by reference ............................................................. 18

        J.    Westlands takes no position on Plaintiff's Tenth Claim for Relief (alleged
              violations of the 1984 Act, 1996 Act, and the APA) ............................. 18

        K.    If any of Plaintiff's First through Fifth Claims for Relief survive, the Court
              should require Plaintiff to join CVP water contractors whose contracts
              Plaintiff seeks to invalidate, or the Court should dismiss those claims ............... 18

              1.    The absent CVP water contractors have legally protected "interests" in
                    their repayment contracts. ................................................ 19

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
NOT. OF MOT. AND MOT. TO DISMISS

2357036.1 2010.106

**TABLE OF CONTENTS**
(continued)

**Page**

2. The absent CVP water contractors' legally protected "interests" may be impaired by this suit. .......................................................................... 20

3. Absent contractors' interests cannot be "adequately represented" by existing parties ............................................................................................. 21

IV. CONCLUSION .................................................................................................. 22

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Burbank Anti-Noise Grp. v. Goldschmidt,*
5    623 F.2d 115 (9th Cir. 1980)................................................................. 13

6 *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation,*
No. 1:20-CV-00706-JLT-EPG 2021 WL 600952........................................... *passim*
7
*Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.,*
8    276 F.3d 1150 (9th Cir. 2002)................................................................. 20

9 *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.,*
932 F.3d 843 (9th Cir. 2019)................................................................. 20
10
*Disabled Rights Action Comm. v. Las Vegas Events, Inc.,*
11    375 F.3d 861 (9th Cir. 2004)................................................................. 11

12
*Georgia v. U.S. Army Corps of Eng'rs,*
13    302 F.3d 1242 (11th Cir. 2002)............................................................... 21

14 *Idaho Conservation League v. Bonneville Power Admin.,*
826 F.3d 1173 (9th Cir. 2016)................................................................. 13
15
*Makah Indian Tribe v. Verity,*
16    910 F.2d 555 (9th Cir. 1990)................................................................. 10

17 *Manybeads v. United States,*
209 F.3d 1164 (9th Cir. 2000)................................................................. 20
18
*N. Coast Rivers All. v. U.S. Dep't of the Interior,*
19    No. 1:16-CV-00307-JLT-EPG 2021 WL 5054394.................................... *passim*
20
*Nat. Res. Def. Council v. Kempthorne,*
21    539 F. Supp. 2d 1155 (E.D. Cal. 2008)................................................... *passim*

22 *Nat'l Wildlife Fed'n v. Espy,*
45 F.3d 1337 (9th Cir. 1995)................................................................. 13
23
*Shermoen v. United States,*
24    982 F.2d 1312 (9th Cir. 1992)................................................................. 21

25
*Sw. Ctr. for Biological Diversity v. Babbitt,*
26    150 F.3d 1152 (9th Cir. 1998)................................................................. 21

27 *Trbovich v. United Mine Workers of Am.,*
404 U.S. 528 (1972)................................................................. 22
28

1
2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

**Cases**

4
5

*Upper Snake River Chapter of Trout Unlimited v. Hodel*,
   921 F.2d 232 (9th Cir. 1990)..........................................................................13, 15

6

*Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005) ...................................................20

7

**Statutes**

8

40 C.F.R. § 1500.1 (2020)..............................................................................................13

9

40 C.F.R. § 1506.13 (2020)............................................................................................13

10

40 C.F.R. § 1508.18(a) (1978)........................................................................................13

11

42 U.S.C. § 4332(2)(C) ..................................................................................................13

12

Adminitration Procedures Act ("APA") ..................................................................*passim*

13
14

Central Valley Project Improvement Act, ("CVPIA") Pub. L. No. 102-575
   (1992) ..................................................................................................................*passim*

15

CVPIA § 3404(c)(2)................................................................................................9, 11, 12

16

CVPIA § 3406(b)(23) .............................................................................................11, 12, 18

17

Fed. R. Civ. P. 12(b)(1)..............................................................................................2, 10

18

Fed. R. Civ. P. 12(b)(6)..............................................................................................2, 10

19

Fed. R. Civ. P. 12(b)(7)..............................................................................................2, 10

20

Fed. R. Civ. P. 19 ...................................................................................................*passim*

21

National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ..............................*passim*

22

Reclamation Act of 1922, 43 U.S.C. § 511.................................................................16, 17

