Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:    206-386-5200
Fax:    206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE, | ) Civ. No. 1:20-cv-1814-JLT-EPG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) PLAINTIFF'S MOTION FOR |
| | ) ADMINISTRATIVE RELIEF - TO |
| | ) EXCEED PAGE LIMITS ON |
| UNITED STATES BUREAU OF | ) MOTION FOR SUMMARY |
| RECLAMATION; DEBRA ANNE HAALAND, | ) JUDGMENT |
| in her official capacity as Secretary of the | ) |
| Interior; MARIA CAMILLE CALIMLIM | ) |
| TOUTON, in her official capacity as | ) |
| Commissioner of the United States Bureau of | ) |
| Reclamation; ERNEST A. CONANT, in his | ) |
| official capacity as United States Bureau of | ) |
| Reclamation California-Great Basin Regional | ) |
| Director; and UNITED STATES | ) |
| DEPARTMENT OF THE INTERIOR | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S MOTION TO EXCEED
PAGE LIMITS - 1

A. **Plaintiff Requests Twenty Additional Pages (For A Total of 45 Pages) in its Memorandum in Support of its Forthcoming Motion for Summary Judgment**.

Plaintiff Hoopa Valley Tribe intends to file a motion for summary judgment on all ten claims alleged in its Second Amended and Supplemental Complaint (Dkt. #142).  Plaintiff intends to file its motion on April 17 (which is also the deadline, per Dkt. #141, for Plaintiff to respond to Defendants and Defendant-Intervenor's pending motions to dismiss (Dkt. #151, 161)) so that Plaintiff's motion can be before the Court simultaneously with Defendants and Defendant-Intervenor's motions to dismiss, which are noted for a hearing date of June 13, 2023.

This Court's standing order limits moving briefs to 25 pages.  Plaintiff requests twenty additional pages in its brief in support of its motion for summary judgment (for a total of 45 pages).

Plaintiff's counsel has conferred via e-mail with counsel for Defendants and Defendant-Intervenor in advance of filing this motion.  Their respective counsel each responded that, while their clients each oppose and reserve their objections to Plaintiff filing a motion for summary judgment at this time given the pending motions to dismiss, they do not oppose Plaintiff's request to use up to 45 pages when Plaintiff files its motion for summary judgment.  Defendants and Defendant-Intervenor's counsel stated that their clients may move to strike and/or stay briefing on the motion for summary judgment once filed until the pending motions to dismiss are resolved.  However, neither Defendants nor Defendant-Intervenor oppose the relief requested in this motion (to exceed page limits).[1]

The basis for Plaintiff's request to exceed page limits is as follows.  Plaintiff's claims arise under a variety of statutory authorities and require significant factual and historical background and context as well as legal argument and analysis.  The default limit of 25 pages

---

[1]  While not necessary to resolve this present motion to exceed page limits, Hoopa's position on why summary judgment is appropriate at this time is found in the Joint Status Report (Dkt. #130) filed January 27, 2023, which Hoopa incorporates here by reference.

1   would limit Plaintiff to an average of 2.5 pages of factual and legal argument per claim, which

2   would not be sufficient to meaningfully address each claim.

3        This Court has granted Defendants' request to exceed page limitations for Defendants'

4   pending motion to dismiss all claims in Plaintiff's complaint, finding that a brief of 45 pages in

5   length would "aid the Court in its decision making." (Dkt. #123).  The same holds true here.   A

6   brief of not more than 45 pages is both necessary and reasonable given the number of claims that

7   Plaintiff intends to seek judgment on and the complexity of those claims.  *See, e.g.*, *Wickland v.*

8   *Am. Mountaineer Energy, Inc.*, No. 1:17-CV-205, 2018 U.S. Dist. LEXIS 228850, at *2 (N.D.W.

9   Va., Dec. 7, 2018) (granting motion to exceed page limits because of the "number and

10  complexity of the remaining claims."); *Jemaneh v. Univ. of Wyoming*, No. 12-CV-02383-RM-

11  MJW, 2014 WL 1908630, at *1 (D. Colo. May 13, 2014), aff'd, 622 F. App'x 765 (10th Cir.

12  2015) (holding that the complexity and number of issues in a case justifies granting leave to

13  exceed the standard page limits provided by the Local Rule).

14       If the Court grants Plaintiff leave to file a 45-page brief, Plaintiff does not oppose the

15  federal Defendants also being allotted 45 pages in their response in opposition.  Given the

16  requirement that Defendant-Intervenor not make duplicative arguments, Plaintiff maintains that

17  the standard 25-page response limit is sufficient for Defendant-Intervenor.

18       **B.**  **Conclusion.**

19       For the reasons above, the Court should grant Plaintiff's unopposed request for twenty

20  additional pages in its brief in support of its forthcoming motion for summary judgment (for a

21  total of 45 pages).

22       DATED this 30th day of March, 2023.

23

24       MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

25       */s/ Thane D. Somerville*
         Thane D. Somerville WSBA #31468

26       Thomas P. Schlosser WSBA #06276

PLAINTIFF'S MOTION TO EXCEED
PAGE LIMITS - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:  206-386-5200/Fax:  206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

PLAINTIFF'S MOTION TO EXCEED
PAGE LIMITS - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Thane D. Somerville*
Thane D. Somerville

PLAINTIFF'S MOTION TO EXCEED
PAGE LIMITS - 5