Thane D. Somerville WSBA #31468 *pro hac vice*
Thomas P. Schlosser WSBA #06276 *pro hac vice*
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
811 First Avenue, Suite 218
Seattle, WA 98104
Tel:   206-386-5200
Fax:   206-386-7322
t.somerville@msaj.com
t.schlosser@msaj.com
Attorneys for Plaintiff Hoopa Valley Tribe

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in her official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as United States Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>　　　　Defendants. | Civ. No. 1:20-cv-1814-JLT-EPG<br><br>PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING AND DEFENDANT-INTERVENOR'S JOINDER |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 1

## I. INTRODUCTION

Plaintiff Hoopa Valley Tribe opposes Federal Defendants' motion to stay briefing (Dkt. #169) on Hoopa's motion for summary judgment that Hoopa intends to file on Monday April 17, 2023.[1] There is not good cause to stay summary judgment briefing. Summary judgment briefing at this time will allow the Court to expeditiously address whether Hoopa should be granted summary judgment on claims that survive Defendants' and Defendant-Intervenor's pending motions to dismiss. Given the similarities in the factual and legal argument contained in briefing in the pending motions to dismiss and Hoopa's motion for summary judgment, Federal Defendants will not suffer any prejudice in briefing the issues simultaneously. In contrast, Plaintiff will suffer prejudice if it is forced to wait for resolution of the motions to dismiss before briefing commences on its summary judgment motion. Defendants' proposed approach would delay for many months any opportunity for Plaintiff to seek and obtain judgment on its claims that survive dismissal. Briefing summary judgment at the same time as the motions to dismiss will create efficiencies in this litigation while eliminating prejudice to Hoopa that a stay would cause. The Court should deny Defendants' motion to stay summary judgment briefing.

## II. ARGUMENT

The decision to stay briefing falls within the broad discretion of a court under the power to control its own docket. *Hamilton v. Amazon.com Servs., LLC*, Case No. 22-cv-00434, 2022 U.S. Dist. LEXIS 96898 (D. Colo. May 31, 2022) (denying motion to stay briefing on motion for class certification pending ruling on motions to dismiss); *Bank of Colorado v. Wibaux 1, LLC*, 17-cv-02871, 2018 U.S. Dist. LEXIS 94482 (D. Colo. June 4, 2018) (denying motion to stay summary judgment briefing pending rulings on motions to transfer and motion to dismiss). The Supreme Court has observed that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.,* 299 U.S.

---

[1] On April 13, Defendant-Intervenor joined in Defendants' motion. Dkt. #170. This response applies to both Defendants' motion and Defendant-Intervenor's joinder therein.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 2

248, 254-255 (1936). Here, the competing interests favor denial of the stay requested by Defendants.

      A. <u>Plaintiff's Summary Judgment Motion is not Premature; Nor Would Summary Judgment Briefing Create Inefficiencies</u>.

Defendants argue that Plaintiff's summary judgment motion is premature because jurisdictional questions must precede merits questions. Plaintiff agrees that this Court must consider and rule on jurisdictional questions before turning to Plaintiff's motion for summary judgment. However, that does not mean that Plaintiff must wait for this Court's ruling on the motions to dismiss before briefing occurs on its motion for summary judgment.[2] Given the delays that have already occurred in this case to date, and in light of the Court's large caseload, Plaintiff maintains that it will be more efficient if this Court can review and rule on Plaintiff's motion for summary judgment on surviving claims in conjunction with (or shortly thereafter) adjudicating the pending dismissal motions. It would be far less efficient for the parties to submit subsequent summary judgment briefing months after the Court's consideration of the dismissal pleadings, which would require the Court to again re-orient itself to the facts and law of this case. Plaintiff submits that it would be more efficient for the parties to prepare and the Court to consider the issues in the dismissal and summary judgment pleadings altogether at once.

