TODD KIM, Assistant Attorney General
Environment & Natural Resources Division

JEFFREY S. THOMAS (VA Bar No. 86439)
AMANDA K. RUDAT (ME Bar No. 010329)
Trial Attorneys
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
Facsimile: (202) 305-0506
jeffrey.thomas2 @usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION; DEBRA ANNE HAALAND, in his official capacity as Secretary of the Interior; MARIA CAMILLE CALIMLIM TOUTON, in her official capacity as Commissioner of the United States Bureau of Reclamation; ERNEST A. CONANT, in his official capacity as U.S. Bureau of Reclamation California-Great Basin Regional Director; and UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Case No. 1:20−cv−01814−JLT-EPG |

## FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY SUMMARY JUDGMENT BRIEFING

Plaintiff's opposition to staying summary judgment briefing, ECF No. 171, offers no reasoned explanation for why the summary judgment process should move forward when there are two pending motions to dismiss.

1

At the outset, Plaintiff *agrees* (ECF 171 at 3) that the Court should decide the jurisdictional issues raised in the dismissal motions first but then suggests that the Court should immediately turn to deciding cross motions for summary judgment. If the Court adopted Plaintiff's approach it would likely have to parse through hundreds of pages of briefing to determine which claims and portions of briefs, if any, were still live. Further, none of that briefing would be informed by the Court's decision on the dismissal motion nor any necessary administrative record(s), both of which could have a profound impact on any claims that were not dismissed. Despite Plaintiff's unsupported protestations to the contrary, such an approach to litigation is inefficient and an entirely unnecessary burden on the parties' and Court's resources. Plaintiff has offered no compelling reason to depart from the usual course of deciding jurisdictional motions first before turning to the merits.[1] Indeed, Plaintiff fails to cite a single case where a motion to stay was denied when there was a pending Fed. R. Civ. P. 12(b)(1) motion.[2] By contrast, Defendants have cited many cases where district courts have stayed pretrial

---

[1] Plaintiff's only claimed prejudice is that it will have to wait for the ordinary course of litigation to proceed before it can seek judgment, putting it in a "purely defensive posture" (ECF 71 at 6). But responding to a dismissal motion cannot be deemed prejudice and, in any event, Plaintiff filed a comprehensive response to Defendants' motions.

[2] Plaintiff cites *Hamilton v. Amazon.com Servs., LLC*, No. 22-CV-00434-PAB, 2022 WL 1746899, at *2 (D. Colo. May 31, 2022) as an example of a court denying a motion to stay class certification briefing while there was a pending motion to dismiss. However, the motion to dismiss in the Hamilton case was brought under Fed. R. Civ. P. 12(b)(6), not Fed. R. Civ. P. 12(b)(1). *See Hamilton*, No. 22-CV-00434-PAB-STV, 2023 WL 2375080, at *1 (D. Colo. Mar. 3, 2023) (granting 12(b)(6) motion). Plaintiff also cites *Bank of Colorado v. Wibaux 1, LLC*, No. 17-CV-02871-CMA-KMT, 2018 WL 2562662, at *1 (D. Colo. June 4, 2018) for the proposition that summary judgment briefing should not be stayed when there is a pending motion to dismiss. But that case is factually inapposite. In *Wibaux 1, LLC*, the Defendant moved to dismiss counts 4–7 for lack of subject matter jurisdiction. I*d.*, ECF No. 40. Plaintiff then moved for partial summary judgment on counts 1-3 and 10-12. *Id.*, ECF No. 71. The Court denied Defendant's motion to stay briefing because Plaintiff's motion did not seek judgment on the claims Defendant had moved to dismiss.

deadlines (either summary judgment briefing or all pretrial deadlines, including discovery) pending resolution of threshold jurisdictional motions.³

Second, Plaintiff suggests that this is not an administrative record case, even though its claims arise under the Administrative Procedure Act ("APA").  ECF No. 171 at 4.  Plaintiff, however, cannot unilaterally decide that no administrative record is needed.  Federal Defendants may need to compile and lodge the administrative record (or records) to support factual arguments they may make if the Court rejects some of the threshold legal arguments presented in Federal Defendants' motion to dismiss.  Likewise, the Court may decide it needs one or more administrative records to complete its APA review of the actions Plaintiff is challenging. Because in most APA cases courts "review[] the administrative record,"  it would not be unusual for the Court to require the filing of the administrative record (or records) in this case.  *Custodia Bank, Inc. v. Fed. Rsrv. Bd. of Governors*, No. 22-CV-125-SWS, 2022 WL 18401268, at *2 (D. Wyo. Dec. 12, 2022); *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing

