

United States Department of the Interior
OFFICE OF THE SOLICITOR
Washington, D.C.  20240

June 11, 2021

Memorandum

To: Ernest Conant
Regional Director, California-Great Basin Region
Bureau of Reclamation

From: Daniel Cordalis, Deputy Solicitor for Water Resources
Office of the Solicitor

Subject: January 14, 2021, Solicitor's Office Memorandum Interpreting Central Valley Project Improvement Act Sections 3406 and 3407

On January 14, 2021, the Associate Solicitor for the Division of Water Resources issued a memorandum entitled "Interpretation of Central Valley Project Improvement Act Sections 3406 and 3407" (Memorandum). The Memorandum, among other things, provided direction to the Bureau of Reclamation (Reclamation) on how Reclamation should analyze certain Central Valley Project Improvement Act (CVPIA) restoration activities when determining whether those activities could be declared complete pursuant to the CVPIA. I reviewed the Memorandum consistent with Executive Order 13990,[1] "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," and am now rescinding it for lack of Departmental coordination required by the 1993 CVPIA implementation agreement between Reclamation and the Fish & Wildlife Service (Service) and for being a potential impediment to achieving the purposes of the CVPIA.

Congress passed the CVPIA in 1992 and modified Central Valley Project (CVP) management by including as Reclamation management purposes the protection, restoration, and enhancement of fish, wildlife, and associated habitats in the Central Valley and Trinity River basins of California. Accordingly, CVPIA section 3406 includes specific restoration activities the Department is required to undertake to further these purposes. Under CVPIA section 3407(d)(2), the Secretary can determine whether the restoration activities in section 3406 funded by these payments are "complete." The determination is significant because if all the restoration activities are deemed complete, the Secretary must reduce the sums collected from water and power contractors that fund CVPIA restoration activities.

---

[1] Section 1 of Executive Order 13990, "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," articulates that it is national policy "to improve public health and the environment," and directs that the heads of all agencies "shall immediately review all existing regulations, orders, guidance documents, policies, and any other similar agency actions (agency actions) promulgated, issued, or adopted between January 20, 2017, and January 20, 2021, that are or may be inconsistent with, or present obstacles to, the policy set forth in section 1 of this order."

The Memorandum discussed how Reclamation should interpret whether the restoration activities were complete. Critically, the analysis in the Memorandum did not include Service input even though the Memorandum's conclusions would affect significantly the Service's implementation of CVPIA restoration activities. Moreover, the Service has joint lead authority in CVPIA implementation. Reclamation and the Service signed a CVPIA implementation agreement in 1993 that reinforced a collaborative approach to restoration efforts—particularly anadromous fish restoration—where the agencies would share decision making. The lack of coordination between Reclamation and the Service in issuing the Memorandum violated the 1993 implementation agreement.

Further, the Memorandum's explanation of what constitutes a completed restoration activity is inconsistent with the intent of the CVPIA and the Department's obligation to carry out the policies in Executive Order 13990 to "protect our environment; to ensure access to clean air and water;" and "to bolster resilience to the impacts of climate change," within the Central Valley and Trinity River basins. In its completion analysis, the Memorandum expressly rejected consideration of whether an ongoing restoration program was, and had the ability to continue, making progress toward its intended outcome. Instead, the Memorandum concluded that an ongoing program should be deemed complete after the initial development and implementation of a program (i.e., the startup of a program). This legal conclusion fails to support the fish and wildlife protection and restoration purposes expressed in CVPIA sections 3402(a) and (b). These purposes likely cannot be achieved by merely setting up the required restoration programs; some level of ongoing effort and progress toward meeting the program goals should be considered in a completion determination framework. Otherwise, funding could be reduced prematurely and impair the program's ability to meet its intended purpose.

In summary, because the Memorandum is not reflective of necessary Departmental collaboration and decision-making regarding important fish and wildlife restoration decisions affecting CVPIA implementation, I am rescinding it and directing the Division of Water Resources and the Division of Parks & Wildlife to work collaboratively and with the appropriate bureaus to determine whether additional guidance is needed. Please let me know if you have any questions or concerns about this action.

cc:   Camille Touton, Deputy Commissioner
      Martha Williams, Principal Deputy Director
      Carter Brown, Associate Solicitor – Water Resources
      Peg Romanik, Associate Solicitor – Parks and Wildlife