UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES BUREAU OF RELCAMATION, et al.,<br><br>                Defendants. | Case No.: 1:20-cv-01814-JLT-EPG<br><br>ORDER GRANTING MOTION TO STAY BRIEFING ON MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 168) |

**INTRODUCTION**

This is a highly complex case addressing a range of issues pertaining to the Trinity River Division of the federal Central Valley Project ("CVP"). The claims brought by the Hoopa Valley Tribe ("Plaintiff") include allegations that the United States Bureau of Reclamation ("Reclamation") and related federal entities and officials (collectively, "Federal Defendants") violated various provisions of federal law by entering into certain contracts with water users for delivery of water from the CVP. (*See* Doc. 142 (second amended complaint ("SAC")), ¶¶ 126–78.) The SAC is 65 pages long, with more than 650 pages of attachments, and contains ten causes of action. (*See generally* SAC.)

The undersigned has already considered and denied several emergency motions filed by Plaintiff. (*See* Docs. 144, 145, 164.) The administrative record has yet to be produced or finalized. Since early March 2023, the parties have been briefing a pair of motions to dismiss, which will be ripe as of May

1

22, 2023. (Docs. 141, 151, 161, 172, 173, 179.) Considering the numerous issues in play, the Court permitted many of these briefs to significantly exceed standard page limits. Federal Defendants' motion to dismiss challenges all ten of Plaintiff's claims; nine are challenged on jurisdictional grounds (standing, mootness, ripeness), and nine are challenged for failure to sate a claim. (*See generally* Doc. 151.) Defendant-Intervenors' motion incorporates by reference many of Federal Defendants' arguments and raises some unique issues. (*See generally* Doc. 161.) On April 17, 2023, Plaintiff filed a motion for summary judgment, asserting that it is entitled to judgment on all ten of the claims in the SAC. (Doc. 174.) The summary judgment brief is also overlength.

Before the Court for decision is Federal Defendants' motion to stay summary judgment briefing. (Doc. 169.) Defendant-Intervenor has joined the motion (Doc. 170), but Plaintiff opposes the request. (Doc. 171.) Federal Defendants and Defendant-Intervenor filed replies. (Docs. 176, 177.)[1]

Having considered the requested stay in light of the entire record and for the reasons detailed below, the Court GRANTS the motion to stay.

## ANALYSIS

In deciding whether to issue a stay, the Court applies the standard set forth in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In the context of a *Landis* stay request, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Federal Defendants' argument in favor of a stay of summary judgment briefing focuses on the third *Landis* factor (efficiency) and is straightforward: if any of Plaintiff's claims (or portions thereof)

---

[1] Notably, Plaintiff refused to stipulate to an extension of the summary judgment briefing schedule until the Court could decide the pending motion. Instead, the Court provided itself an appropriate amount of time to decide the matter by sua sponte extending those deadlines by 30 days. (Doc. 178.)

are dismissed, the scope of the case may be significantly narrowed.[2] (*See generally* Doc. 169.) If successful, the motion to dismiss could eliminate entire claims, narrow others, and/or require re-pleading. Federal Defendants point out, for example, that the Court has already indicated that Plaintiff is unlikely to succeed on its argument in the ninth claim for relief that Section 3406(b)(23) of the Central Valley Project Improvement Act ("CVPIA"), Pub. L. No. 102-575, 106 Stat. 4600 (1992), vested Plaintiff with a permanent right of concurrence in the operations of the Trinity River division. (*See* Doc. 144 at 9–16.) Plaintiff is certainly permitted to and has challenged this preliminary determination in opposition to the motions to dismiss, (*see* Doc. 172 at 47-51), but that does not necessarily mean it is sensible or efficient for the Court to require that Defendants brief this issue yet again in response to a motion for summary judgment.

Plaintiff asserts in opposition that Defendants may avoid such inefficiencies by incorporating by reference legal arguments they made previously in this case. (Doc. 171 at 5.) Even assuming, *arguendo*, that Federal Defendants could respond sufficiently to a motion for summary judgment in this manner, this does not make the situation more efficient <u>for the Court</u>. If summary judgment proceeds in its current scope (i.e., framed by Plaintiff's motion that addresses all claims in full), the Court will be presented with an approximately 200 additional pages of briefing and many hundreds, if not thousands, of pages of attachments. If the claims are eliminated or narrowed by the motions to dismiss, the Court would then have to parse this record to determine which aspects are relevant. The Court could ask for the parties' assistance with this process, but, in its experience, this is not always helpful and can lead to further disagreements, confusion, and waste of time.

