CYNTHIA J. LARSEN (SBN 123994)
clarsen@orrick.com
JUSTIN GIOVANNETTONE (SBN 293794)
jgiovannettone@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:     +1 916 447 9200
Facsimile:     +1 916 329 4900

DANIEL J. O'HANLON (SBN 122380)
dohanlon@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
1331 Garden Hwy, 2nd Floor
Sacramento, CA 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

*Attorneys for Intervenor Defendant*
*Westlands Water District*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.,<br><br>       Defendants,<br><br>  And<br><br>WESTLANDS WATER DISTRICT,<br><br>       Intervenor Defendant. | Case No. 1:20-cv-01814-JLT-EPG<br><br>**WESTLANDS WATER DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:   June 13, 2023<br>Courtroom:    4 – 7th Floor, Fresno<br>Judge:        Hon. Jennifer L. Thurston<br><br>Trial Date:     None<br>Action Filed:  August 13, 2020 |

## REPLY IN SUPPORT OF WESTLANDS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Hoopa Valley Tribe ("Plaintiff") has failed to rebut the arguments and authority presented by Intervenor Defendant Westlands Water District ("Westlands") and Federal Defendants supporting dismissal of claims in Plaintiff's Second Amended and Supplemental Complaint ("SASC").  Westlands' Motion to Dismiss, ECF No. 161, incorporated by reference specific positions and arguments in Federal Defendants' Motion to Dismiss, ECF No. 151, and presented additional arguments where they were not duplicative of Federal Defendants' arguments.  Specifically, Westlands' Motion incorporated portions of Federal Defendants' arguments supporting dismissal of Plaintiff's First through Seventh Claims for Relief and added non-duplicative arguments supporting dismissal of Plaintiff's Second Claim for Relief. Westlands also requested the Court order Plaintiff to join all required parties pursuant to Federal Rule of Civil Procedure 19(a)[1] or dismiss Plaintiff's First through Fifth Claims for Relief pursuant to Rule 12(b)(7), should any of those claims survive challenges based on lack of jurisdiction and failure to state a valid claim.[2]

Westlands now herein incorporates by reference specific portions of Federal Defendants' Reply, ECF No. 179, supporting dismissal of Plaintiff's First through Seventh Claims for Relief, as detailed below, and adds non-duplicative arguments in support of dismissal and in response to Plaintiff's opposition papers, ECF Nos. 172 and 173.

In particular, with respect to Plaintiff's Second Claim for Relief, Westlands argued in its moving papers that even if Congress had accorded Reclamation discretion to impact the environment when converting water service contracts to repayment contracts under the Water Infrastructure Improvements for the Nation Act ("WIIN Act")[3]—which Federal Defendants' demonstrate it did not—environmental review under the National Environmental Policy Act

---

[1] All Rule references are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Westlands took no position on Plaintiff's Eighth through Tenth Claims for Relief, except to incorporate by reference specific arguments made in Westlands' Response to Plaintiff's Motion for Preliminary Injunction in relation to Plaintiff's Ninth Claim.  ECF No. 153; ECF Nos. 161 at 18.

[3] Pub. L. No. 114-322, 130 Stat. 1628 (2016).

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO DISMISS

("NEPA")[4] was not required because the conversion from water service to repayment contracts had no effect on the human environment.  ECF No. 161 at 12-15.[5]  Thus, the conversions were not "major Federal actions" subject to NEPA review under 42 U.S.C. §4332(2)(C).  In its opposition, Plaintiff points to two aspects of Westlands' Repayment Contracts[6] that Plaintiff asserts changed the environmental status quo: (1) conversion of the contracts from *limited-term* water service contacts to *permanent* repayment contracts, and (2) the lifting of acreage limitations previously imposed by Reclamation law on landowners within the district.  ECF No. 173 at 2-3.  But Plaintiff does not—and cannot—dispute that these changes were mandated by Congress in WIIN Act subsections 4011(a) and 4011(c)(1), respectively.[7]  Thus, it is axiomatic that they cannot transform the contract conversions into "major Federal actions" under NEPA because it was not a discretionary action by Reclamation but a mandate by Congress that resulted in those changes.  *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 770 (2004) (holding there is no "major Federal action" when an agency lacks statutory authority to prevent the environmental effect in question).