23
24

Water Infrastructure Improvements for the Nation Act, Pub. L. No. 114-322, 130
   Stat. 1628 (2016) ("WIIN Act")..........................................................................*passim*

25

**Other Authorities**

26

2000 Record of Decision on Trinity River Mainstem Fishery Restoration ...................18

27

2020 CVP Cost Allocation Study ..................................................................................16

28

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
NOT. OF MOT. AND MOT. TO DISMISS

2357036.1 2010.106

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                                              **Page(s)**

3   **Cases**

4   Executive Order No. 12866................................................................................................................. 16

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
NOT. OF MOT. AND MOT. TO DISMISS

2357036.1 2010.106

<u>**MEMORANDUM IN SUPPORT OF WESTLANDS MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

## I.   <u>INTRODUCTION</u>

Recognizing Westlands' legally protectable interests in defending its repayment contracts with the United States entered pursuant to the 2016 Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, 130 Stat. 1628 (2016) ("Repayment Contracts"),[1] on December 29, 2022, this Court granted Westlands' Motion to Intervene in this case.  ECF No. 116.  As with claims of the plaintiffs in two other related cases before this Court, *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 1:16-CV-00307-JLT-EPG ("NCRA"); *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, No. 1:20-CV-00706-JLT-EPG ("CBD"), Plaintiff here seeks to invalidate Westlands' Repayment Contracts and other Central Valley Project ("CVP") water contractors' repayment contracts because, among other allegations, Plaintiff claims the United States violated federal law by converting CVP water service contracts into repayment contracts without first conducting environmental analysis under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331, et seq., and Section 3404(c)(2) of the Central Valley Project Improvement Act ("CVPIA"), Public Law 102-575 (1992).  SASC, ¶¶ 126–147.

In its order granting Westlands' Motion to Intervene, the Court conditioned Westlands' participation in this case on it "making every effort to avoid duplicative briefing."  ECF No. 116 at 9.  In accordance with the Court's conditions, Westlands' incorporates herein by this reference specific positions and arguments in Federal Defendants' Motion as noted below and presents its additional arguments where they are not duplicative of Federal Defendants' arguments.[2]

Specifically, as detailed below, Westlands incorporates Federal Defendants' arguments

---

[1] This Motion utilizes "Repayment Contracts" when referencing Westlands' Repayment Contracts, and "repayment contracts" when referencing other CVP contracts converted from water service to repayment pursuant to the WIIN Act.  In addition to the Repayment Contract between Reclamation and Westlands identified in Plaintiff's amended complaint (14-06-200-495A-IR1-P), Westlands is a party to another Repayment Contract with Reclamation involving a partial assignment of water rights to Westlands from Oro Loma Water District (14-06-200-7823J-LTR1-P).

[2] Federal Defendants' Background section applies equally to Westlands Motion.  Accordingly, Westlands hereby incorporates Federal Defendants' Background section on pages 2 through 9 by this reference as if set forth in full herein.

supporting dismissal of Plaintiff's First through Fifth Claims for Relief, adding additional non-duplicative arguments supporting dismissal of Plaintiff's Second Claim for Relief.  Separately, Westlands moves to dismiss Plaintiff's First through Fifth Claims for failure to join required parties under Federal Rule of Civil Procedure 12(b)(7).  If any of Plaintiff's First through Fifth Claims for Relief survive Federal Defendants' and Westlands' Rule 12(b)(1) and 12(b)(6) challenges based on lack of jurisdiction and failure to state a valid claim, the Court should order Plaintiff to join the absent CVP water contractors whose repayment contracts Plaintiff seeks to invalidate or the Court should dismiss those claims, pursuant to Rule 12(b)(7).  Westlands also incorporates specific portions of Federal Defendants' arguments supporting dismissal of Plaintiff's Sixth and Seventh Claims for Relief.  Westlands takes no position on Plaintiff's Eighth through Tenth Claims for Relief, except that Westlands incorporates by reference arguments made in Westlands' Response to Plaintiff's Motion for Preliminary Injunction in relation to Plaintiff's Ninth Claim.

For all the reasons detailed herein, the Court should dismiss with prejudice Plaintiff's First through Seventh Claims for Relief.