The cases cited on page 6 of Defendants' motion (Dkt. #169) do not compel a stay in this case. Again, Plaintiff does not dispute that the Court should consider and rule on jurisdictional questions in the motions to dismiss before turning to the summary judgment pleadings. But the question here is not in what order the Court should consider the respective pleadings but rather whether the Court should be presented with the summary judgment briefing at the same time as the dismissal pleadings, so that it can consider the materials simultaneously (or in quick succession). The fact that a court in a different case found it appropriate (or not) to enter a stay

---

[2] Not all of Federal Defendants' dismissal arguments are jurisdictional. Federal Defendants raise certain arguments pursuant to FRCP 12(b)(6) which rely on outside evidence and which must properly be treated as a motion for summary judgment under FRCP 12(d). *See infra*, p. 6.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING - 3

of summary judgment briefing does not compel or support the same result under the different facts and circumstances of this case. The Court has considerable discretion over questions of docket management. *Supra*, p. 2. The cases cited by Defendants also rely in part on the lack of a completed administrative record, which the courts found to be relevant in those proceedings, but as described in the next paragraph below, Hoopa's motion for summary judgment does not require completion of the administrative record.

In this case, Plaintiff's summary judgment motion is not made premature merely because the administrative record has not been filed. Pursuant to FRCP 56(b), summary judgment motions may be filed at any time. In APA cases, a court need not wait for an administrative record to be compiled to decide questions of law. *People for the Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric.*, 194 F. Supp. 3d 404, 409 (E.D.N.C. 2016). In APA cases, early summary judgment motion practice is "routine." *Clean Air Carolina v. U.S. DOT*, 2017 U.S. Dist. LEXIS 189866 (S.D.N.Y., Sept. 14, 2017). Here, with regard to Plaintiff's claims challenging the WIIN Act contracts, the Court can adjudicate Plaintiff's motion for summary judgment by review of the executed contracts addressed in Plaintiff's motion and a determination of whether they are, on their face, legally deficient. *California v. U.S. BLM*, 277 F. Supp. 3d 1106, 1115-16 (N.D. Cal. 2017) (motions for summary judgment in APA proceeding not premature where limited to legal issues that did not depend on administrative record, aside from certain key documents that Court took judicial notice of). The question of Hoopa's concurrence right presents a question of law that need not await the full administrative record. Similarly, as it is undisputed that Reclamation has not prepared an EIS, or an EA, relating to any of the contract approvals, or relating to the Winter Flow Variability Project, the NEPA claims also present pure questions of law that need not await completion of the administrative record. *San Luis & Delta-Mendota Water Authority v. Salazar*, 686 F. Supp. 2d 1026, 1044, 1050 (E.D. Cal. 2009) (adjudicating NEPA and ESA legal claims prior to completion of administrative record). As Plaintiff recently reported to the Court, all ten of its claims present issues of law that are ripe for

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 4

summary judgment. Dkt. #167. The lack of a completed administrative record does not make Plaintiff's summary judgment motion premature in this case.

Defendants also argue that it would be inefficient to brief Plaintiff's motion for summary judgment at the same time as the motions to dismiss due to the overlapping nature of the issues in those motions. Plaintiff agrees that its motion for summary judgment will present factual and legal arguments that are similar to those presented in the pending motions to dismiss. But Plaintiff maintains that putting summary judgment briefing on the same track as the dismissal motions is more – not less – efficient than Defendants' proposed approach of sequential briefing for the following reasons. First, in their response to Plaintiff's summary judgment motion, the Defendants may incorporate either explicitly or by reference arguments that they have previously made in this case including arguments in their motion to dismiss. Second, it will likely be easier and more efficient for Defendants to brief the legal and factual arguments on summary judgment at the same time as the dismissal pleadings, when the relevant facts and legal arguments are fresh in their minds. Similarly, the Court will be able to consider all the briefs together and enter a ruling on summary judgment on claims that survive dismissal without the need to re-familiarize itself with the factual and legal arguments in subsequent summary judgment briefing.[3] In contrast, delaying summary judgment briefing for months down the road would require both the parties and the Court to re-orient themselves to the facts and law, wasting time and resources.

The Court should reject Defendants' contention that summary judgment briefing is premature and inefficient; briefing on Plaintiff's summary judgment motion can and should properly be submitted at the same time as the briefing of the pending motions to dismiss. Doing

---

[3] Plaintiff also notes that the parties in *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, Case No. 20-cv-706-JLT (which challenges Defendants' failure to comply with NEPA prior to approving WIIN Act contract conversions) have completed summary judgment briefing and the parties in *North Coast Rivers Alliance v. U.S. Dep't of Interior*, Case No. 16-cv-307-JLT (which challenges Defendants' failure to comply with NEPA and CVPIA prior to approving contract conversions) will complete summary judgment briefing in the next few months. It would likely increase efficiency for the Court if it could also have the benefit of summary judgment briefing in this matter as it considers its rulings in all three of these cases.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 5

1  so would create efficiencies by allowing the Court to consider all the pleadings together and to

2  expeditiously issue a ruling on summary judgment for claims that survive dismissal.