---

³ *See* ECF No. 170 at 5–7; *see also Mohn v. United States*, No. 20-771L, 2021 WL 4130757, at *1 (Fed. Cl. Sept. 10, 2021) ("[O]ur court [] routinely stay[s] consideration of a motion for summary judgment when a motion to dismiss the case is pending, particularly when jurisdiction has been challenged."); *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Wheeler v. Hodges*, No. 2:13-CV-2526 MCE KJN, 2015 WL 500499, at *1 (E.D. Cal. Feb. 4, 2015), report and recommendation adopted, No. 2:13-CV-2526 MCE KJN, 2015 WL 1119952 (E.D. Cal. Mar. 11, 2015) (staying all deadlines pending resolution of motion to dismiss for lack of jurisdiction); *Communities for a Great Nw. v. United States Dep't of the Interior*, No. CV 07-98-M-DWM, 2007 WL 9710522, at *2 (D. Mont. Aug. 3, 2007) (staying summary judgment briefing until a potentially dispositive 12(b)(1) motion was resolved).

court."); *Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) ("The judicial review provisions of the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken. In both cases, the court's review of the defendant agencies' actions is generally confined to the administrative record.").

Third, Plaintiff suggests that summary judgment is appropriate because Federal Defendants' motion to dismiss references extra-complaint materials and should be treated as a summary judgment motion rather than a motion to dismiss.  ECF No. 171 at 3, n.2 and 6, n.4. Federal Defendants have already explained why it is appropriate for their motion to dismiss to address certain extra-complaint materials, ECF No. 151 at 9 – 10, without being converted to a summary judgment motion.  *See*, *e.g.*, *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1085 (9th Cir. 2020) (holding that courts are allowed to consider documents the plaintiff references throughout the complaint or that form the basis of the plaintiff's claim; *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015) (noting that declarations can be considered to address materials referenced by the complaint or materials that are subject to judicial notice).

Finally, if the Court were to deny Federal Defendants' motion to stay, Plaintiff suggests Federal Defendants will suffer no prejudice by the timing of Plaintiff's summary judgment motion.  Plaintiff claims three weeks is sufficient to prepare both a response in opposition to summary judgment (and likely cross-motion) and a reply in favor of Federal Defendants' motion to dismiss.  Plaintiff, however, has effectively had over three months to prepare its response to Federal Defendants' motion to dismiss.[4]   And despite claiming it was going to move for

---

[4] Federal Defendants moved to dismiss Plaintiff's First Amended Complaint on January 13, 2023.  ECF No. 125.  Plaintiff then filed a second amended complaint that made minor changes to its pleadings.  ECF No. 142. Federal Defendants then filed a motion to dismiss that was substantially similar to its prior motion on March 6, 2023.  ECF No. 151.  Therefore, Plaintiff

4

summary judgment on or before March 10th, ECF No. 130, Plaintiff waited an additional month and a week to move for summary judgment on the same day its response in opposition to Federal Defendants' motion to dismiss was due, creating a situation where counsel for Federal Defendants has three weeks to draft two major briefs while also allowing sufficient time for agency and internal DOJ review.[5]  If the Court denies Federal Defendants' motion to stay summary judgment briefing, which it should not, Federal Defendants respectfully request that the Court enter an order requiring the parties to appear at a scheduling conference before U.S. Magistrate Judge Grosjean to establish a reasonable briefing schedule.

For these reasons and the reasons already stated in Federal Defendants' motion and memorandum in support, ECF No. 169, and Defendant-Intervenor's notice of joinder, ECF No. 170, the Court should grant the motion and stay summary judgment briefing until Defendants' motions to dismiss are resolved.

Respectfully submitted this 19th day of April 2023.

        TODD KIM
        Assistant Attorney General

        */s/ J. Scott Thomas*
        J. Scott Thomas
        Trial Attorney

---

has had over three months to consider and respond to Federal Defendants' arguments for dismissal.

[5] Plaintiff also suggests that because it telegraphed summary judgment several months ago (to which Federal Defendants immediately objected), Federal Defendants will not be prejudiced by the timing of their filing.  Underlying this suggestion is the idea that Federal Defendants should have been preparing a response to a motion they had not yet seen.

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2023, I electronically filed the foregoing motion and memorandum in support with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the attorneys of record.

                                                    */s/ J. Scott Thomas*
                                                    J. Scott Thomas
                                                    Trial Attorney