It is Plaintiff's position that it will be <u>easier</u> for the Court to consider all the briefs together and enter a motion for summary judgment on any claims that survive dismissal alongside the dismissal order because the Court would not have to re-familiarize itself with the relevant law and facts. (Doc.

---

[2] Federal Defendants also suggests that summary judgment briefing is premature in part because the administrative record has not yet been filed. (Doc. 169 at 6.) Plaintiff responds that summary judgment is not premature under the circumstances because its motion is premised on pure questions of law that can be addressed without the administrative record. (Doc. 171 at 4.) Federal Defendants rejoin that "Plaintiff cannot unilaterally decide that no administrative record is needed" because Federal Defendants "may need to compile and lodge the administrative record (or records) to support factual arguments they may make if the Court rejects some of the legal arguments presented in Federal Defendants' motion to dismiss.'" (Doc. 177 at 3.) The Court does not find it necessary to resolve this dispute at this time because the motion can be decided on other grounds.

171.)[3] While this argument is logical in the abstract, the Court believes that any advantages possibly gained in this regard will be overwhelmed by the likely waste—both in party resources and judicial effort—that will be required to create and then sift through the summary judgment record, some of which may become irrelevant when the motions to dismiss are decided.

The other *Landis* factor in play[4]—prejudice—does not warrant denying the requested stay. Plaintiff claims it will be prejudiced by a delay in summary judgment briefing because "[i]t is inherently prejudicial to Plaintiff if Defendants are allowed to move for judgment in their favor while having Plaintiff wait in a purely defensive posture." (Doc. 171 at 6.) Notably, Plaintiff cites no cases for this proposition because, in a very basic sense, their argument ignores the normal civil litigation process, which routinely results in the resolution of Rule 12 motions before motions for summary judgment, even in administrative law cases such as this one.

Relatedly, Plaintiff opposes the requested stay because it would likely delay by many months any opportunity for Plaintiff to obtain judgment on its claims. (Doc. 171 at 6.) This is not compelling either, for two reasons. First, it is well established that delay alone does not constitute prejudice. *See CMAX*, 300 F.2d at 268-69. Second, while Plaintiff points out, correctly, that this case was filed in August 2020, more than 2.5 years ago, (*id.*), during much of that time the case was stayed while the parties engaged in settlement negotiations. (*See* Doc. 169 at 8.) Plaintiff does not suggest that delaying summary judgment would be the *cause* of any unusually lengthy delays, particularly vis-à-vis any other party appearing before this heavily impacted Court.

Plaintiff next points out (Doc. 171 at 6) that Federal Defendants have submitted extra-record evidence in the form of seven declarations and several document exhibits in support of their motion to dismiss. (*See* Docs. 125-1–125-11, 151.) Plaintiff suggests that Federal Defendants' motion should therefore be treated as one for summary judgment and, relatedly, that it would be unfair to allow those filings while precluding Plaintiff from seeking summary judgment in its favor. (Doc. 171 at 6.) First,

---

[3] It is unclear whether Plaintiff is assuming it would not be entitled to leave to amend on any dismissed claims or if, instead, it is waiving in advance any such opportunity by requesting simultaneous summary adjudication.

[4] No party has invoked the first *Landis* factor: possible damage that might result from imposition of a stay.

Federal Defendants maintain that those materials may be considered without conversion of their motion to one for summary judgment. (Doc. 151 at 9–10; Doc. 177 at 4.) Even assuming Federal Defendants are incorrect on this point, converting relevant aspects of the motion to dismiss into a motion for summary judgment might allow for commensurate extra-record responses from Plaintiff, but the Court sees nothing in these filings that would justify the kind of full-blown summary judgment practice sought by Plaintiff.

In sum, the Court concludes that a stay of summary judgment briefing will serve the interests of party and judicial efficiency and that this interest outweighs any potential prejudice to Plaintiff. It is no secret that this Court is laboring under a considerable backlog. Nonetheless it has endeavored to give this case its full attention as necessary and will continue to do so. As the Court has made clear to the parties (*see* Doc. 166), several older dispositive motions are already pending in related cases. The Court hopes to resolve those motions in the coming months, but it is likely to be some time before the Court can turn to the dispositive motions in this case in earnest. Nonetheless, once the motions to dismiss are resolved, the Court will endeavor to move this case to summary adjudication in as timely a manner as possible.

**CONCLUSION AND ORDER**

For the reasons set forth above, Federal Defendants' motion to stay (Doc. 169), joined by Defendant-Intervenors (Doc. 170), is **GRANTED**.

IT IS SO ORDERED.

Dated:   **May 16, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

5