Plaintiff's opposition also fails to rebut Westlands' required parties argument.  Plaintiff admits that it seeks to invalidate the repayment contracts of other CVP water contractors.  ECF No. 173 at 6.  Thus, Plaintiff concedes the *prima facie* criteria for ascertaining a required party under Rule 19, by admitting that the absent contractors have an interest in this action that may be impaired.  Plaintiff instead claims that the absent contractors whose contracts it seeks to invalidate need not be joined because Westlands can adequately represent those contractors' interests.  But, as noted in Westlands' Motion, ECF No. 161 at 21-22, this Court has already determined in related cases where plaintiffs also seek to invalidate CVP water contractors'

---

[4] 42 U.S.C. §§ 4331, *et seq.*

[5] All pin cites to documents in the record are to page numbers at the <u>bottom</u> of the page.

[6] As in Westlands' moving papers, this Reply Motion utilizes "Repayment Contracts" when referencing Westlands' Repayment Contracts, and "repayment contracts" when generally referencing CVP contracts converted from water service to repayment pursuant to the WIIN Act.

[7] Plaintiff also has not—and cannot—demonstrate the change in contract term or the lifting of the acreage limitations had any impact on the environment.

repayment contracts that neither Federal Defendants' nor Westlands can adequately represent the interests of the absent contractors because neither could be expected to "undoubtedly make all of the non-part[ies'] arguments." *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 1:16-CV-00307-JLT-EPG ("*NCRA*"), 2021 WL 5054394, at *10; *Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, No. 1:20-CV-00706-JLT-EPG ("*CBD*"), 2021 WL 600952, at *7. The same is true here.

For all the reasons detailed herein, and those detailed in Westlands' Motion and Federal Defendants' Motion and Reply, the Court should dismiss with prejudice Plaintiff's First through Seventh Claims for Relief.

## A.   Plaintiff's First Claim for Relief should be dismissed for lack of jurisdiction, failure to state a claim, and failure to join required parties

Westlands hereby incorporates arguments in Federal Defendants Reply at pages 1 through 7 regarding Plaintiff's lack of standing and failure to state a valid claim under its First Claim for Relief as if set forth in full herein. This claim should be dismissed with prejudice.

## B.   Plaintiff's Second Claim for Relief should be dismissed for lack of jurisdiction, failure to state a claim, and failure to join required parties

Westlands' Motion incorporated Federal Defendants' arguments establishing that Plaintiff's Second Claim for Relief should be dismissed because Plaintiff lacks standing to bring this claim and it fails to state a valid claim. ECF No. 161 at 12. Westlands added the non-duplicative argument that, even if Congress had accorded Reclamation discretion under the WIIN Act to impact the environment when converting the contracts (which it did not), NEPA review was not required for the contract conversions because the conversions did not change the status quo of CVP operations and, thus, were not "major Federal actions" under 42 U.S.C. § 4332(2)(C). ECF No. 161 at 12-15. Westlands hereby incorporates the arguments in Federal Defendants Reply at pages 7 through 11 regarding this claim as if set forth in full herein, and Westlands adds the following non-duplicative arguments in reply to Plaintiff's arguments regarding this claim.

In its opposition, Plaintiff does not dispute the underlying principle that a federal action

1  that does not change the environmental status quo is not a "major Federal action" requiring NEPA

2  review.  In fact, Plaintiff does not address any cases cited by Westlands in support of this

3  principle, and none of the cases Plaintiff cites challenge it.  The first three cases Plaintiff cites do

4  not involve any contention that the contracts at issue would maintain the environmental status

5  quo.  *See Forelaws on Bd. v. Johnson*, 743 F.2d 677, 682–83 (9th Cir. 1984) (government power

6  agency "never, throughout the period that it was developing its contract proposals, argued that the

7  contracts were not federal actions significantly affecting the environment"); *Pac. Coast Fed'n of*

8  *Fishermen's Associations v. U.S. Dep't of the Interior*, 929 F. Supp. 2d 1039, 1047 (E.D. Cal.

9  2013) ("Federal Defendants do not here dispute that approval of the Interim Contracts constituted

10  a 'major federal action.'"); *Minnesota Pub. Int. Rsch. Grp. v. Butz*, 498 F.2d 1314, 1318 (8th Cir.

11  1974) ("[T]he Forest Service recognized that these timber sales could have a significant impact

12  on the [environment].")  Thus, these cases are irrelevant.