## II.    LEGAL STANDARDS

Federal Defendants' explanation of the legal standards applicable to arguments for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) apply equally to Westlands' Motion.  Accordingly, Westlands hereby incorporates Federal Defendants' Legal Standard section on pages 9 and 10 by this reference as if set forth in full herein.  In addition, since Westlands is separately moving to dismiss Plaintiff's First through Fifth Claims for Relief pursuant to Rule 12(b)(7), Westlands adds the following:

Rule 12(b)(7) permits dismissal for "failure to join a party under Rule 19."  In applying Rule 19, "a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; then if . . . the party cannot be joined, the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  A person is "necessary" under

Rule 19 if:

>    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"'Indispensable' refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed." *Nat. Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1183 (E.D. Cal. 2008) (*quoting Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n. 5 (9th Cir. 2004). Here, since the absent CVP water contractors whose repayment contracts Plaintiff seeks to invalidate have already been joined in the *CBD* and *NCRA* cases, there is no reason to believe they are not subject to service of process or that their joinder will deprive the Court of subject-matter jurisdiction in this case. Thus, unless Plaintiff or one or more such contractors contend otherwise, the Court need not conduct the "indispensable" party analysis at this time. However, as detailed in Section II.K, below, the absent contractors are "necessary" and, thus, they must be added as parties or the claims which threaten their interests (Plaintiff's First through Fifth Claims for Relief) must be dismissed.

## III.   ARGUMENT

### A.   The Court should dismiss Plaintiff's First Claim for Relief (alleged violation of CVPIA §§ 3404(c)(2) and 3406(b)(23)) for lack of jurisdiction, failure to state a claim, and failure to join required parties

Federal Defendants' arguments that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring its § 3404(c)(2) claim and Plaintiff's § 3406(b)(23) claim is not justiciable apply equally to Westlands. Accordingly, Westlands hereby incorporates arguments in

1   Federal Defendants' Memorandum at pages 10 through 14 by this reference as if set forth in full

2   herein.  Further, Federal Defendants' arguments that Plaintiff's § 3404(c)(2) claim and Plaintiff's

3   § 3406(b)(23) claim fail as a matter of law apply equally to Westlands' Motion.  Accordingly,

4   Westlands hereby incorporates arguments in Federal Defendants' Memorandum at pages 14

5   through 18 by this reference as if set forth in full herein.  Separately, as detailed in Part II.K,

6   below, Westlands moves to dismiss this claim and others for failure to join required parties—

7   other CVP water contractors whose WINN Act repayment contracts Plaintiff seeks to invalidate

8   by this claim.  SASC, ¶ 130.

9          This claim should be dismissed with prejudice.

10  **B.     The Court should dismiss Plaintiff's Second Claim for Relief (alleged
          violation of NEPA and the APA) for lack of jurisdiction, failure to state a
11         claim, and failure to join required parties**

12         Federal Defendants' argument that the Court lacks subject matter jurisdiction because

13  Plaintiff lacks standing to bring its NEPA claim under the Administrative Procedures Act

14  ("APA") applies equally to Westlands.  Accordingly, Westlands hereby incorporates arguments in

15  Federal Defendants' Memorandum at pages 18 through 20 by this reference as if set forth in full

16  herein.  Further, Federal Defendants' argument that Plaintiff's NEPA claim fails as a matter of

17  law because the WIIN Act mandated that contract conversions be on terms that did not confer on

18  Reclamation discretion to change the contracts' environmental impact applies equally to

19  Westlands' Motion.  Accordingly, Westlands hereby incorporates the arguments in Federal

20  Defendants' Memorandum at pages 20 through 23 by this reference as if set forth in full herein.

21  Separately, as detailed in Part II.K, below, Westlands moves to dismiss this claim and others for

22  failure to join required parties—other CVP water contractors whose contracts Plaintiff seeks to

23  invalidate by this claim.  SASC, ¶ 143.

24         In addition, Westlands adds the following non-duplicative argument in support of its

25  Motion seeking dismissal of this claim.

26  **The WIIN Act contract conversions are not "major Federal actions" requiring
       NEPA review because they do not change the status quo of CVP operations.**

27         Even if Congress had accorded Reclamation discretion under the WIIN Act to impact the

28

-12-

1    environment when converting the contracts (which it did not), NEPA review is only required for

2    "major Federal actions significantly affecting the quality of the human environment . . . ."  42

3    U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.18(a) (1978);[3] *Idaho Conservation League v. Bonneville*

4    *Power Admin.*, 826 F.3d 1173, 1175 (9th Cir. 2016) ("NEPA only requires the preparation of an

5    [Environmental Impact Statement ("EIS")] when a proposed federal action is major").  When

6    federal actions maintain the status quo, they are not considered "major" for purposes of NEPA.