3         B.  <u>Delay in Summary Judgment Briefing Will Prejudice Plaintiff</u>.

4         Defendants incorrectly argue that Plaintiff will suffer no prejudice if summary judgment

5  briefing is delayed.  It is inherently prejudicial to Plaintiff if Defendants are allowed to move for

6  judgment in their favor while having Plaintiff wait in a purely defensive posture.  Plaintiff has

7  the right to seek judgment offensively on the legal issues presented in this case at the same time

8  that Defendants present their legal arguments to the Court.  Federal Defendants have presented

9  matters outside the pleadings in support of their FRCP 12(b)(6) motion on certain claims, which

10 means that it must be treated as a summary judgment motion as to those arguments upon which

11 outside evidence is presented.  FRCP 12(d) (motion under FRCP 12(b)(6) must be treated as one

12 for summary judgment if matters outside the pleadings are presented to and not excluded by the

13 court).[4] Plaintiff should not be precluded from seeking summary judgment in its favor at the

14 same time that Defendants are presenting legal argument and evidence (in a manner similar to

15 summary judgment practice) to support judgment in their favor.

16         In addition, the delay inherent in Defendants' proposal would prejudice Plaintiff.

17 Deferring Plaintiff's summary judgment briefing (but while allowing only Defendants to move

18 for judgment in their favor now) would delay by many months any opportunity for Plaintiff to

19 obtain judgment on its claims.  This case was filed in August 2020, more than 2.5 years ago.

20 This Court has previously noted that it is facing a significant backlog in cases and that it may be

---

[4] Federal Defendants have submitted seven separate declarations, from six different witnesses and additional documentary exhibits in support of their motion to dismiss, including in support of their arguments under FRCP 12(b)(6).  See Dkt. #125-1 through #125-11; Dkt. #151-1.  Federal Defendants continue to rely on these declarations and exhibits in their re-filed motion to dismiss.  Dkt. #151.  Reliance on this outside material means that Federal Defendants' motion to dismiss claims pursuant to FRCP 12(b)(6) must be treated as one for summary judgment pursuant to FRCP 12(d) as to the arguments that outside evidence is relied upon and that Plaintiff should not be precluded from filing its own summary judgment motion to be considered at the same time.  FRCP 12(d).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 6

some time before the Court can turn to substantive motions in this proceeding in earnest. *See, e.g.,* Dkt. #166. Yet, Defendants propose that the Court review only the pending motions to dismiss at this time and defer briefing on summary judgment to a later date (and possibly after the preparation and filing of an administrative record). It is conceivable that, under Defendants' approach, it could be a year or more before the Court turned to the summary judgment briefing. In contrast, Plaintiff proposes that the parties should provide all the briefing to the Court now so that the Court, when it does turn its attention to the substantive briefs in this case, can efficiently enter a comprehensive ruling on both the dismissal motions and summary judgment at once.

        C.   <u>Defendants Will Not Be Prejudiced by Simultaneous Briefing</u>.

Federal Defendants argue that they will be prejudiced by having to prepare their response to Plaintiff's motion for summary judgment at the same time as their reply brief relating to their dismissal motion. There is no prejudice inherent in having to prepare and file the two briefs at once. *See Bank of Colorado*, 2018 U.S. Dist. LEXIS 94482, at *11 (noting the time of counsel in responding to a motion is "not so special as to warrant a stay"; rather, "investing time to respond to a motion is an ordinary burden of litigating a case"). Here, given the similarity in factual and legal issues, there will likely be substantial overlap in the arguments made, allowing for cross-reference between the pleadings and reducing the burden of preparing both briefs at the same time.