13      The single case Plaintiff cites where there was a contention that the federal action at issue

14  did not change the environmental status quo, *Pit River Tribe v. U.S. Forest Service*, 469 F.3d 768

15  (9th Cir. 2006), is materially distinguishable from this case.  In *Pit River Tribe*, government

16  agencies issued lease extensions to a power company ("Calpine") that included rights to develop

17  a geothermal power plant (the "Fourmile Hill Plant") whose transmission line could disturb

18  grounds deemed sacred by the Pit River Tribe.  *Id.* at 776-78.  In rejecting the agencies' argument

19  that the lease extensions "merely preserved the status quo," the Ninth Circuit observed, in a

20  sentence only partially quoted by Plaintiff, that "[w]ithout the affirmative re-extension of the

21  1988 leases, Calpine would have retained no rights at all to the leased property and would not

22  have been able to go forward with the Fourmile Hill Plant." *Id.* at 784.  Thus, the agency action

23  in *Pit River* did not maintain the environmental status quo because it *enabled* the very activities

24  that would have impacted the environment (construction of the Fourmile Hill Plant).  That is not

25  the case here.

26      Here, unlike in *Pit River,* the WIIN Act does not merely *allow* the contract conversions, it

27  expressly *mandates* conversion upon a contractor's request.  *Compare* WIIN Act, § 4011(a)

28

CASE NO. 1:20-cv-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO DISMISS

1   (mandating that Reclamation "shall convert" fixed-term water service contracts into no-term

2   repayment contracts upon the request of a contractor) *with Pit River*, 469 F.3d at 772-773 (noting

3   that the statute at issue "*allows* the Secretary of the Interior to 'issue leases for the development

4   and utilization of geothermal steam' on federal land and in national forests. [citation.]")

5   (Emphasis added).  Further, as Plaintiff concedes, Westlands would have continued to receive the

6   same amount of water under its interim contracts as it is receiving under its Repayment Contracts.

7   SASC, ECF No. 142, ¶163, n.47 (alleging that if "Reclamation is barred from delivering water

8   pursuant to" the Repayment Contracts, "[t]his does not prevent Westlands from receiving water

9   pursuant to its preexisting interim renewal contract under CVPIA section 3404."); Pl's Opp. to

10  Westlands' Motion, ECF No. 172 at 15 ("Hoopa does not base its standing on any allegation that

11  the recent contract approvals have yet resulted in a current change to Trinity River water levels.").

12  Thus, there is no change in the environmental status quo and *Pit River* does not control.

13         Plaintiff then cites two aspects of Westlands' Repayment Contracts that Plaintiff asserts

14  changed the environmental status quo.  ECF No. 173 at 2-3.  But neither can transform the

15  contract conversions into "major Federal actions."  As an initial matter, Plaintiff begins with a

16  faulty premise—that the conversions are "major Federal actions" because they "change short-

17  term, only potentially renewable, interim water contracts into permanent contracts."  *Id.* at 2:12-

18  13.  This argument misapprehends basic principles of reclamation law, under which CVP water

19  contractors have a perpetual right to receive CVP water so long as such water is put to beneficial

20  use.  3 U.S.C. § 485h-1(4).  As Federal Defendants note, "Reclamation law always intended for

21  contractors to repay their portion of the construction component and for their contracts to then

22  become permanent, subject to payment of ongoing operation and maintenance costs and

23  compliance with federal law."  ECF No. 179 at 4-5 (citing 3 U.S.C. § 485h-1); *see also Grant*

24  *Cnty. Black Sands Irrigation Dist. v. Reclamation*, 579 F.3d 1345, 1351-1355 (Fed. Cir. 2009)

25  (detailing the history and principles of reclamation law including Congress' intent in passing

26  Public Law No. 84–643, 70 Stat. 483 (1956) (codified at 43 U.S.C. §§ 485h–1 to 485h–6) to

27  address water users concerns by ensuring a "permanent right" to use water under water service

28

1    contracts).