7    *Upper Snake River Chapter of Trout Unlimited v. Hodel*, 921 F.2d 232, 235 (9th Cir. 1990)

8    ("[W]here a proposed federal action would not change the status quo, an EIS is not necessary.");

9    *Burbank Anti-Noise Grp. v. Goldschmidt*, 623 F.2d 115, 116-117 (9th Cir. 1980) (finding NEPA

10   inapplicable when an agency financed the purchase of an already-built airport because the project

11   "will effect no change in the status quo . . ."). This is true even when the agency's action is

12   discretionary.  *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343-44 (9th Cir. 1995) (an "EIS is

13   normally not required where agency action is mandatory, . . . but the converse is not true: agency

14   action does not require an EIS simply because the action is discretionary.  Discretionary agency

15   action that does not alter the status quo does not require an EIS.").

16        Plaintiff's SASC alleges negative impacts to the environment from diversion of water

17   from the Trinity River to the Central Valley.  SASC, ¶¶ 63, 97, 136.  But Plaintiff does not

18   dispute that such diversion was occurring prior to the WIIN Act contract conversions.  *Id.*, ¶ 63

19   ("Within a decade of the [Trinity River Division]'s completion, salmonid populations

20   dramatically decreased.")  The contract conversions do not, and cannot, change that diversion.

21   As explained in Federal Defendants' motion, section 4011 of the WIIN Act did not permit

22   Reclamation to make contractual modifications that would affect CVP operations or the

23

24   [3] On July 16, 2020, the Council on Environmental Quality ("CEQ") issued revised NEPA implementing
     regulations, with an effective date of September 14, 2020.  40 C.F.R. § 1500.1 (2020).  Westlands
25   understands that the challenged actions in this case are subject to the CEQ's prior NEPA implementing
     regulations, as the actions were either completed prior to September 14, 2020 or are ongoing activities and
26   Reclamation has not elected to apply the new regulations to such activities.  40 C.F.R. § 1506.13 (2020);
     *see also* Federal Dfs' Answer, *CBD* ECF No. 57, ¶ 106 ("Federal Defendants admit that the CEQ issued
27   amended NEPA regulations on July 16, 2020 and that those amended regulations issued do not apply to
     this litigation.").  Thus, citation to 40 C.F.R. § 1508.18(a) here is to the applicable version adopted in
28   1978.

1    environment.  *See* Federal Dfs' Mot., ECF No. 151, at 20-23, incorporated by reference herein.

2    Indeed, Section 4011(a)(4)(C) of the WIIN Act expressly prohibits Reclamation from altering the

3    terms of water service through the course of conversion.  Plaintiff pleads no facts showing that

4    the limited allowed changes to the terms of the converted contracts would change the status quo

5    of CVP operations.

6            Further, as Federal Defendants also point out, "[a] comparison of Westlands' original

7    contracts, *see* ECF No. 125-7, and Westlands' converted contract, attached as ECF No. 125-2,

8    confirms that the conversion process complied with the WIIN Act and did not alter water delivery

9    obligations."  ECF No. 151, at 12.  Plaintiff has pointed to no specific change in ongoing CVP

10   operations triggered by the contract conversions, because there is none.  The amount of water

11   Reclamation delivers to particular contractors under the converted contracts is no different than

12   the amount that Reclamation would have delivered under the prior water service contracts, and

13   Reclamation's water rights permits define and limit the place of use for that water.  *See* ECF No.

14   125-1, ¶ 12 ("The contractual amendments did not alter the *status quo* as to water delivery and

15   therefore will not affect water levels. In other words, the quantities of water to be delivered and

16   the timing of those deliveries are unaffected by the contract conversions.") (Emphasis in original).