Defendants have known about Plaintiff's intent to move for summary judgment simultaneously with its response to Defendants' motions to dismiss for more than two months now. *See* Dkt. #130. In the parties' January 27, 2023, joint status report, Plaintiff stated its intent to file for summary judgment so that its motion could be heard at the same time as the motions to dismiss.[5] In that joint report, Defendants reported their opposition to summary judgment

---

[5] Plaintiff initially planned to file its motion for summary judgment on March 10, 2023 to allow it to be noted for hearing in conjunction with Defendants' motion to dismiss that was initially noted for April 14, 2023. Dkt. #125; Dkt. #130. At Defendants' request, the hearing date on

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 7

briefing but did not file any motion to stay. Nor did Defendants file any motion to stay or response in opposition to Plaintiff's March 30, 2023, request to exceed page limits on its motion for summary judgment. Dkt. #165. Despite being informed in January of Plaintiff's intent to file for summary judgment, Federal Defendants waited approximately 75 days to file their motion to stay until April 12, just days before Plaintiff intends to file its summary judgment motion, now claiming that there is a need for this court's expedited consideration. Federal Defendants could have filed this motion to stay summary judgment briefing as early as late January 2023, but they chose not to. Any prejudice they now claim results from their own delays in seeking relief.

     Although Federal Defendants have not asked for additional time to prepare their response to summary judgment, Plaintiff does not object to Federal Defendants' response brief being due on May 8, 2023, which is the same date that their reply brief in support of dismissal is due. Dkt. #141. This would allow Federal Defendants an additional week beyond the timeframe provided by local rule to prepare their response in opposition to summary judgment and would not disrupt the briefing schedule that has been established to conform with the noted June 13 hearing date. Likewise, Plaintiff has no objection to Defendant-Intervenor's non-duplicative response to summary judgment being due May 22, 2023 (the same date as their non-duplicative reply brief relating to their motion to dismiss is due).[6] Dkt. #141. And Plaintiff proposes that its reply in

---

Defendants' motion was moved to June 13, 2023. Dkt. #141; Dkt. #151. Under Local Rule 230, Plaintiff would not have to file its motion for summary judgment until May 9, 2023 (35 days in advance) in order for it to be noted for June 13. Yet, Plaintiff intends to file it on April 17 (3 weeks earlier than required by rule), which allows for some flexibility in the briefing schedule while still maintaining the June 13 noted hearing date.

[6] In their joinder document (Dkt. #170), Westlands incorrectly states that Plaintiff has failed to "meet and confer over a staggered briefing schedule for their expected motion for summary judgment." Since late January 2023, when the parties conferred in preparation of the joint status report (Dkt. #130) that first addressed the issue of Plaintiff's anticipated motion for summary judgment, Defendants and Defendant-Intervenor have taken the firm position that no summary judgment briefing should occur at this time, prior to resolution of their motions to dismiss. Dkt. #130. Defendants and Defendant-Intervenor re-iterated this position (no summary judgment briefing at this time) when Plaintiff recently sought and obtained their positions on its motion to

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 8

support of summary judgment be due June 1, 2023 (10 days after the last response brief is filed). This would allow sufficient opportunity for all parties to timely submit their briefs in advance of the noted hearing date of June 13, 2023.

### III.  CONCLUSION

Based on the foregoing, the Court should deny Defendants' motion to stay summary judgment briefing.

DATED this 14th day of April, 2023.

           MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

           */s/ Thane D. Somerville*
           Thane D. Somerville WSBA #31468
           Thomas P. Schlosser WSBA #06276
           MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
           811 First Avenue, Suite 218
           Seattle, WA 98104
           Tel:  206-386-5200/Fax:  206-386-7322
           t.somerville@msaj.com
           t.schlosser@msaj.com
           Attorneys for Plaintiff Hoopa Valley Tribe

---

exceed page limits on its summary judgment motion (Dkt. #165).  *See also* Dkt. #136, p. 4 (reporting on conferral of parties and re-iterating that Defendants and Defendant-Intervenor oppose any summary judgment briefing prior to resolution of dismissal motions).  Plaintiff has satisfied meet and confer obligations.  As noted herein, Plaintiff has no objection to allowing Westlands additional time (up to May 22) to file its opposition brief to avoid duplicative briefing.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Thane D. Somerville*
Thane D. Somerville

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY SUMMARY JUDGMENT BRIEFING  - 10