2          In addition, even if the conversion of water service contracts into repayment contracts did

3    change the environmental status quo (and they did not), this argument reveals that Plaintiff's true

4    grievance is not with Reclamation or Westlands but with *Congress*, as it is beyond dispute that it

5    was Congress that, in passing section 4011(a) of the WIIN Act, mandated that Reclamation "shall

6    convert" fixed-term water service contracts into no-term repayment contracts upon the request of

7    a contractor.  Thus, even putting aside disputes over the extent of discretion afforded to

8    Reclamation in converting the contracts and whether the conversions changed the environmental

9    status quo, one thing Plaintiff does not and cannot dispute is that Congress mandated the contracts

10   be converted to no-term contracts upon a contractor's request.  WIIN Act, § 4011(a).[8]  Therefore,

11   even if converting to no-term contracts did constitute a change the status quo of CVP operations

12   (and Plaintiff fails to demonstrate that it does), it was Congress, not Reclamation, that mandated

13   that change.  And because it was Congress, not Reclamation, whose actions Plaintiff alleges

14   changed the status quo, the contract conversions cannot be "major Federal actions" triggering

15   NEPA review.  *Pub. Citizen*, 541 U.S. at 770 (holding there is no "major Federal action" when

16   "an agency has no ability to prevent a certain effect due to its limited statutory authority over the

17   relevant actions, [because] the agency cannot be considered a legally relevant 'cause' of the

18   effect.")

19         The same is true with regard to the second aspect of the repayment contracts that Plaintiff

20   argues makes the conversions "major Federal actions"—the WIIN Act's recognition that contract

21   conversions result in the lifting of applicable acreage limitations.  ECF No. 173 at 3:6-10.  Prior

22   to the WIIN Act, the Reclamation law was clear:

23            The ownership and full cost pricing limitations of this title and the
               ownership limitations provided in any other provision of Federal
24            reclamation law shall not apply to lands in a district after the obligation

---

[8] Congressional intent to mandate conversion of the contracts to permanent repayment contracts upon contractors' request is clear.  But even if the statutory text were ambiguous, Reclamation's interpretation that the statute leaves it without NEPA-triggering discretion is entitled deference.  *See Stand Up for Cal.! v. United States DOI*, 959 F.3d 1154, 1162 (9th Cir. 2020) ("[U]nder Chevron, we owe deference to 'an agency's construction of the statute which it administers,' so long as that construction is reasonable.") (citing *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837, 842-44 (1984)).

of a district for the repayment of the construction costs of the project facilities used to make project water available for delivery to such lands shall have been discharged by a district (or by a person within the district pursuant to a contract existing on the date of enactment of this Act), by payment of periodic installments throughout a specified contract term, including individual or district accelerated payments where so provided in contracts existing on the date of enactment of this Act.

43 U.S.C. 390mm (Public Law 97-293, Reclamation Reform Act of 1982, § 213).  Through the WIIN Act, Congress made plain that this provision of Reclamation law would control.  In subsection 4011(c)(1) of the WIIN Act, Congress instructed that, upon a contractor's repayment of a construction costs pursuant to a converted contract, the acreage limitations imposed by Reclamation law shall no longer apply to lands in the contracting district.  WIIN Act, § 4011(c)(1) (referencing Reclamation Reform Act of 1982, §§ 213(a), (b)).  Thus, Congress confirmed the non-discretionary lifting of acreage limitations, which Reclamation had no authority to modify when converting the contracts.  Accordingly, even if, as Plaintiff's claims, relief from acreage limitations did change the environmental status quo,[9] such a change cannot be a "major Federal action" under NEPA because it was *Congress*, not Reclamation, that required the change.  *Pub. Citizen*, 541 U.S. at 770.

Finally, Plaintiff's argument that the contract conversions made changes affecting CVP operations or the environment, ECF No. 173 at 3-4, is demonstrably incorrect.  First, Plaintiff argues that Reclamation eliminated terms in Article 2(a) of the prior contracts requiring completion of necessary environmental documentation.  *Id.* at 3:19-22.  But Article 2(a) of the repayment contracts simply substituted language applicable to interim (i.e., term) water service contracts under CVPIA section 3404(c) with language applicable to permanent repayment contracts pursuant to WIIN Act sections 4011(a)(2)(D) and (a)(3)(C).  *Compare* Westlands' 2007 interim water service contract, ECF No. 19-3, Art. 2(a), (b) (requiring interim renewal contracts

---

[9] Plaintiff claims that the lifting of the acreage limitations increased the demand for water, ECF No. 173 at 3:6-8, but does not provide any support for this claim or attempt to reconcile it with the undisputed fact that Westlands' service area remained unchanged, and Westlands is entitled to same amount of water under the Repayment Contracts as it was under its prior water service contracts.  *See* SASC, ECF No. 142, ¶163, n.47; Pl's Opp. to Westlands' Motion, ECF No. 172 at 15; Westlands' Repayment Contract, ECF No. 19-2, Ex. A.  Thus, the contract conversions did not change the environmental status quo.