17   Under the converted contracts, Reclamation retains the same authority it had under the water

18   service contracts concerning its determination of the quantity of water to be made available to

19   CVP water contractors.  *Compare* Westlands' Water Service Contract, ECF No. 125-7, Art. 12

20   *with* Westlands Converted Contract, ECF No. 125-2, Art. 12 (both containing substantively

21   identical shortage provisions); *see also* ECF No. 125-1, ¶ 13 ("The converted contracts, just like

22   the prior contracts, condition water delivery on Reclamation's ability to comply with federal

23   Reclamation law.").  Accordingly, Westlands and other CVP water contractors still are not

24   guaranteed their full contract water supply allocations in any particular year under its repayment

25   contracts, just as they were not guaranteed their full allocation prior to the conversions.  Indeed,

26   Reclamation's water allocations to Westlands (which is a South of Delta Agricultural Contractor)

27   frequently have been less than 100% both before and after the effective date of Westlands'

28

CASE NO. 1:20-cv-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
NOT. OF MOT. AND MOT. TO DISMISS

1   Repayment Contracts.  Westlands' Req. for Judicial Not., Ex. 1 – Central Valley Operations,

2   Summary of Water Supply Allocations (showing allocation of less than 100% to South of Delta

3   Agricultural Contractors both before and after the effective date of primary Westlands'

4   Repayment Contract); *see also* ECF No. 125-2 at 12 (showing the effective date of primary

5   Westlands' Repayment Contract as June 1, 2022).  Thus, the environmental impacts Plaintiff

6   alleges as resulting from diversions from the Trinity River were not, and could not be, affected by

7   the converted contracts, which only change the financial terms of water delivery.

8          In sum, even if Congress accorded Federal Defendants discretion under the WIIN Act to

9   impact the environment when converting the contracts (which Congress did not), because the

10  contract conversions do not change the CVP's operational status quo, no NEPA review was

11  necessary, and Plaintiff's Second Claim for Relief necessarily fails.  *Upper Snake River*, 921 F.2d

12  at 234-35 (NEPA review not required where the federal action at issue creates "nothing new, nor

13  more extensive, nor other than that contemplated" prior to the action.)

14          **C.**     **The Court should dismiss Plaintiff's Third Claim for Relief (alleged violation**
            **of the WIIN Act, the CVPIA, and the APA) for lack of jurisdiction, failure to**
15          **state a claim, and failure to join required parties**

16          Federal Defendants argue that the Court lacks subject matter jurisdiction because

17  Plaintiff's Third Claim for Relief is not ripe and because Plaintiff lacks standing to bring this

18  claim.  They also argue that this claim fails as a matter of law because neither the CVPIA nor the

19  WIIN Act compelled Reclamation to include a provision in the converted contracts providing for

20  repayment of accrued CVPIA facilities costs.  These arguments apply equally to Westlands'

21  Motion.  Accordingly, Westlands hereby incorporates arguments in Federal Defendants'

22  Memorandum at pages 24 and 25 by this reference as if set forth in full herein.  Separately, as

23  detailed in Part II.K, below, Westlands moves to dismiss this claim and others for failure to join

24  required parties—other CVP water contractors whose contracts Plaintiff seeks to invalidate by

25  this claim.  SASC, ¶ 147.

26          This claim should be dismissed with prejudice.

27

28

**D.**   **The Court should dismiss Plaintiff's Fourth Claim for Relief (alleged violation of the WIIN Act, the CVPIA, and the APA) for lack of jurisdiction, failure to state a claim, and failure to join required parties**

Federal Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff's Fourth Claim for Relief is not ripe and Plaintiff lacks standing to bring this claim. They further argue that this claim fails as a matter of law because the 2020 CVP Cost Allocation Study did not, as Plaintiff suggests, designate capitalized CVPIA restoration costs as non-reimbursable joint costs.  These arguments apply equally to Westlands' Motion.  Accordingly, Westlands hereby incorporates the arguments in Federal Defendants' Memorandum at pages 26 and 27 by this reference as if set forth in full herein.  Separately, as detailed in Part II.K, below, Westlands moves to dismiss this claim and others for failure to join required parties—other CVP water contractors whose contracts Plaintiff seeks to invalidate by this claim.  SASC, ¶ 152.

This claim should be dismissed with prejudice.

**E.**   **The Court should dismiss Plaintiff's Fifth Claim for Relief (alleged violation of Executive Order 12866 and the APA) for lack of jurisdiction, failure to state a claim, and failure to join required parties**

Federal Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff's Fifth Claim for Relief is not ripe and Plaintiff lacks standing to bring this claim.  They also argue that this claim fails as a matter of law because Executive Order No. 12866 does not create a cause of action.  Federal Defendants' arguments apply equally to Westlands' Motion. Accordingly, Westlands hereby incorporates the arguments in Federal Defendants' Memorandum at pages 27 and 28 by this reference as if set forth in full herein.  Separately, as detailed in Part II.K, below, Westlands moves to dismiss this claim and others for failure to join required parties—other CVP water contractors whose contracts Plaintiff seeks to invalidate by this claim. SASC, ¶ 160.