1   until completion of environmental review required by CVPIA section 3404(c) before execution of

2   25-year long-term renewal contracts) *with* Westlands' Repayment Contract, ECF No. 19-2, Art.

3   2(a) (replacing this language with language from WIIN Act sections 4011(a)(2)(D) and (a)(3)(C)

4   governing the contract terms).  Since Congress mandated the conversion of limited-term water

5   service contracts to permanent repayment contracts upon a contractor's request, the contract

6   language applicable under CVPIA section 3404(c) was no longer applicable under the converted

7   contracts and, thus, was appropriately replaced.

8          <u>Second</u>, Plaintiff argues that Reclamation eliminated the requirement for Environmental

9   Species Act ("ESA") consultation in Article 3(e) of the prior contracts.  ECF No. 173 at 3:22-23.

10  However, Article 3(e) of the prior contracts did not require ESA consultation prior to contract

11  execution, but rather bound Westlands to any requirements applicable to them as a result of any

12  required ESA consultation.  Article 3(e) of the Repayment Contract does the same thing.

13  *Compare* ECF No. 19-3, Art. 3(e) ("The Contractor shall comply with requirements applicable to

14  the Contractor in biological opinion(s) prepared as a result of consultation regarding the execution

15  of this Contract undertaken pursuant to Section 7 of the [ESA]. . . .") *with* ECF No. 19-2, Art.

16  3(e) ("The Contractor shall comply with requirements applicable to the Contractor in biological

17  opinion(s) prepared as a result of a consultation regarding the execution of any water service

18  contract . . . in effect immediately prior to the Effective Date of this Contract undertaken pursuant

19  to Section 7 of the [ESA] . . . .").  Thus, there is no material change in the ESA compliance

20  required under Article 3(e) of the Repayment Contract, as it continues to bind Westlands to the

21  applicable biological opinion(s).[10]  Further, as with NEPA review, ESA consultation was not

22  necessary prior to execution of the WIIN Act contracts because, in WIIN Act section 4011(a),

23  Congress mandated Reclamation "shall convert" water service contracts into repayment contracts

24  upon the request of a contractor.  *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d

---

[10] The CVP's long-term operations are the subject of separate and independent Section 7 consultations and NEPA review.  *See California Natural Resources Agency v. Ross*, No. 1:20-CV-00426, ECF No. 286 at 1-2 (noting Reclamation's re-initiation of Section 7 consultation on CVP and State Water Project ("SWP") operations and Reclamation's intent to prepare an Environmental Impact Statement under NEPA to analyze potential modifications to the long-term operation of the CVP and SWP).  Any opportunity or requirement to protect species impacted by CVP operations will be addressed through these processes.

1008, 1017–18 (9th Cir. 2012) ("the ESA consultation requirement applies only if the agency has the discretionary control 'to inure to the benefit of a protected [listed] species.'") (quoting *Turtle Island Restoration Network v. Nat'l Marine Fisheries Serv.*, 340 F.3d 969, 977 (9th Cir.2003)).

<u>Third</u>, Plaintiff argues that Reclamation modified Article 26 of the prior water service contracts to require only development of, but not implementation of, a water conservation plan. ECF No. 173 at 3:23-25.  Plaintiff is simply incorrect.  While the first paragraph of Article 25(a) of the Repayment Contract implements Reclamation's standard terms, requiring that "the Contractor shall develop a water conservation plan,"[11] the second paragraph of Article 25 makes clear that the Repayment Contract, like the prior water service contract, requires Westlands' "continued *implementation* of such water conservation program."  *Compare* ECF No. 19-3, Art. 26(a) *with* ECF No. 19-2, Art. 25(a) (emphasis added).  Thus, there is no material change in the contracts as both require *implementation* of a water conservation plan.