This claim should be dismissed with prejudice.

**F.**   **The Court should dismiss Plaintiff's Sixth Claim for Relief (alleged violation of the Reclamation Act of 1922, 43 U.S.C. § 511) for lack of jurisdiction and failure to state a valid claim**

Federal Defendants' arguments that the Court lacks subject matter jurisdiction because

Plaintiff's Sixth Claim for Relief is not ripe and Plaintiff lacks standing to bring this claim apply equally to Westlands' Motion. Accordingly, Westlands hereby incorporates arguments in Federal Defendants' Memorandum at pages 29 and 30 by this reference as if set forth in full herein. Further, Westlands concurs with Federal Defendants' position that neither 43 U.S.C. §511 nor the Repayment Contracts provide that the contract is void *ab initio* merely because the state court denied validation and that Reclamation has determined that it would not void the contract. Westlands adds that Reclamation has determined that "the Repayment Contract will govern the rights and obligations of the United States and the District after the Repayment Contract's effect date, June 1, 2020, notwithstanding the District's inability to obtain a final decree confirming its proceedings to authorize the execution of this Repayment Contract." ECF No. 142-22. Thus, Federal Defendants have chosen not to void the contract and this claim should be dismissed with prejudice.

**G.    The Court should dismiss Plaintiff's Seventh Claim for Relief (alleged violation of the WIIN Act and the APA) for lack of jurisdiction**

As Federal Defendants note, Plaintiff's Seventh Claim for Relief is virtually indistinguishable from its Sixth Claim, except instead of relying on a purported violation of the Reclamation Act of 1922, Plaintiff claims that Reclamation violated the APA by refusing to invalidate said contract. Federal Defendants' arguments regarding ripeness and standing in support of Plaintiff's Sixth Claim apply equally to Westlands' Motion and to this claim. Accordingly, Westlands hereby incorporates arguments in Federal Defendants' Memorandum at pages 29 and 30 by this reference as if set forth in full herein.

This claim should be dismissed with prejudice.

**H.    Westlands takes no position on Plaintiff's Eighth Claim for Relief (challenging former Secretary Bernhardt's CVPIA completion memos)**

Westlands takes no position at this time on Federal Defendants' arguments regarding Plaintiff's Eighth Claim for Relief. Westlands, however, reserves the right to dispute the factual allegations made in this claim, move for summary adjudication of the claim, and/or otherwise seek its dismissal if the claim survives Federal Defendants' Motion.

CASE NO. 1:20-cv-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
NOT. OF MOT. AND MOT. TO DISMISS

**I.**     **Westlands takes no position on Plaintiff's Ninth Claim for Relief (alleged violation of CVPIA § 3406(b)(23)), except to incorporate certain arguments by reference**

Westlands takes no position at this time on Federal Defendants' arguments regarding Plaintiff's Ninth Claim for Relief, except that Westlands hereby incorporates by reference arguments made in Westlands' Response to Plaintiff's Motion for Preliminary Injunction, ECF No. 153, regarding the scope of Federal Defendants' authority to make additional releases for fishery restoration purposes beyond the volumes provided for by the 2000 Record of Decision on Trinity River Mainstem Fishery Restoration.  Further, Westlands reserves the right to dispute the factual allegations made in this claim, move for summary adjudication of the claim, and/or otherwise seek its dismissal if the claim survives Federal Defendants' Motion.

**J.**     **Westlands takes no position on Plaintiff's Tenth Claim for Relief (alleged violations of the 1984 Act, 1996 Act, and the APA)**

Westlands takes no position at this time on Federal Defendant's arguments regarding Plaintiff's Tenth Claim for Relief.  Westlands, however, reserves the right to dispute the factual allegations made in this claim, move for summary adjudication of the claim, and/or otherwise seek its dismissal if the claim survives Federal Defendants' Motion.