In sum, Plaintiff has failed to rebut the fact that, even if Congress had accorded Reclamation discretion to impact the environment when converting the contracts (which it did not), the contract conversions are not "major Federal actions" requiring NEPA review because they did not change the environmental status quo.  The only purported contractual modifications that Plaintiff asserts changed the environmental status quo were either expressly mandated by Congress (conversion from limited-term water service contacts to permanent repayment contracts and lifting acreage limitations) or were not material changes from the prior water service contracts (Articles 2(a), 3(e), and 25/26).  Thus, no NEPA review was necessary prior to converting the contracts.

For these reasons, and those detailed in Westlands' Motion and Federal Defendants' motion to dismiss and reply papers (as incorporated herein) this claim should be dismissed with prejudice.

---

[11] The first paragraph of Article 25(a) is single spaced.  As noted in Article 46, "[s]ingle-spaced Articles are standard articles pursuant to Bureau of Reclamation policy." ECF No. 19-2, at 71.

**C.**     **Plaintiff's Third through Fifth Claims should be dismissed for lack of jurisdiction, failure to state a claim, and failure to join required parties**

Westlands hereby incorporates arguments in Federal Defendants Reply at pages 11 through 14 regarding Plaintiff's Third through Fifth Claims as if set forth in full herein.  These claims should be dismissed with prejudice.

**D.**     **Plaintiff's Sixth and Seventh Claims for Relief should be dismissed for lack of jurisdiction and failure to state a valid claim**

Westlands hereby incorporates arguments in Federal Defendants' Reply at pages 14 through 17 regarding Plaintiff's Sixth and Seventh Claims for Relief as if set forth in full herein. In addition to Federal Defendants explanation as to why Reclamation's determination to abide by Westlands' Repayment Contracts was not arbitrary and capricious, Westlands notes that Congress's direction to Reclamation to convert the contracts advances a public policy important to Congress – investment in water infrastructure – and the conversions generated funds that advanced that policy.  *See* WIIN Act, § 4011(e)(1)-(2).  As explained by the Federal Defendants, Reclamation's decision to abide by the contracts is consistent with the law and policy, and Plaintiff does not point to anything that suggests otherwise (because there is nothing). Accordingly, there is no basis for finding Reclamation's decision arbitrary and capricious.  *Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) ("The arbitrary and capricious standard is 'highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision.'") (quoting *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir.2000)).  These claims should be dismissed with prejudice.

**E.**     **Plaintiff concedes that its SASC seeks to invalidate the repayment contracts of other CVP water contractors and fails to rebut that such contractors' interests cannot be adequately represented by existing parties.**

Plaintiff does not dispute that its SASC asks this Court to invalidate not only Westlands' Repayment Contracts, but also the repayment contracts of other CVP water contractors, which are not parties in this case.  Accordingly, Plaintiff concedes that the absent contractors have "an interest relating to the subject of the action and [are] so situated that disposing of the action in

-11-

[their] absence may (i) as a practical matter impair or impede [their] ability to protect the interest." Fed. R. Civ. P. 19(a)(1).  Plaintiff instead argues, contrary to what this Court has already decided in related cases, that absent contractors whose contracts it seeks to invalidate need not be joined because Westlands can adequately represent those absent contractors' interests.[12]  As the Court has previously determined, this is both factually and legally incorrect.

Plaintiff acknowledges that the first factor for evaluating whether a non-party can be deemed adequately represented by existing parties is that the existing parties "would ***undoubtedly*** make all of the non-party's argument."  ECF No. 173, at 6:25-26 (emphasis added).  But Plaintiff does not and cannot argue that Westlands would undoubtedly make all of the arguments applicable and available to other water contractors here because, of course, it is far from certain that Westlands would do so.  As this Court has previously found, "some of the absent contractors are municipal water districts and other entities that have different types of customers and to whom different laws apply." *NCRA*, 2021 WL 5054394, at *10 (explaining why Westlands could not be expected to "undoubtedly make all of the non-part[ies'] arguments" in that case).  Plaintiff disputes the Court's conclusion, making the unsupported assertion that "all contractors are fully aligned in response to the legal arguments that Hoopa is making against the contracts."  ECF No. 173 at 7:7-8.  But, aside from the presumption that all CVP contractors do not want their contracts set aside, Plaintiff offers no bases for its assertion that all contractors will undoubtedly take the same positions and make all the same arguments regarding each of Plaintiff's <u>ten</u> claims for relief, which seek not only to invalidate absent contractors' repayment contracts, but also to impact how Reclamation allocates and collects $340,872,120 in CVPIA facilities costs from CVP water contractors and manages the CVP's Trinity River Division.[13]

---

[12] Plaintiff also argues that because "no contractor other than Westlands has sought intervention," joinder is not required here.  ECF No. 173 at 6:18-20.  But Plaintiff offers no authority for the proposition that joinder is only appropriate when an absent party seeks intervention.  In fact, there is none.  As illustrated in *CBD* and *NCRA*, where the Court ordered absent contractors joined although they had not sought intervention, nothing in Rule 19 requires an absent party to seek intervention in order to be deemed a required party.