**K.**     **If any of Plaintiff's First through Fifth Claims for Relief survive, the Court should require Plaintiff to join CVP water contractors whose contracts Plaintiff seeks to invalidate, or the Court should dismiss those claims**

Plaintiff's First through Fifth Claims for Relief each ask this Court to invalidate and set aside not only the Repayment Contracts between Reclamation and Westlands, but also the repayment contracts between Reclamation and other CVP water contractors, which are not parties in this case.[4]  SASC, ¶¶ 130, 143, 147, 152, 160 (each claiming that all CVP repayment contracts are "unlawful" and asking the Court to "set aside" the contracts).  Plaintiff's failure to join parties to contracts that it seeks to invalidate violates Federal Rule of Civil Procedure 19, which provides

---

[4] Despite the Court's granting of Westlands' Motion to Intervene on December 29, 2022, ECF No. 116, Plaintiff did not add Westlands as a party in the caption of the case or list Westlands as a party in the body of its February 7, 2023 SASC. Westlands notes that its status as an intervening party should be included any future complaints.

in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest[.]

Fed. R. Civ. P. 19(a)(1).  As Judge Drozd held in both the related *CBD* and *NCRA* cases:  "the absent contractors are 'required to be joined' under Rule 19(a)(1)(B)(i) because they 'claim[ ] interest[s] relating to the subject of the action and [are] so situated that disposing of the action in [their] absence may as a practical matter impair or impede [their] ability to protect [that] interest.'  *CBD,* 2021 WL 600952, at *7; *NCRA*, 2021 WL 5054394, at *10 (same).  The same is true here.

### 1.     The absent CVP water contractors have legally protected "interests" in their repayment contracts.

In *CBD* and *NCRA*, the Court found that the absent CVP water contractors held legally protected "interests" sufficient to make them "required" parties under Rule 19(a)(1)(B) because their repayment contracts, "unlike 'water service' contracts, allow contractors to prepay the repayment obligation imposed by Reclamation law, which in turn can reduce annual payments to Reclamation; these contracts also provide significant opportunities for relief from certain other requirements of Reclamation law, including acreage limitations."  *NCRA*, 2021 WL 5054394, at *7 (*citing* 2021 WL 600952 at *6; WIIN Act, § 4011(a), (c)(1)).  Plaintiff here, like the plaintiffs in *CBD* and *NCRA,* seeks "an order and judgment setting aside, declaring invalid, and rescinding Reclamation's conversions of time-limited [CVP] renewal contracts into permanent repayment contracts with water contractors (including but not limited to Westlands Water District Contract No. 14-06-200-495A-IR1-P) . . . ."  SASC, ¶ 3.  Thus, there can be no doubt that water contractors in addition to Westlands whose repayment contracts Plaintiff seeks to set aside and invalidate also have an "interest" sufficient to make them "required" parties under Rule 19(a)(1)(B).  *Kempthorne*, 539 F. Supp. 2d at 1187 (holding that absent CVP water contractors had an sufficient "interest" under Rule 19(a)(1)(B) "to the extent Plaintiffs seek to invalidate or enjoin the performance of a given contract.")

2. **The absent CVP water contractors' legally protected "interests" may be impaired by this suit.**

There can be no doubt that the absent water contractors' legally protected "interests" stand to be impaired by Plaintiff's First through Fifth Claims, which seek to invalidate their repayment contracts. "It is well-settled that in an action to set aside a contract, all parties to the contract must be present." *Kempthorne*, 539 F. Supp. 2d at 1185; *see also Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005)*, abrogated on other grounds* ("[I]t is a 'fundamental principle' that 'a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract.'"); *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."). Thus, where, as here, a suit seeks to invalidate a contract, all parties to that contract are required parties under Rule 19(a) "simply by virtue of being a signatory to the [contract]." *Id.* at 1156; *Manybeads v. United States*, 209 F.3d 1164, 1166 (9th Cir.2000) (where plaintiff sought to undo agreements to which tribe was a party, tribe "qualifie[d] as a necessary party under both parts of Rule 19(a)").

Further, since Plaintiff here seeks to invalidate already-executed repayment contracts that have granted CVP water contractors valuable rights, these contractors must be joined notwithstanding that Plaintiff's First through Fifth Claims are asserted under the APA. *See Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 852-53 (9th Cir. 2019) (absent mining corporation had a legally protected interest in an action challenging agency approvals under the APA "where the effect of a plaintiff's successful suit would be to impair a right already granted."). As Judge Drozd also found in *CBD* and *NCRA*:

> If Reclamation's approvals of these WIIN Act Repayment Contracts are set aside, the entities that hold those contracts would have no right to the delivery of CVP water under them. Moreover, as discussed above, no other contract would provide them with CVP water in the interim. Under these circumstances, ***the benefit of those bargained-for terms unique to a repayment contract could be "grievously impaired"*** if, as a result of this case, the court were to "set aside" those repayment contracts.