[13] Westlands has not taken a position on Federal Defendants' motion to dismiss Plaintiff's Ninth Claim for Relief regarding management of the Trinity River Division, but Westlands has expressed its legal position regarding Reclamation's authority to make additional releases for fishery restoration purposes beyond the volumes provided in the 2000 Record of Decision on Trinity River Mainstem Fishery Restoration.  ECF

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO DISMISS

Plaintiff also suggests that somehow this Court's admonition against duplicative briefing justifies not requiring joinder of absent parties whose contracts Plaintiff seeks to set aside. ECF No. 173 at 7:15-16. This argument lacks any merit because it lacks any relevance to the criteria for determining whether a non-party is required under Rule 19 and, in any event, nothing prevents the Court from admonishing other contractors, once they are joined, to avoid duplicative briefing, as it has done with respect to Westlands. Westlands has demonstrated it can limit its briefing to non-duplicative arguments in compliance with the Court's admonition. There is nothing to indicate the absent contractors could not do the same.[14]

Finally, Plaintiff complains of the burden of having to add and effectuate service on each of the absent contractors whose contracts it seeks to invalidate. But, just as the requirement to serve absent contractors was not a basis for not requiring joinder of those contractors in *CBD* and *NCRA*, it is also not a basis here. Plaintiff has admitted that it seeks an order from this Court setting aside the contracts of dozens of CVP water contractors, which would impact thousands of water customers throughout the state. SASC, ECF No. 142, ¶¶ 130, 138, 147, 152, 160, and Prayer for Relief "D". Even if relative burden was a factor in determining required parties under Rule 19—which, again, it is not—any burden of serving those contractors is heavily outweighed by the relative burden on a water contractors of having their contracts challenged without an opportunity to defend them.

The bottom line is that Plaintiff's SASC indisputably seeks to invalidate the contracts of absent water contractors. If any of Plaintiff's First through Fifth Claims for Relief survive challenges based on lack of jurisdiction and failure to state a valid claim, those absent water contractors have a right to be involved in the defense of their contracts. Accordingly, if any of those claims survive, the Court should order Plaintiff to join the absent CVP water contractors whose repayment contracts Plaintiff seeks to invalidate, or the Court should dismiss the claims.

---

No. 153. Absent CVP water contractors may have different positions on this and other issues at stake in this case that may impact them in different ways, further justifying joinder here.

[14] In fact, in *CBD* and *NCRA*, the contractor defendants have generally submitted combined papers that are non-duplicative of Federal Defendants' arguments, causing no confusion, interference, or delay in the progression of those cases.

1

## **CONCLUSION**

2    For the foregoing reasons, and those detailed in Westlands' Motion and Federal

3 Defendants' Motion and Reply, the Court should dismiss Plaintiff's First through Seventh Claims

4 for Relief without leave to amend.

5                                             Respectfully submitted,

6 Dated: May 22, 2023                          CYNTHIA J. LARSEN
                                               JUSTIN GIOVANNETTONE
7                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

8                                              DANIEL J. O'HANLON
                                               KRONICK, MOSKOVITZ, TIEDEMANN &
9                                              GIRARD

10

11                                             By:            */s/ Cynthia J. Larsen*
                                                             CYNTHIA J. LARSEN
12                                               Attorneys for Westlands Water District

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on May 22, 2023, I electronically filed WESTLANDS WATER

3  DISTRICT'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS with the Clerk

4  of Court using the ECF system, which will automatically send email notification to the attorneys

5  of record.

6

7                                     */s/ Cynthia J. Larsen*
                                         CYNTHIA J. LARSEN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 1:20-CV-01814-JLT-EPG
WESTLANDS WATER DISTRICT'S
REPLY ISO MOT. TO DISMISS