-20-

1     *NCRA*, 2021 WL 5054394, at *9 (emphasis added); see also *CBD*, 2021 WL 600952, at *6

2     (rejecting argument that contractors' interests would not be impaired if their repayment contacts

3     were invalidated as they would continue to receive CVP water under their existing contracts

4     because "[t]his argument . . .  does not account for the above-discussed unique and valuable

5     provisions contained within a WIIN Act conversion contract.  *See Dawavendewa*, 276 F.3d at

6     1157.")

7

               **3.**       <u>**Absent contractors' interests cannot be "adequately represented" by**</u>

8                       <u>**existing parties**</u>

9          The final question that must be answered is whether the absent water contractors' interest

10     can be adequately represented by the existing parties.  *Shermoen v. United States*, 982 F.2d 1312,

11     1318 (9th Cir. 1992).  Here, neither Federal Defendants nor Westlands can adequately represent

12     the interests of the absent water contractors.

13          "A non-party is adequately represented by existing parties if: (1) the interests of the

14     existing parties are such that they ***would undoubtedly make all of the non-party's arguments***; (2)

15     the existing parties are capable of and willing to make such arguments; and (3) the non-party

16     would offer no necessary element to the proceeding that existing parties would neglect."

17     *Kempthorne*, 539 F. Supp. 2d at 1187 (quoting *Sw. Ctr. for Biological Diversity v. Babbitt*, 150

18     F.3d 1152, 1153 (9th Cir. 1998) (emphasis added).  The Court has already found that Federal

19     Defendants cannot protect Westlands' interests because "Federal Defendants, who, as operators

20     of the entire CVP, have responsibilities to protect multiple interests."  ECF No. 116 at 9 (quoting

21     *NCRA*, 2016 WL 3277179, at *3 (*citing Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242,

22     1259 (11th Cir. 2002)).  For the same reasons, Federal Defendants cannot be expected to protect

23     the interests of the absent contractors.  And Westlands cannot be expected to "undoubtedly make

24     all" of the absent contractors' potential arguments, in part, because unlike Westlands, which is an

25     agricultural water district, "some of the absent contractors are municipal water districts and other

26     entities that have different types of customers and to whom different laws apply."  *NCRA*, 2021

27     WL 5054394, at *10 (explaining why Westlands could not be expected to "undoubtedly make all

28

1    of the non-part[ies'] arguments" in that case.  Further, while not limiting its attacks to

2    Westlands' Repayment Contracts, Plaintiff has singled out Westlands in particular, for example,

3    in its Sixth and Seventh Claims for Relief.  This suggests the absent contractors, while interested

4    in defending their contracts, may have interests and arguments that diverge from Westlands'

5    interests and arguments.  *Kempthorne,* 539 F. Supp. 2d at 1187 (explaining that the burden of

6    showing inadequate representation "should be treated as minimal.") (quoting *Trbovich v. United*

7    *Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).

8           Thus, if any of Plaintiff's First through Fifth Claims for Relief survive challenges based

9    on lack of jurisdiction and failure to state a valid claim, the Court should order Plaintiff to join the

10   absent CVP water contractors whose repayment contracts Plaintiff seeks to invalidate, or the

11   Court should dismiss those claims.  Fed. R. Civ. P. 19(a)(2).

12   **IV.    CONCLUSION**

13          For the foregoing reasons, the Court should dismiss Plaintiff's First through Seventh

14   Claims for Relief.  These claims should be dismissed without leave to amend as there is no set of

15   facts that Plaintiff may allege that would support any cognizable legal claim.

16                                      Respectfully submitted,

17   Dated: March 20, 2023              CYNTHIA J. LARSEN
                                        JUSTIN GIOVANNETTONE
18                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

19                                      DANIEL J. O'HANLON
                                        KRONICK, MOSKOVITZ, TIEDEMANN &
20                                      GIRARD

21

22                                      By:          */s/ Cynthia J. Larsen*
                                                     CYNTHIA J. LARSEN
23                                            Attorneys for Westlands Water District

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on March 20, 2023, I electronically filed WESTLANDS WATER

3  DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM IN

4  SUPPORT with the Clerk of Court using the ECF system, which will automatically send email

5  notification to the attorneys of record.

6

7                                          */s/ Cynthia J. Larsen*
                                          CYNTHIA J. LARSEN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28